In The
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
Washington, D.C.

JANICE SCOTT-BLANTON, *pro se*,

Plaintiff,

v.     CIVIL ACTION NO. <u>1:07cv00098</u>
       (RMU)

UNIVERSAL CITY STUDIOS PRODUCTIONS, LLLP, et al.,

Defendants.

<u>PLAINTIFF'S OPPOSITION TO THE DEFENDANTS' EX PARTE
APPLICATION FOR ENLARGEMENT OF TIME OR FOR A BRIEFING
SCHEDULE ON PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION</u>

Plaintiff Janice Scott-Blanton, proceeding *pro se,* submits this opposition to the defendants' *ex parte* application for enlargement of time or for a briefing schedule on her motion for preliminary injunction. The defendants seek an additional fourteen (14) days within which they should be required to respond to the plaintiff's motion for preliminary injunction.

As an initial matter, the defendants, in seeking to expand the time within which they should be required to respond to the plaintiff's motion for injunctive relief have ignored the Standing Order for Civil Cases issued by this Court. This Order specifically stated that the Court "strongly discourages" the filing of the type of motion to enlarge time filed by the defendants. The Order further requires the parties to "avoid *ex parte* communications." Notwithstanding these standing admonitions from this Court, the defendants are seeking to expand their time for responding to the plaintiff's request for

RECEIVED
FEB 2 1 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

emergency relief. Moreover, the Order also stated that it would consider such motions that are "filed at least 4 business days prior to the deadline the motion is seeking to extend." Notably, this Court's local rule, LCvR 65.1, required the defendants to serve their opposition to the plaintiff's motion for preliminary injunction within five (5) days after service of the motion upon them by the plaintiff. Rather than taking immediate action to file their *ex parte* application, the defendants squandered the "4 business days" allowed by the Order, obviously opting to simply file the *ex parte* application instead of their response to the plaintiff's motion for preliminary injunction that is now past due under local rule LCvR 65.1.

The defendants have failed to demonstrate good cause for such a quadrupling expansion of time and delay of this Court in considering the *emergency* relief motion. The defendants correctly pointed out that plaintiff filed her complaint on January 16, 2007. In that complaint, plaintiff alleged that she was seeking injunctive relief, including a preliminary injunction. The defendants were, upon their receipt of plaintiff's complaint, on notice that plaintiff would seek a preliminary injunction. Furthermore, the defendants should have been aware that under this Court's local rule LCvR 65.1 the plaintiff would have to file a separate application for the preliminary injunction. The defendants should also know that the plaintiff's motion for a preliminary injunction seeks a species of emergency relief from the Court. In this regard, this Court, through its local rule, has established a very narrow time period for briefing motions for preliminary injunctions. Any expansion of time, particularly by the amount requested by the defendants would greatly undermine the Court's local rule allowing the defendants only

five (5) days to respond, and thwart the very basis for plaintiff's request for an "immediate" injunction.

The defendants have attempted to describe the plaintiff's relief sought by her motion for preliminary injunction as "broad and drastic in nature." The plaintiff's relief is neither broad nor drastic, but rather asks this Court to stop the defendants from doing that which they were not even entitled to do, infringe on the plaintiff's copyrighted literary works. The defendants have already attained and secured the vast majority of their windfall from the piracy of the plaintiff's copyrighted work.

The defendants further attempted to raise the need to "address both the relief sought by Plaintiff and the merits of Plaintiff's claims." As plaintiff pointed out in her motion for preliminary injunction, for this type of motion, she needed only to demonstrate a likelihood of success on the merits of her copyright infringement claims, which she has done. By the defendants' own admission, they have suggested to the Court that they need the additional "14 days" to address the "merits of Plaintiff's claims." On this basis alone, the Court should deny the defendants application because they have other means at their disposal to address the merits of plaintiff's claims, and in fact have until March 20, 2007 to do so.

The defendants have also attempted to suggest that the plaintiff waited too long to file her motion for preliminary injunction (i.e., a "lengthy delay"), which was filed only twenty-seven (27) or so days after filing the complaint. And yet the defendants have described their requested "14 day" extension as "brief" when it actually quadruples the five (5) days allowed by local rule LCvR 65.1 to file their response to the plaintiff motion for preliminary injunction. Contrary to the defendants' assertion, they never discussed

with the plaintiff March 7, 2007 as the date by which they would respond to the motion for preliminary injunction. The discussions referred to March 20, 2007 which the plaintiff informed the defendants of her disagreement.

For the foregoing reasons, plaintiff respectfully requests the Court to enter an order denying the defendants' application.

Respectfully submitted,

*signature*

Janice Scott-Blanton
Plaintiff, *pro se*

3578 Wharf Lane
Triangle, VA 22172
Telephone: (703) 861-0028

## CERTIFICATE OF SERVICE

I hereby certify that I either hand-delivered or mailed certified-postage-prepaid, first class U. S. Mail the foregoing to the following defendants and or their representative on this the 21st day of February 2007:

| | |
|---|---|
| UNIVERSAL CITY STUDIOS PRODUCTIONS, LLLP, <br> UNIVERSAL STUDIOS LICENSING, LLLP, <br> FOCUS FEATURES, LLC, <br> RIVER ROAD ENTERTAINMENT, INC., <br> DEL MAR PRODUCTIONS, LLC, <br> SIMON & SCHUSTER, INC., <br> ADVANCED PUBLICATIONS, INC./NEW YORKER MAGAZINE, <br> LARRY MCMURTRY, <br> JAMES ALLEN SCHMAUS, <br> DIANA OSSANA, <br> ANNIE PROULX, <br> c/o Steven J. Metalitz, Esquire <br> Mitchell, Silberberg & Knupp, LLP, <br> **Counsel for Defendants** <br> 2300 M. Street, N.W., Suite 800 <br> Washington, D.C.  20037 | **HAND-DELIVERED** |
| **Del Mar Productions, Inc.** <br> 73 Glenville Drive <br> Rochester, NY 14606 | **U. S. MAIL** |
| **Ang Lee** <br> 206 Hommocks Road <br> Larchmont, New York 10538 | **U. S. MAIL** |
| **Chuck Shelton** <br> c/o VNU Literary Group <br> 770 Broadway <br> New York, New York 10003 | **U. S. MAIL** |

Janice Scott-Blanton, *pro se*

In The
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
Washington, D.C.

**JANICE SCOTT-BLANTON,** *pro se,*

    **Plaintiff,**

v.                          **CIVIL ACTION NO. 1:07cv00098**
                                 **(RMU)**

**UNIVERSAL CITY STUDIOS PRODUCTIONS, LLLP, et al.,**

    **Defendants.**

## PROPOSED ORDER

The Court has considered the Ex Parte Application of Defendants for an Enlargement of Time or for a Briefing Schedule on Plaintiff's Motion for Preliminary Injunction. The Court finds that the defendants have not shown good cause. It is, therefore, **ORDERED THAT:**

1.    Defendants Ex Parte Application for an Enlargement of Time or for a Briefing Schedule on Plaintiff's Motion for Preliminary Injunction is **DENIED;**

2.    Defendants' opposition to Plaintiff's Motion for Preliminary Injunction shall be served and filed within three days of this Order.

Dated: _____             _____
                                                      Ricardo M. Urbina
                                                        United States District Judge