UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JANICE SCOTT-BLANTON, *pro se* )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>UNIVERSAL CITY STUDIOS )<br>PRODUCTIONS LLLP, *et al.*, )<br>)<br>Defendants. )<br>) | Civil Case No. **1.07cv00098 (RMU)** |

## ANSWER OF DEFENDANTS TO PLAINTIFF'S COMPLAINT

Universal City Studios Productions LLLP, Universal Studios/Universal Pictures Inc. (sic), Universal Studios Licensing LLLP, Focus Features LLC, River Road Entertainment LLC, Del Mar Productions LLC, Simon & Schuster/Scribner, The New Yorker Magazine/Advance Publications Inc., Annie Proulx, Larry McMurtry, James Allen Schamus and Diana Ossana (collectively, "Defendants") answer the Plaintiff's Complaint as follows:

### JURISDICTION AND VENUE

1.  Defendants admit that Plaintiff has brought this action and has sought relief pursuant to the U.S. Copyright Act, 17 U.S.C. § 101 *et seq*. Defendants deny that Defendants are liable to Plaintiff for copyright infringement or any other claim.

2.  Defendants admit that Plaintiff has purported to base jurisdiction on 17 U.S.C. § 101 *et seq.* and 28 U.S.C. §§ 1331, 1332(a) and 1338(a).

3.  Defendants deny the allegations of Paragraph 3.

**PARTIES**

4.      Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of Plaintiff's allegations concerning her citizenship and authorship and ownership of the book *My Husband is on the Down Low and I Know About It* ("*Down Low*"), and on that basis deny such allegations.  Defendants admit that Plaintiff has brought this action for copyright infringement and injunctive relief.   Defendants deny the remainder of the allegations set forth in Paragraph 4.

5.      Defendants admit the allegations of Paragraph 5 with the exception of the allegations contained in the last sentence, which Defendants deny.  Defendants allege that HBO is making available the motion picture *Brokeback Mountain* on its cable television networks pursuant to a license from Universal City Studios Productions LLLP.

6.      Defendants admit and allege that Universal Studios, Inc. is a Delaware corporation with a principal place of business at 100 Universal City Plaza, Universal City, California 91608, and that it and some of its affiliates are subsidiaries of NBC Universal, Inc., have offices in New York, New York, produce and distribute motion pictures, and distribute the motion picture *Brokeback Mountain*.  Defendants deny the remaining allegations of Paragraph 6.

7.      Defendants admit and allege that Focus Features LLC is a Delaware limited liability company with principal places of business at 100 Universal City Plaza, Universal City, California 91608 and 65 Bleecker Street, Third Floor, NY, NY 10012.  Defendants further admit and allege that Focus Features LLC is involved in producing motion pictures, and is the owner of certain rights under copyright in the motion picture *Brokeback Mountain* and certain materials relating thereto, and is listed as the owner of such rights in the book *BrokeBack Mountain: Story to Screenplay*.  Defendants are without knowledge or information sufficient to form a belief as to

1238919.1

the truth or falsity of the remaining allegations of Paragraph 7, and on that basis deny such allegations.

8.  Defendants admit and allege that Universal Studios Licensing LLLP is a Delaware limited liability limited partnership with its principal place of business at 100 Universal City Plaza, Universal City, California 91608.  Defendants further admit and allege that Universal Studios Licensing LLLP possesses certain exclusive rights under copyright in the motion picture *Brokeback Mountain* and has licensed certain of those rights in connection with the book entitled *Brokeback Mountain: Story to Screenplay*.  Defendants deny the remaining allegations of Paragraph 8.

9.  Defendants deny that River Road Entertainment, LLC is a Delaware limited liability company, and allege that River Road Entertainment, LLC is a Minnesota limited liability company.  Defendants admit and allege that River Road Entertainment, LLC has offices at 1901 Avenue of the Stars, Second Floor, Los Angeles, California and 4050 Dain Rauscher Plaza, 60 S. 6th Street, Minneapolis, MN 55402, and that River Road Entertainment, LLC is involved in producing feature films, including *Brokeback Mountain*.  Defendants deny the remaining allegations of Paragraph 9.

10. Defendants admit and allege that Del Mar Productions, LLC is a Delaware limited liability company with its principal place of business in New York, New York, and that Del Mar Productions, LLC was involved in the production of the motion picture *Brokeback Mountain*.  Defendants deny the remaining allegations contained in Paragraph 10.

11. Defendants admit and allege that Scribner is an imprint of Simon & Schuster, Inc., and that Simon & Schuster, Inc. has offices in New York and publishes and sells literary

works, including multiple works that include the short story *Brokeback Mountain*, published under the Scribner imprint. Defendants deny the remaining allegations of Paragraph 11.

  12. Defendants admit that *The New Yorker* Magazine is based in New York and owned by Advance Publications, Inc., which is privately held and located at 950 Fingerboard Rd., Staten Island, NY 10305. Defendants deny the remaining allegations of Paragraph 12.

  13. Defendants admit and allege that James Allen Schamus is a screenwriter and producer who lives in New York, New York and the co-president and chief executive officer of Focus Features LLC and the co-president of Del Mar Productions, LLC. Defendants also admit and allege that Mr. Schamus was one of the producers of the motion picture *Brokeback Mountain*. Defendants deny the remaining allegations of Paragraph 13.

  14. Defendants admit the allegations of Paragraph 14.

  15. Defendants admit the allegations of Paragraph 15.

  16. Defendants admit and aver that Ang Lee directed the motion picture *Brokeback Mountain*. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of Paragraph 16, and on that basis Defendants deny said allegations.

  17. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 17, and on that basis Defendants deny said allegations.

  18. Defendants admit and aver that Annie Proulx is a Pulitzer Prize winning author who resides in Wyoming. Defendants deny the remaining allegations of Paragraph 18, and specifically deny that the short story *Brokeback Mountain* was revised in 2005 or that there exists a work entitled *Brokeback Mountain 2005*.

1238919.1

**FACTS**

19.     Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 19, and on that basis Defendants deny said allegations.

20.     Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 20, and on that basis Defendants deny said allegations.

21.     Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 21, and on that basis Defendants deny said allegations.

22.     Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 22, and on that basis Defendants deny said allegations.

23.     Defendants deny the allegations of Paragraph 23.

24.     Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 24, and on that basis Defendants deny said allegations.

25.     Defendants admit that the motion picture *Brokeback Mountain* was released in theatres in New York, San Francisco and Los Angeles on or about December 9, 2005. Defendants also admit that "new matter" from the motion picture *Brokeback Mountain* was registered with the U.S. Copyright Office on February 21, 2006, and that the registration claimant was Universal City Studios Productions LLLP, and Del Mar Productions, LLC was the employer for hire author.  Defendants deny the remaining allegations of Paragraph 25.

26.     Defendants admit and allege that *Brokeback Mountain* received numerous nominations and awards, including the Academy Award for Best Adapted Screenplay. Defendants also admit that a 2-Disc Collectors Edition DVD of *Brokeback Mountain* was released on or about January 23, 2007. Defendants deny the remaining allegations contained in Paragraph 26.

27.     Defendants deny the allegations contained in Paragraph 27.

28.     Defendants admit that the motion picture *Brokeback Mountain* is based on a short story written by Annie Proulx that originally was published in *The New Yorker* Magazine on October 13, 1997, and which was adapted for the screen by Larry McMurtry and Diana Ossana. Defendants also admit that Ang Lee directed *Brokeback Mountain*, and that Focus Features LLC and River Road Entertainment, LLC produced *Brokeback Mountain*, and that Universal City Studios Productions LLLP and its affiliates distributed *Brokeback Mountain*. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of Paragraph 28, and on that basis Defendants deny said allegations.

29.     Defendants admit that Plaintiff has attached as Exhibit M to her Complaint a letter dated November 27, 2006. Defendants allege that the letter speaks for itself. Defendants deny the allegations set forth in the letter attached to the Complaint as Exhibit M. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of Paragraph 29, and on that basis Defendants deny said allegations.

30.     Defendants admit that Plaintiff has attached as Exhibit N to her Complaint a letter dated December 18, 2006, and that the letter attached as Exhibit N was written by a representative of Universal City Studios, LLP and its affiliated companies and sent to Plaintiff on or about December 18, 2006. Defendants allege that the letter speaks for itself. Defendants are

1238919.1

without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of Paragraph 30, and on that basis Defendants deny said allegations.

31.     Defendants admit that Plaintiff has attached as Exhibit P to her Complaint a letter dated December 1, 2006. Defendants allege that the letter speaks for itself. Defendants deny the allegations set forth in the letter attached to the Complaint as Exhibit P. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of Paragraph 31, and on that basis Defendants deny said allegations.

32.     Defendants admit that Plaintiff has attached as Exhibit Q to her Complaint a letter dated December 8, 2006, and that the letter attached as Exhibit Q was written by a representative of River Road Entertainment, LLC and sent to Plaintiff on or about December 8, 2006. Defendants allege that the letter speaks for itself. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of Paragraph 32, and on that basis Defendants deny said allegations.

33.     Defendants admit that Plaintiff has attached as Exhibit R to her Complaint a letter dated January 8, 2007. Defendants allege that the letter speaks for itself. Defendants specifically deny that substantial similarities between *Brokeback Mountain* and *Down Low* exist. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of Paragraph 30, and on that basis Defendants deny said allegations.

34.     Defendants admit and allege that the short story entitled *Brokeback Mountain* originally was published in 1997, and that Simon & Schuster, Inc. published the short story in 2005 under the Scribner imprint. Defendants also admit that Annie Proulx has conducted media interviews. The content of those interviews speaks for itself. Defendants deny the remaining allegations of Paragraph 34, and specifically deny that the short story *Brokeback Mountain* was

revised in 2005, that there exists a work entitled *Brokeback Mountain 2005*, and that Plaintiff accurately or completely has characterized the content of any media interviews.

35. Defendants admit and allege that *Brokeback Mountain Story to Screenplay* was written in part by Larry McMurtry and Diana Ossana and that Simon & Schuster, Inc. published *Brokeback Mountain Story to Screenplay* under the Scribner imprint in 2005 and 2006. Defendants deny the remaining allegations of Paragraph 35, and specifically deny that the short story *Brokeback Mountain* was revised in 2005, and that there exists a work entitled *Brokeback Mountain Story to Screenplay 2005*.

36. Defendants admit that Diana Ossana has conducted media interviews. The content of those interviews speaks for itself. Plaintiff denies that Plaintiff accurately or completely has characterized the content of any such media interviews.

37. Defendants admit that Larry McMurtry has conducted media interviews. The content of those interviews speaks for itself. Plaintiff denies that Plaintiff accurately or completely has characterized the content of any such media interviews.

38. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 38, and on that basis Defendants deny said allegations.

39. Defendants deny the allegations of Paragraph 39.

## ALLEGED INFRINGEMENT OF COPYRIGHT

40. Defendants deny the allegations of Paragraph 40.

41. Defendants deny the allegations of Paragraph 41.

42. Defendants deny the allegations of Paragraph 42.

43. Defendants deny the allegations of Paragraph 43.

8

44. Defendants deny the allegations of Paragraph 44.

45. Any allegations of the Complaint not hereinabove admitted, denied, or explained are denied, and Defendants specifically deny that Plaintiff is entitled to any relief whatsoever against Defendants.

In further answer to the Complaint, and as and for separate, affirmative defenses, Defendants aver:

## FIRST AFFIRMATIVE DEFENSE

### [Failure to State A Claim]

47. The Complaint fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

### [Lack of Personal Jurisdiction]

48. This Court lacks personal jurisdiction over Defendants, or some of them.

## THIRD AFFIRMATIVE DEFENSE

### [Improper Venue]

49. Venue is improper in this judicial district.

1238919.1

## FOURTH AFFIRMATIVE DEFENSE

### [Laches]

50. The doctrine of laches bars Plaintiff's claims because Plaintiff sat on her rights and unreasonably delayed taking action to protect her purported interests, all to the presumed or actual prejudice and detriment of Defendants.

## FIFTH AFFIRMATIVE DEFENSE

### [Estoppel]

51. Plaintiff is estopped by her own acts, conduct, or omissions, from obtaining any relief against Defendants.

## SIXTH AFFIRMATIVE DEFENSE

### [Independent Creation]

52. The works that Plaintiff claims are infringing were independently created.

## SEVENTH AFFIRMATIVE DEFENSE

### [Lack of Access]

53. Defendants had no access to the allegedly infringed works prior to the creation of the works that Plaintiff claims are infringing.

## EIGHTH AFFIRMATIVE DEFENSE

### [No Actionable Copying]

54.     The elements that Plaintiff claims are substantially similar in the works at issue are not original or copyrightable, either alone or collectively.

## NINTH AFFIRMATIVE DEFENSE

### [Fair Use]

55.     To the extent that any copyrightable elements from any of the allegedly infringed works were used in allegedly infringing works and were not independently created, such use constituted fair use.

## TENTH AFFIRMATIVE DEFENSE

### [*De Minimis* Use]

56.     To the extent that any copyrightable elements from any of the allegedly infringed works were used in allegedly infringing works and were not independently created, such use is *de minimis* and not actionable.

## ELEVENTH AFFIRMATIVE DEFENSE

### [Unclean Hands]

57.     Plaintiff is barred from obtaining any relief from Defendants due to her unclean hands.

## TWELFTH AFFIRMATIVE DEFENSE

### [Lanham Act Claims Barred]

58. To the extent that Plaintiff alleges violations of § 43(a) of the Lanham Act for false designation of origin in the Complaint, Plaintiff is barred from obtaining any relief from Defendants due to the Supreme Court's decision in <u>Dastar Corp. v. Twentieth Century Fox</u>, 539 U.S. 23 (2003).

## THIRTEENTH AFFIRMATIVE DEFENSE

### [Preemption]

59. To the extent that Plaintiff alleges violations of state unfair competition laws, or any other state laws, in the Complaint, Plaintiff is barred from obtaining any relief from Defendants because the claims are preempted by the U.S. Copyright Act, 17 U.S.C. § 301.

## PRAYER

WHEREFORE DEFENDANTS PRAY AS FOLLOWS:

1. That the Complaint and each Count therein be dismissed with prejudice.
2. That Plaintiff take nothing by her Complaint.
3. That Defendants be awarded attorneys' fees incurred in this action pursuant to 17 U.S.C. § 505.
4. That Defendants be awarded their full costs incurred in this action.
5. For such other and further relief as the Court may deem just and proper.

1238919.1

March 20, 2007                                   Respectfully Submitted:

                                                  /s/ Steven J. Metalitz
Steven J. Metalitz (D.C. Bar No. 944603)
MITCHELL SILBERBERG & KNUPP, LLP
2300 M Street, N.W., Suite 800
Washington, D.C. 20037
(202) 973-8136 (Telephone)
(202) 973-8110 (Facsimile)

Marc E. Mayer (*pro hac vice*)
MITCHELL SILBERBERG & KNUPP LLP
11377 West Olympic Boulevard
Los Angeles, California 90064-1683
(310) 312-2000 (Telephone)
(310) 312-3100 (Facsimile)
*Attorneys for Defendants*

1238919.1

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing ANSWER OF DEFENDANTS TO PLAINTIFF'S COMPLAINT has been served, via Federal Express, to the following address on March 20, 2007:

Janice Scott-Blanton
3578 Wharf Lane
Triangle, VA 22172

                                    <u>/s/ Marc E. Mayer</u>
                                    Marc E. Mayer (*pro hac vice*)
                                    MITCHELL SILBERBERG & KNUPP LLP
                                    11377 West Olympic Boulevard
                                    Los Angeles, California 90064-1683
                                    (310) 312-2000 (Telephone)
                                    (310) 312-3100 (Facsimile)
                                    *Attorneys for Defendants*