**In The**
**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**
**Washington, D.C.**

**RECEIVED**

APR 1 6 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

**JANICE SCOTT-BLANTON,** *pro se,*

      **Plaintiff,**

v.                           **CIVIL ACTION NO. <u>1:07cv00098</u> (RMU)**

**UNIVERSAL CITY STUDIOS PRODUCTIONS, LLLP, et al.,**

      **Defendants.**

<u>PLAINTIFF'S MOTION TO FILE SUR-REPLY IN
SUPPORT OF HER MOTION FOR CONTINUANCE AND FOR DISCOVERY,
AND INCORPORATED MEMORANDUM</u>

      Plaintiff Janice Scott-Blanton, as *pro se,* respectfully moves the Court to file a sur-reply in support of her request under Federal Rule of Civil Procedure 56 (f) for a continuance and to conduct discovery.  In support hereof, plaintiff states as follows:

      1.     The defendants on March 23, 2007 filed a motion for summary judgment on the plaintiff's claims under the Copyright Act for copyright infringement of her novel.

      2.     On April 3, 2007, plaintiff filed a response to the defendants' motion under Rule 56 (f) requesting this Court to either deny or defer ruling on the motion until after she has been allowed to conduct discovery with the defendants.

      3.     On April 10, 2007, the defendants filed **(out-of-time)** a reply to the plaintiff's Rule 56 (f) request in which they completely misinterpreted and misrepresented the import of the plaintiff's Rule 56(f) request for a continuance.

4.    In their reply, the defendants attempted to suggest that the plaintiff failed to investigate her claims prior to filing suit in violation of Rule 11, an issue not mentioned in their motion for summary judgment.

For the foregoing reasons, plaintiff respectfully requests that this Honorable Court enters an Order granting her leave of court to file the sur-reply memorandum submitted simultaneously with this motion.

Respectfully submitted,

Janice Scott-Blanton
Plaintiff, *pro se*

3578 Wharf Lane
Triangle, VA 22172
Telephone: (703) 861-0028

### CERTIFICATE OF SERVICE

I hereby certify that I sent via FEDEX the foregoing on this the 16th day of April 2007 to:

**Steven J. Metalitz, Esquire**
**Mitchell, Silberberg & Knupp, LLP,**
Counsel for Defendants
2300 M. Street, N.W., Suite 800
Washington, D.C.  20037

Janice Scott-Blanton, *pro se*

**In The**
**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**
**Washington, D.C.**

**JANICE SCOTT-BLANTON,** *pro se,*

      **Plaintiff,**

**v.**                            **CIVIL ACTION NO. 1:07cv00098 (RMU)**

**UNIVERSAL CITY STUDIOS PRODUCTIONS, LLLP, et al.,**

      **Defendants.**

## PLAINTIFF'S SUR-REPLY MEMORANDUM IN SUPPORT OF FEDERAL RULE OF CIVIL PROCEDURE 56(F) REQUEST FOR CONTINUANCE

Plaintiff Janice Scott-Blanton, as *pro se,* submits this sur-reply memorandum in support of her request under Rule 56(f) of the Federal Rules of Civil Procedure for a continuance on the defendants' motion for summary judgment and to conduct discovery.

In their reply filed in support of their motion for summary judgment, the defendants have completely distorted and misrepresented the plaintiff's response under Rule 56(f). In fact, the defendants have recklessly accused the plaintiff of simply not responding to their motion, or properly responding to their motion for summary judgment. In this regard, the defendants accused plaintiff of violating LCvR 56.1 by failing to set forth facts for which she contends create genuine issues. In making this reckless charge, the defendants completely ignored (and never addressed) footnote 8 of the plaintiff's response where she stated the following:

> "Plaintiff is asking the Court to delay ruling or deny the defendants motion
> for summary judgment in its entirety, including on all other state and

federal law claims alleged in her complaint beyond the copyright claims. *If the Court denies the plaintiff the opportunity to pursue discovery, then plaintiff requests that the Court give her additional time and allow her to respond to the defendants motion for summary judgment and address all arguments raised by the defendants."*

*Pl. Resp. in Op.*, p. 12 (emphasis added). Plaintiff's response to the defendants' motion is exclusively pursuant to Rule 56(f) and it is clear from this footnote 8 of her response that she requested both an extension of time and an opportunity to fully respond to the defendants' motion for summary judgment, including pursuant to LCvR 56.1 if this Court refused to allow discovery to proceed.

The defendants' side of the story would have this Court to believe that, notwithstanding the reluctance of Courts to grant summary judgment at the early stages prior to discovery, particularly in copyright litigation, they are entitled to the grant of summary judgment, at what they themselves have described to be the early stage of this litigation, based solely on their side of the story without any discovery or opportunity of the plaintiff to investigate the self-serving (and misrepresented) declarations and exhibits. Indeed, the defendants' declarations and exhibits relied upon in support of their motion for summary judgment demonstrates the need for this Court to allow the parties to engage in discovery. All of the facts and evidence that the defendants have relied upon in support of summary judgment was within their exclusive control and knowledge.

In order to make the grand leap over Rule 56(f), the defendants have accused the plaintiff of failing to identify evidence she expects to uncover during discovery. That accusation is specious.

*i. The Short Story*

2

Plaintiff submitted publicly available interviews and statements of defendants Ossana, McMurtry and Lee in which they made comments about the motion picture, screenplay and short story. Plaintiff agrees with the defendants that such statements would be inadmissible as evidence at trial. However, plaintiff submitted these statements as a basis for the Court to allow discovery under Rule 56(f), not as evidence in support of her opposition to the defendants' motion for summary judgment. In considering plaintiff's request under Rule 56 (f), these statements could and should be considered by the Court in ruling on the plaintiff's request to conduct discovery. If Ossana's statements about the four (4) "new" scenes that were written exclusively for the screenplay are true, then this would completely undermine the assertions made in the defendants' declarations that the short story they now claim was original and essentially unchanged since 1997. As plaintiff pointed out, according to defendant Ossana, these four (4) "new" scenes were written exclusively for the screenplay, but somehow also appear in great detail in all versions of the short story the defendants have submitted to this Court.[1]

In dismissing the significance of the "new" scenes and the import of the "new" scenes Ossana and McMurtry admitted they added in the screenplay, the defendants nonsensically stated:

---

[1]    The defendants have attempted to dismiss as irrelevant the four (4) "new" scenes created by screenwriters Ossana and McMurtry exclusively for the screenplay and that were not part of the short story. Plaintiff has demonstrated that these "new" scenes miraculously appear in great detail in all versions of the short story submitted by the defendants. On the one hand, the defendants contend by declarative statements that the short story has not changed since 1997. On the other hand, defendant Proulx, in her audio interview submitted by plaintiff, tacitly admitted that her short story had been changed from the original version, and the defendants failed to explain how the "new" scenes miraculously appeared in all versions of the short story they submitted. Moreover, plaintiff has pointed out that these "new" scenes also appear in her novel. Consequently, contrary to the defendants assertions, it is not unreasonable in connection with a Rule 56(f) discovery request for this Court to infer the possibility of the short story being changed because of the "new" scenes or to infer that the new scenes were possibly added after the publication of her novel since the same "new" scenes also appear in the novel.

"Finally, Plaintiff asserts that, in one of these interviews, the screenwriters stated that four scenes in the Motion Picture were created specifically for the Screenplay. She then dissects these scenes to dispute this statement, showing that these scenes were all present in some form in the original 1997 Short Story (and the subsequent 1999 version). Of course, if this proves anything, it proves that these 'new' scenes were present in the original 1997 Short Story and thus could ***not*** have been copied from "Down Low." Casting doubt on the statements attributed to the screenwriters or on the publication dates of the Short Story could support Plaintiff's claim that 'the short story has been changed substantially' only if one were to indulge the fantasy that the Short Story originally did not contain those scenes, and that a new version of the October 13, 1997, edition of *The New Yorker* somehow was created to replace the original."

The defendants have intentionally misrepresented the plaintiff's reasoning for even raising the interviews in this case. The plaintiff did not raise the interviews and then "dissect" them to dispute whether the scenes were in the motion picture. The reality is that the four scenes could not and should not be "present" in the short story at all since they were specifically created for the screenplay. The relevance of the four scenes being "present" in the short story is that notwithstanding the version of the short story submitted by the defendants and the version now publicly available, which are identical, the original version of the short story could not and should not even contain the extensive dialogue involving the four "new" scenes that were created and written by Ossana and McMurtry specifically for the screenplay. The presence of these "new" scenes in the short story, when Ossana and McMurtry's own statements indicate that the "new" scenes were not in the original short story and Proulx's audio admission that her original short story had been changed, raises the inference that all versions of the short story in the record do not represent the original 1997 short story that appeared in *The New Yorker Magazine*. Furthermore, as plaintiff pointed out, it is not insignificant that the October 13, 1997 issue of *The New Yorker Magazine* happens to be the only edition during a two

4

decade period of time that did not have a creation date. The defendants' suggestion that

it would be "fantasy" infer that a new version of *The New Yorker Magazine* was created

to replace the original misses the point. Defendants Ossana's and McMurtry's

statements, not "fantasy," suggest that the version of the short story appearing in *The New*

*Yorker Magazine* submitted by the defendants that included the extensive dialogue for the

four "new" scenes that were created and written specifically for the screenplay *is not and*

*could not be in the original version of the short story* that was initially published in the

original October 13, 1997 issue of *The New Yorker Magazine.*[2]

It is only through discovery that plaintiff can investigate this matter since the

defendants' are, or should be, in exclusive custody and control of all versions of their

work and the timeline for their creation, modifications, revisions, and completion. In

light of the "new" scenes being present in all versions of the short story submitted by the

defendants and publicly available when they should not and could not be present,

Ossana's and McMurtry's admission that the "new" scenes were created and written

specifically for the screenplay, Proulx's audio admission that her original short story had

been changed, the presence of the "new" scenes in plaintiff's novel, and the convenient

and conspicuous absence of a creation date for the copyright for the October 13, 1997

issue of *The New Yorker Magazine,* discovery is the only means available to the plaintiff

---

[2]        The defendants repeated suggestion that one need only compare the identical versions of the short story they submitted is nothing short of ridiculous. Plaintiff acknowledges that all of the versions of the short story submitted by the defendants are identical, but submits that these versions are not the original version of the short story published in October 13, 1997 issue of *The New Yorker Magazine* because they could not and should not contain the expansive dialogue involving the four "new" scenes Ossana admitted were created by McMurtry and her, not by the short story author, Proulx, who actually admitted that changes were made to her original short story in the audio interview. The defendants have asked this Court to summarily resolve this case based solely on their concocted and only versions of the short story in the record without affording plaintiff the opportunity to discover the original version of the short story that does not and should not include the four "new" scenes created and written specifically for the screenplay.

to access evidence related to these matters, especially since Proulx, Ossana and McMurtry are defendants in this litigation.[3]

### ii. Screenplay

Plaintiff has pointed out that there are at least three versions of the screenplay (i.e., 97 pages copyrighted in 2000, 113 pages copyrighted in 2004, and approximately 180 pages according to McMurtry). McMurtry indicated that the final version of the screenplay was about 180 pages, not the 113 pages or the 97-page version for which there exists a copyright. Like the short story, the defendants have asked this Court to dismiss entirely the 180-page screenplay as irrelevant and accept the version of the screenplay included in the book *Story to Screenplay* without affording the plaintiff the opportunity to secure through discovery all versions of the screenplay in the exclusive custody and control of the defendants in order to at least compare them and determine when they were created, written, revised and published.

Furthermore, the defendants also dismiss as irrelevant the cover-page of the screenplay included in the book *Story to Screenplay* on which it was stated that Ossana and McMurtry published the screenplay in October 2005. Neither Ossana nor McMurtry retained an interest in the screenplay they sold and transferred to Columbia Pictures in 2000 that thereafter copyrighted the screenplay as an unpublished work in 2000. Publication by Ossana and McMurtry of a version of the screenplay included in the book *Story to Screenplay* and a false claim on the book's cover that the screenplay was

---

[3]    There is ample evidence in the record, as well as admissions by the defendants, that the short was republished after plaintiff's novel was published. The defendants contend that plaintiff has not refuted their suggestion that the republications were identical versions of earlier versions. The fact that any version of the short story was published or republished after plaintiff's novel was published, when considered with the "new" scenes present in the short story that could not and should not be in the short story, and the fact that the same "new" scenes also appear in the plaintiff's novel raise the inference of changes to the short story after plaintiff's novel was published. For purposes of a Rule 56(f) discovery request, this set of circumstances should preclude the Court from denying the plaintiff the opportunity to pursue discovery.

copyrighted in 2005 months after plaintiff's novel was published raises the inference that that version of the screenplay was either created and written, or revised after plaintiff's novel was published when the substantial similarities between the two works are considered.

### iii. Motion Picture

The plaintiff submitted an interview of the motion picture's director Ang Lee. In that interview, defendant Lee made reference to a novel when describing one of the two main characters. The defendants have sought to dismiss this reference to the novel as irrelevant while asserting that the motion picture was based on the screenplay. For purposes of a Rule 56(f) discovery request, this should be sufficient to allow discovery on Lee's statement, particularly since Lee is a defendant in this suit and that there are numerous scenes in the motion picture that are also in the plaintiff's novel.

### CONCLUSION

The defendants, in moving for summary judgment early in this litigation, have asked this Court to summarily accept, in the face of the conflicting interviews by Ossana, McMurtry, Proulx and Lee, their version of the facts without any discovery being conducted by the parties. The issue of timing as to when their works were completed and as to the originality of the short story they submitted is not as clear or conclusive as the defendants would have this Court to believe. This is a case ripe for discovery and under Rule 56(f) the Court should allow the case to proceed promptly to discovery.

Respectfully submitted,

Janice Scott-Blanton
Plaintiff, *pro se*

7

3578 Wharf Lane
Triangle, VA 22172
Telephone: (703) 861-0028

## CERTIFICATE OF SERVICE

I hereby certify that I sent via FEDEX the foregoing on this the 16th day of April 2007 to:

**Steven J. Metalitz, Esquire**
**Mitchell, Silberberg & Knupp, LLP,**
Counsel for Defendants
2300 M. Street, N.W., Suite 800
Washington, D.C.  20037

Janice Scott-Blanton, *pro se*

8

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **JANICE SCOTT-BLANTON,** *pro se,* | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) **CIVIL ACTION NO. 1:07cv00098 (RMU)** |
| | ) |
| **UNIVERSAL CITY STUDIOS** | ) |
| **PRODUCTIONS, LLLP, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

PROPOSED ORDER DENYING THE DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT

In this case, the defendants filed a motion for summary judgment on March 23,

2007. Plaintiff Janice Scott-Blanton filed a response to the motion for summary

judgment on April 3, 2007. In her response, plaintiff requested the Court delay ruling on

the defendants' motion for summary judgment and to allow this matter to proceed to

discovery pursuant to Federal Rule of Civil Procedure 26(f). Plaintiff argued that she

only has the defendants' version of production of the *Brokeback Mountain* short story,

screenplay and motion picture. The plaintiff also filed a motion to file a sur-reply

memorandum.

Having considered the Memoranda and supporting documents filed by the parties,

and for good cause shown, the Court **GRANTS** the plaintiff's motion to file a sur-reply

memorandum and will **DEFER** ruling on the defendants' motion for summary judgment

until the parties have had an adequate opportunity to conduct discovery.

**SO ORDERED.**

_____
RICARDO M. URBINA
United States District Judge