UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| JANICE SCOTT-BLANTON, *pro se*  )<br>  )<br>Plaintiff,  )<br>  )<br>v.  )<br>  )<br>UNIVERSAL CITY STUDIOS  )<br>PRODUCTIONS LLLP, *et al.*,  )<br>  )<br>Defendants.  )<br>  ) | Civil Case No. **1.07cv00098 (RMU)** |

### OPPOSITION OF DEFENDANTS TO PLAINTIFF'S MOTION
### TO FILE A SUR-REPLY MEMORANDUM

Plaintiff's Motion to a File a Sur-Reply Memorandum should be denied.[1] "The standard for granting a leave to file a surreply is whether the party making the motion would be unable to contest matters presented to the court for the first time in the opposing party's reply." Lewis v. Rumsfeld, 154 F. Supp. 2d 56, 61 (D.D.C. 2001). Plaintiff cannot satisfy this standard, since Defendants' Reply Memorandum did not present **any** new matters to the Court.

Plaintiff asserts that "the defendants attempted [in their reply] to suggest that the plaintiff failed to investigate her claims prior to filing suit in violation of Rule 11, an issue not mentioned in their motion for summary judgment." Motion to File Sur-Reply at 2 ("Motion"). Besides presenting no new matter to contest,[2] Plaintiff's assertion is irrelevant; Defendants seek no relief

---

[1] Plaintiff styles her pleading as a "Motion to File Sur-Reply in Support of Her Motion for Continuance and for Discovery." Since she has never filed any such motion, Defendants treat her pleading as a motion to file a sur-reply to their motion for summary judgment.

[2] Defendants have highlighted for the Court several times that Plaintiff was aware before she filed suit that all the Defendants' works had been completed before the Plaintiff's novel was ever published. See, e.g., Opposition of Defendants to Plaintiff's Motion for a Preliminary Injunction

(…continued)

1

at this time based on Plaintiff's violation of Rule 11, and if and when they do so Plaintiff will have ample opportunity to respond.

The only arrow left in Plaintiff's quiver is her complaint that Defendants "completely misinterpreted and misrepresented" the arguments in her opposition papers. Motion at 1. This falls far short of this Court's standard for allowing a sur-reply. See Lewis, 154 F. Supp. 2d at 61 ("The plaintiff contends that the defendants have mischaracterized her position… Because this contention does not involve a new matter but rather an alleged mischaracterization, the court denies the plaintiff's motion.").

Since there is nothing new for Plaintiff to sur-reply to, her Sur-Reply Memorandum simply re-hashes the meritless arguments that she made in her Opposition Memorandum. She continues to insist that some offhand remarks attributed to certain defendants in press reports demonstrate that several scenes that appear in the *Brokeback Mountain* screenplay and motion picture "is not [sic] and could not be in the original version of the short story." Plaintiff's Sur-Reply Memorandum ("Memo") at 3-5. But the fact is that the short story does contain these scenes, as Plaintiff's own Opposition Memorandum demonstrated; and it has contained them ever since it was first published in 1997, eight years before Plaintiff's novel was published. Similar offhand fragments of hearsay have persuaded Plaintiff that there must exist a 180-page version of the screenplay that somehow creates a factual dispute relevant to her claim, and that the film was really based on a "novel," not on the short story with which it shares so many features. Id. at 6-7. These claims were already fully ventilated in Plaintiff's opposition papers and refuted in Defendants' replies thereto.

---

(…continued)
at 6; Answer of Defendants to Plaintiff's Complaint at 6, ¶ 30. Even a cursory investigation would have shown her claim was unfounded.

2

While Plaintiff now characterizes her Opposition Memorandum as a "Rule 56(f) discovery request," id. at 3, n.1, she still fails to identify any basis for needed discovery other than bald speculation about a version of events that is "wholly fanciful." Glover v. Austin, 447 F. Supp. 2d 357, 361 (S.D.N.Y. 2006). In particular, her claim that a clandestine "original version" of the story is within the "exclusive custody" of Defendants, and that she needs discovery in order to obtain it, Memo. at 4-5, is absurd. All published versions of the short story going back to 1999 are available in countless bookstores and libraries, and many libraries have no doubt also retained the original October 1997 publication in *The New Yorker* magazine.

Plaintiff's Motion to File a Sur-Reply Memorandum is another attempt to needlessly prolong the adjudication of her meritless claims.[3] The Court should deny Plaintiff's Motion and grant Defendants' Motion for Summary Judgment.[4]

Date: April 23, 2007

Submitted by:

/s/ Steven J. Metalitz
Steven J. Metalitz (D.C. Bar No. 944603)
MITCHELL SILBERBERG & KNUPP LLP
2300 M Street, N.W., Suite 800
Washington, D.C. 20037
(202) 973-8109 (Telephone)
(202) 973-8110 (Facsimile)

---

[3] Plaintiff's request for more time to file a second Opposition Memorandum, referenced on page 2 of her Sur-Reply Memorandum, should also be refused. She failed to include this request in any proposed order she has filed, nor has she filed a motion for extension of time as described in paragraph 5 of the Standing Order on Civil Cases. There is no need to delay ruling on Defendants' Motion for Summary Judgment.

[4] Of course, if plaintiff is allowed to file her Sur-Reply Memorandum, Defendants reserve the right to respond to its substance.

1268380.2

        Marc E. Mayer (*pro hac vice*)
        MITCHELL SILBERBERG & KNUPP LLP
        11377 West Olympic Boulevard
        Los Angeles, California 90064-1683
        (310) 312-2000 (Telephone)
        (310) 312-3100 (Facsimile)
        *Attorneys for Defendants*

.

**CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO FILE A SUR-REPLY MEMORANDUM has been served, via Federal Express and via the Court's electronic filing system, to the following address on April 23, 2007:

Janice Scott-Blanton
3578 Wharf Lane
Triangle, VA 22172

                                              /s/ Marc E. Mayer
                                              Marc E. Mayer (*pro hac vice*)
                                              MITCHELL SILBERBERG & KNUPP LLP
                                              11377 West Olympic Boulevard
                                              Los Angeles, California 90064-1683
                                              (310) 312-2000 (Telephone)
                                              (310) 312-3100 (Facsimile)
                                              *Attorneys for Defendants*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **JANICE SCOTT-BLANTON**, *pro se* | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | Civil Case No. **1.07cv00098 (RMU)** |
| **UNIVERSAL CITY STUDIOS PRODUCTIONS LLLP**, *et al.*, | ) ) ) ) | |
| Defendants. | ) ) | |

## [PROPOSED] ORDER DENYING PLAINTIFF'S MOTION TO FILE A SUR-REPLY MEMORANDUM

The Court, having considered the Plaintiff's Motion to File a Sur-Reply Memorandum and her Memorandum in support thereof; the Opposition Memorandum of Defendants Universal City Studios Productions LLLP, Universal Studios/Universal Pictures Inc. (sic), Universal Studios Licensing LLLP, Focus Features LLC, River Road Entertainment LLC, Del Mar Productions LLC, Simon & Schuster/Scribner, The New Yorker Magazine/Advance Publications Inc., Annie Proulx, Larry McMurtry, James Allen Schamus and Diana Ossana (collectively, "Defendants"); the arguments in favor and in opposition to the motion; and for good cause shown; rules as follows:

Plaintiff's Motion to File a Sur-Reply Memorandum hereby is DENIED.

Dated: _____          _____
                                                              Ricardo M. Urbina
                                                              Judge, United States District Court,
                                                              District of Columbia

1268387.1

**CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing [PROPOSED] ORDER has been served, via Federal Express and via the Court's electronic filing system, to the following address on April 23, 2007:

Janice Scott-Blanton
3578 Wharf Lane
Triangle, VA 22172

/s/ Marc E. Mayer
Marc E. Mayer (*pro hac vice*)
MITCHELL SILBERBERG & KNUPP LLP
11377 West Olympic Boulevard
Los Angeles, California 90064-1683
(310) 312-2000 (Telephone)
(310) 312-3100 (Facsimile)
*Attorneys for Defendants*