**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | | |
|---|---|---|---|
| JANICE SCOTT-BLANTON, | : | | |
| | : | | |
| Plaintiff, | : | Civil Action No.: | 07-0098 (RMU) |
| | : | | |
| v. | : | Document No.: | 19 |
| | : | | |
| UNIVERSAL CITY STUDIOS PRODUCTIONS LLLP *et al.*, | : | | |
| | : | | |
| Defendants. | : | | |

## MEMORANDUM ORDER

GRANTING THE PLAINTIFF'S MOTION TO AMEND THE COMPLAINT

### I.  INTRODUCTION

This case comes before the court on the plaintiff's motion to amend her complaint. The *pro se* plaintiff, Janice Scott-Blanton, alleges that her novel, *My Husband is on the Downlow and I Know About It* ("*Downlow*"), is the creative source for the award-winning film *Brokeback Mountain*. Because Federal Rule of Civil Procedure 15(a) provides an automatic right for a plaintiff to amend her complaint once before the defendants file a responsive pleading, the court grants the plaintiff's motion. FED. R. CIV. P. 15(a).

### II.  BACKGROUND

#### A.  Factual History

Annie Proulx wrote *Brokeback Mountain* as a short story in 1997, and *The New Yorker* published her short story in October of that year. Am. Compl. ¶ 38. Shortly after its publication, two screenwriters, Larry McMurtry and Diana Ossana, approached Proulx about adapting her short story into a screenplay. Pl.'s Opp'n to Defs.' Mot. for Summ. J. ("Pl.'s Opp'n to Summ.

J."), Ex. H. Proulx agreed, and the two screenwriters immediately began work on the adaptation. *Id.* McMurtry and Ossana assigned the rights to Columbia Pictures Industries, Inc. ("Columbia Pictures"), which copyrighted two *Brokeback Mountain* screenplays, one in 1998 and another in 2003. Declaration of Marc E. Mayer (D.D.C. Mar. 7, 2007) ("Mayer Decl."), Exs. J, K. According to Jeffrey Roth, the Senior Vice President of post production for Columbia Pictures on *Brokeback Mountain* the motion picture, the studio completed the final script on May 20, 2004, and it completed filming all material scenes by August 5, 2004. Declaration of Jeffrey Roth (D.D.C. Mar. 7, 2007) ("Roth Decl.") ¶¶ 2-3.

In November 2004, the plaintiff wrote *Downlow*, a novel tracking the life of a wife whose husband is having a homosexual affair. Am. Compl. ¶ 24. The plaintiff received a copyright for her novel, which was published on March 15, 2005. *Id.* ¶¶ 25, 27. On December 9, 2005, Columbia Pictures released *Brokeback Mountain* in theaters. *Id.* ¶ 29. Since that time, the movie has grossed over $200 million and received several awards. *Id.* ¶ 30.

The plaintiff claims that she recognized similarities between *Brokeback Mountain* and her novel after watching the film for the first time on June 11, 2006. *Id.* ¶ 32. She immediately recognized "some similarity of expressions in the protected elements of the story and scene." *Id.* On November 27, 2006, she sent a letter to Universal, which alleged copyright infringement and listed the substantial similarities between her novel and the movie. *Id.* ¶ 33. In a letter dated December 18, 2006, Universal responded to the plaintiff's allegations, stating that the two works were not substantially similar and providing the plaintiff with a timeline for the development of the movie. *Id*. ¶ 34. The plaintiff also sent the same letter to River Road Entertainment ("River Road") on December 1, 2006. *Id.* ¶ 35. The plaintiff received a letter from River Road on December 13, 2006, which indicated the substantial similarities between her novel and the movie

were "purely coincidental."  *Id*. ¶ 36.

### B.  Procedural History

The plaintiff filed her first complaint on January 16, 2007, seeking a preliminary and permanent injunction as well as damages for copyright infringement.  On March 14, 2007, the plaintiff filed a motion to amend her complaint, adding violations under the Lanham Act, 15 U.S.C. §§ 1125(a), 1117, the Sherman Anti-Trust Act, 15 U.S.C. §§ 1 *et seq.*, and violations of statutory or common laws of the fifty states, U.S. territories and every foreign country where the defendants generated revenues.[1]  *See* Am. Compl. ¶¶ 17, 18.  On March 15, 2007, the defendants sought the plaintiff's consent to their postponing the answer until ten days after the court had ruled on the motion to amend.  Defs.' Opp'n to Pl.'s Mot. to Am. Compl. ("Defs.' Opp'n") at 2.  The plaintiff refused to agree, and the defendants filed an Answer to the original complaint on March 20, 2007.  On March 23, 2007, the defendants filed an opposition to the plaintiff's motion to amend.  *Id.* at 1-2 & n.2.

### III.  ANALYSIS

### A.  Legal Standard for a Motion for Leave to Amend the Complaint

Under Federal Rule of Civil Procedure 15(a), a party may amend its pleading once as a matter of course at any time before a responsive pleading is served.  FED. R. CIV. P. 15(a).  Additionally, Rule 15(a) allows a party to amend its pleading to add a new party.  *Id.*; *Wiggins v. Dist. Cablevision, Inc.*, 853 F. Supp. 484, 499 (D.D.C. 1994); 6 FED. PRAC. & PROC. 2d § 1474.  Rule 15(a) "guarantee[s] a plaintiff an absolute right" to amend the complaint once at any time so long as the defendant has not served a responsive pleading and the court has not decided a

---

[1] The plaintiff, however, claims that her purpose in filing an amended complaint is "to correct the identity of some of the corporate defendants and to drop one of the individual defendants."  Mot. to Am. Compl. ¶ 3.

motion to dismiss. *James V. Hurson Assocs., Inc. v. Glickman*, 229 F.3d 277, 282-83 (D.C. Cir. 2000) (citing FED. R. CIV. P. 15(a)). If there is more than one defendant, and not all have served responsive pleadings, the plaintiff may amend the complaint as a matter of course with regard to those defendants that have yet to answer. 6 FED. PRAC. & PROC. 2d § 1481. Motions to dismiss and for summary judgment do not qualify as responsive pleadings for the purposes of Rule 15. *Glickman*, 229 F.3d at 283; *Bowden v. United States*, 176 F.3d 552, 555 (D.C. Cir. 1999); *U.S. Info. Agency v. Krc*, 905 F.2d 389, 399 (D.C. Cir. 1990).

### B. The Court Grants the Plaintiff's Motion to Amend the Complaint

The defendants allege that the court has "discretion to deny a motion to amend on grounds of futility where the proposed pleading would not survive a motion to dismiss." Defs' Opp'n at 2 (citing *Nat'l Wrestling Coaches Ass'n v. Dep't of Educ.*, 366 F.3d 930, 945 (D.C. Cir. 2004); *Robinson v. The Detroit News, Inc.*, 211 F. Supp. 2d 101, 114 (D.D.C. 2002)). The defendants further quibble that "neither [the plaintiff's] original complaint nor her amended complaint can survive Defendants' Motion for Summary Judgment" and that granting leave to amend would be "futile." Defs.' Opp'n at 1. In addition to being futile, the defendants contend that it would be "unjust to permit Plaintiff to amend her complaint, since she appears to be using the amendment procedure to force Defendants to respond repetitively to the same baseless allegations." *Id.*

The court need not address the validity of the defendants' claims because the defendants' premise that this court has discretion to deny the plaintiff's motion is incorrect as a matter of law. The plaintiff filed her motion to amend the complaint 6 days before the defendants filed their answer. Motion to Amend Complaint (March 13, 2007); Answer to Complaint (March 20, 2007). Because this is the plaintiff's first amended complaint – filed before any responsive

pleading – the court does not have discretion to deny the plaintiff's motion to amend the complaint due to futility. *Williams v. Bd. of Regents*, 441 F.3d 1287, 1296 n.3 (11th Cir. 2006) (explaining that "the plain language of Rule 15(a) shows that the court lacks the discretion to reject the amended complaint based on its alleged futility" prior to a responsive pleading); *Glickman*, 229 F.3d 277 (D.C. Cir. 2000) (stating that "[t]he Federal Rules of Civil Procedure guarantee a plaintiff an absolute right to amend its complaint once at any time before the defendant has filed a responsive pleading"). Indeed, the cases the defendants cite both address *second* amended complaints, which require a court to grant leave to file. *Nat'l Wrestling Coaches Ass'n v. Dep't of Educ.*, 366 F.3d 930, 945 (D.C. Cir. 2004) (affirming the district court's denial of "appellant's request for leave to amend their complaint a second time"); *Robinson v. The Detroit News, Inc.*, 211 F. Supp. 2d 101, 114 (D.D.C. 2002) (denying the plaintiff's request to "amend her . . . initial amended complaint"). In sum, the plaintiff filed her motion to amend the complaint on March 14, 2007, six days before the defendants filed the first responsive pleading.[2] Because Federal Rule of Civil Procedure 15(a) grants the plaintiff an absolute right to amend her complaint, the court grants her motion. *Glickman*, 229 F.3d at 277.

Accordingly, it is this 27th day of August, 2007,

**ORDERED** that the plaintiff's motion to amend the complaint is **GRANTED**; and it is

**FURTHER ORDERED** that the defendants' response to the amended complaint is due on or before Friday, September 14, 2007.

**SO ORDERED**.

RICARDO M. URBINA
United States District Judge

---

[2] The defendants filed a memorandum in opposition to the plaintiff's motion for preliminary injunction on March 7, 2007, but this is not a pleading as defined by Rule 7(a). *See Nwachukwu v. Rooney*, 362 F. Supp. 2d 183, 190 (D.D.C. 2005) (determining that a reply memorandum is not a pleading).