In The
### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA
Washington, D.C.


JANICE SCOTT-BLANTON
3578 Wharf Lane
Triangle, VA 22172

   Plaintiff, *pro se,*

vs.             Civil Action No.: <u>1:07cv00098</u>

UNIVERSAL STUDIOS, INC.,
UNIVERSAL CITY STUDIOS PRODUCTIONS, LLLP,
UNIVERSAL STUDIOS LICENSING, LLLP,
FOCUS FEATURES, LLC,
RIVER ROAD ENTERTAINMENT, INC.,
DEL MAR PRODUCTIONS, LLC,
SIMON & SCHUSTER, INC.,
ADVANCE PUBLICATIONS, INC.,
c/o Steven J. Metalitz, Esquire
Mitchell, Silberberg & Knupp, LLP, Defense Counsel
2300 M. Street, N.W., Suite 800
Washington, D.C. 20037

and

LAVA FILMS, LLC
c/o CT Corporation System, Registered Agent

and

UNIVERSAL STUDIOS HOME ENTERTAINMENT, LLC
c/o CT Corporation System, Registered Agent

and

JAMES ALLEN SCHAMUS, individually and in
capacity doing business as Del Mar Productions
c/o Steven J. Metalitz, Esquire
Mitchell, Silberberg & Knupp, LLP, Defense Counsel
2300 M. Street, N.W., Suite 800
Washington, D.C. 20037

and

**LARRY MCMURTRY, individually and in**
**capacity doing business as Saria, Inc.**
c/o Steven J. Metalitz, Esquire
Mitchell, Silberberg & Knupp, LLP, Defense Counsel
2300 M. Street, N.W., Suite 800
Washington, D.C.  20037

and

**DIANA OSSANA, individually and in capacity doing**
**business as Saria, Inc.**
c/o Steven J. Metalitz, Esquire
Mitchell, Silberberg & Knupp, LLP, Defense Counsel
2300 M. Street, N.W., Suite 800
Washington, D.C.  20037

and

**ANNIE PROULX, individually and in**
**capacity doing business as Deadline, Ltd.**
c/o Steven J. Metalitz, Esquire
Mitchell, Silberberg & Knupp, LLP, Defense Counsel
2300 M. Street, N.W., Suite 800
Washington, D.C.  20037

       **Defendants.**

AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Janice Scott-Blanton, proceeding *pro se,* hereby moves this Honorable Court to enter judgment against each and every defendant for her complaints that follow.

## I.    PARTIES

1.    Plaintiff, Janice Scott-Blanton, is an author and a United States citizen, residing in the Commonwealth of Virginia and owner of the original published novel entitled *"My Husband is on the Down Low and I Know About It",* (hereinafter, the "novel"), about a woman whose husband had a secret homosexual relationship and she witnessed him in a homosexual act and remained quiet about it. The novel also includes a self-contained screenplay, **Exhibit A.**[1]

2.    Defendant Universal Studios, Inc. ("Universal"), as registered with the Office of Secretary of State of California, is a Delaware corporation with its principal place of business at 100 Universal City Plaza, Universal City, California 91608. Plaintiff is informed and believes that Universal is a subsidiary of NBC Universal, Inc. and is one of the major film studios in America with distribution and administrative offices located in New York City, and that Universal Pictures is the main motion picture production and distribution arm of Universal. Plaintiff is informed and believes that, at all material times relevant to this amended complaint, Universal served as major distributor of the motion picture. Plaintiff is informed and believes that defendant Universal Studios Licensing, LLLP, an affiliate of Universal, holds the license for the Academy Award Winning motion picture *"Brokeback Mountain"* (hereinafter, "motion picture"), and the recently published

---

[1]    Plaintiff incorporates by reference in this amended complaint each and every exhibit attached to her original complaint as though fully set forth herein.

book, Story by defendant Annie Proulx, and Screenplay by defendants Larry McMurtry &
Diana Ossana written in 2005.

   3  Defendants Universal Studios Home Entertainment, LLC and Universal City
Studios Production, LLLP, at all material times relevant to this amended complaint, were
affiliates of Universal engaged in the production, distribution and acquisitions of motion
pictures and related products for home entertainment and other forms of distribution.
Plaintiff is informed and believes that, Universal City Studios Productions, LLLP is listed
as the "claimant" of copyright for the Academy Award Winning motion picture film
*Brokeback Mountain,* and all other cinematographic material, **Exhibit B**.

   4.  Defendants Focus Features, LLC ("Focus Features") and Lava Films, LLC
are Delaware limited liability companies, with their principal place of business at 100
Universal City Plaza, Universal City, California 91608.  Plaintiff is informed and believes
that Focus Features, at all material times relevant to this amended complaint, was the art
house film division of NBC Universal, Inc., and Universal.  Plaintiff is informed and
believes that Focus Features is a finance, production and distribution company and that the
recently published book *"Brokeback Mountain Story to Screenplay",* (hereinafter, the
"book"), Story by Annie Proulx, Screenplay by Larry McMurtry & Diana Ossana, 2005,
the Screenplay (owned by Lava Films, LLC), cover, interior artwork, and photographs on
the copyright page were copyrighted by Focus Features.  In addition, on the last page 166
of the book, Focus Features is listed as registered copyright owner, 2005, **Exhibit D**.

   5.  Defendant River Road Entertainment, Inc. (hereinafter, "River Road") is
Delaware limited liability company with offices located at 1901 Avenue of the Stars, 2nd
Floor, Los Angeles, California and 4050 Dain Rauscher Plaza, 60 S. 6th Street,

Minneapolis, MN 55402, and, at all material times relevant to this amended complaint, was engaged in the development and production of feature films. Plaintiff is informed and believes that defendant River Road acted in concert and agreement with defendant Focus Features to finance and produce the motion picture.

6.       Defendant Del Mar Productions, Inc. and its affiliate defendant Del Mar Productions, LLC have principal places of business in New York, New York. Plaintiff is informed and believes that Del Mar Productions, Inc. and Del Mar Productions, LLC, at all material times relevant to this amended complaint, were film production companies that facilitated the production of the motion picture and were controlled by defendant Focus Features.

7.       Defendant Simon & Schuster, Inc. is a publishing house with its main office in New York. Plaintiff is informed and believes that Scribner, at all material times relevant to this amended complaint, was the adult imprint of Simon & Schuster, Inc. and that Scribner is the imprint and distributor used to print and distribute plaintiff's copyrighted literary works through defendant Annie Proulx's short story *Brokeback Mountain,* Scribner, December 2005, Trade Paperback, 64 pages, ISBN-10: 0-7432-7132-7, ISBN-13: 978-0-7432-7132-5, **Exhibit E**.

8.       Defendant Advance Publications, Inc. ("Advanced Publications"), principal business located at 950 Fingerboard Rd, Staten Island, NY 10305, owns the *New Yorker Magazine.* Plaintiff is informed and believes that, at all material times relevant to this amended complaint, the *New Yorker Magazine* "re-worked" defendant Annie Proulx's short story *Brokeback Mountain* for book publication, acting in concert and conspiracy

5

with defendants Focus Features and River Road, and then reprinted the revised short story

on December 5, 2005 prior to the release of the motion picture, **Exhibit F.**

       9.     Plaintiff is informed and believes that defendant James Allen Schamus, at

all material times relevant to this amended complaint, was a screenwriter, producer and co-

president of Focus Features and that James Schamus does business as Del Mar Productions,

LLC (employer for hire). Plaintiff is informed and believes that defendant James Schamus

resides in New York, New York, and that he was one of the main financiers of the motion

picture.

      10.    Plaintiff is informed and believes that defendant Larry McMurtry, at all

material times relevant to this amended complaint, was a screenwriter and novelist, who

resides at 1005 South Ash, Archer City, TX 76351, and does business with co-partner

defendant Diana Ossana as Saria, Inc. Defendants Larry McMurtry and Diana Ossana were

both credited by the Academy of Motion Picture Arts & Sciences as the screenwriters for

the motion picture, **Exhibit G**.

      11.    Plaintiff is informed and believes that defendant Diana Ossana, at all

material times relevant to this amended complaint, was a screenwriter who resides at 5550

N. Genematas Drive, Tucson, AZ 85704-5914, does business with co-partner defendant

Larry McMurtry as Saria, Inc.

      12.    Plaintiff is informed and believes that defendant Ang Lee, at all material

times relevant to this amended complaint, was an independent director, screenwriter and

producer whose last known address was at 417 Canal St. 51, #410, New York, New York,

and that he directed the motion picture.

6

13.    Plaintiff is informed and believes that defendant Annie Proulx is a Pulitzer-Prize Winning author who resides in Centennial, Wyoming and that Annie Proulx is credited as the author of the revised short story *Brokeback Mountain* 2005, **Exhibit H.**

## II.    **JURISDICTION AND VENUE**

14.    This Court has original jurisdiction pursuant to 28 U. S. C. § 1331 and diversity jurisdiction pursuant to 28 U. S. C. § 1332 as the amount in controversy exceeds $75,000. Supplemental jurisdiction exists over plaintiff's state statutory and or common law claims pursuant to 28 U. S. C. § 1367(a). Jurisdiction over plaintiff's claim for declaratory relief exists pursuant to the Declaratory Judgment Act, 28 U. S. C. § 2201.

15.    Venue is proper in this Court pursuant to 28 U. S. C. § 1391 because the defendants secured financial benefits in this district from their illegal copyrighting of the plaintiff's novel by showing in theatres, distributing and otherwise selling the motion picture and its screenplay and book in city of Washington, D.C.

## III.    **CLAIMS**

16.    Plaintiff, for her relief, brings claims for copyright infringement, contributory copyright infringement, and conspiracy to infringe copyright pursuant to 17 U.S.C. § 101 *et seq.*

17.    Plaintiff, for her relief, brings claims for unfair competition pursuant to the Lanham Act of 1946 ("Lanham Act"), 15 U.S.C. §§ 1125(a) and 1117, as amended, for antitrust violations pursuant to the Sherman Act, 15 U.S.C. § 1 *et seq.*

18.    Plaintiff, for her relief, brings claims for unjust enrichment, unfair competition, and antitrust violations under either the statutory and or common laws of each of the fifty (50) States in the United States, Washington, D.C., each United States territory,

7

and each foreign country in which the defendants generated revenues of any type from their infringement of plaintiff's copyrighted novel.

## IV.    **FACTS**

19.    Plaintiff affirmatively submits that the motion picture, screenplay and book were created and derived from her original copyrighted novel. The defendants willfully agreed, combined and conspired to misappropriate the plaintiff's labor and arrogantly, maliciously and deceitfully thrust plaintiff's copyrighted work before the public disguised as a derivative of defendant Annie Proulx's work. In doing so, the defendants violated Plaintiff's exclusive intellectual property rights pursuant to the Copyright Act, 17 U.S.C. § 101 *et seq.*

20.    Plaintiff filed this lawsuit to stop the defendants from producing, selling, distributing and showing on television, cable television networks and in movie theaters, or any other medium or outlet, both domestic and internationally, the motion picture. The defendants, acting in an illegal scheme and reckless conspiracy, have caused the motion picture and its related screenplay and book to generate revenues within each of the fifty (50) United States, Washington, D.C., each United States territory, and internationally in numerous foreign countries, all resulting in great and widespread harm to plaintiff worldwide.

21.    Plaintiff affirmatively submits that the intentional copying of her novel and distribution of the motion picture represented criminal copyright infringement, in violation of 17 U.S.C. § 506 *et seq.,* committed by the defendants for the purpose of unjustly enriching themselves at the expense of the plaintiff. Contributing to this criminal copyright infringement by the defendants was combination and conspiracy of the defendants to

willfully and maliciously infringed plaintiff's copyrighted novel for the purposes of commercial and competitive advantage and for financial gain. Further, the defendants' deceit and misleading public relations promotions about the origin of the motion picture, i.e., from defendant Annie Proulx's short story, rather than from plaintiff's novel, and the injection of the motion picture and its screenplay and book into the interstate and international commerce stream for public consumption violated the Lanham Act and fouled the statutory and or common law of each of the fifty (50) United States, Washington, D.C. and each United States territory, international law, and the law of each foreign country in which the motion picture and its screenplay and book were sold. Further the defendants' combined and conspired to enter into contractual relations in connection with their production of their works that misused plaintiff's intellectual property and allowed them to dominate the marketplace with their works to the detriment and deprivation of the plaintiff fair access to the marketplace by using their dominating positions in the entertainment industry.

22.    Plaintiff is informed and believes that Universal is engaged in the production, distribution and acquisitions of motion pictures for home entertainment and other forms of distribution. Plaintiff is informed and believes that Universal is listed as the "claimant" of copyright for the motion picture and all other cinematographic material, **Exhibit B**. In addition, plaintiff is informed and believes that cable television channel, Home Box Office, recently acquired an exclusive license for the motion picture from Universal and is now distributing the motion picture on its cable network, **Exhibit C**.

23.    Plaintiff is informed and believes that defendants James Schamus, River Road, Advanced Publications, Ang Lee, Universal, Larry McMurtry and Diana Ossana

9

combined, conspired and agreed to re-write, produce and distribute the motion picture using material from plaintiff's copyrighted novel after its March 2005 publication.

24.    Plaintiff originated and created the novel in November 2004, which was the first novel of its kind about a woman whose husband had a secret homosexual relationship and she witnessed him in a homosexual act and remained quiet about it. The novel included a self-contained screenplay that the defendants also used and adapted to the motion picture.

25.    On or about December 14, 2004, plaintiff submitted a copy of her manuscript/galley, along with an application for copyright, to the Library of Congress, United States Copyright Number TXu-1-217-828, effective date of registration January 20, 2005, **Exhibit I**.

26.    Plaintiff was intimately familiar with available resources on this specific subject matter and on information and belief understood that there were no other available novels on the market. The original creative works, characters, scenes, plot and thematic expressions in the novel were the first of their kind in literary context.

27.    On March 15, 2005, plaintiff published and released her novel for public consumption, utilizing distribution channels through Amazon.com, Borders Bookstore, book distributor Baker & Taylor, Barnes & Noble Bookstore, Cushcity Bookstore, Cushcity.com, Nubian Bookstore in Atlanta, and several online bookseller venues.

28.    Focus Features had direct access to the novel because it was accessible for public consumption beginning on March 15, 2005. Defendant McMurtry owns three bookstores, one of which is located in Washington, D.C.

29.     On or about December 9, 2005, the motion picture, filmed primarily in and under the laws of Canada, was released in a limited number of theaters in New York, San Francisco and Los Angeles. Plaintiff is informed and believes that the motion picture was created in 2005 and published December 9, 2005 and registered with the Library of Congress Copyright Office on February 21, 2006 by Del Mar Productions, LLC, employer for hire, claimant Universal City Studios Productions, LLLP, with new matter included, **Exhibit K**.

30.     Plaintiff is informed and believes that the motion picture received numerous nominations and awards. Those awards included Best Adapted Screenplay, which was derived from plaintiff's copyrighted literary works without her permission. Plaintiff is informed and believes that the motion picture, screenplay and book, since being released on December 9, 2005, has generated revenues in excess of $200,000,000.00 from box office sales collectively in each of the fifty (50) United States, Washington, D.C. and each United States territory, DVD sales in each of the fifty (50) United States, Washington, D.C. and each United States territory, and selling overseas and television rights.

31.     Plaintiff is informed and believes that Focus Features recouped its production costs of approximately $14,000,000 early on by selling overseas rights to the film, rights that are exclusive to the plaintiff.

32.     On June 11, 2006, plaintiff watched the motion picture for the first time and immediately recognized that the defendants had pirated the expressions, characters, timeline, scenes, screenplay and other aspects from her novel.

33.     On November 27, 2006, plaintiff wrote a letter to Universal and its affiliates, which included a list of the substantial similarities, and sent it via certified registered mail

using the United States Postal Service, **Exhibit L,** informing defendants of the allege

infringement of her novel. In that letter, plaintiff was asking the defendants to cease and

desist using materials that contained her copyrighted literary works, **Exhibit M**.

34.     On December 21, 2006, plaintiff received a letter dated December 18, 2006,

via certified mail from Universal on behalf of its affiliates, denying the use of plaintiff's

copyrighted literary works, **Exhibit N.**

35.     On December 1, 2006, plaintiff wrote a letter to defendant River Road and

sent it via certified registered mail using the United States Postal Service, **Exhibit O,**

informing it of the allege infringement of her novel and asking it to cease and desist using

materials that contained her copyrighted literary works, **Exhibit P.**

36.     On December 13, 2006, plaintiff received a letter and package from River

Road dated December 8, 2006, which stated they were not accepting unsolicited material,

**Exhibit Q.** River Road returned all materials sent to it in reference to her request that they

cease and desist from using material, which contained her protected literary works.

37.     On January 8, 2007, plaintiff sent a certified letter dated January 8, 2007 to

Universal thanking it for taking the time to review her issues concerning the substantial

similarities between the motion picture and her book, **Exhibit R.**

38.     Plaintiff is informed and believes that the "original" short story *Brokeback*

*Mountain,* was written 10 years ago in 1997 by Annie Proulx, and the revised short story

*Brokeback Mountain 2005*, was written by Annie Proulx; Published and created, 2005, and

distributed by Scribner.

12

39.    Plaintiff is informed and believes that *Brokeback Mountain Story to Screenplay 2005* was written by defendants Larry McMurtry and Diana Ossana and subsequently published in 2006 and distributed by Scribner.

40.    Plaintiff affirmatively submits that substantial similarities of expression exists between plaintiff's novel and each, the motion picture, the story, and Brokeback Mountain Story to Screenplay 2005.  Moreover, in pirating the plaintiff expressions contained in her novel, the defendants, in reckless and complete disregard for plaintiff's exclusive rights, willfully adapted plaintiff's screenplay included in her novel, characters and timeline for the characters' twenty (20) year relationship as depicted in the following chart:

**Chart--Similarities of the Timeline and Characters in 20-Year Relationship**

| PLAINTIFF'S NOVEL | | | | THE MOTION PICTURE |
|---|---|---|---|---|
| James & Annette fell in love<br><br>James & Annette have their 1st swing experience in a hotel | 1984<br><br>1988 | 4 yrs later | 1963<br><br>1967 | Ennis & Jack fell in love<br><br>Ennis & Jack have their 1st homosexual experience in a hotel |
| Kynosha is born<br><br>Annette & James marry | 1987<br><br>1988 | | 1963<br><br>1964 | Ennis & Alma marry<br><br>Alma Jr. is born |
| Annette becomes suspicious of James' bisexual tendencies **8 years** after marrying him | 1988 - 1996 | | 1967 - 1975 | Alma stays married to Ennis for **8 years** after becoming suspicious of his bisexual tendencies |
| James meet Thomas<br><br>Thomas visit James | 1993<br><br>1997 | 4 yrs later | 1963<br><br>1967 | Ennis meet Jack<br><br>Jack visit Ennis |
| Annette & James separate after she confronts him on his homosexual affair<br><br>Annette & James meet for dinner and decide to reunite | 1998<br><br><br>2000 | 2 yrs later | 1975<br><br><br>1977 | Alma divorce Ennis after the embrace she had glimpsed…<br><br>Alma & Ennis reunite for Thanksgiving dinner and she confronts him on his homosexual affair |
| Annette & James were married for **12 years** before reuniting | 1988 - 2000 | | 1963 - 1975 | Alma & Ennis were married for **12 years** before divorcing |

41.    As a direct and proximate result of the false and misleading designation of the motion picture, the public has been mislead about the source on which the motion picture was based, and, therefore, there is substantial public interest in knowing that the motion picture was based upon the plaintiff's novel.

42.    The aforementioned acts of infringement, unfair competition and unjust enrichment by the defendants have been, intentional, malicious, oppressive, willful and ill willed toward the plaintiff in wanton and reckless disregard of exclusive intellectual property her rights and with the intent to cause her damage.

43.    As a direct and proximate result of the defendants' unlawful practices and unfair competition, plaintiff has suffered and continues to suffer irreparable damage and harm. Such harm includes, but is not limited to the fact that plaintiff has been unfairly deprived of just compensation including (1) income from selling movie rights, (2) revenues from the motion picture that contained a substantial amount of plaintiff's copyrighted literary works, (3) public recognition that plaintiff rightfully deserves for the enormous contribution of her copyrighted literary expressions that made the motion picture a box office success, and (4) the fair opportunity to republish her novel due to the saturated market with *Brokeback Mountain* books containing material from plaintiff's copyrighted literary works, that were published in conjunction with the release of the movie.

44.    The conduct of each defendant has caused and will continue to cause, unless enjoined and restrained by this Court, the plaintiff irreparable injury that cannot be fully measured or compensated in money. Plaintiff is entitled to an Order from this Court immediately enjoining and prohibiting each defendant from any future infringing of the plaintiff's copyrights and ordering each defendant to cease production, distribution and

selling of all copies which contain plaintiff's copyrighted literary works and destroy all copies in their possession which are in violation of plaintiff's copyrights.

45.    Plaintiff is entitled to an Order from this Court declaring that there is substantial similarity between the novel and the motion picture, book and screenplay, and declaring that the defendants pirated the plaintiff's novel.

## V.    JURY TRIAL DEMAND

46.    Plaintiff demands a jury trial on the merits of her claims.

## VI.    PRAYER FOR RELIEF

**WHEREFORE,** the plaintiff, for the damages and harms inflicted on her by the defendants, prays for judgment against the defendants, jointly and severally, as follows:

i.    For immediate entry of preliminary and thereafter permanent injunctions providing that all defendants be enjoined from directly or indirectly infringing plaintiff's Copyrighted Intellectual Property, whether now in existence or later created, that is owned by plaintiff, including but not limited to publishing, selling, reproducing and distributing books and DVDs, or the like, that contain plaintiff's copyrighted literary works for distribution to the public, including Pay Per View and cable television.  Defendants shall also destroy all copies of DVDs, movie film reels, and books, or the like, which contain plaintiff's copyrighted literary works.

ii.    For actual damages and profits pursuant to 17 U.S.C. § 504.

iii.    For all plaintiff's costs, expert witness fees and attorneys' fees.

iv.    For entry of an Order declaring that the defendants pirated the plaintiff's novel and that the novel was used in making the motion picture.

v.    For compensatory, punitive and treble damages where applicable under federal, state, foreign country and or international laws.

iv.    For such further and other relief as the Court deems proper and just under any applicable federal statute, federal or state or foreign country or international statutory or common law appropriate to the facts of this case.

Respectfully submitted,

Janice Scott-Blanton
Plaintiff, *pro se*

3578 Wharf Lane
Triangle, VA 22172
Telephone: (703) 861-0028

17

## CERTIFICATE OF SERVICE

I hereby certify that I either hand-delivered or mailed certified-postage-prepaid, first class U. S. Mail the foregoing to the following defendants and or their representative on this the 14th day of March 2007:

**UNIVERSAL STUDIOS, INC.,**
**UNIVERSAL CITY STUDIOS PRODUCTIONS, LLLP,**
**UNIVERSAL STUDIOS LICENSING, LLLP,**
**FOCUS FEATURES, LLC,**
**RIVER ROAD ENTERTAINMENT, INC.,**
**DEL MAR PRODUCTIONS, LLC,**
**SIMON & SCHUSTER, INC.,**
**ADVANCED PUBLICATIONS, INC.**
**LARRY MCMURTRY,**
**DIANA OSSANA,**
**ANNIE PROULX**
**c/o Steven J. Metalitz, Esquire**            **HAND-DELIVERED**
**Mitchell, Silberberg & Knupp, LLP,**
**Counsel for Defendants**
**2300 M. Street, N.W., Suite 800**
**Washington, D.C. 20037**

**Chuck Shelton**                              **U. S. MAIL**
c/o VNU Literary Group
770 Broadway
New York, New York 10003

Janice Scott-Blanton, *pro se*

18