UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **JANICE SCOTT-BLANTON,** *pro se* | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Case No. **1.07cv00098 (RMU)** |
| **UNIVERSAL CITY STUDIOS PRODUCTIONS LLLP,** *et al.*, | ) ) ) ) | |
| Defendants. | ) ) | |

### ANSWER OF DEFENDANTS TO PLAINTIFF'S AMENDED COMPLAINT

Universal City Studios Productions LLLP, Universal Studios, Inc., Universal Studios Licensing LLLP, Universal Studios Home Entertainment LLC, Focus Features LLC, River Road Entertainment, LLC, Del Mar Productions LLC, Lava Films LLC, Simon & Schuster, Inc., Advance Publications Inc., Annie Proulx, Larry McMurtry, James Allen Schamus and Diana Ossana (collectively, "Defendants") answer the Plaintiff's Amended Complaint as follows:

### PARTIES

1.  Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of Plaintiff's allegations concerning her citizenship and authorship and ownership of the book *My Husband is on the Down Low and I Know About It* ("*Down Low*"), and on that basis deny such allegations. Defendants also deny the remainder of the allegations set forth in Paragraph 1.

2.  Defendants admit and allege that Universal Studios, Inc. is a Delaware corporation with a principal place of business at 100 Universal City Plaza, Universal City,

California 91608, and that it and some of its affiliates are subsidiaries of NBC Universal, Inc., have offices in New York, New York, produce and distribute motion pictures, and distribute the motion picture *Brokeback Mountain*. Defendants also admit and allege that Universal Studios Licensing LLLP possesses certain exclusive rights under copyright in the motion picture *Brokeback Mountain* and has licensed certain rights in connection with the book entitled *Brokeback Mountain: Story to Screenplay*. Defendants deny the remaining allegations of Paragraph 2.

3. Defendants admit and allege that Universal City Studios Productions LLLP and Universal Studios Home Entertainment LLC are affiliated with Universal Studios, Inc., that Universal City Studios Productions LLLP is listed as claimant of copyright for the motion picture *Brokeback Mountain* on a copyright registration, and that Universal Studios Home Entertainment LLC and Universal City Studios Productions LLLP are engaged in activities related to motion pictures and home entertainment. Defendants deny the remaining allegations of Paragraph 3.

4. Defendants admit and allege that Focus Features LLC and Lava Films LLC are Delaware limited liability companies located at 100 Universal City Plaza, Universal City, California 91608. Defendants further admit and allege that Focus Features LLC and Lava Films LLC are involved in producing motion pictures and own certain rights under copyright related to the motion picture *Brokeback Mountain* and certain materials relating thereto, and that the book entitled *Brokeback Mountain: Story to Screenplay,* Focus Features LLC is listed as the owner of such rights. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of Paragraph 4, and on that basis deny such allegations.

5. Defendants deny that River Road Entertainment, Inc. is a Delaware limited liability company, and allege that River Road Entertainment, LLC is a Minnesota limited liability company. Defendants admit and allege that River Road Entertainment, LLC has offices at 1901 Avenue of the Stars, Second Floor, Los Angeles, California and 4050 Dain Rauscher Plaza, 60 S. 6th Street, Minneapolis, MN 55402, and that River Road Entertainment, LLC is involved in producing feature films, including *Brokeback Mountain*. Defendants deny the remaining allegations of Paragraph 5.

6. Defendants admit and allege that Del Mar Productions Inc. and Del Mar Productions LLC are located in New York, New York, and were involved in the production of the motion picture *Brokeback Mountain*. Defendants deny the remaining allegations contained in Paragraph 6.

7. Defendants admit and allege that Scribner is an imprint of Simon & Schuster, Inc., and that Scribner and Simon & Schuster have offices in New York and publish literary works, including multiple works that include the short story *Brokeback Mountain* under the Scribner imprint. Defendants deny the remaining allegations of Paragraph 7.

8. Defendants admit and allege that *The New Yorker* Magazine is owned by Advance Magazine Publishers Inc., a New York corporation located at 4 Times Square, New York, NY, which is an indirect subsidiary of Advance Publications Inc., a privately held corporation located at 950 Fingerboard Rd., Staten Island, NY 10305. Defendants deny the remaining allegations of Paragraph 8.

9. Defendants admit and allege that James Allen Schamus is a screenwriter and producer who lives in New York, New York and the co-president and chief executive officer of Focus Features LLC and the co-president of Del Mar Productions, LLC. Defendants also admit

and allege that Mr. Schamus was one of the producers of the motion picture *Brokeback Mountain*. Defendants deny the remaining allegations of Paragraph 9.

10.  Defendants admit the allegations of Paragraph 10.

11.  Defendants admit that Diana Ossana is a screenwriter who does business with Larry McMurtry as Saria, Inc. Defendants deny the remaining allegations of Paragraph 11.

12.  Defendants admit and allege that Ang Lee directed the motion picture *Brokeback Mountain*. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of Paragraph 12, and on that basis Defendants deny said allegations.

13.  Defendants admit and allege that Annie Proulx is a Pulitzer Prize winning author who resides in Wyoming. Defendants deny the remaining allegations of Paragraph 13, and specifically deny that the short story *Brokeback Mountain* was revised in 2005 or that there exists a work entitled *Brokeback Mountain 2005*.

## JURISDICTION AND VENUE

14.  Defendants admit that Plaintiff has purported to base jurisdiction on 28 U.S.C. §§ 1331, 1332, 1367(a), and 2201.

15.  Defendants deny the allegations of Paragraph 15.

## CLAIMS

16.  Defendants admit that Plaintiff has brought this action and has sought relief pursuant to the U.S. Copyright Act, 17 U.S.C. § 101 *et seq*. Defendants deny that Defendants are liable to Plaintiff for copyright infringement or any other claim.

17.  Defendants admit that Plaintiff has brought this action and sought relief pursuant to the Lanham Act of 1946, 15 U.S.C. § 1125(a) and 1117, as amended, and the Sherman Act, 15

4

U.S.C. § 1 *et seq*. Defendants deny that Defendants are liable to Plaintiff for violations of the Lanham Act, the Sherman Act, or any other claim.

19. Defendants admit that Plaintiff has brought this action and sought relief for unjust enrichment, unfair competition and antitrust violations pursuant to the statutory and or common laws of each of the fifty States in the United States, Washington, D.C., each U.S. territory, and foreign countries. Defendants deny that Defendants are liable to Plaintiff for any claim. Defendants also deny the remaining allegations of Paragraph 18.

## FACTS

19. Defendants deny the allegations of Paragraph 19.

20. Defendants deny the allegations of Paragraph 20.

21. Defendants deny the allegations of Paragraph 21.

22. Defendants admit and allege that Universal Studios, Inc. and its affiliates are engaged in the production, distribution and acquisition of motion pictures, including *Brokeback Mountain*, that Universal City Studios Productions LLLP is listed as claimant of copyright for the motion picture *Brokeback Mountain* on a copyright registration and that the cable television channel, Home Box Office, has a license related to the motion picture *Brokeback Mountain* and performed *Brokeback Mountain* on its cable network. Defendants deny the remaining allegations of Paragraph 22.

23. Defendants deny the allegations of Paragraph 23.

24. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 24 pertaining to when and whether Plaintiff originated and created *Down Low*, and on that basis Defendants deny the allegations. Defendants also deny the remaining allegations of Paragraph 24.

25. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 25, and on that basis Defendants deny the allegations.

26. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 26, and on that basis Defendants deny the allegations.

27. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 27, and on that basis Defendants deny the allegations.

28. Defendants admit and allege that Larry McMurtry owns one bookstore. Defendants deny the remainder of the allegations of Paragraph 28, and specifically deny that Larry McMurtry owns a bookstore in Washington, D.C.

29. Defendants admit that the motion picture *Brokeback Mountain* was filmed primarily in Canada, and released in theatres in New York, San Francisco and Los Angeles on December 9, 2005. Defendants also admit that the motion picture *Brokeback Mountain* was registered as "new matter" with the U.S. Copyright Office on February 21, 2006, and that the registration claimant was Universal City Studios Productions LLLP, and Del Mar Productions, LLC was the employer for hire author. Defendants deny the remaining allegations of Paragraph 29.

30. Defendants admit and allege that *Brokeback Mountain* received numerous nominations and awards, including the Academy Award for Best Adapted Screenplay. Defendants deny the remaining allegations of Paragraph 30.

31. Defendants deny the allegations of Paragraph 31.

32. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 32, and on that basis Defendants deny said allegations. Defendants also specifically deny that Defendants pirated anything from any of Plaintiff's works.

33. Defendants admit that Plaintiff has attached as Exhibit M to her Complaint a letter dated November 27, 2006. Defendants allege that the letter speaks for itself. Defendants deny the allegations set forth in the letter attached to the Complaint as Exhibit M. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of Paragraph 33, and on that basis Defendants deny said allegations.

34. Defendants admit that Plaintiff has attached as Exhibit N to her Complaint a letter dated December 18, 2006, and that the letter attached as Exhibit N was written by a representative of Universal City Studios LLLP and its affiliated companies and sent to Plaintiff on or about December 18, 2006. Defendants allege that the letter speaks for itself. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of Paragraph 34, and on that basis Defendants deny said allegations.

35. Defendants admit that Plaintiff has attached as Exhibit P to her Complaint a letter dated December 1, 2006. Defendants allege that the letter speaks for itself. Defendants deny the allegations set forth in the letter attached to the Complaint as Exhibit P. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of Paragraph 35, and on that basis Defendants deny said allegations.

36. Defendants admit that Plaintiff has attached as Exhibit Q to her Complaint a letter dated December 8, 2006, and that the letter attached as Exhibit Q was written by a representative of River Road Entertainment and sent to Plaintiff on or about December 8, 2006. Defendants

allege that the letter speaks for itself. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of Paragraph 36, and on that basis Defendants deny said allegations.

37. Defendants admit that Plaintiff has attached as Exhibit R to her Complaint a letter dated January 8, 2007. Defendants allege that the letter speaks for itself. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of Paragraph 37, and on that basis Defendants deny said allegations.

38. Defendants admit that the short story entitled *Brokeback Mountain* was written by Annie Proulx and was published in 1997. Defendants deny the remaining allegations of Paragraph 38, and specifically deny that the short story *Brokeback Mountain* was revised in 2005, and that there exists a work entitled *Brokeback Mountain 2005*.

39. Defendants deny the allegations of Paragraph 39.

40. Defendants deny the allegations of Paragraph 40.

41. Defendants deny the allegations of Paragraph 41.

42. Defendants deny the allegations of Paragraph 42.

43. Defendants deny the allegations of Paragraph 43.

44. Defendants deny the allegations of Paragraph 44.

45. Defendants deny the allegations of Paragraph 45.

46. Any allegations of the Complaint not hereinabove admitted, denied, or explained are denied, and Defendants specifically deny that Plaintiff is entitled to any relief whatsoever against Defendants.

In further answer to the Complaint, and as and for separate, affirmative defenses, Defendants aver:

## FIRST AFFIRMATIVE DEFENSE
### [Failure to State A Claim]

47.     The Complaint, and each and every claim thereof, fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE
### [Lack of Personal Jurisdiction]

48.     This Court lacks personal jurisdiction over Defendants, or some of them.

## THIRD AFFIRMATIVE DEFENSE
### [Improper Venue]

49.     Venue is improper in this judicial district.

## FOURTH AFFIRMATIVE DEFENSE
### [Laches]

50.     The doctrine of laches bars Plaintiff's claims because Plaintiff sat on her rights and unreasonably delayed taking action to protect her purported interests, all to the presumed or actual prejudice and detriment of Defendants.

## FIFTH AFFIRMATIVE DESENSE

### [Estoppel]

51. Plaintiff is estopped by her own acts, conduct, or omissions, from obtaining any relief against Defendants.

## SIXTH AFFIRMATIVE DEFENSE

### [Independent Creation]

52. The works that Plaintiff claims are infringing were independently created.

## SEVENTH AFFIRMATIVE DEFENSE

### [Lack of Access]

53. Defendants had no access to the allegedly infringed works prior to the creation of the works that Plaintiff claims are infringing.

## EIGHTH AFFIRMATIVE DEFENSE

### [No Actionable Copying]

54. To the extent that any of the allegedly infringing works are substantially similar to elements of the allegedly infringed work, such elements are neither original nor copyrightable, either alone or collectively.

## NINTH AFFIRMATIVE DEFENSE

### [Fair Use]

55.     To the extent that any copyrightable elements from any of the allegedly infringed works were used in allegedly infringing works and were not independently created, such use constituted fair use.

## TENTH AFFIRMATIVE DEFENSE

### [*De Minimis* Use]

56.     To the extent that any copyrightable elements from any of the allegedly infringed works were used in allegedly infringing works and were not independently created, such use is *de minimis* and not actionable.

## ELEVENTH AFFIRMATIVE DEFENSE

### [Unclean Hands]

57.     Plaintiff is barred from obtaining any relief from Defendants due to her unclean hands.

## TWELFTH AFFIRMATIVE DEFENSE

### [Preemption]

58.     Plaintiff is barred from obtaining any relief from Defendants for any and all state law claims named in the Amended Complaint because such claims are preempted by the U.S. Copyright Act, 17 U.S.C. § 301.

## THIRTEENTH AFFIRMATIVE DEFENSE

### [Sherman Act Claims Fail]

59. Plaintiff fails to allege any of the elements of a claim under the Sherman Act.

## FOURTEENTH AFFIRMATIVE DEFENSE

### [Lack of Subject Matter Jurisdiction]

61. This Court lacks jurisdiction over the subject matter of Plaintiff's claims under foreign laws.

## FIFTEENTH AFFIRMATIVE DEFENSE

### [Lanham Act Claims Barred]

62. To the extent that Plaintiff alleges violations of the Lanham Act, Plaintiff is barred from obtaining any relief from Defendants due to the Supreme Court's decision in <u>Dastar v. Twentieth Century Fox</u>, 539 U.S. 23 (2003).

## PRAYER

WHEREFORE DEFENDANTS PRAY AS FOLLOWS:

1. That the Complaint and each Count therein be dismissed with prejudice.

2. That Plaintiff take nothing by her Complaint.

3. That Defendants be awarded attorneys' fees incurred in this action pursuant to 17 U.S.C. § 505.

4. That Defendants be awarded their full costs incurred in this action.

5. For such other and further relief as the Court may deem just and proper.

September 14, 2007                              Respectfully Submitted:


/s/ Steven J. Metalitz
Steven J. Metalitz  (D.C. Bar No. 944603)
MITCHELL SILBERBERG & KNUPP LLP
1818 N Street, N.W., 8th Floor
Washington, D.C. 20036
(202) 355-7902 (Telephone)
(202) 355-7892 (Facsimile)

Marc E. Mayer (*pro hac vice*)
MITCHELL SILBERBERG & KNUPP LLP
11377 West Olympic Boulevard
Los Angeles, California 90064-1683
(310) 312-2000 (Telephone)
(310) 312-3100 (Facsimile)
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing ANSWER OF DEFENDANTS TO PLAINTIFF'S AMENDED COMPLAINT has been served, via Federal Express and via the Court's electronic filing system, to the following address on September 14, 2007:

Janice Scott-Blanton
3578 Wharf Lane
Triangle, VA 22172

/s/ Steven J. Metalitz
Steven J. Metalitz
MITCHELL SILBERBERG & KNUPP LLP
1818 N Street, N.W., 8th floor
Washington, DC 20036
(202) 355-7902 (Telephone)
(202) 355-7892 (Facsimile)
*Attorney for Defendants*