UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **JANICE SCOTT-BLANTON,** *pro se* ) | ) | |
| Plaintiff, ) | ) | |
| v. ) | ) | Civil Case No. **1.07cv00098 (RMU)** |
| **UNIVERSAL CITY STUDIOS** ) | ) | |
| **PRODUCTIONS LLLP,** *et al.*, ) | ) | |
| Defendants. ) | ) | |

**SUPPLEMENTAL BRIEF OF DEFENDANTS IN RESPONSE TO ORDER DATED
AUGUST 26, 2007 REGARDING MOTION FOR SUMMARY JUDGMENT**

Pursuant to this Court's order of August 26, 2007, Universal City Studios Productions LLLP, Universal Studios, Inc., Universal Studios Licensing LLLP, Universal Studios Home Entertainment LLC, Focus Features LLC, River Road Entertainment, LLC, Del Mar Productions LLC, Lava Films LLC, Simon & Schuster, Inc., Advance Publications Inc., Annie Proulx, Larry McMurtry, James Allen Schamus and Diana Ossana (collectively, "Defendants") hereby provide the following brief to address the issue of whether summary judgment may be entered in favor of Defendants notwithstanding that Plaintiff has not yet taken discovery.

Summary judgment "*ordinarily* 'is proper only after the plaintiff has been given adequate time for discovery.'" Americable Int'l, Inc. v. Dept. of Navy, 129 F.3d 1271, 1274 (D.C. Cir. 1997) (emphasis added) (quoting First Chicago Int'l v. United Exch. Co., Ltd., 836 F.2d 1375, 1380 (D.C. Cir. 1988)).  However, this is no ordinary case.  It differs markedly from Americable, and much more closely resembles those post-Americable cases in which grants of summary judgment before discovery have been upheld by the Court of Appeals in this circuit.

1

Here, Plaintiff Janice Scott-Blanton ("Plaintiff") has alleged that Defendants infringed her book, *My Husband Is On The Down Low and I Know About It*, by incorporating portions of that book into the short story *Brokeback Mountain*; into the screenplay adapted from that short story; and into a feature motion picture. The fundamental and fatal flaw in Plaintiff's case is one of chronology. The short story was published in 1997. The screenplay was created in 1997, copyrighted in 2000, and revised in 2003. The motion picture was filmed in 2004 and was in final form by early 2005. But plaintiff's book was not even published until March of 2005, weeks after the last work of Defendants was completed. Thus, Defendants could not possibly have copied anything created by Plaintiff when they created the short story, screenplay, and motion picture at issue in this case.[1]

Defendant introduced evidence establishing this chronology (including evidence of copyright registration certificates for the works in question) and moved for summary judgment. Plaintiff submitted no evidence to suggest that any of these works were created or revised after her book was published – far less that any of the creators of these works copied any portion of *Down Low*.[2] Instead, she asserts that the evidence must be fabricated, and thus the Court should allow her discovery to "test the [Defendants'] allegations" and thus unmask this fraud. Plaintiff's Opposition at 3, 12.

There is no *per se* entitlement to discovery prior to a decision on a motion for summary judgment. Nor is there any prohibition on the granting of a motion for summary judgment prior to the commencement of discovery. "A defendant may move for summary judgment '***at any time***,' and the rules do not require that discovery be completed before the motion is heard."

---

[1] The court has already found against Plaintiff on this issue. See Memorandum Opinion, July 19, 2007 (Docket No. 36) at 4-5 ("the defendants' copyrighted works – containing much, if not all, of the alleged infringing material – preceded the publication of the plaintiff's novel").

[2] There clearly are no "substantial similarities" between Plaintiff's book and Defendants' works. Defendants' Motion for Summary Judgment at 7 n. 6; Defendants' Opposition to Preliminary Injunction at 8 n. 5. It is almost inconceivable that any further discovery would be needed in order to compare the works in question, all of which have been submitted to the Court, for substantial similarity.

Alholm v. American Steamship Company, 144 F.3d 1172, 1178 (8th Cir. 1998) (quoting Fed. R. Civ. P. 56(b)).  See also Walker v. United States Envtl. Prot. Agency, 802 F. Supp. 1568, 1577 (S.D. Tex. 1992) (Fed. R. Civ. P. 56 "does not require that discovery take place before a motion for summary judgment may be considered").  Summary judgment motions have been granted before discovery (and upheld on appeal) in many cases in this Circuit. See, e.g., Stewart v. Evans, 351 F.2d 1239, 1244-46 (D.C. Cir. 2003) (affirming decision to grant summary judgment without allowing the plaintiff to conduct discovery); Carpenter v. Fed. Nat'l Mortgage Ass'n, 174 F.3d 231, 237 (D.C. Cir. 1999) (same);  Raymond v. U.S. Capitol Police Bd., 157 F. Supp. 2d 50, 55 (D.D.C. 2001) (granting summary judgment prior to discovery).

Both the cases denying summary judgment before discovery (e.g., Americable) and those upholding summary judgment (e.g., Stewart, Carpenter), agree that the governing legal standard is found in Rule 56(f) of the Federal Rules of Civil Procedure,[3] which provides:

> Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit *facts* essential to justify the party's opposition, the court *may* refuse the application for judgment or *may* order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just. (emphasis added).

Rule 56(f) clearly grants the court discretion to withhold a grant of summary judgment against a party that shows that it has not yet had a sufficient opportunity for discovery that is *essential* or *necessary* to its case.  Case law in this Circuit has spelled out what the party resisting summary judgment must show to meet its burden under Rule 56(f), and thus put the court in a position to exercise that discretion.

The party opposing summary judgment and seeking discovery under Rule 56(f) bears the burden of identifying, with particularity, the facts to be discovered that would create a triable issue of fact, and the reasons why the party cannot produce those facts in opposition to the

---

[3] See Taylor v. F.D.I.C., 132 F.3d 753, 765 (D.C. Cir. 1997) (analysis of the court's discretionary Rule 56(f) finding "takes care of" any argument that additional discovery should be permitted).

3

motion. Carpenter, 174 F.3d at 237. See also Strang v. United States Arms Control and Disarmament Agency, 864 F.2d 859, 862 (D.C. Cir. 1989) ("Federal Rule of Civil Procedure 56(f) provides that a court *may* deny a motion for summary judgment if the party opposing the motion adequately explains why, at that timepoint, it cannot present by affidavit facts needed to defeat the motion.") (emphasis in original). The requesting party also must show a reasonable basis to suggest that discovery might reveal triable issues of fact. Carpenter, 174 F.3d at 237. That is, discovery need not be permitted if the Court cannot discern how such discovery "would shed any different light on the undisputed facts central to [the] case." Stewart, 351 F. 3d at 1245. Conclusory assertions or allegations that discovery may assist in opposing the motion, without any tangible facts in support, are insufficient to satisfy a party's burden under Rule 56(f). Byrd v. United States Envtl. Prot. Agency, 174 F.3d 239, 248 n.8 (D.C. Cir. 1999). Plaintiff has not come close to satisfying this burden.[4]

The plaintiff in Americable was able to overturn the grant of summary judgment because it had met the burden for bringing Rule 56(f) discretion into play. At issue in Americable was whether the operation of a purported "in-house" cable system by the Department of the Navy

---

[4] The Plaintiff claims that courts are "particularly [reluctant] in copyright litigation" to grant summary judgment when plaintiffs seek discovery under Rule 56(f). Plaintiff's Sur-Reply at 2. But she points to no case demonstrating such "particular reluctance." To the contrary, Rule 56(f) applies without distinction to both copyright and non-copyright cases, and courts have often granted summary judgment in copyright infringement cases while denying Rule 56(f) motions, including prior to any discovery. See, e.g., Whitehead v. Paramount Picture Corp., 53 F. Supp. 2d 38, 52-3 (D.D.C. 1999), aff'd, No. 99-7137, 2000 WL 33363291 (D.C. Cir. 2000) (denying Rule 56(f) motion prior to discovery where films were not substantially similar to plaintiff's book); Flaherty v. Filardi, 388 F. Supp. 2d 274, 283-4, 291 (S.D.N.Y. 2005) (denying Rule 56(f) motion prior to discovery where film was not substantially similar to plaintiff's screenplay); see also Christian v. Mattel, Inc., 286 F.3d 1118, 1121-22, 1128, 1129 n.9 (9th Cir. 2002) (where, as here, defendant's work predates the plaintiff's work that was allegedly infringed, plaintiff was not entitled to additional discovery before summary judgment under Rule 56(f)); Madrid v. Chronicle Books, 209 F. Supp. 2d 1227, 1232-33 (D. Wyo. 2002) (denying Rule 56(f) motion before discovery was completed where film was not substantially similar to poem); Bill Dodato Photography, LLC v. Kate Spade, LLC, 388 F. Supp. 2d 382, 394-95 (S.D.N.Y. 2005) (denying Rule 56(f) motion before discovery was completed where elements of photographs that plaintiff claimed were similar were not copyright protectable).

4

violated federal procurement law, the Cable Communications Policy Act of 1984, and the First Amendment. 129 F.3d at 1272. Prior to discovery, the Department of the Navy filed a Motion to Dismiss under Rule 12(b)(6), which the District Court converted into a Motion for Summary Judgment and granted as to all three claims for relief. On appeal, the D.C. Circuit ***affirmed*** the District Court's grant of summary judgment with respect to two of the causes of action, notwithstanding that no discovery had been taken. However, it reversed and remanded summary judgment on the plaintiff's claim for violation of federal procurement regulations. Id. at 1276. The Court found that there was a single key disputed factual issue that could not be resolved without discovery – namely, whether the system in fact was being operated "in house" by the Navy (in which case the Navy would have been required to comply with certain requirements) or whether (as the Navy contended), the system was managed by third parties pursuant to private contracts governing the installation and operation of the system. The court found that "there [was] no evidence in the record as to who will perform those functions that may be necessary to 'operate and 'maintain' the new system" and thus "it was inappropriate for the district court to grant summary judgment without first giving Americable a chance to conduct discovery to determine precisely what services Defense Department personnel would be performing after acquiring the [] system and whether those services were sufficiently substantial to invoke the mandate of § 2462(a)." Id. at 1274.

Thus, in Americable, a specific dispositive factual question had been identified (how the cable system was being operated); there was no evidence in the record on that question; and there was a reasonable basis to believe that discovery (e.g., depositions of Navy personnel) would produce evidence on that factual question. This case is entirely different. On the dispositive factual question – the chronology of the creation of Defendants' works and the publication of the Plaintiff's book – there is already ample evidence in the record. Plaintiff has chosen not to submit any evidence, but instead makes a broad, unsupported, and wholly unfocused demand for discovery to "test" Defendants' evidence or unmask that evidence as fabricated. Plaintiff's Opposition at 12. And unlike Americable, there is not even a basis here to assume that discovery

5

*might* shed light on disputed factual issues. To delay ruling until after discovery would simply waste the parties' (and the Court's) time and resources and postpone the inevitable.

This case much more closely resembles those in which courts in this Circuit have, after Americable, declined to invoke Rule 56(f) and granted summary judgment before discovery. For example, the plaintiff in Carpenter alleged that her employer violated the District of Columbia Human Rights Act by downgrading her performance ratings and denying her a promotion in retaliation for a previous employment discrimination claim that she filed against the employer. 174 F.3d at 234-5. The district court granted the employer's motion for summary judgment prior to discovery because the employer's responses to the plaintiff's allegations demonstrated legitimate reasons for its activity and the plaintiff's "contention that discovery might prove otherwise [was] speculative." Id. at 235. The D.C. Circuit affirmed the district court's denial of discovery because the plaintiff's assertion that discovery would show that her co-workers "fabricated" criticism of her work was "a plainly conclusionary assertion without supporting facts." Id. at 237.

As in Carpenter, Defendants here offer copious evidence, including evidence of copyright registrations, copies of the works at issue, and production calendars and schedules, confirming that each of the works was created prior to *Down Low* and thus did not copy the Plaintiff's work. This Court found this evidence dispositive in denying Plaintiff's motion for a preliminary injunction. See Memorandum Opinion, July 19, 2007 (Docket No. 36) at 4-5 ("The plaintiff is unable to meet this burden [of establishing that the defendants had access to the copyrighted work and that the works are substantially similar] because the defendants' copyrighted works – containing much, if not all, of the alleged infringing material – preceded the publication of the plaintiff's novel."). Plaintiff has not even attempted to identify *any* specific material facts or evidence she intends to uncover through discovery to refute these facts, far less offered any explanation why she is unable to provide that evidence now. See Dunning v. Quander, 468 F. Supp. 2d 23, 27 n.5 (D.D.C. 2006) (plaintiff failed to "state with sufficient particularity why he could not, absent discovery, present by affidavit facts essential to justify his opposition"); see

6

also Byrd, 174 F.3d at 248 n. 8 ("Byrd has to show what facts he intended to discover that would create a triable issue and why he could not produce them in opposition to the motion."); Messina v. Krakower, 439 F.3d 755, 762 (D.C. Cir. 2006) ("A party making a Rule 56(f) request must 'state[ ] concretely' why additional discovery is needed to oppose a motion for summary judgment."). Even more critically, Plaintiff has not made any showing that evidence supporting her version of events or her alternative timeline might actually exist but that it cannot be located except through discovery. See Jones v. Bernanke, 493 F. Supp. 2d 18, 23 n. 2 (D.D.C. 2007) ("the plaintiff must show a reasonable basis to suggest that discovery would reveal triable issues…"); Doe v. U.S. Dept. of Labor, 451 F. Supp. 2d 156, 165 (D.D.C. 2006) (non-moving party must demonstrate a "reasonable basis to suggest that discovery might reveal" relevant facts).

Like the plaintiff in Carpenter, Plaintiff premises her 56(f) request entirely on naked speculation that ***all*** of the evidence provided by Defendants is fabricated, and that she needs discovery to "test the allegations raised in the defendants' Answer to her Complaint or the self-serving Declarations attached to the defendants' motion for summary judgment." Plaintiff's Opposition at 12.[5] It is well established that the desire to "test the allegations" does not entitle a litigant to discovery before summary judgment under Rule 56(f). Strang, 864 F.2d at 861

---

[5] The Plaintiff insists that material that appears in all the versions of *Brokeback Mountain* that Defendants have submitted into evidence "could not and should not" be in the original short story, screenplay, or motion picture, but was added later, after Plaintiff's book was published. Plaintiff's Sur-Reply at 5 n.2. The court has apparently already rejected this version of reality, since it found that "the short story, published in 2005, is virtually identical to works published before the plaintiff's novel." Memorandum Opinion, July 19, 2007 (Docket No. 36) at 6. In any event, Plaintiff's "could not, and should not" mantra falls squarely within the category of "conclusory allegations unsupported by factual data [that] will not create a triable issue of fact," and that thus cannot form the basis for a continuance for discovery under Rule 56(f). Carpenter, 174 F.3d at 237 (quoting Exxon Corp. v. FTC, 663 F.2d 120, 126-27 (D.C. Cir. 1980)). See also Byrd, 174 F.3d at 248 n. 8 (allegation that "there may well be knowledge on the part of [witnessess] or undisclosed documents" was "a plainly conclusory assertion without supporting facts" and did not justify additional discovery).

("Without some reason to question the veracity of affiants…, Strang's desire to 'test and elaborate' affiants' testimony falls short; her plea is too vague to require the district court to defer or deny dispositive action."); Medina v. Runyon, No. 95-1446, 1996 WL 346960, at *2 (D.D.C. June 11, 1996) ("Plaintiff's ambiguous statements that several depositions are important to test credibility and the accuracy of rationales behind decisions are insufficient to justify a continuance for discovery at this time.").

Indeed, because much of the evidence submitted by Defendants enjoys a statutory presumption of validity, this is an even stronger case for summary judgment before discovery than cases such as Stewart and Carpenter, in which no such presumption applied. Congress has directed the courts to presume the validity of any information contained in a copyright registration certificate. 17 U.S.C. § 410(c) ("In any judicial proceedings the certificate of a registration made before or within five years after first publication of the work shall constitute *prima facie* evidence of the validity of the copyright and of the facts stated in the certificate."). The registration certificates for the works at issue are thus *prima facie* evidence that the short story was created no later than 1997 and that the screenplay was completed in 2003, both of which are "facts stated in the certificate." Mayer Decl., Exhibits I & K. This statutory presumption can be overcome, but only by the presentation of contradictory evidence. See Paul Goldstein, III Goldstein on Copyright § 16.3.1.1 ("To place any of these facts in issue, the defendant must introduce evidence rebutting them."). Plaintiff has never done this. She has presented no evidence whatever to contradict these facts, much less any "concrete showing of lack of trustworthiness" of the certificates sufficient to overcome the presumption. See United States v. Taxe, 540 F.2d 961, 966 (9th Cir. 1976) (*prima facie* evidence of date of creation). Under these circumstances, the statutory presumption remains unrebutted and provides ample support by itself for summary judgment as to these works.

Plaintiff also cannot simply explain away her complete failure of proof by her cursory assertion that ***all*** relevant evidence is in Defendants' possession. If there were any basis to Plaintiff's claim that the versions of the Short Story provided by Defendants "are not the original

8

version of the short story published in [the] October 13, 1997 issue of *The New Yorker Magazine*," Plaintiff's Sur-Reply at 5 n. 2, she certainly might have independently discovered and offered into evidence this purported "original" version (or, at the very least, some evidence that this version might actually exist). She also might have produced (if it existed) some nominal support for her suggestion that filming or substantive editing of the Motion Picture continued to take place after her book was published in 2005. And if Plaintiff wished to prove her claim that the versions of the Short Story and Screenplay registered with the Copyright Office in 1997, 1999, and 2000, were different from the versions published in 2005 (or represent a significant departure from the material captured on film in 2004), she could have obtained the deposit copies of those works from the Copyright Office, and thus documented any discrepancies.
By contrast, the evidence provided by Defendants is clear on its face and readily verifiable, even without discovery. The contents of the books at issue, as well as their publication dates, can also be independently confirmed, including by purchasing or borrowing them, or simply by examining the copies Defendants have submitted to the court. Graham Decl., Exhibits 1, 2 & 3. Review of these books alone confirms that "the short story, [as] published in 2005, is virtually identical to works published before the plaintiff's novel." Memorandum Opinion, July 19, 2007 (Docket No. 36) at 6.

     Granting a continuance for Plaintiff to take additional discovery would be "utterly futile," Doe, 451 F. Supp. 2d at 165-66, would not change the outcome of Defendants' Motion, and would merely drive up the expense of this (already costly) litigation. More problematically, such a ruling would eviscerate the balance of Rule 56 and encourage plaintiffs to bring frivolous claims and then (without any factual basis) use Rule 56(f) as a tool by which to harass a defendant (or coerce an unjustified settlement) with burdensome and intrusive discovery. It is for this precise reason that the party invoking Rule 56(f) bears the burden of proving its entitlement to that provision, and that courts are granted the "broad discretion" to deny discovery where that burden has not been met. Hotel & Rest. Employees Union, Local 25 v. Attorney

<u>General</u>, 804 F.2d 1256, 1269 (D.C. Cir. 1986).  The Court should exercise that discretion here, deny Plaintiff's Rule 56(f) request, and grant Defendants' Motion for Summary Judgment.

## Conclusion

For the foregoing reasons, Defendants respectfully request that the Court deny Plaintiff's request for discovery under Rule 56(f) and grant Defendants' Motion for Summary Judgment.

Date:  September 14, 2007                    Submitted by:


/s/ Steven J. Metalitz
Steven J. Metalitz (D.C. Bar No. 944603)
MITCHELL SILBERBERG & KNUPP LLP
1818 N Street, N.W., 8th Floor
Washington, D.C. 20036
(202) 355-7902 (Telephone)
(202) 355-7892 (Facsimile)

Marc E. Mayer (*pro hac vice*)
MITCHELL SILBERBERG & KNUPP LLP
11377 West Olympic Boulevard
Los Angeles, California 90064-1683
(310) 312-2000 (Telephone)
(310) 312-3100 (Facsimile)
*Attorneys for Defendants*

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT OF DEFENDANTS has been served, via Federal Express and via the Court's electronic filing system, to the following address on September 14, 2007:

Janice Scott-Blanton
3578 Wharf Lane
Triangle, VA 22172


/s/ Steven J. Metalitz
Steven J. Metalitz (D.C. Bar No. 944603)
MITCHELL SILBERBERG & KNUPP LLP
1818 N Street, N.W., 8th Floor
Washington, D.C. 20036
(202) 355-7902 (Telephone)
(202) 355-7892 (Facsimile)
*Attorney for Defendants*