UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **JANICE SCOTT-BLANTON,** *pro se* | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Case No. **1.07cv00098 (RMU)** |
| **UNIVERSAL CITY STUDIOS PRODUCTIONS LLLP,** *et al.*, | ) ) ) ) | |
| Defendants. | ) ) | |

## ANSWER OF DEFENDANT ANG LEE TO PLAINTIFF'S AMENDED COMPLAINT

Defendant Ang Lee ("Defendant") answers the Plaintiff's Amended Complaint as follows:

### PARTIES

1. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of Plaintiff's allegations concerning her citizenship and authorship and ownership of the book *My Husband is on the Down Low and I Know About It* ("*Down Low*"), and on that basis denies such allegations. Defendant also denies the remainder of the allegations set forth in Paragraph 1.

2. Defendant admits that Universal Studios, Inc. and its affiliates were involved in the distribution of the motion picture *Brokeback Mountain*. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of Paragraph 2, and on that basis denies the allegations.

3. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 3, and on that basis denies the allegations.

4. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 4, and on that basis denies the allegations.

5. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 5, and on that basis denies the allegations.

6. Defendant admits that Del Mar Productions was involved in the production of the motion picture *Brokeback Mountain*. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of Paragraph 6, and on that basis denies the allegations.

7. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 7, and on that basis denies the allegations.

8. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 8, and on that basis denies the allegations.

9. Defendant admits and that James Allen Schamus was involved with the production of the motion picture *Brokeback Mountain*. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of Paragraph 9, and on that basis denies the allegations.

10. Defendant admits that Larry McMurtry and Diana Ossana were the screenwriters for the motion picture *Brokeback Mountain*. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of Paragraph 10, and on that basis denies the allegations.

11. Defendant admits Diana Ossana is a screenwriter. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of Paragraph 11, and on that basis denies the allegations.

12. Defendant admits that he is a director, screenwriter and producer, and that he directed the motion picture *Brokeback Mountain*. Defendant denies the remaining allegations of paragraph 12.

13. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 13, and on that basis denies the allegations.

## JURISDICTION AND VENUE

14. Defendant admits that Plaintiff has purported to base jurisdiction on 28 U.S.C. §§ 1331, 1332, 1367(a), and 2201.

15. Defendant denies the allegations of Paragraph 15.

## CLAIMS

16. Defendant admits that Plaintiff has brought this action and has sought relief pursuant to the U.S. Copyright Act, 17 U.S.C. § 101 *et seq*. Defendant denies that Defendant is liable to Plaintiff for copyright infringement or any other claim.

17. Defendant admits that Plaintiff has brought this action and sought relief pursuant to the Lanham Act of 1946, 15 U.S.C. §§ 1125(a) and 1117, as amended, and the Sherman Act, 15 U.S.C. § 1 *et seq*. Defendant denies that Defendant is liable to Plaintiff for violations of the Lanham Act, the Sherman Act, or any other claim.

18. Defendants admits that Plaintiff has brought this action and sought relief for unjust enrichment, unfair competition and antitrust violations pursuant to the statutory and or common laws of each of the fifty States in the United States, Washington, D.C., each U.S.

territory, and foreign countries. Defendant denies that Defendant is liable to Plaintiff for any claim. Defendant also denies the remaining allegations of Paragraph 18.

### FACTS

19. Defendant denies the allegations of Paragraph 19.

20. Defendant denies the allegations of Paragraph 20.

21. Defendant denies the allegations of Paragraph 21.

22. Defendant admits that Universal Studios, Inc. and its affiliates were involved in the production and distribution of the motion picture *Brokeback Mountain*. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of Paragraph 22, and on that basis denies the allegations.

23. Defendant denies the allegations of Paragraph 23.

24. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 24 pertaining to when and whether Plaintiff originated and created *Down Low*, and on that basis Defendant denies the allegations. Defendant also denies the remaining allegations of Paragraph 24.

25. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 25, and on that basis Defendant denies the allegations.

26. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 26, and on that basis Defendant denies the allegations.

27. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 27, and on that basis Defendant denies the allegations.

28. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 28, and on that basis Defendant denies the allegations.

29. Defendant admits that the motion picture *Brokeback Mountain* was filmed primarily in Canada, and released in theatres in New York, San Francisco and Los Angeles on December 9, 2005.  Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of Paragraph 29, and on that basis Defendant denies the allegations.

30. Defendant admits that *Brokeback Mountain* received numerous nominations and awards, including the Academy Award for Best Adapted Screenplay.  Defendant denies that the screenplay for *Brokeback Mountain* was adapted from Plaintiff's copyrighted literary works.  Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of Paragraph 30, and on that basis Defendant denies the allegations.

31. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 31, and on that basis Defendant denies the allegations.

32. Defendant denies that Defendant pirated anything from any of Plaintiff's works. Defendant is without knowledge or information sufficient to form a belief as to the truth or

falsity of the remaining allegations of Paragraph 32, and on that basis Defendant denies the allegations.

33. Defendant admits that Plaintiff has attached as Exhibit M to her Complaint a letter dated November 27, 2006. Defendant alleges that the letter speaks for itself. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of Paragraph 33, and on that basis Defendant denies the allegations.

34. Defendant admits that Plaintiff has attached as Exhibit N to her Complaint a letter dated December 18, 2006. Defendant alleges that the letter speaks for itself. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of Paragraph 34, and on that basis Defendant denies the allegations.

35. Defendant admits that Plaintiff has attached as Exhibit P to her Complaint a letter dated December 1, 2006. Defendant alleges that the letter speaks for itself. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of Paragraph 35, and on that basis Defendant denies the allegations.

36. Defendant admits that Plaintiff has attached as Exhibit Q to her Complaint a letter dated December 8, 2006. Defendant alleges that the letter speaks for itself. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of Paragraph 36, and on that basis Defendant denies the allegations.

37. Defendant admits that Plaintiff has attached as Exhibit R to her Complaint a letter dated January 8, 2007. Defendant alleges that the letter speaks for itself. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of Paragraph 38, and on that basis Defendant denies the allegations.

38. Defendant admits that the short story entitled *Brokeback Mountain* was written by Annie Proulx and was published in 1997. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of Paragraph 38, and on that basis Defendant denies the allegations.

39. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of Paragraph 39, and on that basis Defendant denies the allegations.

40. Defendant denies the allegations of Paragraph 40.

41. Defendant denies the allegations of Paragraph 41.

42. Defendants denies the allegations of Paragraph 42.

43. Defendant denies the allegations of Paragraph 43.

44. Defendant denies the allegations of Paragraph 44.

45. Defendant denies the allegations of Paragraph 45.

46. Any allegations of the Amended Complaint not hereinabove admitted, denied, or explained are denied, and Defendant specifically denies that Plaintiff is entitled to any relief whatsoever against Defendant.

In further answer to the Complaint, and as and for separate, affirmative defenses, Defendant avers:

## FIRST AFFIRMATIVE DEFENSE

### [Failure to State A Claim]

47.  The Complaint, and each and every claim thereof, fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

### [Lack of Personal Jurisdiction]

48.  This Court lacks personal jurisdiction over Defendant.

## THIRD AFFIRMATIVE DEFENSE

### [Improper Venue]

49.  Venue is improper in this judicial district.

## FOURTH AFFIRMATIVE DEFENSE

### [Laches]

50.  The doctrine of laches bars Plaintiff's claims because Plaintiff sat on her rights and unreasonably delayed taking action to protect her purported interests, all to the presumed or actual prejudice and detriment of Defendant.

## FIFTH AFFIRMATIVE DEFENSE

### [Estoppel]

51.  Plaintiff is estopped by her own acts, conduct, or omissions, from obtaining any relief against Defendant.

## SIXTH AFFIRMATIVE DEFENSE

### [Independent Creation]

52. The works that Plaintiff claims are infringing were independently created.

## SEVENTH AFFIRMATIVE DEFENSE

### [Lack of Access]

53. Defendant had no access to the allegedly infringed works prior to the creation of the works that Plaintiff claims are infringing.

## EIGHTH AFFIRMATIVE DEFENSE

### [No Actionable Copying]

54. To the extent that any of the allegedly infringing works are substantially similar to elements of the allegedly infringed work, such elements are neither original nor copyrightable, either alone or collectively.

## NINTH AFFIRMATIVE DEFENSE

### [Fair Use]

55. To the extent that any copyrightable elements from any of the allegedly infringed works were used in allegedly infringing works and were not independently created, such use constituted fair use.

## TENTH AFFIRMATIVE DEFENSE

### [*De Minimis* Use]

56.     To the extent that any copyrightable elements from any of the allegedly infringed works were used in allegedly infringing works and were not independently created, such use is *de minimis* and not actionable.

### ELEVENTH AFFIRMATIVE DEFENSE

### [Unclean Hands]

57.     Plaintiff is barred from obtaining any relief from Defendant due to her unclean hands.

### TWELFTH AFFIRMATIVE DEFENSE

### [Preemption]

58.      Plaintiff is barred from obtaining any relief from Defendant for any and all state law claims named in the Amended Complaint because such claims are preempted by the U.S. Copyright Act, 17 U.S.C. § 301.

### THIRTEENTH AFFIRMATIVE DEFENSE

### [Sherman Act Claims Fail]

59.     Plaintiff  fails to allege any of the elements of a claim under the Sherman Act.

### FOURTEENTH AFFIRMATIVE DEFENSE

### [Lack of Subject Matter Jurisdiction]

61.     This Court lacks jurisdiction over the subject matter of Plaintiff's claims under foreign laws.

## FIFTEENTH AFFIRMATIVE DEFENSE

### [Lanham Act Claims Barred]

62.     To the extent that Plaintiff alleges violations of the Lanham Act, Plaintiff is barred from obtaining any relief from Defendant due to the Supreme Court's decision in <u>Dastar v. Twentieth Century Fox</u>, 539 U.S. 23 (2003).

## PRAYER

WHEREFORE DEFENDANT PRAYS AS FOLLOWS:

1. That the Complaint and each Count therein be dismissed with prejudice.

2. That Plaintiff take nothing by her Complaint.

3. That Defendant be awarded attorneys' fees incurred in this action pursuant to 17 U.S.C. § 505.

4. That Defendant be awarded his full costs incurred in this action.

5. For such other and further relief as the Court may deem just and proper.


November 12, 2007                                  Respectfully Submitted:

                                                   /s/ Steven J. Metalitz
                                                   Steven J. Metalitz  (D.C. Bar No. 944603)
                                                   J. Matthew Williams (D.C. Bar No. 501860)
                                                   MITCHELL SILBERBERG & KNUPP LLP
                                                   1818 N Street, N.W., 8th Floor
                                                   Washington, D.C. 20036
                                                   (202) 355-7902 (Telephone)
                                                   (202) 355-7892 (Facsimile)

        Marc E. Mayer (*pro hac vice*)
        MITCHELL SILBERBERG & KNUPP LLP
        11377 West Olympic Boulevard
        Los Angeles, California 90064-1683
        (310) 312-2000 (Telephone)
        (310) 312-3100 (Facsimile)
        *Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing ANSWER OF DEFENDANT ANG LEE TO PLAINTIFF'S AMENDED COMPLAINT has been served, via U.S. Mail and via the Court's electronic filing system, to the following address on November 12, 2007:


Janice Scott-Blanton
3578 Wharf Lane
Triangle, VA 22172


                                                /s/ Steven J. Metalitz
                                                Steven J. Metalitz
                                                MITCHELL SILBERBERG & KNUPP LLP
                                                1818 N Street, N.W., 8th floor
                                                Washington, DC 20036
                                                (202) 355-7902 (Telephone)
                                                (202) 355-7892 (Facsimile)
                                                *Attorney for Defendants*