In The
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
Washington, D.C.

JANICE SCOTT-BLANTON, *pro se,*

Plaintiff,

vs.                                    CIVIL ACTION NO. <u>1:07cv0098</u> (RMU)

UNIVERSAL CITY STUDIOS PRODUCTIONS, LLLP, et al.,

Defendants.

<u>PLAINTIFF'S OBJECTIONS TO DEFENDANTS' DECLARATIONS</u>

Plaintiff Janice Scott-Blanton, as *pro se,* hereby objects to the entire Declaration and supporting exhibits for Marc E. Mayer, Nan Graham and Jeffrey Roth submitted by the defendants in support of their summary judgment motion. Alternatively, plaintiff objects specifically to certain paragraphs and related exhibits as identified below contained in each Declaration. In support hereof, plaintiff states as follows:

**General Objection**

The defendants collectively filed a motion for summary judgment on or about March 23, 2007. In support of the motion, the defendants filed Declarations from Marc E. Mayer, Jeffrey Roth and Nan Graham in which each alleged that the facts they were asserting were based on **their own personal knowledge.** These Declarations violate the requirements of Rule 56(e) for failure to be based on personal knowledge or would be inadmissible at trial on the grounds of speculative hearsay.

RECEIVED
NOV 3 0 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

**Specific Objections**

*i. Mayer Declaration*

In paragraph 2 of the Declaration, Mayer alleged that Exhibit A attached thereto was "a true and correct copy of the short story by Annie Proulx . . ., as published in the October 13, 1997, issue of *The New Yorker* Magazine." Mayer further alleged that he obtained the copy from "representatives of *The New Yorker*." Mayer made no representation or allegation that he was involved in anyway whatsoever in the process that led to the 1997 publication or in any other way in order to obtain such personal knowledge. Mayer simply makes such an allegation from his role as counsel for the defendants without offering any explanation of how he obtained his personal knowledge. Moreover, Mayer alleged that he obtained the copy from ***representatives*** of the magazine, and that, without more, constitutes hearsay as he attempts to assert that copy as original work of defendant Annie Proulx.

Plaintiff objects to Exhibit C of Mayer's declaration on grounds of hearsay and inadmissible.

In paragraph 5 of the Declaration, Mayer alleged that Exhibit D attached thereto was "a true and correct copy of the short story entitled *Brokeback Mountain* as it appeared in Annie Proulx's book of short stories: 'Close Range: Wyoming Stories.'" Mayer further alleged that he purchased the "Close Range" book from an Internet retailer in 2007. It is absurd for Mayer to be asserting as "true and correct" the copy of the *Brokeback Mountain* story copied from the book "Close Range" he purchased in 2007 from the Internet retailer without attempting to explain how he obtained knowledge that that 2007 copy of "Close Range" was a "true and correct" copy of the original 1999

Case 1:07-cv-00098-RMU   Document 53   Filed 11/30/2007   Page 3 of 6

publication, or that the short story contained in "Close Range" was the "true and correct" original short story. Mayer is clearly making these naked and ridiculous assertions based on his involvement in this case as counsel for defendants, not that he was involved in the process of publishing the original book and or short story and privy to obtaining personal knowledge about the story's origin. This constitutes hearsay and assertion of facts not based on personal knowledge.

In paragraph 7 of the Declaration, Mayer alleged that Exhibit F attached thereto was "a true and correct copy of the short story entitled *Brokeback Mountain* as it appeared in the book entitled *'Brokeback Mountain: Story to Screenplay.'*" For the same reasons stated above (and below for Graham's similar allegations) where Mayer asserted the short story was a "true and correct" copy, such an assertion violates Rule 56(e) requirement of personal knowledge and is pure speculation and hearsay based on his role as counsel for defendants in this litigation.

In paragraph 14 of the Declaration, Mayer asserted yet again that Exhibit A thereto represented "the original 1997 short story." For the reason already stated above regarding Exhibit A, Mayer's assertion violates Rule 56(e) requirement of personal knowledge and is pure speculation and hearsay based on his role as counsel for defendants in this litigation.

In paragraphs 7, 8 and 14 of the Declaration, Mayer has asserted that his "office" compared certain works for similarity. This assertion is speculative, hearsay and violates Rule 56(e) requirement for personal knowledge. Mayer did not allege that *he* compared the works, but rather his office as counsel for the defendants in this litigation. There is no declaration before the Court from Mayer's "office."

3

For the foregoing reasons, the Court should sustain the plaintiff's objections to the entire Mayer Declaration, or alternatively, sustain plaintiff's objections to paragraphs 2, 5, 7, 8 and 14 and the related exhibits of the Mayer Declaration.

### ii. Graham Declaration

In paragraph 2 of the Graham Declaration it was alleged that the paperback edition of "Close Range" was published in February 2000 and that a "true and correct copy of the paperback edition" was attached thereto as Exhibit 1. Graham's allegation regarding this book is a flagrant attempt to mislead this Court because the book plainly stated that it was published in 2003, not 2000. Plaintiff objects that the book Graham's declaration claims was attached thereto was not, but instead a different version of the book.

In paragraphs 3 and 4 of Graham's Declaration, it was asserted that the stand alone version of *Brokeback Mountain* was the same version included in "Close Range" and in *Brokeback Mountain: Story to Screenplay*. The version of "Close Range" that was "published in February 2000" is not in the record.

For the foregoing reasons, the Court should sustain plaintiff's objection to the entire Graham Declaration, or alternatively, plaintiff's objections to paragraphs 2, 3, and 4 and the related exhibits of the Graham Declaration should be sustained.

### iii. Roth Declaration

Plaintiff objects to paragraphs 3, 4, 5 and 6 of the declaration on the grounds that it asserts various production and completion dates in 2004 and early 2005 for the motion picture and that all such dates directly conflict with the copyright registration that plainly states that the motion picture was created in 2005. The defendants have correctly argued

in this litigation in support of their timeline that dates stated in a copyright registration is *prima facie* evidence of its creation date. Roth's declaration attempts to disregard the 2005 creation date stated by the defendants in their copyright registration before there was any litigation raising questions about the timeline for the motion picture.

For the foregoing reasons, the Court should sustain plaintiff's objection to paragraphs 3, 4, 5 and 6 and the related exhibits of the Roth Declaration.

Respectfully submitted,

Janice Scott-Blanton
Plaintiff, *pro se*

3578 Wharf Lane
Triangle, Virginia 22172
(703) 861-0028

## CERTIFICATE OF SERVICE

I hereby certify that I sent by FEDEX the foregoing to the following defendants and or their representative on this the _30_ day of _November_ 2007:

UNIVERSAL CITY STUDIOS PRODUCTIONS, LLLP
UNIVERSAL STUDIOS, INC.
UNIVERSAL STUDIOS LICENSING, LLLP
UNIVERSAL STUDIOS HOME ENTERTAINMENT, LLC
FOCUS FEATURES, LLC
RIVERROAD ENTERTAINMENT, LLC
DEL MAR PRODUCTIONS, LLC
LAVA FILMS, LLC
SIMON & SCHUSTER, INC.
ADVANCE PUBLICATIONS, INC.
ANNIE PROULX
LARRY McMURTRY
JAMES ALLEN SCHMAUS
DIANA OSSANA
ANG LEE
c/o Steven J. Metalitz, Esquire            (VIA FEDEX)
Mitchell Silberberg & Knupp, LLP
**Counsel for Defendants**
2300 M. Street, N.W., Suite 800
Washington, D.C. 20037

_____
Janice Scott-Blanton