UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **JANICE SCOTT-BLANTON,** *pro se* ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Case No. **1.07cv00098 (RMU)** |
| ) | |
| **UNIVERSAL CITY STUDIOS** ) | |
| **PRODUCTIONS LLLP,** *et al.*, ) | |
| ) | |
| Defendants. ) | |

### RESPONSE OF DEFENDANTS TO PLAINTIFF'S OBJECTIONS TO THE DECLARATIONS OF MARC MAYER, NAN GRAHAM, AND JEFFREY ROTH

Plaintiff Janice Scott-Blanton's Objections to the Declarations of Marc Mayer, Nan Graham, and Jeffrey Roth are without legal or factual basis. There is no basis under Rule 56(e) for any of these objections. Plaintiff's arguments are premised on the bizarre and facially illogical assertions (1) that Mr. Mayer, counsel for Defendants, lacks the competence to authenticate copies of books that he purchased (or a magazine that he received from the publisher); (2) that Ms. Graham, Editor-in-Chief of Scribner, does not have knowledge of the publication dates of books that her company published (by an author whose works she is responsible for editing); and (3) that a copyright registration that actually supports Mr. Roth's testimony somehow contradicts that testimony. Nor can Plaintiff use these purported evidentiary objections as a vehicle to make factually baseless insinuations about the credibility of the declarants.

As set forth below, Mr. Mayer, Mr. Roth and Ms. Graham plainly have personal knowledge of, and are fully competent to testify to, all of the matters set forth in their declarations. There is no legal or factual support for Plaintiff's objections.

1

I.  **DECLARATION OF MARC E. MAYER**

1.  <u>Authentication of Exhibits A, D, and F</u>:  Paragraphs 2, 5, and 7 of the Mayer Declaration merely authenticate copies of the short story "Brokeback Mountain": from the October 13, 1997, issue of *The New Yorker*; from the book "Close Range;" and from the book "Story to Screenplay."  Mr. Mayer, of course, is fully competent to authenticate these documents, and has direct, personal knowledge of their origin:  Mr. Mayer obtained Exhibit A from representatives of *The New Yorker* and Exhibits D and F were purchased by Mr. Mayer from Internet retailer Amazon.com.

Plaintiff's argument that Mr. Mayer cannot authenticate these documents because he was not personally involved in publishing or creating them is absurd.  See <u>U.S. v. Letscher</u>, 83 F. Supp. 2d 367, 381 (S.D.N.Y. 1999) ("[I]t is usual for counsel to put documents before the Court on summary judgment motions as enclosures to counsel's affidavit.").  He plainly can attest to his acquisition of the documents and that they are "true and correct copies" of the documents he obtained.  See <u>Vietnam Veterans of America v. Principi</u>, No. 04-0103 (RMU), 2005 U.S. Dist. LEXIS 6602, at * 23 (D.D.C. Mar. 11, 2005) ("[A]ll that is necessary to authenticate a document is testimony from a knowledgeable witness that the document is what the proponent claims it to be.").  That is all that Mr. Mayer is testifying to.[1]

2.  <u>Comparison of Exhibits A, D, and F</u>.  Plaintiff apparently objects to statements by Mr. Mayer that his office compared these three exhibits and that, based on that comparison, they are substantively identical.  Mr. Mayer, of course, has direct personal knowledge of activities conducted by representatives of his office and is competent to testify as to those activities.  Cf.

---

[1] Plaintiff's suggestion that Exhibit A is not the October 13, 1997, issue of *The New Yorker* is baseless.  The cover, table of contents, and page header confirm that the exhibit is exactly what it purports to be.  Plaintiff has not offered any evidence to the contrary.

<u>Alexander v. Tomlinson</u>, No. 05-0767 (ESH), 2007 U.S. Dist. LEXIS 59641, at * 25 (D.D.C. Aug. 15, 2007) (individual responsible for ensuring that activities in office were implemented correctly had personal knowledge of those activities).  Regardless, the objection is irrelevant: all three exhibits are attached to the declaration, and there is no reason why Plaintiff cannot herself compare them and confirm that they are substantively identical.  The Court has already made such a comparison and confirmation.  <u>See</u> Memorandum Opinion, July 19, 2007 (Docket No. 36) at 6 (calling the works "virtually identical").

      3.    <u>Paragraph 14.</u>  This paragraph merely explains the manner in which the chart attached as Exhibit M was prepared – of which Mr. Mayer has direct, personal knowledge, since Exhibit M was prepared by his office and at his direction.  Plaintiff's objection makes no sense; the paragraph does not contain any "speculation" about the creation or publication of "Brokeback Mountain"; rather, Mr. Mayer makes clear in this paragraph that the chart is a comparison of materials submitted by Plaintiff with Exhibit A.

**II.**    <u>**DECLARATION OF NAN GRAHAM**</u>

Nan Graham is the Editor-in-Chief of Scribner, is the Editor responsible for works authored by Annie Proulx, and was personally involved in overseeing the publication of books containing "Brokeback Mountain."  As such, Ms. Graham certainly has personal knowledge of the date of publication of "Close Range: Wyoming Stories" and is competent to testify concerning these dates, as well as to authenticate copies of the book.

    Plaintiff's accuses Ms. Graham of "a flagrant attempt to mislead the court" through her testimony that "Close Range" was published in 1999 (in hardcover format) and in 2000 (in paperback format).  This is both baseless and inappropriate.  Plaintiff has not offered any evidence to contradict Ms. Graham's testimony (notably, she has not produced the "original"

book that she claims was published in 2000 and that she claims is different from the one attached to Ms. Graham's declaration). Plaintiff's attacks on Ms. Graham's credibility or on the sufficiency of Defendants' evidence are not proper evidentiary objections. Cf. Lohrenz v. Donnelly, 223 F. Supp. 2d 25, 33 (D.D.C. 2002), aff'd, 350 F.3d 1272 (D.C. Cir. 2003), cert. denied, 541 U.S. 1042 (2004) ("A motion to strike is not an appropriate vehicle through which to contest the credibility of a witness…").

### III. DECLARATION OF JEFFREY ROTH

Plaintiff argues that the copyright registration for the motion picture lists the "Year on Which Creation of the Work Was Completed" as 2005. This is entirely consistent with the testimony of Jeffrey Roth that principal photography of the motion picture was completed in 2004, and that the Motion Picture was in post-production and ultimately completed in 2005.

Date:  December 13, 2007                Submitted by:

/s/ Steven J. Metalitz
Steven J. Metalitz (D.C. Bar No. 944603)
J. Matthew Williams (D.C. Bar No. 501860)
MITCHELL SILBERBERG & KNUPP LLP
1818 N Street, N.W., 8th Floor
Washington, D.C. 20036
(202) 355-7902 (Telephone)
(202) 355-7892 (Facsimile)

Marc E. Mayer (*pro hac vice*)
MITCHELL SILBERBERG & KNUPP LLP
11377 West Olympic Boulevard
Los Angeles, California 90064-1683
(310) 312-2000 (Telephone)
(310) 312-3100 (Facsimile)
*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing Response OF DEFENDANTS IN OPPOSITION TO PLAINTIFF'S OBJECTIONS TO THE DECLARATIONS OF MARC MAYER, NAN GRAHAM, and JEFFREY ROTH has been served, via Federal Express and via the Court's electronic filing system, to the following address on December 13, 2007:

Janice Scott-Blanton
3578 Wharf Lane
Triangle, VA 22172

                         /s/ Marc E. Mayer
                         Marc E. Mayer (*pro hac vice*)
                         MITCHELL SILBERBERG & KNUPP LLP
                         11377 West Olympic Boulevard
                         Los Angeles, California 90064-1683
                         (310) 312-2000 (Telephone)
                         (310) 312-3100 (Facsimile)
                         *Attorneys for Defendants*