UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

—————————————————————

JANICE SCOTT-BLANTON, *pro se*        )
                                       )
                Plaintiff,             )
                                       )
v.                                     )          Civil Case No. **1.07cv00098 (RMU)**
                                       )
UNIVERSAL CITY STUDIOS                 )
PRODUCTIONS LLLP, *et al.*,            )
                                       )
                Defendants.            )
—————————————————————

## MOTION OF DEFENDANTS FOR ATTORNEYS' FEES AND FULL COSTS PURSUANT TO SECTION 505 OF THE COPYRIGHT ACT

Pursuant to 17 U.S.C. § 505, Rule 54 of the Federal Rules of Civil Procedure, and U.S. District Court for the District of Columbia Local Rule 54, Defendants Universal City Studios Productions LLLP, Simon & Schuster, Inc., Focus Features, LLC, Universal Studios Licensing, LLP, River Road Entertainment, LLC, Del Mar Productions, LLC, James Allen Schamus, Larry McMurtry, Diana Ossana, Ang Lee, Annie Proulx, Universal Studios, Inc., Advance Publications, Inc., Lava Films, LLC, and Universal Studios Home Entertainment, LLC hereby move the Court for an award of attorneys' fees against Plaintiff Janice Scott-Blanton, in the amount of $147,668.99, and nontaxable costs in the amount of $1,000.88.

This Motion is brought on the grounds that Defendants were the prevailing parties in this litigation by virtue of this Court's order granting Defendants' motion for summary judgment on March 20, 2008 (Docket No. 57). That order disposed of Plaintiff's claims in their entirety and rendered Defendants the prevailing parties in this lawsuit, pursuant to 17 U.S.C. § 505.

Additionally, (1) Plaintiff's claims in this action were frivolous, (2) Plaintiff was motivated by an improper purpose in bringing and pursuing her claims in this action, (3) Plaintiff's claims in this action were objectively unreasonable, and (4) an attorneys' fees award would advance considerations of compensation and deterrence and further the interests of the Copyright Act. See Fogerty v. Fantasy, Inc., 510 U.S. 517, 534 n.19 (1994); Newborn v. Yahoo! Inc., 437 F. Supp. 2d 1, 6 (D.D.C. 2006). Defendants submit that the fees sought in this Motion are reasonable and were necessary to defend this action.

Final judgment in this action was entered on the docket on March 20, 2008 (Docket No. 57). This Court granted Defendants' Unopposed Motion for an Extension of Time to file a Motion for Attorneys' Fees on March 31, 2008 (Docket No. 60). This motion is timely made pursuant to that order.

Defendants rely upon this Motion, the accompanying Supporting Memorandum of Law, the Declarations of Steven J. Metalitz and Marc E. Mayer (and exhibits thereto) filed concurrently herewith, the papers and pleadings on file in this action, and any argument or evidence presented prior to or at any hearing on this Motion.

Defendants have discussed their intent to file this motion with Plaintiff pursuant to Local Rule 7(m). Plaintiff has informed Defendants that she will oppose it. See Mayer Decl., ¶ 8.

Date:  April 18, 2008                              Submitted by:


                                                   /s/ Steven J. Metalitz
                                                   Steven J. Metalitz (D.C. Bar No. 944603)
                                                   J. Matthew Williams (D.C. Bar No. 501860)
                                                   MITCHELL SILBERBERG & KNUPP LLP
                                                   1818 N Street, N.W., 8th Floor
                                                   Washington, D.C. 20036

(202) 355-7902 (Telephone)
(202) 355-7899 (Facsimile)

Marc E. Mayer (*pro hac vice*)
MITCHELL SILBERBERG & KNUPP LLP
11377 West Olympic Boulevard
Los Angeles, California 90064-1683
(310) 312-2000 (Telephone)
(310) 312-3100 (Facsimile)

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing MOTION OF DEFENDANTS FOR ATTORNEYS' FEES AND FULL COSTS PURSUANT TO SECTION 505 OF THE COPYRIGHT ACT has been served, via Federal Express and via the Court's electronic filing system, to the following address on April 18, 2008:

Janice Scott-Blanton
3578 Wharf Lane
Triangle, VA 22172

/s/ Steven J. Metalitz
Steven J. Metalitz (D.C. Bar No. 944603)
MITCHELL SILBERBERG & KNUPP LLP
1818 N Street, N.W., 8th Floor
Washington, D.C. 20036
(202) 355-7902 (Telephone)
(202) 355-7899 (Facsimile)
*Attorneys for Defendants*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ───────────────────────────────── | ) |
| **JANICE SCOTT-BLANTON,** *pro se* | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| **UNIVERSAL CITY STUDIOS** | ) |
| **PRODUCTIONS LLLP,** *et al.*, | ) |
| | ) |
| Defendants. | ) |
| ───────────────────────────────── | ) |

Civil Case No. **1.07cv00098 (RMU)**

## MEMORANDUM OF DEFENDANTS IN SUPPORT OF ATTORNEYS' FEES AND FULL COSTS PURSUANT TO SECTION 505 OF THE COPYRIGHT ACT

### Introduction

On March 20, 2008, this Court issued its memorandum and order (the "March 20 Order") granting the Defendants' motion for summary judgment in its entirety.  In the March 20 Order, this Court concluded that "no reasonable juror could conclude that the defendants had access to the plaintiff's novel before the completion of the short story and … the alleged similarities between 'Down Low' and the defendants' works that are not in the short story are not protected under copyright law."  Scott-Blanton v. Universal City Studios Productions LLP, No. 07-00098, 2008 U.S. Dist. LEXIS 22162, at *2 (D.D.C. Mar. 20, 2008).  The March 20 Order fully and finally terminated this action (for copyright infringement and related claims) and conclusively renders Defendants the "prevailing parties" in the action pursuant to Section 505 of the Copyright Act, 17 U.S.C. §505.

This case arose from allegations by Janice Scott-Blanton ("Plaintiff") that Defendants' award-winning short story, screenplay and motion picture, *Brokeback Mountain*, infringed her self-published "novel" *My Husband Is On The Down Low and I Know About It*.  Plaintiff's

claims were frivolous from the outset. Most critically, while Plaintiff admitted that *Down Low* was published in 2005, there was no dispute that Annie Proulx first published the *Brokeback Mountain* short story in 1997 (eight years prior to the Plaintiff's work) and that principal photography of the motion picture had been completed in 2004. As a result, as the Court found, there was no possibility of access by the Defendants to Plaintiffs' work before creation of that short story. Id. As for the motion picture (and its screenplay), the Court held that it was not substantially similar to *Down Low* and that any even arguable similarities were of material that was not copyrightable. Id.

The entry of summary judgment in Defendants' favor could not have been a surprise to Plaintiff. Plaintiff acknowledged in her Complaint that the short story predated both the conception and publication of her book. Moreover, Defendants specifically advised Plaintiff, first in **December 2006** (prior to the filing of her lawsuit) and again in February and March 2007 (after she filed her lawsuit), that all of Defendants' works pre-dated the publication of *Down Low.* Indeed, in February 2007, Defendants offered Plaintiff a "safe-harbor" whereby if she promptly voluntarily dismissed her claims, Defendants would waive their claims for attorneys' fees. Plaintiff ignored that correspondence and instead elected to recklessly pursue her claims through summary judgment, at substantial cost to Defendants.

Perhaps most troubling, in March 2007, Plaintiff was presented with irrefutable evidence of prior creation, including copies of the works, sworn affidavits, and production schedules confirming that all of the *Brokeback Mountain* works predated *Down Low.* Faced with this evidence, Plaintiff not only continued to press her frivolous claims, but in an effort to prolong the inevitable, concocted a series of increasingly bizarre conspiracy theories to explain the inconsistency of timing. Most notable of these was her theory that Defendants edited the short story, backdated it, and destroyed all copies of the "original" story (including the one on file with the Library of Congress). The Court had little difficulty rejecting Plaintiff's theory as "so implausible as to lie outside the realm of reason," and "counter to evidence proffered by the defendants." 246 F.R.D. 344, 348 (D.D.C. 2007).

Plaintiff's insistence on pursuing this lawsuit caused Defendants to incur in excess of $140,000 in attorneys' fees and costs.   The Copyright Act, 17 U.S.C. § 505, permits a prevailing party to recover these reasonable attorneys' fees and costs.   Plaintiff knew this; she specifically requested such fees and costs in her Complaint and Amended Complaint.   See Amended Complaint, Prayer.   She also knew from the Defendants' Answer and from their correspondence with her that Defendants would seek an award of attorneys' fees if they prevailed, and she ignored several opportunities to avoid that outcome.   An award of Defendants' attorneys' fees incurred in its successful defense of this action is appropriate and necessary to vindicate the Copyright Act's policies, especially in light of the frivolousness of this action, the manner in which Plaintiff pursued her claim (including after she knew it was futile), and the overall interest in deterring individuals from burdening defendants and the Courts with meritless claims such as Plaintiff's.

## ARGUMENT

## I.    BACKGROUND FACTS AND PROCEDURAL HISTORY

The factual and procedural history of this case is set forth in detail in this Court's orders of (1) July 19, 2007, denying Plaintiff's Motion for A Preliminary Injunction, (495 F. Supp. 2d 74), (2) November 15, 2007, denying Plaintiff's Motion for Additional Discovery (246 F.R.D. 344), and (3) March 20, 2008, granting Defendants' Motion for Summary Judgment (No. 07-00098, 2008 U.S. Dist. LEXIS 22162).   For the Court's convenience, certain of the relevant facts are summarized below.

*Brokeback Mountain* **and** *Down Low.*   *Brokeback Mountain*, written by Annie Proulx, originally was published in 1997 in *The New Yorker*, and republished (with minor edits) in 1999 in a collection of stories entitled *Close Range*.   495 F. Supp. 2d at 76; 246 F.R.D. at 345.   Shortly after its 1997 publication, screenwriters Larry McMurtry and Diana Ossana purchased the right to adapt the story for the screen and began work on a screenplay that was eventually incorporated into the motion picture.   Id.   According to Jeffrey Roth, the Senior Vice-President of post-

production for Focus Features, the studio completed the final script for the motion picture *Brokeback Mountain* on May 20, 2004, and completed filming all material scenes by August 5, 2004. 495 F. Supp. 2d at 77.

In November 2004, Plaintiff wrote *Down Low*. Id. *Down Low* was self-published by Plaintiff on March 15, 2005. Id. That date was eight years after the short story and screenplay were written and six months after principal photography of the motion picture had been completed, two months after all the visual elements of the films were "locked," and six days after the final print of the film was completed. Id.

**The Pre-Filing Correspondence.** On June 11, 2006 (approximately six months after the theatrical release of the motion picture), Plaintiff "watched the motion picture for the first time and immediately recognized that the defendants had pirated the expressions, characters, timelines, scenes, screenplay and other aspects from her novel." Amended Complaint, ¶ 32. Plaintiff took no further action until November 27, 2006, when she sent a letter to certain of Defendants demanding that they "immediately cease and desist from producing and selling any copies of the Brokeback Mountain DVD and book, as well as showing it in movie theaters, both domestic and internationally." Complaint, Ex. M. (See also Declaration of Marc E. Mayer ("Mayer Decl."), Ex. 1). On December 18, 2006, a representative of Universal responded to the November 27 demand letter, stating that:

> "We have reviewed the allegations contained in your letter, as well as the additional materials you provided. Universal has concluded that your book and each of the Brokeback Mountain materials are not substantially similar…"

> "Moreover, it is well-established that Annie Proulx's short story, upon which the 'Brokeback Mountain' screenplay was based, was first published in the October 1997 issue of 'The New Yorker.' Later in 1997, the Pulitzer-Prize winning team of Larry McMurtry and Diana Ossana optioned Ms. Proulx's short story and, by the end of 1997, completed a screenplay based on it. Thereafter, director Ang Lee became involved in the project in 2003 and principal photography on the movie 'Brokeback Mountain' was completed in August 2004, before your novel was published and/or registered with the copyright office." Complaint, Ex. N.

**Plaintiff Files Her Lawsuit And Seeks Injunctive Relief.**  Plaintiff did not respond substantively to Universal's letter.  Instead, on January 16, 2007, Plaintiff filed this lawsuit, alleging infringement of her work by no fewer than 14 defendants, including various Universal-affiliated motion picture studios and licensing entities, production companies, the New Yorker, Simon & Schuster/Scribner (the publisher of Proulx' 1999 short story collection), Ossana, McMutry, director Ang Lee, and others.

Notwithstanding that *Brokeback Mountain* had been published or released months or years prior to Plaintiff's lawsuit, and that Plaintiff had waited more than eight months after her purported discovery of the alleged infringement to file the lawsuit, on February 13, 2007 (a month after filing her lawsuit) Plaintiff, without any prior notice or warning to Defendants or their counsel, filed a Motion for a Preliminary Injunction.  In that motion, Plaintiff sought to enjoin Defendants from exploiting *Brokeback Mountain* "and its related screenplay and short story, or any derivative works of same in any medium or outlet, either domestically or internationally."  Motion for Preliminary Injunction (Docket No. 4).

**The Parties' Post-Filing Correspondence.**  On February 23, 2007, prior to responding to Plaintiff's preliminary injunction motion, Defendants sent Plaintiff a letter again advising her that *Brokeback Mountain* predated *Down Low*:

> "As you were advised last November, and as you now should be well aware, the short story Brokeback Mountain, by Annie Proulx, was published in the October 13, 1997 issue of The New Yorker Magazine – eight years prior to your publication of Down Low. The initial screenplay based on that short story was completed shortly thereafter (i.e. in early 1998).  Principal photography for the motion picture was completed in August 2004.  In other words, virtually every image that appears on the screen in the motion picture was already filmed almost one year prior to the publication of Down Low.  (Indeed, according to your Complaint (¶ 24) you did not even conceive of Down Low until November 2004).  By March 2005, when Down Low was published, all editing of the film was completed, a "print master" (i.e. final version) of the film had been created, and post-production was winding up."

> "Accordingly, your book did not exist at the time Brokeback Mountain was created, and thus under no circumstances could there have been any 'copying' of Down Low in Brokeback Mountain."  Mayer Decl., Ex. 2.

Defendants also advised Plaintiff that because this was a copyright infringement action, in the event they were successful defending the claims, they would be entitled to seek (and would seek) attorneys' fees pursuant to Section 505 of the Copyright Act.  Id.  Nevertheless, Defendants made the following settlement proposal:

> "[I]n an effort to avoid the expenditure of additional attorneys' fees in defending this action, our clients are prepared to permit you to voluntarily dismiss the action at this stage.  If you will confirm to us, in writing, by the close of business on Wednesday, February 28, 2007, that you will agree to do so, our clients will agree not to pursue claims against you arising from your prosecution of this action (including for attorneys' fees and costs and for malicious prosecution)."  Id.

Plaintiff acknowledged receipt of this letter, but did not respond to it.  Accordingly, Defendants incurred substantial fees preparing (and on March 7, 2007, they filed) their Opposition to the Motion for Preliminary Injunction, along with three supporting declarations and more than a dozen exhibits.  Mayer Decl., ¶ 5.  Among the exhibits filed by Defendants were copies of the original *Brokeback Mountain* short story from *The New Yorker*, copies of books containing *Brokeback Mountain* (reflecting publication dates prior to *Down Low*), and copyright certificates (confirming that *Brokeback Mountain* was published and registered prior to *Down Low*).  (Docket Nos. 15, 16).  Also filed by Defendants was a declaration by Jeffrey Roth, the Senior Vice-President of Post-Production at Focus Features, who confirmed that principal photography of *Brokeback Mountain* had been completed in 2004 and that the film was "locked" (i.e. in its final form) by March 2005.  (Docket No. 14).

**Defendants' Motion for Summary Judgment.**  On March 8, after filing their Opposition to the Motion for Preliminary Injunction, Defendants wrote another letter to Plaintiff, advising her of Defendants' intent to file a motion for summary judgment.  That letter stated that:

> "[Y]ou now have received, and have had the opportunity to review, our opposition to your motion for a preliminary injunction (and supporting papers)… we trust that you will give serious thought to your decision to pursue this frivolous lawsuit. Specifically, we hope that you will reconsider your refusal to voluntarily dismiss this action. If you were to do so, our clients would avoid the need to incur additional attorneys' fees in preparation of the motion for summary judgment (fees they fully intend to ask the court to order you to pay if our motion is successful). If we do not hear from you promptly in this regard, we will prepare and file our motion."
> Mayer Decl., Ex. 3.

Plaintiff did not respond to this letter. Accordingly, Defendants began preparation of a motion for summary judgment, at substantial expense. Defendants filed their motion for summary judgment on March 23, 2007. On April 3, 2007, Plaintiff filed a substantial opposition (along with a declaration and 12 exhibits), arguing that Defendants had "misrepresented" facts, were attempting to "work a fraud upon this Court," and were "manipulating" and "withholding" evidence. Opp. (Docket No. 30) at 2-3. Plaintiff also requested leave pursuant to Fed. R. Civ. P. 56(f) to take discovery of Defendants (though she did not specify what discovery she purportedly needed to oppose summary judgment). Id. Defendants filed a reply memorandum on April 10, 2007.[1] (Docket No. 31).

On July 19, 2007, the Court denied Plaintiff's Motion for a Preliminary Injunction. 495 F. Supp. 2d 74. In its Order, the Court found both that Plaintiff was unlikely to succeed on the merits of her claim **and** that she had made an insufficient showing of irreparable harm. 495 F. Supp. 2d at 78-80. It specifically found that Defendants' *Brokeback Mountain* works predated *Down Low*, and that there was a "dearth of evidence supporting the plaintiff's allegation that there exists infringing content different from the content in the defendants' copyrighted works." Id. at 79.

---

[1] In response to Defendants' reply, on April 16, 2007, Plaintiff filed an improper "sur-reply" memorandum, which Defendants opposed. (Docket Nos. 32, 33).

Notwithstanding this ruling and memorandum, Plaintiff continued to press her claim. After a round of supplemental briefing on the issue of whether summary judgment may be entered prior to discovery (Docket Nos. 41, 44, 47), on November 15, 2007, the Court denied Plaintiff's request for discovery pursuant to Rule 56(f). (Docket No. 51; 246 F.R.D. 344). In its memorandum order, the Court again rejected Plaintiff's theory that defendants had used *Down Low* to re-write the *Brokeback Mountain* works and then backdated those works, finding that "this series of events is so implausible as to lie outside the realm of reason," and runs "counter to evidence proffered by the defendants." 246 F.R.D. at 348.

Plaintiff still was not deterred. On November 30, 2007, she filed a second opposition to the motion for summary judgment (Docket No. 54), re-arguing (now for a fourth time) her "re-writing and backdating" theory. On March 20, 2008, after more than a year of litigation, and extensive briefing, the Court granted Defendants' motion for summary judgment. No. 07-00098, 2008 U.S. Dist. LEXIS 22162.

**Defendants' Final Attempts To Resolve This Action.** On March 25, 2008, Defendants sent another letter to Plaintiff, advising her that as a result of this Court's March 20 summary judgment, Defendants were the "prevailing parties" in this action and that they intended to seek an award of attorneys' fees and costs. Mayer Decl., Ex. 4. In a final attempt to resolve this action, in that letter Defendants offered Plaintiff a "walk-away" settlement, whereby Defendants would waive their request for attorneys' fees if Plaintiff would relinquish her claims, including on appeal. On March 31, 2008, Plaintiff rejected that offer. Id., ¶ 8.

## II.    CONSIDERATION OF THE APPLICABLE FACTORS JUSTIFIES AN AWARD OF ATTORNEYS' FEES.

Section 505 of the Copyright Act provides that, in civil copyright actions, the Court may "award a reasonable attorney's fee to the prevailing party as part of the costs." 17 U.S.C. § 505. The Court's March 20, 2008, summary judgment in favor of Defendants rendered them the prevailing parties in this action. See Harrison Music Corp. v. Tesfaye, 293 F.Supp.2d 80, 84-5

(D.D.C. 2003) (upon court granting motion for summary judgment in favor of plaintiff, plaintiff was prevailing party); see also Budget Cinema, Inc. v. Watertower Associates, 81 F.3d 729, 731 (7th Cir. 1996) ("prevailing plaintiffs and prevailing defendants are to be treated alike under Section 505"). Attorneys' fees to the prevailing party are awarded "routinely" in copyright infringement cases. Thoroughbred Software Intern., Inc. v. Dice Corp., 488 F.3d 352, 362 (6th Cir. 2007). See also Positive Black Talk, Inc. v. Cash Money Records, Inc., 394 F.3d 357, 380 (5th Cir. 2004) (awarding attorney's fees to the prevailing party in a copyright action "is the rule rather than the exception and [they] should be awarded routinely."). Indeed, as the prevailing defendants, Defendants are **presumptively** entitled to an award of attorneys' fees. Woodhaven Homes & Realty, Inc. v. Hotz, 396 F.3d 822, 824 (7th Cir. 2005) ("When the prevailing party is the defendant…the presumption in favor of awarding fees is very strong. For without the prospect of such an award, the party might be forced into a nuisance settlement or deterred all together from exercising his rights."); Assessment Technologies of WI, LLC v. WIREdata, Inc., 361 F.3d 434, 436 (7th Cir. 2004) (same).

While "[t]here is no precise rule or formula" for determining whether the court, in its discretion, should award attorney's fees to a prevailing party, courts in this Circuit consider the following nonexclusive factors: (1) the degree of success obtained; (2) frivolousness; (3) motivation; (4) objective unreasonableness (both in the factual and in the legal components of the case); and (5) the need in particular circumstances to advance considerations of compensation and deterrence. Fogerty v. Fantasy, Inc., 510 U.S. 517, 534 n.19 (1994); Newborn v. Yahoo! Inc., 437 F.Supp.2d 1, 6 (D.D.C. 2006). These factors – as well as the general standards governing awards of attorneys' fees -- apply with equal force to *pro se* plaintiffs. See Chivalry Film Prods. v. NBC Universal, Inc., No. 05 Civ. 5627, 2007 WL 4190793, at *3 (S.D.N.Y. Nov. 27, 2007) ("Plaintiff's pro se status is not a sufficient basis for denying an award of fees and costs in this case…. Several courts in this Circuit have awarded attorneys' fees pursuant to 17 U.S.C. § 505 against a pro se plaintiff where, as here, the defendant prevails and the plaintiff's copyright claim was objectively unreasonable."); Shmueli v. City of New York,

No. 03 Civ. 1195, 2007 WL 1659210, at *5 (S.D.N.Y. June 7, 2007) ("The same [legal] standards apply when the litigant involved is pro se."); Harrison v. Walsh, No. 06 Civ. 13328, 2007 WL 1576265, at *25 (S.D.N.Y. June 1, 2007) (pro se litigants are "held to the same standards of conduct and procedure as an attorney") see also Quinto v. Legal Times of Washington, 511 F. Supp. 579, 580-2 (D.D.C. 1981) (pro se plaintiff should be treated like any other plaintiff for purpose of fee award).

As set forth below, evaluation of each of the Fogerty factors supports an award of attorneys' fees in this case.

### A.   Defendants Achieved Complete Success On the Merits.

All of Plaintiff's copyright claims were resolved in favor of Defendants. Accordingly, Defendants' success in this action was total and complete. See Maljack Prods., Inc. v. Goodtimes Home Video Corp., 81 F.3d 881, 890 (9th Cir. 1996) (award of attorneys' fees proper where defendant, for which summary judgment was granted, "obtained total success in defending against [plaintiff's] copyright claims.").

### B.   Plaintiff's Lawsuit Was Patently Frivolous.

The frivolous nature of Plaintiff's lawsuit alone justifies an award of attorneys' fees. See, e.g., Diamond Star Bldg. Corp. v. Freed, 30 F.3d 503, 506 (4th Cir. 1994) ("[W]hen a party has pursued a patently frivolous position, the failure of a district court to award attorneys' fees and costs to the prevailing party will, except under the most unusual circumstances, constitute an abuse of discretion."). See also Diamond v. Am-Law Publishing Co., 745 F.2d 142, 148 (2d Cir. 1984) (awarding fees where plaintiff's copyright claim was "wholly without merit"); Budget Cinema, Inc. v. Watertower Associates, 81 F.3d 729, 733 (7th Cir. 1996) ("we are convinced that the district court abused its discretion by failing to award attorney's fees based on the objective unreasonableness of [plaintiff's] complaint"); Whitehead v. Paramount Pictures Corp., 53 F.

10

Supp. 2d 38, 54 (D.D.C. 1999) (fee award proper where the case was "patently frivolous.").[2] At issue here were claims for infringement of a book that was created months or years *after* the creation or publication of Defendants' *Brokeback Mountain* works. Based on the undisputed dates of creation, it was simply impossible – under even the most generous interpretation of the facts -- for Defendants to have had access to (far less to have copied ) *Down Low* at the time they created the *Brokeback Mountain* works. See Glover v. Austin, 447 F. Supp. 2d 357, 361-62 (S.D.N.Y. 2006). It is difficult to imagine a more frivolous claim for copyright infringement.

Plaintiff knew (or certainly should have known) that the timing of the works made her copyright claims impossible well *before* she filed her lawsuit. See Budget Cinema, 81 F.3d at 732-33 (defendants entitled to fees where plaintiff knew or should have known at the outset of the lawsuit that it would be unable to prove its ownership of the copyright at issue); Invessys, Inc. v. McGraw-Hill Cos., Ltd., 369 F.3d 16, 21 (1st Cir. 2004) (award of attorneys' fees was appropriate where plaintiff "certainly knew at the outset" that the facts did not support the claim). Defendants first advised Plaintiff of this issue (and that her claims were frivolous) in December 2006, in response to her initial demand letter. But rather than conduct any further investigation, Plaintiff instead chose to ignore that letter, file her lawsuit, and seek injunctive relief. Then, in March 2007, Defendants filed sworn declarations (and supporting documents) *confirming* that the *Brokeback Mountain* works all were created prior to *Down Low*, and thus

---

[2] While the frivolous nature of this lawsuit carries great weight, it should be noted the Court need not find that Plaintiff's claims were frivolous in order to award attorneys' fees. See Fogerty, 510 U.S. at 527, 532-33 (rejecting argument that attorneys' fees award to a defendant necessitates frivolousness because "a successful defense of a copyright infringement action may further the policies of the Copyright Act every bit as much as a successful prosecution of an infringement claim by the holder of a copyright"). Indeed, neither unreasonableness nor bad faith is a prerequisite to a fee award. See Garcia-Goyco v. Law Environmental Consultants, Inc., 428 F.3d 14, 21 (1st Cir. 2005) (fee award appropriate even without express finding of frivolousness); Matthews v. Freedman, 157 F.3d 25, 29 (1st Cir. 1998) ("Depending on other circumstances, a district court could conclude that the losing party should pay even if all of the arguments it made were reasonable."); Lieb v. Topstone Indus, Inc., 788 F.2d 151, 155 (3d Cir. 1986) ("Had Congress intended to condition the award of fees on the presence of bad faith, the statutory provision would have been surplusage").

they could not have copied *Down Low.* Plaintiff ignored that evidence (and those warnings), and instead elected to proceed with her claims.

Once faced with irrefutable evidence of prior creation, Plaintiff simply dismissed all of it as "fraudulent" and (in an effort to prolong this litigation) invented a series of increasingly bizarre and implausible conspiracy theories. At the heart of these theories was Plaintiff's overriding claim that Defendants had copied *Down Low*, concealed the evidence of that copying by "backdating" all versions of *Brokeback Mountain*, and were using fabricated evidence to "hoodwink" the Court and "create a morass of conflicting copyright and creation dates." Opp. (Docket No. 30) at 2-3. The Court held that "this series of events is so implausible as to lie outside the realm of reason." 246 F.R.D. at 344. Moreover, the Court specifically and systematically rejected (either as illogical, unsupported, or just plain wrong), each and every one of Plaintiff's elaborate arguments or strands of "evidence" that she claimed would support her conspiracy theories. Among these arguments (of which there were at least a dozen), were Plaintiff's facially absurd arguments that:

● The screenplay contained four "new scenes," when in fact all of these scenes were present (or a direct outgrowth of) scenes in the original short story. 246 F.R.D. at 348; 2008 U.S. Dist. LEXIS 22162, at *22 ("The court determined that each of the four scenes is firmly rooted in the 1997 short story and referenced the relevant page number and quotation of the short story where the scenes can be found.").

● Director Ang Lee once publicly referred to *Brokeback Mountain* as a "novel" (and thus must have been referring to *Down Low*), notwithstanding that in context Lee obviously was referring to the Short Story. 246 F.R.D. at 348.

● Defendant's submission of a copy of the original Short Story as published in *The New Yorker* (complete with the cover, table of contents, and illustrations) was a fake, even though it was the exact same copy that was deposited in the Library of Congress in 1997 (and that remains on file there). Id.

12

●    The short story submitted by Defendants must be fraudulent because it contains a "split-motel" scene and a "second tent scene" (which Plaintiff claimed were developed in 2005 solely for the motion picture, and thus could not have been in the "original" short story).   As the Court recognized, the argument was based upon a misreading of the short story.  No. 07-00098, 2008 U.S. Dist. LEXIS 22162, at *18-19 ("Standing on a faulty premise, the plaintiff's allegation falls flat…"); Id. at *21 ("This is another example of the evidence flatly contradicting the plaintiff's assertions").

●    Because actress Michelle Williams gave birth to her child in late 2005, filming of *Brokeback Mountain* must have taken place in February or March 2005, notwithstanding the undisputed evidence to the contrary and the fact that, even if true, the argument does not support the allegation of copying.  246 F.R.D. at 348 n.5 ("Even jumping through the series of inferential hoops the plaintiff's conclusion requires, this argument does not provide a reasonable basis for discovery because the plaintiff's novel was not published until March 15, 2005.").

Although the timing issue alone would have been sufficient to dispose of the action, it was not even the sole basis for this Court's summary judgment.  The Court found, based on its own independent review of *Down Low* and *Brokeback Mountain*, that the works were not substantially similar as a matter of law.  Specifically, the Court found that almost every one of the purported similarities between the works were "commonplace incidents and settings, which are not protected under copyright law."  Id. at 26.[3]   As for the few remaining elements, the Court found that, even if protectable, they not only were "not so substantially similar to survive summary judgment," but in many cases were "remarkably ***different***."  2008 U.S. Dist. LEXIS

---

[3] As the Court held, "the public domain would have a scant selection if stock settings such as the movie theater, the kitchen, Las Vegas, a church picnic or a club were subject to copyright protection….  Similarly, incidents such as the birth of a child, a hug between a father and daughter, covertly reading a spouse's journal, family outings to celebrate the Fourth of July and New Year's Eve, a child going away to college, a fight between parents, an absent and drunk father and a woman struggling with weight gain are general plot ideas that copyright law does not protect."  2008 U.S. Dist. LEXIS 22162, at *27.

22162, at *30. Finally, the Court found that even leaving aside the Plaintiff's list of purported similarities, the "two works as a whole are dissimilar." Id. at *34.

Courts routinely have awarded attorneys' fees (and found a plaintiff's claims to be frivolous or "objectively unreasonable") in similar circumstances (indeed, on far closer facts than these.) See, e.g., Mallery v. NBC Universal, Inc., No., 2008 U.S. Dist. LEXIS 20893, at *5 (S.D.N.Y. Mar. 18, 2008) (awarding nearly $100,000 in fees where "the profound dissimilarity between the[] works" was so "obvious" that "plaintiffs' professed subjective belief to the contrary [wa]s thus itself unreasonable and entitled to no weight"); Chivalry Film, 2007 WL 4190793 at * 3 (attorneys' fees awarded where "the Court found that plaintiff's 'attempts to show similarity' between the works 'involve[d] the most trivial and generic of incidents,' [] the works were 'strikingly different,' [and] both films were based on an independent creation originally copyrighted in 1991, which pre-dated plaintiff's 1996 copyright"); Amadasun v. Dreamworks, LLC, 359 F.Supp.2d 1367, 1372 (N.D. Ga. 2005) (awarding attorneys' fees to defendants where plaintiff alleged he actually submitted his work to defendant motion picture studios for consideration). This Court likewise should do so.

### C.  Plaintiff's Motivation In Filing and Pursuing This Case Was Suspect.

Plaintiff's improper motivation can be presumed from her decision to file this frivolous lawsuit, seek injunctive relief, and then continue to litigate her claims without **any** factual basis and in the face of undisputed and readily available evidence that the *Brokeback Mountain* works were created prior to *Down Low*. Moreover, she did so nearly a year after the motion picture was released, eight years after the short story was published, and after being advised on multiple occasions that the claims were frivolous. Bridgeport Music, Inc. v. Diamond Time, Ltd., 371 F.3d 883, 894-95 (6th Cir. 2004) ("If their copyrights are as valuable as the plaintiffs claim, then it behooves them to police their rights and seek legal redress in a timely fashion.").

That is only the tip of the iceberg. Even assuming, *arguendo*, that Plaintiff had some reasonable basis to file her claims (which she did not), she certainly had no basis to continue

14

litigating those claims after Defendants submitted clear and indisputable evidence of prior creation with their opposition to the preliminary injunction motion. Bridgeport Music, Inc. v. WB Music Corp., No. 06-5420, 2008 WL 762451, at *5 (6th Cir. Mar. 25, 2008) ("The district court's interest in motivating Bridgeport to sort through its claims applies with equal force to claims that become futile during the course of litigation as it does to claims that are objectively reasonable from the outset."). By that time, there could be no reasonable disagreement concerning the timing of the works. And if there was any remaining doubt as to the merits of Plaintiff's claims, it should have been finally and fully put to rest in July 2007, when the Court denied her motion for a preliminary injunction and held (in no uncertain terms) that Plaintiff was unlikely to prevail in this action because "the defendant's copyrighted works – containing much, if not all, of the allegedly infringing material – preceded the publication of the plaintiff's novel." 495 F. Supp. 2d at 78.

Plaintiff not only refused to abandon the case at any of these junctures (and after numerous admonitions from Defendants), she fought vigorously to sustain her action, including by inventing new legal or factual theories out of whole cloth, recklessly and baselessly accusing Defendants of "manipulating" evidence or "working a fraud" on the Court, and filing confusing papers that re-hashed arguments that already had been rejected or were nonsensical and were "long on argument but short on concrete facts or applicable legal authority." Bridgeport Music, Inc. v. Dimension Films, 410 F.3d 792, 809 (6th Cir. 2005). In the eight months *after* Defendants provided Plaintiff with copies of the original 1997 Short Story and other evidence confirming prior creation, Plaintiff filed a motion to amend her Complaint (to add claims under state law or the Lanham Act, which plainly were preempted, legally meritless or, at best, were purely derivative of the copyright claims) (Docket No. 19); sought discovery (Docket No. 30); filed a supplemental memorandum on her request for discovery (Docket No. 44); filed a (frivolous) motion to strike Plaintiff's affidavits (which was summarily rejected) (Docket No. 46); and then filed a second opposition to the motion for summary judgment (Docket No. 54), along with objections to Defendants' declarations (Docket No. 53). Then, *after* this case was

dismissed, Plaintiff rejected Defendants' reasonable settlement offer on the attorneys' fees issue, which would have allowed her to walk away from her claims without any financial penalty and would have enabled the Court to avoid committing additional time and resources considering this motion.

Finally, and perhaps most tellingly, even while presented with overwhelming evidence refuting her claims, Plaintiff issued press releases to a number of media outlets and Internet websites touting the merits of her claims and claiming that she "has cataloged over 50 substantial similarities between the two bodies of work…from subtle to the stark." See, e.g., Mayer Decl., Ex. 5.[4]   Given the shaky foundation of this lawsuit, the conclusion is inescapable that Plaintiff was using this case (either in whole or in part) to garner publicity for her novel.  This is borne out by the fact that a Google search for "Janice Scott-Blanton" now generates dozens of results, nearly all of which relate to the filing of this lawsuit.  See Mayer Decl., Ex.9.

### D.    A Fee Award Will Advance Considerations Of Compensation And Deterrence.

Plaintiff's decision to file and pursue this lawsuit in the face of the undisputed evidence of prior creation was reckless, at best.  See cf. Polsby v. St. Martin's Press, Inc., No. 97-690, 2000 WL 98057, at * 2 (S.D.N.Y. Jan. 18, 2000) ("Here, plaintiff's case never had any chance of

---

[4] Ironically, in reaction to Plaintiff's press releases, a number of postings appeared on the Internet pointing out the impossibility of her claims based on the timing of the two works.  See, e.g., http://www.amazon.com/review/product/0976468808 ("This goofy broad is actually suing the maker of Brokeback Mountain, saying that they copied scenes from her book. Her book was written in what, 2005? Brokeback was written in 2000.");
http://blogcritics.org/archives/2007/01/23/132653.php ("Sound's pretty suspicious if you ask me, after all it's been nearly 10 years since BB was published in the NEW YORKER 5 since the movie has been in production and almost a year and a half since it was released, and only NOW she noticed it?"); http://community.livejournal.com/blackfolk/4573464.html ("[the lawsuit] is just another example of some hack desperate to latch on to a hit and milk it like a prize cow at a 4H festival.").  It was evidently patently obvious to many members of the online public, whether or not it was obvious to Plaintiff, that her claims were objectively unreasonable. See Mayer Decl., Exs. 6, 7, 8.

success because she never presented any basis for concluding either that her work had been

available to defendants, or that her work had been unlawfully copied within the meaning of

jurisprudence under the Copyright Act. Her action, insofar as it was objectively unreasonable-

*i.e.,* lacking in basis-was frivolous."). At worst, it was a deliberate misuse of the judicial process

in a misguided attempt to garner publicity for Plaintiffs' novel. Either way, Plaintiff's decision

to file and pursue this lawsuit was in complete disregard for the substantial expense that Plaintiff

certainly knew would be incurred by Defendants in defending these frivolous claims. Without

any financial consequences, there is nothing to discourage Plaintiff or others from filing similar

lawsuits in the future.[5] See Earth Flag Ltd. v. Alamo Flag Co., 154 F. Supp. 2d 663 668

(S.D.N.Y. 2001) ("This case presented a straightforward copyright infringement claim that was

---

[5] This Circuit has seen this to be so first hand in a series of frivolous law suits filed by *pro se*
plaintiff David Whitehead over the past decade against motion picture studios. Although, given
Mr. Whitehead's *pro se* status, judges at the district and appellate court levels first tried to
exercise restraint by refusing to award attorneys' fees to defendants in early cases filed by Mr.
Whitehead, they soon realized the importance of penalizing the plaintiff for filing and pursuing
frivolous cases, including in furtherance of interests of deterrence. Compare Whitehead v.
Paramount Pictures Corp., 53 F. Supp. 2d 38 (D.D.C. 1999), aff'd, Whitehead v. Paramount
Pictures Corp., No. 99-7137, 2000 WL 33363291 (D.C. Cir. Apr. 19, 2000) (no fees awarded)
and Whitehead v. Dreamworks LLC, No. 98-1917, 2001 WL 1218903 (D.D.C. Jun. 14, 2001)
(same) and Whitehead v. Columbia Pictures Industries, Inc., No. 98-1231, 2001 WL 1218908
(D.D.C. Jun. 14, 2001) (same) and Whitehead v. New Line Cinema, No. 98-2938, 2000 WL
33351821 (D.D.C. Jun. 14, 2001) (same) with Whitehead v. Columbia Pictures Industries, Inc.,
No. 00-7169, 2001 WL 135853 (D.C. Cir. Jan. 19, 2001) (imposing sanctions and awarding
attorneys' fees); Whitehead v. DreamWorks, No. 00-7168, 2001 WL 135852 (D.C. Cir. Jan. 19,
2001) (same); Whitehead v. Columbia Pictures, No. 00-7167, 2001 WL 135851 (D.C. Cir. Jan.
19, 2001) (same); Whitehead v. New Line Cinema, No. 00-7166, 2001 WL 135850 (D.C. Cir.
Jan. 19, 2001) (same); Whitehead v. Time Warner, No. 00-7165, 2001 WL 135849 (D.C. Cir.
Jan. 19, 2001) (same); Whitehead v. Metro Goldwyn Mayer, No. 00-7164, 2001 WL 135848
(D.C. Cir. Jan. 19, 2001) (same); Whitehead v. Warner Bros., No. 00-7163, 2001 WL 135775
(D.C. Cir. Jan. 19, 2001) (same). See also Whitehead v. Paramount Pictures Corp., 145 F. Supp.
2d 3, 4-5 (D.D.C. 2001) (discussing cases and why "this Court and the D.C. Circuit have
separately found it necessary to impose sanctions and/or award attorneys' fees to defendants'
counsel -- at least in part as a deterrent to Mr. Whitehead's deplorable conduct"). There is no
rule in this circuit – nor should there be – that a pro se litigant gets "one free bite" and may bring
objectively unreasonable claims of copyright infringement without risking any penalty.

objectively unreasonable … Failing to award attorneys' fees to defendants in such situations would invite others to bring similarly unreasonable actions without fear of consequences").

In the more than a year that this case was pending, Defendants were required to incur in excess of $140,000 in attorneys' fees and costs defending this lawsuit. All (or most) of these fees could have been avoided had Plaintiff merely decided to take seriously (or at least investigate) Defendants' pre-filing admonitions in 2006 or decided not to file this lawsuit. And these fees could have been substantially mitigated had Plaintiff elected to voluntarily dismiss her claims after it was clear that she could not prevail. Plaintiff's decision to instead file and pursue this lawsuit was at her own risk, and she should be held accountable for the fees that she forced Defendants to incur. See Quinto, 511 F. Supp. at 580 ("an award of attorney's fees serves to penalize the losing party as well as to compensate the prevailing party"); Blackman v. Hustler Magazine, Inc., 620 F. Supp. 792, 802 (D.D.C. 1985), aff'd in part, rev'd in part, 800 F.2d 1160 (D.C. Cir. 1986) (quoting Quinto).

Additionally, interests of fairness and equity demand that Defendants be compensated for the attorneys' fees incurred in defending this lawsuit. Assessment Tech. of WI, LLC v. WIREdata, Inc., 361 F.3d 434, 437 (7th Cir. 2004) (award of attorneys' fees is necessary to compensate a defendant for being forced to defend a "marginal" suit, because "[u]nless a party in that situation has a prospect of obtaining attorneys' fees, it will be under pressure to throw in the towel if the cost is less than the anticipated attorneys' fees."); Harrison Music, 293 F. Supp. 2d at 85 ("The Copyright Act seeks to stimulate artistic creativity for the general public good and discourage infringement. Awarding attorney's fees addresses these goals because it enables people to vindicate or defend their rights where it would otherwise be uneconomical to do so.") (internal citations omitted). Indeed, in the absence of an award of attorneys' fees, Plaintiff will suffer no consequence – and Defendants will have been penalized – as a result of Plaintiff's decision to file and pursue her frivolous lawsuit. See Chivalry Film, 2008 WL 4190793, at * 3 ("although the plaintiff did not engage in a 'campaign of vexatious litigation,' the need for deterrence against objectively unreasonable copyright claims is significant"); Baker v. Urban

Outfitters, Inc., 431 F. Supp. 2d 351, 359-60 (S.D.N.Y. 2006) (attorneys' fees should be awarded to deter plaintiffs "from bringing unreasonable claims based on a cost/benefit analysis that tells such plaintiffs that they can score big if they win and that there will be no adverse consequences if they lose."); Amadasun, 359 F. Supp. 2d at 1376 ("potential plaintiffs must be deterred from bringing frivolous and baseless suits").

Finally, a fee award will further the interests of the Copyright Act, which is the "touchstone" of the Section 505 inquiry.  Mitek Holdings, Inc. v. Arce Engineering Co., Inc., 198 F.3d 840, 842-43 (11th Cir. 1999); see also Amadasun, 359 F. Supp. 2d at 1376 ("'consideration of whether plaintiff can afford to pay the fees is improper; the more proper consideration is whether imposing fees will further the goals of the Copyright Act"); Harrison Music, 293 F. Supp. 2d at 85 ("The decision to award attorney's fees is based on whether imposition of the fees will further the goals of the Copyright Act, not on whether the losing party can afford to pay the fees.").[6]  This is not a case where there was a questionable issue going to the merits of a copyright claim.  Rather, this was a frivolous case that was filed without any evidentiary support, in an apparent effort to coerce an unjustified settlement from Defendants, and to capitalize on the attention garnered from claiming that Defendants' award-winning works were copied from Plaintiffs' self-published novel.  Pursuing a defense against such claims furthers the goals of our copyright laws.  Amadasun, 359 F. Supp. 2d at 1376, quoting Fogerty, 510 U.S. at 527 ("a prevailing defendant's successful defense against a copyright claim aids in establishing the boundaries of infringement and furthers the purpose of 'enriching the general

---

[6] Plaintiff may argue that the parties' relative financial condition (and her status as an individual plaintiff) precludes an award of attorneys' fees.  As set forth above, courts – including in this District – routinely have awarded attorneys' fees against *pro se* plaintiffs.  See Chivalry Film, 2007 WL 4190793, at * 4.  Moreover, any economic disparity between the parties is irrelevant because plaintiff is not "impecunious," but is a published author with the wherewithal to file and prosecute an action against defendants.  Fantasy, Inc. v. Fogerty, 94 F.3d 553, 558 (9th Cir. 1996) (attorneys' fees award appropriate if the plaintiff is not "impecunious").  At most, Plaintiff's financial condition might be relevant to the ***amount*** of the award, but not to Defendants' entitlement to such an award.  Chivalry Film, at *4.

public through access to creative works'"").  The defense of this action has vindicated and reinforced the principle that Plaintiffs cannot use the threat of copyright litigation as a tool to extort a settlement.  See, e.g., Mattel v. Walking Mountain Prods., 353 F.3d 792, 815-16 (9th Cir. 2003) (question is whether successful defense of action furthered the purposes of the Copyright Act).

## III.    DEFENDANTS' ATTORNEYS' FEES ARE REASONABLE.

The attached declaration of Steven J. Metalitz supports Defendants' application for attorneys' fees, reflecting the amount of legal fees and costs incurred by Defendants, and that the work for which these legal fees and costs were incurred was reasonably necessary to defend this action.

This lawsuit was filed on January 16, 2007.  Over the next fifteen months of litigation, counsel for Defendants (two partners, one of counsel and one associate) performed the necessary legal services in defending this action, most notably including (but not limited to):

- Reviewing, analyzing, and investigating Plaintiffs' Complaint and Amended Complaint.

- Preparing Defendants' answers to the Complaint and Amended Complaint.

- Preparing, reviewing, revising, compiling supporting documentation for, and filing Defendants' opposition to the Motion for Preliminary Injunction.

- Preparing, reviewing, revising and filing the motion for summary judgment and two reply memoranda.

- Researching and drafting the supplemental memorandum and reply memorandum regarding Plaintiff's request for discovery pursuant to Fed. R. Civ. P. 56(f).

- Reviewing and analyzing Plaintiff's lengthy briefs and supporting evidence (and dissecting and analyzing her unusual factual theories).

- Performing legal research.

- Preparing the instant motion.

While the collective fees incurred, $147,668.99, are substantial, they also are reasonable and fair in light of the duration of the litigation, the number of substantive briefs that Defendants were required to file, Plaintiffs' ever-shifting theories, the number of defendants sued, the experience of the attorneys involved, and the ultimate success on all incarnations of Plaintiffs' copyright claims.  See, e.g., Harrison Music, 293 F. Supp. 2d at 85 n. 3 ("The court can consider the following:  time and labor required, the novelty and difficulty of the questions, the skill requisite to perform the legal services properly, the preclusion of other employment by the attorney due to acceptance of the case, the customary fee, whether the fee is fixed or contingent, time limitations imposed by the client or the circumstances, the amount involved and the results obtained, experience, reputations, and ability of the attorneys, the undesirability of the case, the nature and length of the professional relationship with the client, and awards in similar cases."); N.A.S. Import, Corp. v. Chenson Enterprises, Inc., 968 F.2d 250, 254 (2d Cir. 1992) ("In deciding a reasonable attorney's fee, courts should 'consider the amount of work, the skill employed, damages at issue, and the result achieved.'").[7]  Defendants' counsel performed the tasks required of them efficiently, at reasonable rates commensurate with their skill and experience, and ultimately achieved complete success on the merits.

---

[7]  Although Plaintiff's Amended Complaint alleged theories under the Lanham Act and state law, these claims were purely derivative of the copyright claims, and any nominal fees incurred in defending these claims are "so intertwined with [the copyright claims] that trying to segregate them would be futile."  Yankee Candle Co. v. Bridgewater Candle Co., 140 F. Supp. 2d 111, 122-23 (D. Mass. 2001) aff'd, 259 F.3d 25 (1st Cir. 2001) (fees for copyright and non-copyright claims were "sufficiently interwoven to make further segregation impossible").  Further, to the extent fees incurred in defense of any non-copyright claim constitute "joint preparation" for both the copyright and non-copyright claims, such fees are recoverable under the Copyright Act.  See Pinkham v. Camex, Inc., 84 F.3d 292, 294 (8th Cir. 1996) (vast majority of billed time recoverable as "joint preparation," necessary to both copyright and diversity claims); Gulfstream III Assoc., Inc. v. Gulfstream Aerospace Corp., 995 F.2d 414, 420 (3d Cir. 1993) (awarding fees "inextricably linked" to compensable time).

IV.    **DEFENDANTS ALSO ARE ENTITLED TO NONTAXABLE COSTS IN THE AMOUNT OF $1,000.88.**

As the prevailing parties, Defendants also may recover "full costs" in defending the action.  17 U.S.C. § 505 ("In any civil action under this title, the court in its discretion may allow the recovery of ***full costs*** by or against any party other than the United States or an officer thereof.") (emphasis added); Fed. R. Civ. P. 54(d)(2)(A) ("Claims for attorneys' fees and related non-taxable expenses shall be made by motion…").  This includes "non-taxable" costs, provided that such costs are  "reasonable in amount" and "would normally be billed to a private client."  Bee v. Greaves, 910 F.2d 686, 690 (10th Cir. 1990) (civil rights action); see Griffin v. Strong, 827 F. Supp. 683, 689 (D. Utah 1993) (civil rights action).

Defendants incurred approximately $1,000.88 in messenger, courier, and overnight mail expenses; online research costs; and telecopier and copying expenses in connection with this action   Metalitz Decl., Ex. 2.  Because such expenses normally are billed to a private client, were billed here to Defendants, and are reasonable in amount, they are recoverable as "non-taxable" expenses.  See Bee, 910 F. 2d at 690 (travel expenses in connection with attorneys' attendance at oral argument awardable as "nontaxable" expenses).

## Conclusion

For the foregoing reasons, Defendants respectfully request that the Court grant this Motion and award Defendants $147,668.99 in attorneys' fees and $1,000.88 in nontaxable costs.


Date:  April 18, 2008                          Submitted by:


                                               /s/ Steven J. Metalitz
                                               Steven J. Metalitz (D.C. Bar No. 944603)
                                               J. Matthew Williams (D.C. Bar No. 501860)
                                               MITCHELL SILBERBERG & KNUPP LLP
                                               1818 N Street, N.W., 8th Floor
                                               Washington, D.C. 20036

(202) 355-7902 (Telephone)
(202) 355-7899 (Facsimile)


Marc E. Mayer (*pro hac vice*)
MITCHELL SILBERBERG & KNUPP LLP
11377 West Olympic Boulevard
Los Angeles, California 90064-1683
(310) 312-2000 (Telephone)
(310) 312-3100 (Facsimile)

*Attorneys for Defendants*

## <u>CERTIFICATE OF SERVICE</u>

       I hereby certify that a true and correct copy of the foregoing MEMORANDUM OF DEFENDANTS IN SUPPORT OF ATTORNEYS' FEES AND FULL COSTS PURSUANT TO SECTION 505 OF THE COPYRIGHT ACT has been served, via Federal Express and via the Court's electronic filing system, to the following address on April 18, 2008:

Janice Scott-Blanton
3578 Wharf Lane
Triangle, VA 22172

       /s/ Steven J. Metalitz____
       Steven J. Metalitz (D.C. Bar No. 944603)

       MITCHELL SILBERBERG & KNUPP LLP
       1818 N Street, N.W., 8th Floor
       Washington, D.C. 20036
       (202) 355-7902 (Telephone)
       (202) 355-7899 (Facsimile)
       *Attorneys for Defendants*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JANICE SCOTT-BLANTON, *pro se*  ) | |
| ) | |
| Plaintiff,  ) | |
| ) | |
| v.  ) | Civil Case No. **1.07cv00098 (RMU)** |
| ) | |
| UNIVERSAL CITY STUDIOS  ) | |
| PRODUCTIONS LLLP, *et al.*,  ) | |
| ) | |
| Defendants.  ) | |

## DECLARATION OF STEVEN J. METALITZ IN SUPPORT OF DEFENDANTS' MOTION FOR AN AWARD OF ATTORNEYS' FEES AND FULL COSTS

I, Steven J. Metalitz, declare:

1.      I am an attorney at law licensed to practice before the Courts of the District of Columbia and this United States District Court.  I am a partner with the law firm of Mitchell Silberberg & Knupp LLP ("MSK"), attorneys for Defendants Universal City Studios Productions LLLP, Simon & Schuster, Inc., Focus Features, LLC, Universal Studios Licensing, LLP, River Road Entertainment, LLC, Del Mar Productions, LLC, James Allen Schamus, Larry McMurtry, Diana Ossana, Ang Lee, Annie Proulx, Universal Studios, Inc., Advance Publications, Inc., Lava Films, LLC, and Universal Studios Home Entertainment, LLC in this matter.  Unless otherwise stated, I have personal knowledge of the following facts and, if called and sworn as a witness, could and would competently testify thereto.

2.      MSK's fees in this action have been paid by NBC Universal, Inc. (on behalf of Universal City Studios Productions LLLP, Focus Features, LLC, Universal Studios Licensing,

LLP, Del Mar Productions, LLC, Lava Films, LLC, Universal Studios Home Entertainment, LLC, Simon & Schuster, Inc., River Road Entertainment, LLC, James Allen Schamus, Larry McMurtry, Diana Ossana, Ang Lee, Annie Proulx, and Universal Studios, Inc.) and The New Yorker (Advance Publications, Inc.) I have reviewed the billing statements prepared by MSK and sent to those Defendants in connection with the over fifteen months of work performed on this litigation. The work performed by MSK for this case included: review and analysis of Plaintiff Janice Scott-Blanton's ("Plaintiff") Complaint and Amended Complaint; factual investigation regarding Plaintiff's claims, Plaintiff's chain of title and Defendants' rights; preparation of Answers to the Complaint and the Amended Complaint; Opposition to Plaintiff's Motion for a Preliminary Injunction; preparation of Defendants' Motion for Summary Judgment; Opposition to Plaintiff's Rule 56(f) Request for Discovery; Opposition to Plaintiff's Evidentiary Objections; preparation of Defendants' evidentiary objections; and correspondence, e-mail, and telephone conferences with clients and Plaintiff.

3. MSK is a law firm of approximately 130 attorneys with offices in Los Angeles, New York and Washington, D.C. A substantial part of our firm's litigation practice involves the representation of clients in the entertainment, and in particular the motion picture, industry. We have represented NBC Universal and its related entities in various courts. Our firm has represented most of the major motion picture studios in the country over a period of decades. This arrangement has resulted in significant litigation efficiencies in that we have an accumulated base of knowledge about the motion picture industry in general and Defendants in particular. As reflected in the backgrounds of the lawyers, discussed below, we also have particular expertise in matters of copyright and intellectual property.

4. The MSK attorneys who worked on this case from its inception are:

     **A.**    <u>**Steven J. Metalitz**</u>: I graduated from Georgetown University Law Center, where I received a J.D. degree, in 1977. I have been a member of the Bar of the District of Columbia since 1978. I joined MSK as a partner in 2006. Prior to joining MSK, I was a partner in the law firm of Smith & Metalitz LLP, and previously Chief Nominations Counsel for the U.S. Senate Judiciary Committee and Chief Counsel and Staff Director for the Judiciary Committee's Subcommittee on Patents, Copyrights and Trademarks. I have also taught basic and advanced copyright law courses as a Professorial Lecturer in Law at the George Washington University Law School and have published numerous articles on copyright law issues. Among the recent copyright and intellectual property cases that I have been involved in are <u>Perfect 10, Inc. v. Amazon</u>, 487 F.3d 701 (9th Cir. 2007); <u>Storage Tech. Corp. v. Custom Hardware Engineering & Consulting, Inc.</u>, 421 F.3d 1307 (Fed. Cir. 2005); and <u>Sony Computer Entertainment Inc. v. Connectix Corp.</u>, 203 F.3d 596 (9th Cir. 2000).

     **B.**    <u>**Marc E. Mayer**</u>: Mr. Mayer graduated from Harvard Law School in 1997, where he received a J.D. degree, cum laude. Mr. Mayer has been a member of the Bar of the State of California and the United States District Court for the Central District of California since 1997. Mr. Mayer joined MSK as an associate in 1997, and became a partner of MSK in 2006. Mr. Mayer's practice is concentrated in the areas of entertainment and intellectual property litigation, and he has participated in the successful litigation of numerous cases involving copyright, other intellectual property rights, and the music and entertainment industries, in the state and federal courts, including <u>321 Studios v. Metro-Goldwyn-Mayer Studios, Inc.</u>, 307 F. Supp. 2d 1085 (N.D.Cal. 2004); <u>A&M Records, Inc. v. Napster, Inc.</u>, 239 F.3d 204 (9th Cir. 2000); <u>Bridgeport Music, Inc. v. WB Music Corp.</u>, 508 F.3d 394 (6th Cir. 2007); <u>Bridgeport Music, Inc. v. Universal-MCA Music Publ'g, Inc.</u>, 481 F.3d 926 (6th Cir. 2007); <u>Bridgeport Music, Inc. v. Rhyme Syndicate Music</u>, 376 F.3d 615 (6th Cir. 2004). Mr. Mayer has represented NBC Universal in a number of litigation matters, including <u>Strange Bedfellows Pty, Ltd. v. Universal City Studios Productions LLLP</u>, Case No. CV 07-0801 (C.D.

Cal.). He also appeared as *amicus curiae* for NBC Universal in <u>Tur v. YouTube, Inc.</u>, 2007 U.S. Dist. LEXIS 50254 (C.D. Cal., June 20, 2007). Mr. Mayer has authored a number of articles on intellectual property issues, and serves on the executive committee of the Intellectual Property and Entertainment Section of the Los Angeles County Bar Association.

        **C.**     <u>**J. Matthew Williams**</u>: Mr. Williams, an associate at MSK, graduated from the American University Washington College of Law, where he received his J.D. degree, *magna cum laude*, in 2006. He became a member of the Bar of the District of Columbia in January of 2007. Mr. Williams has been involved in multiple intellectual property related cases, including <u>Perfect 10, Inc. v. Amazon</u>, 487 F.3d 701 (9th Cir. 2007) and <u>Tur v. YouTube, Inc.</u>, 2007 U.S. Dist. LEXIS 50254 (C.D. Cal., June 20, 2007). He has also published several law review articles regarding copyright issues.

        **D.**     <u>**Other Attorneys**</u>: Robert M. Dudnik and Eric J. Schwartz also participated in the defense of this case, although they spent smaller amounts of time and focused on limited issues. Mr. Dudnik, of counsel at MSK, graduated from Yale Law School, where he received a J.D. degree, *cum laude*, in 1964. He has been a member of the Bar of the State of California since 1970. Mr. Dudnik has litigated various copyright and intellectual property cases, including <u>Swirsky v. Carey</u>, 376 F.3d 841 (9th Cir. 2004); <u>Associated Artists Entertainment, Inc. v. Walt Disney Pictures</u>, 1999 U.S. App. LEXIS 3990 (9th Cir. Mar. 3, 1999); <u>Kornfeld v. CBS, Inc.</u>, 1985 U.S. Dist. LEXIS 18884 (C.D. Cal. Jun. 14, 1985); and <u>Warner Bros. Inc. v. Film Ventures International</u>, 403 F. Supp. 522 (C.D. Cal. 1975). Mr. Schwartz, a partner at MSK since 2006, graduated from the American University Washington College of Law, where he received his J.D. degree, in 1984. He has been a member of the Bar of the State of New York since 1985, and the Bar of the District of Columbia since 1986. Prior to

joining MSK, Mr. Schwartz was a partner at the law firm of Smith & Metalitz LLP, as well as

Acting General Counsel of the U.S. Copyright Office. He currently serves as Co-Chair of the

Washington D.C. chapter of the Copyright Society, and Adjunct Professor of Law at Georgetown

University Law Center, where he teaches a course in advanced copyright law.

      **E.**   **Other Staff**: Paralegals and support staff within MSK also worked on this

case under our supervision, however, as a courtesy to Defendants, MSK did not charge for their

time. I believe that if paralegals and the support staff who worked on this case had not worked

on it, they would, instead, have worked on other, comparable matters.[1]

6.     From the inception of this case through March 31, 2008, MSK has worked a total

of 489.70 hours and billed Defendants a total of $147,668.99 for that work. In addition,

Defendants incurred non-taxable costs (including mail costs; telecopier and copying costs; online

research costs; and travel costs) in connection with this litigation in the amount of $1,000.88.

Attached hereto as Exhibit 1 is a chart prepared by my office reflecting hours spent by MSK

attorneys (and fees incurred by Defendants in connection with that time) on a month-by-month

basis from the inception of this action through early-April 2008. Attached hereto as Exhibit 2 is

a chart prepared by my office reflecting non-taxable costs incurred by Defendants in connection

with this action.

7.     MSK keeps contemporaneous, computerized time records and sends bills to the

clients that reflect the name of the lawyer, a description of the work, and the number of hours

spent. As noted in Paragraph 2, because of the nature of this action, the number of defendants

sued, and the relationships between the defendants, MSK adopted a special billing structure for

---

[1] The law firm of diGenova and Toensing, LLP also made an appearance in this case on behalf of
Defendants, for which MSK billed Defendants $1,200.00 as a cost paid in advance by MSK.

this case. From the inception of the case in January 2007 through the end of September 2007, 12/13 (approximately 92.3%) of the attorneys' fees incurred by MSK were billed to NBC Universal, representing fees incurred by 12 of the 13 defendants that appeared in the case. The final 1/13 of MSK fees (approximately 7.7% of the total) were separately billed to The New Yorker, representing its proportional share of the total fees incurred. In October 2007, defendant Ang Lee appeared in the case (bringing the total number of defendants to 14), and also was represented by MSK. From October 2007 to the present (following Ang Lee's appearance) 13/14 (approximately 92.85%) of the attorneys' fees incurred by MSK were billed to NBC Universal, representing fees incurred by 13 of the 14 defendants. The final 1/14 of MSK fees (approximately 7.1% of the total) were separately billed to The New Yorker. Attached hereto as Exhibit 3 is a true and correct copy of MSK's itemized invoices to NBC Universal from the inception of this matter through early April 2008. Attached hereto as Exhibit 4 is a true and correct copy of MSK's itemized invoices to The New Yorker from the inception of this matter through March 31, 2008. We have redacted those portions that disclose attorney-client communications or attorney work product, which, if required, can be provided to the Court *in camera*.

7.     The hourly rates charged in this case reflect our customary charges to clients for the type of work performed, albeit at discounted (by 10%) rates offered to Defendants as a courtesy. The specific hourly rates charged by MSK to Defendants for this case are:

- Metalitz:  During 2008, $463.50. During 2007, $423.00.
- Mayer:     During 2008, $396.00. During 2007, $396.00.
- Williams:  During 2008, $252.00. During 2007, $211.50.
- Dudnik:   During 2007, $495.00.
- Schwartz: During 2007, $414.00.

8.     The standard hourly rates set forth above reflect MSK's customary charges for the type of work performed, less discounts that are given to this client.  In addition, MSK recently participated in a survey conducted by PricewaterhouseCoopers LLP, comparing the billing rates of medium-sized law firms in the Los Angeles area.  The results of this confidential survey, issued in October 2007, indicate that MSK's billing rates in this action were (and remain) customary and reasonable, falling within the average range of billing rates of other medium-sized law firms in Los Angeles.  Attached hereto as Exhibit 5 is a true and correct copy of relevant pages of the PricewaterhouseCoopers LLP survey of billing rates.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on April 18, 2008, at Washington, D.C.

Date:  April 18, 2008

Steven J. Metalitz

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing DECLARATION OF STEVEN J. METALITZ IN SUPPORT OF DEFENDANTS' MOTION FOR AN AWARD OF ATTORNEYS' FEES AND FULL COSTS has been served, via Federal Express and via the Court's electronic filing system, to the following address on April 18, 2008:

Janice Scott-Blanton
3578 Wharf Lane
Triangle, VA 22172

/s/ Steven J. Metalitz
Steven J. Metalitz (D.C. Bar No. 944603)
MITCHELL SILBERBERG & KNUPP LLP
1818 N St., N.W., 8th Floor
Washington, D.C. 20036
(202) 355-7902 (Telephone)
(202) 355-7899 (Facsimile)
*Attorneys for Defendants*

**EXHIBIT 1**

**Declaration of Steven J. Metalitz**

**Civil Case Case No. 1.07cv00098 (RMU)**

**Exhibit 1**

**Summary Of Attorneys' Fees**

**February 2007**

| Atty/Para | Hours | Rate | Total Amount |
|---|---|---|---|
| R. Dudnick | 11.40 | $495.00 | $5,643.00 |
| S. Metalitz | 33.20 | $423.00 | $14,043.60 |
| M. Mayer | 46.40 | $396.00 | $18,374.40 |
| J. Williams | 68.50 | $244.40 | $14,487.75 |
| | | Total: | $52,548.75 |

**March 2007**

| Atty/Para | Hours | Rate | Total Amount |
|---|---|---|---|
| R. Dudnick | .70 | $495.00 | $346.50 |
| S. Metalitz | 19.70 | $423.00 | $8,333.10 |
| M. Mayer | 34.10 | $396.00 | $13,503.60 |
| J. Williams | 50.00 | $244.40 | $10,575.00 |
| | | Total: | $32,758.20 |

**April 2007**

| Atty/Para | Hours | Rate | Total Amount |
|---|---|---|---|
| S. Metalitz | 7.20 | $423.00 | $3,045.60 |
| M. Mayer | 15.70 | $396.00 | $6,217.20 |
| J. Williams | 11.70 | $244.40 | $2,474.55 |
| | | Total: | $11,737.35 |

**June 2007**

| Atty/Para | Hours | Rate | Total Amount |
|---|---|---|---|
| S. Metalitz | 1.20 | $423.00 | $507.60 |
| J. Williams | 1.70 | $211.50 | $359.55 |
| | | Total: | $867.15 |

**July 2007**

| Atty/Para | Hours | Rate | Total Amount |
|---|---|---|---|
| S. Metalitz | 1.10 | $423.00 | $465.30 |
| M. Mayer | .40 | $396.00 | $158.40 |
| | | Total: | $623.70 |

**August 2007**

| Atty/Para | Hours | Rate | Total Amount |
|---|---|---|---|
| S. Metalitz | .90 | $423.00 | $380.70 |
| M. Mayer | 18.80 | $396.00 | $7,444.80 |
| | | **Total**: | $7,825.50 |

**September 2007**

| Atty/Para | Hours | Rate | Total Amount |
|---|---|---|---|
| M. Mayer | 13.60 | $423.00 | $5,752.80 |
| E. Schwartz | .50 | $414.00 | $207.00 |
| M. Mayer | 11.80 | $396.00 | $4,672.80 |
| J. Williams | 41.30 | $211.50 | $8,735.95 |
| | | **Total**: | $19,367.55 |

**October 2007**

| Atty/Para | Hours | Rate | Total Amount |
|---|---|---|---|
| S. Metalitz | 7.60 | $423.00 | $3,214.80 |
| M. Mayer | 2.80 | $396.00 | $1,108.80 |
| J. Williams | 17.40 | $211.50 | $3,680.10 |
| | | **Total**: | $8,003.70 |

**November 2007**

| Atty/Para | Hours | Rate | Total Amount |
|---|---|---|---|
| S. Metalitz | .90 | $423.00 | $380.70 |
| M. Mayer | 1.10 | $396.00 | $435.60 |
| J. Williams | 1.60 | $211.50 | $338.40 |
| | | **Total**: | $1,154.70 |

**December 2007**

| Atty/Para | Hours | Rate | Total Amount |
|---|---|---|---|
| S. Metalitz | 6.00 | $423.00 | $2,538.00 |
| M. Mayer | 20.60 | $396.00 | $8,157.60 |
| J. Williams | 13.50 | $211.50 | $2,855.25 |
| | | **Total**: | $13,550.85 |

**March 2008**

| Atty/Para | Hours | Rate | Total Amount |
|---|---|---|---|
| S. Metalitz | 4.50 | $463.50 | $2,085.75 |
| M. Mayer | 10.80 | $396.00 | $4,276.80 |
| J. Williams | 12.70 | $252.00 | $3,200.40 |
| C. Pratt | .30 | $50.00 | $15.00 |
| | | **Total**: | $9,577.95 |

**Grand Total**                                              **$158,015.40**

**Less Courtesy Discounts**                           **[$10,346.41]**

**Total Attorney Fees with Discount applied**    **$147,668.99**


**Total Billed to The New Yorker less share of the costs**    **$ 11,180.55**
**Total Billed to NBC less share of costs**                        **$136,488.44**

# EXHIBIT 2

# Declaration of Steven J. Metalitz

# Civil Case Case No. 1.07cv00098 (RMU)

**Exhibit 2**

**Summary Of Costs**

**March 2007**

| Air Courier | $244.33 |
|---|---|
| Books | $20.12 |
| Total: | $264.45 |

**April 2007**

| Books | $160.51 |
|---|---|
| Pacer | $27.68 |
| Air Courier | $293.05 |
| Total: | $481.24 |

**May 2007**

| Air Courier | $12.00 |
|---|---|
| Total: | $12.00 |

**September 2007**

| Delivery Service | $11.64 |
|---|---|
| Total: | $11.64 |

**October 2007**

| Pacer | $6.88 |
|---|---|
| Delivery Service | $149.44 |
| Total: | $156.32 |

**November 2007**

| Ground Transportation | $32.00 |
|---|---|
| Total: | $32.00 |

**December 2007**

| Delivery Service | $26.07 |
|---|---|
| Total: | $26.07 |

**January 2008**

| Delivery Service | $17.16 |
|---|---|
| Total: | $17.16 |

**Total Costs: $1,000.88**

# EXHIBIT 3

# Declaration of Steven J. Metalitz

# Civil Case Case No. 1.07cv00098 (RMU)

# MITCHELL SILBERBERG & KNUPP LLP

A LAW PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS

**MS&K**

FID #:95-1883538
(310) 312-2000 Phone
(310) 312-3100 Fax

NBC Universal
100 Universal City Plaza
Building 1280-6
Universal City, CA 91608
Attn.: David Burg

00050  40477-00004
Invoice: 183275

May 17, 2007

**THIS INVOICE SUPERSEDES INVOICE #181953 DATED APRIL 25, 2007**

**LEGAL SERVICES RENDERED** through February 28, 2007

Re:    Scott-Blanton Litigation                              52,548.75
       Less courtesy adjustment:                           (10,343.25)
                                                                          $42,205.50

TOTAL DUE:                                                                $42,205.50

Total due from NBC: 12/13 of invoice = $38,958.92

11377 West Olympic Boulevard, Los Angeles, California  90064-1683
Phone: (310) 312-2000  Fax: (310) 312-3100  Website: WWW.MSK.COM

## MITCHELL SILBERBERG & KNUPP LLP

NBC Universal
100 Universal City Plaza
Building 1280-6
Universal City, CA 91608
Attn.: David Burg

00050 40477-00004
Invoice: 183275

May 17, 2007
Page 2


**<u>Scott-Blanton Litigation</u>**


**Fees through February 28, 2007:**

| | | | | |
|---|---|---|---|---|
| 02/01/07 | Research procedural issues in Scott-Blanton litigation. | J. WILLIAMS | 3.10 | 655.65 |
| 02/01/07 | Review and analyze complaint and exhibits in Scott-Blanton litigation. | J. WILLIAMS | 4.90 | 1,036.35 |
| 02/01/07 | Conference with M. Williams regarding service, allegations, etc.; e-mails regarding joint representation. | S. METALITZ | 0.50 | 211.50 |
| 02/02/07 | Develop Scott-Blanton litigation strategy. | J. WILLIAMS | 2.00 | 423.00 |
| 02/02/07 | Review complaint/materials in Scott-Blanton litigation. | J. WILLIAMS | 2.50 | 528.75 |
| 02/02/07 | Research likely copyright arguments in Scott-Blanton litigation. | J. WILLIAMS | 3.10 | 655.65 |
| 02/02/07 | Revise and send memo to clients regarding contacting plaintiff, etc.; telephone call with S. Alexander regarding                etc. | S. METALITZ | 1.00 | 423.00 |

**REDACTED**

MITCHELL SILBERBERG & KNUPP LLP

NBC Universal
100 Universal City Plaza
Building 1280-6
Universal City, CA 91608
Attn.: David Burg

00050 40477-00004
Invoice: 183275

May 17, 2007
Page 3

| Date | Description | Timekeeper | Hours | Amount |
|---|---|---|---|---|
| 02/02/07 | Conference with M. Williams regarding District Court rules; review complaint, etc.; prepare and participate in teleconference with M. Mayer; task M. Williams regarding e-mail; conference with M. Williams regarding court rules; set up call. | S. METALITZ | 2.10 | 888.30 |
| 02/04/07 | Review status of indemnification, etc. | S. METALITZ | 0.20 | 84.60 |
| 02/05/07 | Prepare for and participate in teleconference with David Burg and Steve Metalitz regarding Scott-Blanton strategy. | J. WILLIAMS | 0.50 | 105.75 |
| 02/05/07 | Review "Brokeback Mountain Story to Screenplay" for information relevant to time line of filming. | J. WILLIAMS | 0.70 | 148.05 |
| 02/05/07 | Draft email to plaintiff regarding waivers of service in Scott-Blanton litigation. | J. WILLIAMS | 1.00 | 211.50 |
| 02/05/07 | Research ¨ in D.C. Circuit and other procedural issues. | J. WILLIAMS | 4.20 | 888.30 |
| 02/05/07 | Review and analyze complaint and supporting documents. | M. MAYER | 1.20 | 475.20 |

REDACTED

MITCHELL SILBERBERG & KNUPP LLP

NBC Universal                                 00050 40477-00004
100 Universal City Plaza                      Invoice: 183275
Building 1280-6
Universal City, CA 91608                      May 17, 2007
Attn.:  David Burg                            Page 4

| Date | Description | Attorney | Hours | Amount |
|---|---|---|---|---|
| 02/05/07 | Review complaint and annexed material; web research regarding plaintiff; task M. Williams; review M. Williams draft for Scott-Blanton e-mail; telephone calls with M. Mayer; telephone call to D. Burg; conference with M. Williams; voice mail plaintiff; conference with M. Williams regarding case; edit and send e-mail to plaintiff; web research regarding plaintiff. | S. METALITZ | 3.20 | 1,353.60 |
| 02/06/07 | Research DC law on | J. WILLIAMS | 0.50 | 105.75 |
| 02/06/07 | Discuss copy of Scott-Blanton plaintiff's certificate of registration obtained by Pam Burchette and procedure for obtaining deposit copy. | J. WILLIAMS | 0.30 | 63.45 |
| 02/06/07 | Prepare waivers of service of summons. | J. WILLIAMS | 0.70 | 148.05 |
| 02/06/07 | Review local USDDC rules on service. | J. WILLIAMS | 0.40 | 84.60 |
| 02/06/07 | Retrieve and review waiver request documents from Pacer. | J. WILLIAMS | 0.40 | 84.60 |
| 02/06/07 | Research issues related to execution of service waivers. | J. WILLIAMS | 0.50 | 105.75 |

**REDACTED**

# MITCHELL SILBERBERG & KNUPP LLP

NBC Universal
100 Universal City Plaza
Building 1280-6
Universal City, CA 91608
Attn.: David Burg

00050 40477-00004
Invoice: 183275

May 17, 2007
Page 5

| Date | Description | Attorney | Hours | Amount |
|---|---|---|---|---|
| 02/06/07 | Review and analyze complaint and supporting materials; review Plaintiff's book; review short story "Brokeback Mountain." | M. MAYER | 1.10 | 435.60 |
| 02/06/07 | Legal research regarding waiver of service issues. | M. MAYER | 0.30 | 118.80 |
| 02/06/07 | E-mails and conference with M. Williams regarding process issues. | S. METALITZ | 0.20 | 84.60 |
| 02/07/07 | Review news articles regarding Scott-Blanton litigation. | J. WILLIAMS | 0.60 | 126.90 |
| 02/07/07 | Search Pacer for return of service filings in Scott-Blanton litigation. | J. WILLIAMS | 0.20 | 42.30 |
| 02/07/07 | Draft cover letters to twelve co-defendants in Scott-Blanton litigation to accompany joint representation agreements and waiver of service forms. | J. WILLIAMS | 3.50 | 740.25 |
| 02/07/07 | Telephone call with R. Dudnick; review representation/service waiver letters to clients; review engagement letter; e-mail client; e-mail C. Shelton; edit rep/service waiver letters; web research regarding plaintiff. | S. METALITZ | 1.30 | 549.90 |
| 02/08/07 | Draft application to obtain deposit copy of Scott-Blanton book. | J. WILLIAMS | 0.30 | 63.45 |

## MITCHELL SILBERBERG & KNUPP LLP

NBC Universal                                    00050  40477-00004
100 Universal City Plaza                         Invoice: 183275
Building 1280-6
Universal City, CA 91608                         May 17, 2007
Attn.:  David Burg                               Page 6

| 02/08/07 | Draft joint representation agreement in Scott-Blanton litigation. | J. WILLIAMS | 0.30 | 63.45 |
|---|---|---|---|---|
| 02/08/07 | Conference with M. Mayer; review and analyze complaint. | R. DUDNIK | 0.90 | 445.50 |
| 02/08/07 | Conference with M. Williams and circulate e-mail regarding deposit copy; review and approve packages to clients, e-mails regarding client contacts. | S. METALITZ | 0.80 | 338.40 |
| 02/09/07 | Edit cover letter to Universal with Joint Representation Agreement; set up strategy meeting; e-mail E. Remes regarding Proulx book. | S. METALITZ | 0.40 | 169.20 |
| 02/12/07 | Review and analyze allegedly infringed materials. | M. MAYER | 0.60 | 237.60 |
| 02/12/07 | Voice mails and e-mails regarding Ang Lee, other representation. | S. METALITZ | 0.50 | 211.50 |
| 02/13/07 | Research procedural issues involving response to Scott-Blanton motion for amended complaint and preliminary injunction. | J. WILLIAMS | 2.00 | 423.00 |
| 02/13/07 | Review and summarize Scott-Blanton amended complaint and motion for preliminary injunction. | J. WILLIAMS | 1.50 | 317.25 |

# MITCHELL SILBERBERG & KNUPP LLP

NBC Universal                              00050  40477-00004
100 Universal City Plaza                   Invoice: 183275
Building 1280-6
Universal City, CA 91608                   May 17, 2007
Attn.:  David Burg                         Page 7

| 02/13/07 | Review and analyze amended complaint, motion for leave to file amended complaint, motion for preliminary injunction; conference with M. Williams regarding same. | M. MAYER | 1.20 | 475.20 |
|---|---|---|---|---|
| 02/13/07 | Draft and revise opposition to motion for preliminary injunction; legal research regarding same. | M. MAYER | 4.10 | 1,623.60 |
| 02/13/07 | Legal research regarding injunction standards in District of Columbia, irreparable harm issues. | M. MAYER | 1.80 | 712.80 |
| 02/13/07 | Review amended complaint, etc.; e-mails and conference with M. Williams regarding amended complaint, etc.; prepare e-mail to clients regarding amended complaint; telephone call to Oberlander regarding the New Yorker. | S. METALITZ | 1.40 | 592.20 |
| 02/14/07 | Plan strategy for responding to amended complaint and motion for preliminary injunction of Scott-Blanton. | J. WILLIAMS | 2.50 | 528.75 |
| 02/14/07 | Review and summarize local rules on electronic filing system for Scott-Blanton litigation. | J. WILLIAMS | 0.50 | 105.75 |

**REDACTED**

MITCHELL SILBERBERG & KNUPP LLP

NBC Universal
100 Universal City Plaza
Building 1280-6
Universal City, CA 91608
Attn.: David Burg

00050 40477-00004
Invoice: 183275

May 17, 2007
Page 7

| | | | | |
|---|---|---|---|---|
| 02/13/07 | Review and analyze amended complaint, motion for leave to file amended complaint, motion for preliminary injunction; conference with M. Williams regarding same. | M. MAYER | 1.20 | 475.20 |
| 02/13/07 | Draft and revise opposition to motion for preliminary injunction; legal research regarding same. | M. MAYER | 4.10 | 1,623.60 |
| 02/13/07 | Legal research regarding injunction standards in District of Columbia, irreparable harm issues. | M. MAYER | 1.80 | 712.80 |
| 02/13/07 | Review amended complaint, etc.; e-mails and conference with M. Williams regarding amended complaint, etc.; prepare e-mail to clients regarding amended complaint; telephone call to Oberlander regarding the New Yorker. | S. METALITZ | 1.40 | 592.20 |
| 02/14/07 | Plan strategy for responding to amended complaint and motion for preliminary injunction of Scott-Blanton. | J. WILLIAMS | 2.50 | 528.75 |
| 02/14/07 | Review and summarize local rules on electronic filing system for Scott-Blanton litigation. | J. WILLIAMS | 0.50 | 105.75 |

**REDACTED**

## MITCHELL SILBERBERG & KNUPP LLP

NBC Universal                           00050 40477-00004
100 Universal City Plaza                Invoice: 183275
Building 1280-6
Universal City, CA 91608                May 17, 2007
Attn.: David Burg                       Page 8


| 02/14/07 | Draft letter to plaintiff regarding executed cover letters and response date for preliminary injunction motion. | J. WILLIAMS | 1.10 | 232.65 |
|---|---|---|---|---|
| 02/14/07 | Draft and revise opposition to motion for preliminary injunction; conferences with S. Metalitz, M. Williams regarding case strategy, opposition papers, ex parte application for additional time; draft stipulation regarding timing of response to motion for preliminary injunction. | M. MAYER | 4.80 | 1,900.80 |
| 02/14/07 | Draft and revise letter to plaintiff regarding attorneys' fees, Rule 11 sanctions. | M. MAYER | 2.20 | 871.20 |
| 02/14/07 | Review M. Mayer material, conference with M. Williams; review amended complaint and notices; review and revise letter to plaintiff regarding dates, waiver of service, etc.; e-mails regarding status of defendants, etc.; sign and send memo to plaintiff; prepare and participate in teleconference with M. Mayer; send letter to plaintiff; review and revise joint representation letter; voice mail to S. Alexander; telephone call to G. Strong regarding Proulx declaration; e-mails S. Alexander. | S. METALITZ | 3.60 | 1,522.80 |
| 02/15/07 | Revise letter to plaintiff regarding attorney fees, etc. | J. WILLIAMS | 0.20 | 42.30 |

MITCHELL SILBERBERG & KNUPP LLP

NBC Universal                                          00050 40477-00004
100 Universal City Plaza                               Invoice: 183275
Building 1280-6
Universal City, CA 91608                               May 17, 2007
Attn.: David Burg                                      Page 9

| Date | Description | Attorney | Hours | Amount |
|---|---|---|---|---|
| 02/15/07 | Draft and revise stipulation, stipulation cover letter, ex parte application for extended time to file opposition to preliminary injunction. | J. WILLIAMS | 5.00 | 1,057.50 |
| 02/15/07 | Call clerk's office regarding electronic filing in Scott-Blanton litigation. | J. WILLIAMS | 0.20 | 42.30 |
| 02/15/07 | Call to clerk's office regarding filing of amended complaint, etc. in Scott-Blanton litigation. | J. WILLIAMS | 0.20 | 42.30 |
| 02/15/07 | Prepare for filing stipulation in Scott-Blanton litigation. | J. WILLIAMS | 0.80 | 169.20 |
| 02/15/07 | Draft and revise ex parte application for additional time to respond to motion for preliminary injunction. | M. MAYER | 2.20 | 871.20 |
| 02/15/07 | Draft and revise opposition memorandum to motion for a preliminary injunction; draft declarations in opposition to motion for preliminary injunction; conferences with S. Metalitz regarding same; telephone conference with T. Ragsac and S. Alexander regarding same; legal research regarding preliminary injunction, irreparable harm, scenes a faire defense; review materials submitted by Plaintiff in support of motion for preliminary injunction. | M. MAYER | 7.10 | 2,811.60 |

MITCHELL SILBERBERG & KNUPP LLP

NBC Universal                                    00050 40477-00004
100 Universal City Plaza                         Invoice: 183275
Building 1280-6
Universal City, CA 91608                         May 17, 2007
Attn.: David Burg                                Page 10

| 02/15/07 | Review memo regarding electronic filing rules. | S. METALITZ | 0.10 | 42.30 |
|----------|------------------------------------------------|-------------|------|-------|
| 02/15/07 | Voice mail to J. Scott-Blanton; telephone call Chambers regarding filing issues; conference with M. Williams; telephone call to diGenova; telephone calls and conferences with counsel and clients and with associated counsel regarding response to motion for preliminary injunction; drafting and send materials to counsel and plaintiff. | S. METALITZ | 5.00 | 2,115.00 |
| 02/16/07 | Draft certificate of interest. | J. WILLIAMS | 0.40 | 84.60 |
| 02/16/07 | Research and draft memo regarding substantial similarity issues in the DC Circuit. | J. WILLIAMS | 9.80 | 2,072.70 |
| 02/16/07 | Review and analyze orders from the Court regarding timing of preliminary injunction. | M. MAYER | 0.20 | 79.20 |
| 02/16/07 | Conferences with S. Metalitz regarding preliminary injunction papers, conferences with plaintiffs, filing of ex parte application for additional time, pro hac vice application. | M. MAYER | 0.80 | 316.80 |
| 02/16/07 | Draft and revise brief in opposition to preliminary injunction; legal research regarding same. | M. MAYER | 3.10 | 1,227.60 |

MITCHELL SILBERBERG & KNUPP LLP

_____

NBC Universal                                    00050 40477-00004
100 Universal City Plaza                         Invoice: 183275
Building 1280-6
Universal City, CA 91608                          May 17, 2007
Attn.: David Burg                                 Page 11


| 02/16/07 | Telephone conference with S. Alexander, T. Ragsac regarding declarations, irreparable harm issues, opposition to preliminary injunction, Rule 11 letter to Plaintiff. | M. MAYER | 0.30 | 118.80 |
|---|---|---|---|---|
| 02/16/07 | Review and analyze papers filed by plaintiff in connection with motion for preliminary injunction; legal research re | R. DUDNIK | 2.20 | 1,089.00 |
| 02/16/07 | Review, edit and forward draft declaration to client; e-mails to co-counsel and client (New Yorker) regarding declaration; conference with M. Williams; telephone call to diGenova; draft status memo to clients; e-mails regarding plaintiffs letter; telephone call to diGenova regarding filing; complete memo to clients and send; revise draft declaration for Roth; review and circulate USDC orders; review M. Mayer draft letter to plaintiff and comment; preparations for next filing. | S. METALITZ | 5.10 | 2,157.30 |
| 02/17/07 | Review and revise draft of brief in opposition to preliminary injunction; add to brief; prepare draft of letter to plaintiff re legal fees. | R. DUDNIK | 2.60 | 1,287.00 |


**REDACTED**

## MITCHELL SILBERBERG & KNUPP LLP

| | |
|---|---|
| NBC Universal | 00050  40477-00004 |
| 100 Universal City Plaza | Invoice: 183275 |
| Building 1280-6 | |
| Universal City, CA 91608 | May 17, 2007 |
| Attn.: David Burg | Page 12 |

| | | | | |
|---|---|---|---|---|
| 02/17/07 | E-mail plaintiff; memo to co-counsel regarding amended complaint, docket correction, etc | S. METALITZ | 0.40 | 169.20 |
| 02/19/07 | Draft Certificate of Interest in Scott-Blanton litigation. | J. WILLIAMS | 0.60 | 126.90 |
| 02/19/07 | Legal research re access in Nimmer and Goldstein; further revise draft brief in opposition to preliminary injunction. | R. DUDNIK | 1.90 | 940.50 |
| 02/20/07 | Contact River Road regarding certificate of interest. | J. WILLIAMS | 0.10 | 21.15 |
| 02/20/07 | Receive communication from plaintiff Scott-Blanton regarding Ang Lee's attorney. | J. WILLIAMS | 0.20 | 42.30 |
| 02/20/07 | Review emails regarding declarations, etc. for Scott-Blanton litigation. | J. WILLIAMS | 0.40 | 84.60 |
| 02/20/07 | Review letter to Janice Scott-Blanton regarding attorneys' fees, etc. | J. WILLIAMS | 0.20 | 42.30 |
| 02/20/07 | Research substantial similarity in DC Circuit for Scott-Blanton litigation. | J. WILLIAMS | 0.30 | 63.45 |

MITCHELL SILBERBERG & KNUPP LLP

NBC Universal                                    00050  40477-00004
100 Universal City Plaza                         Invoice: 183275
Building 1280-6
Universal City, CA 91608                         May 17, 2007
Attn.:  David Burg                               Page 13

| 02/20/07 | Draft and revise opposition to preliminary injunction; draft and revise declaration of Jeff Roth in support of opposition papers regarding preliminary injunction; conference call with S. Alexander, T. Ragsac, J. Roth regarding timeline of production/post-produc tion for "Brokeback Mountain;" review and analyze materials provided by client concerning post-production schedule; e-mail correspondence with Plaintiff regarding service issues. | M. MAYER | 3.70 | 1,465.20 |
| 02/20/07 | Conference with M. Mayer re opposition to preliminary injunction. | R. DUDNIK | 0.20 | 99.00 |
| 02/20/07 | Review BBM story and screenplay. | S. METALITZ | 1.20 | 507.60 |
| 02/21/07 | Telephone calls with Deobroah Zipser of River Road Entertainment regarding waiver of service. | J. WILLIAMS | 0.30 | 63.45 |
| 02/21/07 | Draft certificate of service. | J. WILLIAMS | 0.20 | 42.30 |
| 02/21/07 | Review plaintiff's opposition to defendants' ex parte application for extended time. | J. WILLIAMS | 0.50 | 105.75 |
| 02/21/07 | Draft and revise opposition to motion for preliminary injunction. | M. MAYER | 2.80 | 1,108.80 |

MITCHELL SILBERBERG & KNUPP LLP

NBC Universal
100 Universal City Plaza
Building 1280-6
Universal City, CA 91608
Attn.: David Burg

00050 40477-00004
Invoice: 183275

May 17, 2007
Page 14

| Date | Description | Attorney | Hours | Amount |
|------|-------------|----------|-------|--------|
| 02/21/07 | Conference with M. Mayer re plaintiff's position concerning irreparable injury. | R. DUDNIK | 0.20 | 99.00 |
| 02/21/07 | Review and forward plaintiff's communications. | S. METALITZ | 0.20 | 84.60 |
| 02/22/07 | Draft and revise letter to Plaintiff regarding infringement claims, Rule 11; correspondence with clients regarding same. | M. MAYER | 0.30 | 118.80 |
| 02/22/07 | Review BBM screenplay. | S. METALITZ | 1.00 | 423.00 |
| 02/23/07 | Review issues related to filing of waivers of service. | J. WILLIAMS | 0.50 | 105.75 |
| 02/23/07 | Conference with S. Alexander regarding declaration of J. Roth; review and analyze edits to declaration. | M. MAYER | 0.20 | 79.20 |
| 02/23/07 | Draft and revise opposition to motion for preliminary injunction; draft declaration of Marc Mayer in opposition to preliminary injunction. | M. MAYER | 2.40 | 950.40 |
| 02/23/07 | Revise and finalize letter to plaintiff regarding infringement claims. | M. MAYER | 0.40 | 158.40 |
| 02/23/07 | Conference with M. Mayer re declarations; review cases ⌐ | R. DUDNIK | 0.40 | 198.00 |

REDACTED

MITCHELL SILBERBERG & KNUPP LLP

NBC Universal
100 Universal City Plaza
Building 1280-6
Universal City, CA 91608
Attn.: David Burg

00050 40477-00004
Invoice: 183275

May 17, 2007
Page 15

| | | | | |
|---|---|---|---|---|
| 02/23/07 | E-mails regarding plaintiff's filings; review letter to plaintiff. | S. METALITZ | 0.30 | 126.90 |
| 02/26/07 | Email with Deborah Zipser regarding River Road waiver of service and certificate of interest. | J. WILLIAMS | 0.30 | 63.45 |
| 02/26/07 | Review letter to Janice Scott-Blanton regarding waiver of service. | J. WILLIAMS | 0.20 | 42.30 |
| 02/26/07 | Revise opposition to plaintiff's PI motion and declarations. | J. WILLIAMS | 1.30 | 274.95 |
| 02/26/07 | Draft declaration regarding harm to Universal if preliminary injunction is issues; revise and finalize memorandum in opposition to motion for preliminary injunction. | M. MAYER | 2.60 | 1,029.60 |
| 02/26/07 | Review draft papers; task P. Burchette regarding service waivers. | S. METALITZ | 0.20 | 84.60 |
| 02/27/07 | Revise opposition to PI motion, Mayer declaration and harm declaration. | J. WILLIAMS | 2.80 | 592.20 |
| 02/27/07 | Draft and revise opposition to preliminary injunction. | M. MAYER | 0.60 | 237.60 |
| 02/27/07 | Locate cases re ↧ | R. DUDNIK | 0.20 | 99.00 |

**REDACTED**

MITCHELL SILBERBERG & KNUPP LLP

NBC Universal                                    00050 40477-00004
100 Universal City Plaza                         Invoice: 183275
Building 1280-6
Universal City, CA 91608                         May 17, 2007
Attn.: David Burg                                Page 16

| | | | | |
|---|---|---|---|---|
| 02/27/07 | Review draft opposition papers. | S. METALITZ | 0.80 | 338.40 |
| 02/28/07 | Search Pacer for filing of amended Scott-Blanton complaint. | J. WILLIAMS | 0.20 | 42.30 |
| 02/28/07 | Revise declarations. | J. WILLIAMS | 0.40 | 84.60 |
| 02/28/07 | Draft Answer to Scott-Blanton complaint. | J. WILLIAMS | 0.60 | 126.90 |
| 02/28/07 | Revise opposition to PI motion. | J. WILLIAMS | 5.50 | 1,163.25 |
| 02/28/07 | Conference with S. Metalitz, B. Dudnik regarding opposition to preliminary injunction. | M. MAYER | 0.40 | 158.40 |
| 02/28/07 | Conference with S. Alexander regarding declaration of Jeffrey Roth. | M. MAYER | 0.20 | 79.20 |
| 02/28/07 | Draft and revise opposition to preliminary injunction. | M. MAYER | 1.20 | 475.20 |
| 02/28/07 | Revise declaration regarding harm to Universal concerning preliminary injunction. | M. MAYER | 0.60 | 237.60 |

MITCHELL SILBERBERG & KNUPP LLP

NBC Universal                                    00050 40477-00004
100 Universal City Plaza                         Invoice: 183275
Building 1280-6
Universal City, CA 91608                         May 17, 2007
Attn.: David Burg                                Page 17

| | | | | |
|---|---|---|---|---|
| 02/28/07 | Telephone conference with M. Mayer; review and revise new draft of brief in opposition to motion for preliminary injunction; telephone conferences with S. Metalitz re same; prepare proposed section on substantial similarity; extensive telephone conference with M. Mayer and S. Metalitz. | R. DUDNIK | 2.80 | 1,386.00 |
| 02/28/07 | Edit opposition to Plaintiff motion; telephone call to R. Dudnik; e-mails regarding edits to opposition motion; revise declarations and charts for plaintiff opposition; telephone call with R. Dudnik; set up teleconference; review R. Dudnik edits; teleconference with M. Mayer. | S. METALITZ | 3.70 | 1,565.10 |

(10,343.25)

Total Fees:                                                     $42,205.50

# MITCHELL SILBERBERG & KNUPP LLP

NBC Universal
100 Universal City Plaza
Building 1280-6
Universal City, CA 91608
Attn.: David Burg

00050 40477-00004
Invoice: 183275

May 17, 2007
Page 18

## Billing Summary

| Name | Hours | | Rate | | Fees |
|------|-------|---|------|---|------|
| R. DUDNIK | 11.40 | hours at | $495.00 | = | 5,643.00 |
| S. METALITZ | 33.20 | hours at | $423.00 | = | 14,043.60 |
| M. MAYER | 46.40 | hours at | $396.00 | = | 18,374.40 |
| J. WILLIAMS | 68.50 | hours at | $211.50 | = | 14,487.75 |
| SUMMARY TOTALS | 159.50 | | | | 52,548.75 |

# MITCHELL SILBERBERG & KNUPP LLP

A LAW PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS

**MS&K**

FID #:95-1883538
(310) 312-2000 Phone
(310) 312-3100 Fax

NBC Universal
100 Universal City Plaza
Building 1280-6
Universal City, CA 91608
Attn.: David Burg

00050  40477-00004
Invoice: 183281

May 17, 2007

**THIS INVOICE SUPERSEDES INVOICE #182228 DATED APRIL 29, 2007**

**LEGAL SERVICES RENDERED** through March 31, 2007

| Re: | Scott-Blanton Litigation | 32,758.20 | |
|-----|--------------------------|-----------|------|
|     | Disbursements and charges per attached | 1,522.13 | |
|     |                          |           | $34,280.33 |

TOTAL DUE:                                     $34,280.33

Total due from NBC: 12/13 of invoice = $31,643.39

MITCHELL SILBERBERG & KNUPP LLP

NBC Universal                                      00050  40477-00004
100 Universal City Plaza                           Invoice: 183281
Building 1280-6
Universal City, CA 91608                           May 17, 2007
Attn.:  David Burg                                 Page 2

**Scott-Blanton Litigation**

**Fees through March 31, 2007:**

| 03/01/07 | Review plaintiff's request for consent to filing an amended complaint and analyze when to file an answer. | J. WILLIAMS | 0.50 | 105.75 |
|---|---|---|---|---|
| 03/01/07 | Draft and research Answer to Scott-Blanton complaint. | J. WILLIAMS | 0.60 | 126.90 |
| 03/01/07 | Organize waiver of service forms for filing. | J. WILLIAMS | 0.40 | 84.60 |
| 03/01/07 | Review and analyze revised version of Jeffrey Roth declaration. | M. MAYER | 0.10 | 39.60 |
| 03/01/07 | Review and analyze final version of brief; conference with M. Mayer re quote second circuit case. | R. DUDNIK | 0.30 | 148.50 |
| 03/01/07 | Respond to plaintiff; telephone call to R. Dudnick. | S. METALITZ | 0.40 | 169.20 |
| 03/01/07 | Conferences with M. Williams regarding service waivers, amended complaint; e-mails to M. Mayer; e-mails with M. Mayer regarding amended complaint, etc. | S. METALITZ | 0.40 | 169.20 |

MITCHELL SILBERBERG & KNUPP LLP

NBC Universal                                    00050 40477-00004
100 Universal City Plaza                         Invoice: 183281
Building 1280-6
Universal City, CA 91608                         May 17, 2007
Attn.: David Burg                                Page 3

| Date | Description | Attorney | Hours | Amount |
|---|---|---|---|---|
| 03/02/07 | Draft and revise opposition to preliminary injunction; e-mail to clients regarding opposition to preliminary injunction. | M. MAYER | 1.10 | 435.60 |
| 03/05/07 | Revise opposition to motion for preliminary injunction; conference with E. Remes regarding same; e-mail to clients regarding revised opposition papers. | M. MAYER | 1.10 | 435.60 |
| 03/05/07 | E-mails to M. Mayer regarding PI prep; forward draft submission to diGenova for filing. | S. METALITZ | 0.40 | 169.20 |
| 03/06/07 | Revise and finalize opposition to motion for preliminary injunction; finalize supporting documents regarding opposition to motion for preliminary injunction; draft letter to plaintiff regarding motion for summary judgment. | M. MAYER | 2.30 | 910.80 |
| 03/06/07 | Conference with M. Mayer. | R. DUDNIK | 0.10 | 49.50 |
| 03/06/07 | Review/revise Pl papers; telephone calls with M. Mayer, J. diGenova, etc., regarding Pl filing; e-mails regarding substitution filing; Pl filing; preparations; telephone call with G. Strong; e-mails regarding filing preparation and voice mail E. Remes; telephone call with M. Mayer regarding filing. | S. METALITZ | 3.00 | 1,269.00 |

MITCHELL SILBERBERG & KNUPP LLP

---

NBC Universal                                    00050 40477-00004
100 Universal City Plaza                         Invoice: 183281
Building 1280-6
Universal City, CA 91608                         May 17, 2007
Attn.: David Burg                                Page 4

| 03/07/07 | Finalize, revise and file opposition to motion for preliminary injunction and supporting documents. | M. MAYER | 1.80 | 712.80 |
| 03/07/07 | Review declarations and final version of brief. | R. DUDNIK | 0.30 | 148.50 |
| 03/07/07 | Telephone call with E. Remes regarding filing under seal; e-mails M. Mayer regarding filing. | S. METALITZ | 0.30 | 126.90 |
| 03/07/07 | Task M. Williams regarding Del Mar waiver of service form; complete Schamus/Focus service waivers and send to Plaintiff. | S. METALITZ | 0.30 | 126.90 |
| 03/08/07 | Draft cover letter to plaintiff to accompany Del Mar waiver of service. | J. WILLIAMS | 0.40 | 84.60 |
| 03/08/07 | Draft answer to Scott-Blanton amended complaint. | J. WILLIAMS | 0.70 | 148.05 |
| 03/08/07 | Draft motion for summary judgment. | J. WILLIAMS | 1.20 | 253.80 |
| 03/08/07 | Draft and revise motion for summary judgment; draft separate statement of undisputed facts; draft and revise letter to plaintiff regarding motion for summary judgment. | M. MAYER | 3.10 | 1,227.60 |

## MITCHELL SILBERBERG & KNUPP LLP

NBC Universal                              00050  40477-00004
100 Universal City Plaza                   Invoice: 183281
Building 1280-6
Universal City, CA 91608                   May 17, 2007
Attn.:  David Burg                         Page 5

| 03/08/07 | Forward service waiver and joint representation forms; accompanying e-mails; review M. Mayer drafts. | S. METALITZ | 0.40 | 169.20 |
|----------|------|------|------|------|
| 03/09/07 | Draft summary judgment motion and answer. | J. WILLIAMS | 4.40 | 930.60 |
| 03/09/07 | Draft and revise motion for summary judgment; e-mail correspondence with S. Metalitz, M. Williams regarding same; draft and revise letter to plaintiff regarding motion for summary judgment. | M. MAYER | 2.30 | 910.80 |
| 03/09/07 | Review/edit motion/summary judgment; task M. Williams regarding research on "striking similarity"; e-mails and drafting regarding motion for summary judgment, answer; review revised motion for summary judgment. | S. METALITZ | 1.70 | 719.10 |
| 03/10/07 | Draft Scott-Blanton Answer. | J. WILLIAMS | 1.60 | 338.40 |
| 03/12/07 | Draft Scott-Blanton Answer and Summary Judgment Memo. | J. WILLIAMS | 4.70 | 994.05 |
| 03/13/07 | Draft and research summary judgment motion. | J. WILLIAMS | 1.10 | 232.65 |
| 03/13/07 | Draft and research answer. | J. WILLIAMS | 0.50 | 105.75 |

MITCHELL SILBERBERG & KNUPP LLP

NBC Universal                                    00050 40477-00004
100 Universal City Plaza                         Invoice: 183281
Building 1280-6
Universal City, CA 91608                         May 17, 2007
Attn.: David Burg                                Page 6


| 03/13/07 | Research motion for summary judgment procedural issues. | J. WILLIAMS | 0.30 | 63.45 |
|----------|-----------|------------|------|-------|
| 03/13/07 | Revise motion for summary judgment; review and revise answer to complaint. | M. MAYER | 3.10 | 1,227.60 |
| 03/13/07 | Circulate draft answer to clients; review and edit answer; e-mails with M. Mayer; finalize draft answer. | S. METALITZ | 1.40 | 592.20 |
| 03/13/07 | Review motion for summary judgment. | S. METALITZ | 0.50 | 211.50 |
| 03/14/07 | Revise Scott-Blanton Answer and Memo for Summary Judgment. | J. WILLIAMS | 1.80 | 380.70 |
| 03/14/07 | Review Scott-Blanton amended complaint. | J. WILLIAMS | 0.80 | 169.20 |
| 03/14/07 | Revise motion for summary judgment; correspondence with clients regarding same; review amended complaint; legal research regarding Lanham Act issues; conferences with S. Metalitz regarding summary judgment, amended complaint. | M. MAYER | 2.30 | 910.80 |
| 03/14/07 | Review amended complaint; responding to amended complaint, etc.; review client response regarding answer, respond to clients; check publication data. | S. METALITZ | 1.20 | 507.60 |
| 03/14/07 | E-mails regarding declarations. | S. METALITZ | 0.30 | 126.90 |

MITCHELL SILBERBERG & KNUPP LLP

NBC Universal                                    00050 40477-00004
100 Universal City Plaza                         Invoice: 183281
Building 1280-6
Universal City, CA 91608                         May 17, 2007
Attn.: David Burg                                Page 7

| Date | Description | Attorney | Hours | Amount |
|------|-------------|----------|-------|--------|
| 03/15/07 | Draft letter to plaintiff Scott-Blanton. | J. WILLIAMS | 0.30 | 63.45 |
| 03/15/07 | Review Scott-Blanton Amended Complaint and Revise Answer to Amended Complaint. | J. WILLIAMS | 5.20 | 1,099.80 |
| 03/15/07 | Research Sherman Act and Lanham Act defenses for Scott-Blanton answer and summary judgment memo. | J. WILLIAMS | 1.50 | 317.25 |
| 03/15/07 | Revise answer to complaint; revise motion for summary judgment. | M. MAYER | 2.10 | 831.60 |
| 03/15/07 | Conferences with M. Williams and e-mails regarding responding to amended complaint; review list of changes in amended complaint, prepare memo to clients and send; draft and send letter to plaintiff regarding time limit for responses; conference with M. Williams regarding answer, motion for summary judgment; e-mails regarding Lava Films LLC. | S. METALITZ | 1.90 | 803.70 |
| 03/16/07 | Plan for answering original and amended complaint and filing for summary judgment. | J. WILLIAMS | 1.10 | 232.65 |
| 03/16/07 | Research preemption issues in DC Circuit for memo in support of summary judgment. | J. WILLIAMS | 1.00 | 211.50 |

## MITCHELL SILBERBERG & KNUPP LLP

| | |
|---|---|
| NBC Universal | 00050  40477-00004 |
| 100 Universal City Plaza | Invoice: 183281 |
| Building 1280-6 | |
| Universal City, CA 91608 | May 17, 2007 |
| Attn.:  David Burg | Page 8 |

| | | | | |
|---|---|---|---|---|
| 03/16/07 | Revise memo in support of summary judgment and answers to original and amended Scott-Blanton complaint. | J. WILLIAMS | 2.90 | 613.35 |
| 03/16/07 | Research and advice regarding electronic discovery, preservation measures; revise motion for summary judgment; conference with S. Metalitz regarding summary judgment, strategy issues, amended complaint. | M. MAYER | 1.60 | 633.60 |
| 03/16/07 | Task M. Williams regarding answer to complaint; e-mails to M. Mayer. | S. METALITZ | 0.30 | 126.90 |
| 03/16/07 | Telephone conference with M. Mayer regarding pleadings and timetable. | S. METALITZ | 0.40 | 169.20 |
| 03/16/07 | E-mails and set up call regarding response to amended complaint; e-mails regarding McMurtry bookstores. | S. METALITZ | 0.80 | 338.40 |
| 03/16/07 | Review revised answer; telephone call to M. Mayer; conference with M. Williams and e-mail client regarding Sec. of State registration. | S. METALITZ | 0.50 | 211.50 |
| 03/18/07 | Review draft answer, e-mail clients. | S. METALITZ | 0.80 | 338.40 |
| 03/19/07 | Review revised motion for summary judgment and Graham declaration. | J. WILLIAMS | 0.50 | 105.75 |

# MITCHELL SILBERBERG & KNUPP LLP

NBC Universal
100 Universal City Plaza
Building 1280-6
Universal City, CA 91608
Attn.: David Burg

00050 40477-00004
Invoice: 183281

May 17, 2007
Page 9

| 03/19/07 | Revise answer to original complaint. | J. WILLIAMS | 0.80 | 169.20 |
|----------|--------------------------------------|-------------|------|--------|
| 03/19/07 | Draft and revise motion for summary judgment; draft and revise declaration of Simon & Schuster representative in support of motion for summary judgment; review answer to complaint; conference with S. Metalitz regarding amended complaint, motion for leave to amend. | M. MAYER | 2.70 | 1,069.20 |
| 03/19/07 | Telephone call with S. Alexander regarding edits to answer; revise answer and e-mail S. Alexander. | S. METALITZ | 0.50 | 211.50 |
| 03/19/07 | Revise N. Graham declaration; send to E. Remes. | S. METALITZ | 0.50 | 211.50 |
| 03/20/07 | Research and draft opposition to motion to amend complaint. | J. WILLIAMS | 2.90 | 613.35 |
| 03/20/07 | Retrieve copies of copyright registrations from copyright office records to attach to motion for summary judgment. | J. WILLIAMS | 1.70 | 359.55 |
| 03/20/07 | Finalize and file answer to complaint; prepare documents in support of motion for summary judgment; revise opposition to motion for leave to amend. | M. MAYER | 2.30 | 910.80 |
| 03/20/07 | Review/proof Answer for filing; e-mails regarding filing logistics. | S. METALITZ | 0.40 | 169.20 |

MITCHELL SILBERBERG & KNUPP LLP

NBC Universal                             00050  40477-00004
100 Universal City Plaza                  Invoice: 183281
Building 1280-6
Universal City, CA 91608                  May 17, 2007
Attn.:  David Burg                        Page 10

| 03/20/07 | E-mails to M. Mayer regarding answer, opposition to motion to amend. | S. METALITZ | 0.20 | 84.60 |
|---|---|---|---|---|
| 03/20/07 | E-mails with client regarding Graham declaration, counsel regarding opposition to motion to amend. | S. METALITZ | 0.20 | 84.60 |
| 03/21/07 | Draft proposed order denying Plaintiff's motion for amended complaint. | J. WILLIAMS | 0.40 | 84.60 |
| 03/21/07 | Review revised memo in support of summary judgment. | J. WILLIAMS | 0.30 | 63.45 |
| 03/21/07 | Prepare exhibits for Nan Graham declaration. | J. WILLIAMS | 0.60 | 126.90 |
| 03/21/07 | Prepare and file proposed order regarding preliminary injunction motion; correspondence with L. Oberlander regarding document retention issues; revise and finalize motion for summary judgment and supporting documents. | M. MAYER | 2.10 | 831.60 |
| 03/21/07 | E-mails regarding N. Graham declaration. | S. METALITZ | 0.20 | 84.60 |
| 03/21/07 | Edit motion for summary judgment. | S. METALITZ | 0.40 | 169.20 |

MITCHELL SILBERBERG & KNUPP LLP

NBC Universal
100 Universal City Plaza
Building 1280-6
Universal City, CA 91608
Attn.: David Burg

00050 40477-00004
Invoice: 183281

May 17, 2007
Page 11

| 03/21/07 | Review and edit motion for summary judgment, opposition to motion to amend. | S. METALITZ | 0.30 | 126.90 |
|---|---|---|---|---|
| 03/21/07 | Revise opposition to motion to amend complaint. | S. METALITZ | 0.80 | 338.40 |
| 03/22/07 | Draft and revise docum ents/declarations/exhi bits/notices for motion for summary judgment and opposition to motion to amend complaint. | J. WILLIAMS | 5.80 | 1,226.70 |
| 03/22/07 | Draft and finalize declarations in support of motion for summary judgment; review and revise motion for summary judgment, separate statement; revise opposition to motion to amend complaint. | M. MAYER | 2.20 | 871.20 |
| 03/22/07 | Review and approve edits to opposition to plaintiff's motion. | S. METALITZ | 0.20 | 84.60 |
| 03/22/07 | Work with M. Williams to finalize opposition to motion to amend; circulate opposition papers to clients. | S. METALITZ | 0.60 | 253.80 |
| 03/23/07 | Revise Opposition to Amended Complaint and accompanying papers. | J. WILLIAMS | 1.30 | 274.95 |
| 03/23/07 | Prepare bulky exhibit attachments for filing and file attachments with clerk of court and judge's chambers. | J. WILLIAMS | 3.00 | 634.50 |

MITCHELL SILBERBERG & KNUPP LLP

NBC Universal
100 Universal City Plaza
Building 1280-6
Universal City, CA 91608
Attn.: David Burg

00050  40477-00004
Invoice: 183281

May 17, 2007
Page 12

| 03/23/07 | Revise Motion for Summary Judgment and accompanying papers. | J. WILLIAMS | 1.20 | 253.80 |
|----------|-------------------------------------------------------------|-------------|------|--------|
| 03/23/07 | Plan for Plaintiff's responses to motion for summary judgment and opposition to amended complaint. | J. WILLIAMS | 0.30 | 63.45 |
| 03/23/07 | Finalize, prepare, revise and file motion for summary judgment; conference with Court clerk regarding motion for summary judgment; revise and finalize opposition to motion for leave to amend the complaint. | M. MAYER | 3.60 | 1,425.60 |
| 03/23/07 | Supervise motion filing; telephone call with M. Mayer and voice mail to S. Alexander regarding motion for summary judgment. | S. METALITZ | 0.40 | 169.20 |
| 03/26/07 | Review judge's order regarding pro se parties and summary judgment. | J. WILLIAMS | 0.20 | 42.30 |
| 03/26/07 | Review order from Court regarding dispositive motion. | M. MAYER | 0.10 | 39.60 |
| 03/30/07 | E-mail correspondence with L. Oberlander regarding document preservation issues. | M. MAYER | 0.20 | 79.20 |

Total Fees:                                                                          $32,758.20

MITCHELL SILBERBERG & KNUPP LLP

NBC Universal
100 Universal City Plaza
Building 1280-6
Universal City, CA 91608
Attn.:  David Burg

00050  40477-00004
Invoice: 183281

May 17, 2007
Page 13

**Billing Summary**

| Name | Hours | | Rate | | Fees |
|------|------|------|------|------|------|
| R. DUDNIK | 0.70 | hours at | $495.00 | = | 346.50 |
| S. METALITZ | 19.70 | hours at | $423.00 | = | 8,333.10 |
| M. MAYER | 34.10 | hours at | $396.00 | = | 13,503.60 |
| J. WILLIAMS | 50.00 | hours at | $211.50 | = | 10,575.00 |
| SUMMARY TOTALS | 104.50 | | | | 32,758.20 |

**Costs Advanced and In-House Services through March 31, 2007:**

| | | |
|------|------|------|
| 03/22/07 | Misc - Digenova & Toensing Services Feb. 2007 | 1,200.00 |
| 03/15/07 | Air Courier - Janice Scott-Blonton, Triangle 2/15 | 13.65 |
| 03/15/07 | Air Courier - New Yorker 2/15 | 18.23 |
| 03/15/07 | Air Courier - Greenberg Traurig, Denver 2/15 | 28.23 |
| 03/15/07 | Air Courier - Robert Thorne Co., Beverly Hills 2/15 | 34.86 |
| 03/15/07 | Air Courier - River Road Ent., 2/15 | 17.13 |
| 03/15/07 | Air Courier - NBC Universal 2/15 | 41.66 |
| 03/15/07 | Air Courier - Simon & Schuster, NY 2/15 | 18.23 |
| 03/15/07 | Air Courier - Janice Scott-Blanton, Triangle 2/16 | 13.65 |
| 03/15/07 | Air Courier - Universal Studios, 2/20 | 17.13 |
| 03/15/07 | Air Courier - Janice Scott-Blanton, Triangle 2/26 | 12.03 |
| 03/15/07 | Air Courier - Robert Thorne, Beverly Hills 2/28 | 17.47 |
| 03/15/07 | Air Courier - Janice Scott-Blanton, Triangle 3/1 | 12.06 |
| 03/31/07 | Duplication of Documents | 77.80 |

Total Costs: $1,522.13

Total Fees & Costs: $34,280.33

# MITCHELL SILBERBERG & KNUPP LLP

A LAW PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS

**MS&K**

FID #:95-1883538
(310) 312-2000 Phone
(310) 312-3100 Fax

NBC Universal
100 Universal City Plaza
Building 1280-6
Universal City, CA 91608
Attn.: David Burg

00050  40477-00004
Invoice: 183303

May 18, 2007

**LEGAL SERVICES RENDERED** through April 30, 2007

| Re: | | |
|-----|---|---|
| Scott-Blanton Litigation | 11,737.35 | |
| Disbursements and charges per attached | 452.42 | |
| | | $12,189.77 |

TOTAL DUE:                                                    $12,189.77

Total due from NBC: 12/13 of invoice = $11,252.10

MITCHELL SILBERBERG & KNUPP LLP

NBC Universal
100 Universal City Plaza
Building 1280-6
Universal City, CA 91608
Attn.: David Burg

00050 40477-00004
Invoice: 183303

May 18, 2007
Page 2

**Scott-Blanton Litigation**

**Fees through April 30, 2007:**

| | | | | |
|---|---|---|---|---|
| 04/03/07 | Review plaintiff's opposition to motion for summary judgment. | J. WILLIAMS | 0.50 | 105.75 |
| 04/03/07 | Review and analyze opposition to motion for summary judgment; draft reply memorandum; legal research regarding same. | M. MAYER | 4.70 | 1,861.20 |
| 04/03/07 | Review plaintiff's opposition to motion for summary judgment; e-mails with M. Mayer regarding response. | S. METALITZ | 0.70 | 296.10 |
| 04/04/07 | Review reply in support of motion for summary judgment. | J. WILLIAMS | 0.30 | 63.45 |
| 04/04/07 | Draft and revise reply in support of motion for summary judgment; legal research regarding same. | M. MAYER | 5.60 | 2,217.60 |
| 04/04/07 | Memo to clients with plaintiff's opposition to motion for summary judgment. | S. METALITZ | 0.60 | 253.80 |

MITCHELL SILBERBERG & KNUPP LLP

NBC Universal                                    00050  40477-00004
100 Universal City Plaza                         Invoice: 183303
Building 1280-6
Universal City, CA 91608                         May 18, 2007
Attn.:  David Burg                               Page 3

| Date | Description | Attorney | Hours | Amount |
|------|-------------|----------|-------|--------|
| 04/05/07 | Research and draft | J. WILLIAMS | 3.40 | 719.10 |
| 04/05/07 | Draft and revise reply in support of summary judgment; e-mail correspondence with S. Metalitz regarding reply papers; e-mail correspondence with A. Shannon regarding same. | M. MAYER | 2.70 | 1,069.20 |
| 04/05/07 | Review draft reply to opposition to motion for summary judgment; edit and revise reply; further edits to reply on summary judgment. | S. METALITZ | 2.90 | 1,226.70 |
| 04/09/07 | Revise reply in support of motion for summary judgment. | J. WILLIAMS | 0.90 | 190.35 |
| 04/09/07 | Review and revise reply memorandum; e-mail correspondence with M. Williams, S. Metalitz regarding same. | M. MAYER | 0.80 | 316.80 |
| 04/10/07 | Revise and finalize reply in support of motion for summary judgment; file reply memorandum. | M. MAYER | 1.60 | 633.60 |
| 04/17/07 | Draft opposition to Plaintiff's Motion to File a Surreply. | J. WILLIAMS | 2.60 | 549.90 |
| 04/17/07 | Review plaintiff's motion to file sur-reply. | J. WILLIAMS | 1.20 | 253.80 |

**REDACTED**

MITCHELL SILBERBERG & KNUPP LLP

---

NBC Universal                                    00050  40477-00004
100 Universal City Plaza                         Invoice: 183303
Building 1280-6
Universal City, CA 91608                         May 18, 2007
Attn.:  David Burg                               Page 4

| 04/17/07 | Research issues related to surreplies in DC Circuit. | J. WILLIAMS | 1.00 | 211.50 |
| 04/17/07 | Review motion for sur-reply; e-mails regarding response to sur-reply; task M. Williams. | S. METALITZ | 0.40 | 169.20 |
| 04/18/07 | Revise draft opposition to motion to file a surreply. | J. WILLIAMS | 0.60 | 126.90 |
| 04/18/07 | Review and revise opposition to motion for sur-reply; circulate motion to clients. | S. METALITZ | 2.00 | 846.00 |
| 04/19/07 | Revise opposition to surreply memo. | J. WILLIAMS | 0.80 | 169.20 |
| 04/19/07 | Review and revise opposition to motion to file sur-reply. | M. MAYER | 0.30 | 118.80 |
| 04/19/07 | Proof and circulate draft opposition memos to Plaintiff's motion to file sur-reply; review e-mails in response. | S. METALITZ | 0.40 | 169.20 |
| 04/23/07 | Revise opposition to motion to file sur-reply. | J. WILLIAMS | 0.40 | 84.60 |
| 04/23/07 | Proof and approve opposition memo; e-mails regarding filing, etc. | S. METALITZ | 0.20 | 84.60 |

Total Fees:                                                      $11,737.35

MITCHELL SILBERBERG & KNUPP LLP

NBC Universal
100 Universal City Plaza
Building 1280-6
Universal City, CA 91608
Attn.: David Burg

00050 40477-00004
Invoice: 183303

May 18, 2007
Page 5

## Billing Summary

| Name | Hours | | Rate | | Fees |
|------|-------|---|------|---|------|
| S. METALITZ | 7.20 | hours at | $423.00 | = | 3,045.60 |
| M. MAYER | 15.70 | hours at | $396.00 | = | 6,217.20 |
| J. WILLIAMS | 11.70 | hours at | $211.50 | = | 2,474.55 |
| SUMMARY TOTALS | 34.60 | | | | 11,737.35 |

## Costs Advanced and In-House Services through April 30, 2007:

| | | |
|---|---|---|
| 04/18/07 | Misc - M. Williams - Purchase of book order examples, 3/21/07 | 111.93 |
| 04/18/07 | Misc - M. Williams - Purchase books as evidence, 2/1/07 | 48.58 |
| 04/26/07 | Misc - Pacer Service Center - For services provided during the period of 1/1/07 through 3/31/07 | 17.04 |
| 04/03/07 | Air Courier - Janice Scott-Blanton, Triangle 3/7 | 24.66 |
| 04/16/07 | Air Courier - Janice Scott-Blanton, Triangle 3/15 | 16.17 |
| 04/16/07 | Air Courier - Janice Scott-Blanton, Triangle 3/20 | 13.40 |
| 04/16/07 | Air Courier - Janice Scott-Blanton, Triangle 3/23 | 14.70 |
| 04/16/07 | Air Courier - The New Yorker, NY 4/4 | 16.02 |
| 04/16/07 | Air Courier - Greenberg Trauring, Denver 4/4 | 27.35 |
| 04/16/07 | Air Courier - River Road Ent., Los Angeles 4/4 | 38.42 |
| 04/16/07 | Air Courier - Robert Thorne Co., Beverly Hills 4/4 | 17.39 |
| 04/16/07 | Air Courier - Simon & Schuster, NY 4/4 | 16.02 |
| 04/16/07 | Air Courier - NBC Universal 4/4 | 28.42 |
| 04/17/07 | Air Courier - Janice Scott-Blanton, Triangle 3/23 | 28.02 |
| 04/17/07 | Air Courier - Janice Scott-Blanton, Triangle 3/21 | 12.24 |

## MITCHELL SILBERBERG & KNUPP LLP

NBC Universal                                          00050  40477-00004
100 Universal City Plaza                               Invoice: 183303
Building 1280-6
Universal City, CA 91608                               May 18, 2007
Attn.:  David Burg                                     Page 6

| | | |
|---|---|---|
| 04/23/07 | Air Courier - Janice Scott-Blanton, Triangle 4/10 | 16.56 |
| 04/30/07 | Duplication of Documents | 5.50 |

Total Costs:                                                        $452.42

Total Fees & Costs:                                                 $12,189.77

## MITCHELL SILBERBERG & KNUPP LLP

A LAW PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS

# MS&K

FID #:95-1883538
(310) 312-2000 Phone
(310) 312-3100 Fax

NBC Universal
100 Universal City Plaza
Building 1280-6
Universal City, CA 91608
Attn.: David Burg

00050  40477-00004
Invoice: 186421

July 21, 2007

**LEGAL SERVICES RENDERED** through June 30, 2007

| | | |
|---|---|---|
| Re: | Scott-Blanton Litigation | 867.15 |
| | Disbursements and charges per attached | 32.32 |
| | | $899.47 |
| TOTAL DUE: | | $899.47 |

Total due from NBC: 12/13 of invoice = $830.28

### MITCHELL SILBERBERG & KNUPP LLP

NBC Universal
100 Universal City Plaza
Building 1280-6
Universal City, CA 91608
Attn.: David Burg

00050 40477-00004
Invoice: 186421

July 21, 2007
Page 2

**Scott-Blanton Litigation**

**Fees through June 30, 2007:**

| | | | | |
|---|---|---|---|---|
| 06/05/07 | Research local rules on hearings. | J. WILLIAMS | 1.70 | 359.55 |
| 06/05/07 | E-mails and task M. Williams regarding case status; e-mails to M. Williams regarding rules; conference with M. Williams regarding rules. | S. METALITZ | 0.60 | 253.80 |
| 06/12/07 | E-mails M. Mayer regarding litigation status questions. | S. METALITZ | 0.20 | 84.60 |
| 06/14/07 | E-mail client regarding status. | S. METALITZ | 0.20 | 84.60 |
| 06/28/07 | Respond to status query from Simon & Schuster. | S. METALITZ | 0.20 | 84.60 |

Total Fees:                                                                    $867.15

# MITCHELL SILBERBERG & KNUPP LLP

NBC Universal
100 Universal City Plaza
Building 1280-6
Universal City, CA 91608
Attn.: David Burg

00050 40477-00004
Invoice: 186421

July 21, 2007
Page 3

**Billing Summary**

| Name | Hours | | Rate | | Fees |
|------|-------|---|------|---|------|
| S. METALITZ | 1.20 | hours at | $423.00 | = | 507.60 |
| J. WILLIAMS | 1.70 | hours at | $211.50 | = | 359.55 |
| SUMMARY TOTALS | 2.90 | | | | 867.15 |

**Costs Advanced and In-House Services through June 30, 2007:**

| | | |
|------|------|------|
| 03/22/07 | Misc - M. Mayer - Books, 2/5/07 | 20.12 |
| 05/16/07 | Air Courier - Janice Scott-Blanton, Triangle 4/23 | 12.00 |
| 06/30/07 | Duplication of Documents | 0.20 |

Total Costs: $32.32

Total Fees & Costs: $899.47

# MITCHELL SILBERBERG & KNUPP LLP

A LAW PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS

**MS&K**

FID #:95-1883538
(310) 312-2000 Phone
(310) 312-3100 Fax

00050  40477-00004
Invoice: 188123

NBC Universal
100 Universal City Plaza
Building 1280-6                                             August 15, 2007
Universal City, CA 91608
Attn.:  David Burg


**LEGAL SERVICES RENDERED** through July 31, 2007


Re:     Scott-Blanton Litigation                          623.70
        Disbursements and charges per attached             34.42
                                                                      $658.12
                                                            ──────────────
TOTAL DUE:                                                            $658.12

Total due from NBC: 12/13 of invoice = $607.50

# MITCHELL SILBERBERG & KNUPP LLP

NBC Universal                                    00050  40477-00004
100 Universal City Plaza                         Invoice: 188123
Building 1280-6
Universal City, CA 91608                         August 15, 2007
Attn.:  David Burg                               Page 2

### Scott-Blanton Litigation

**Fees through July 31, 2007:**

| 07/19/07 | Review and analyze order denying preliminary injunction; conference with S. Metalitz regarding same. | M. MAYER | 0.40 | 158.40 |
| 07/19/07 | Review decision on preliminary injunction; telephone call with M. Mayer; memo to clients regarding denial of preliminary injunction; follow-up e-mails. | S. METALITZ | 1.10 | 465.30 |

Total Fees:                                                          $623.70

### Billing Summary

| Name | Hours | | Rate | | Fees |
|------|-------|---|------|---|------|
| S. METALITZ | 1.10 | hours at | $423.00 | = | 465.30 |
| M. MAYER | 0.40 | hours at | $396.00 | = | 158.40 |
| SUMMARY TOTALS | 1.50 | | | | 623.70 |

## MITCHELL SILBERBERG & KNUPP LLP

NBC Universal
100 Universal City Plaza
Building 1280-6
Universal City, CA 91608
Attn.:  David Burg

00050  40477-00004
Invoice: 188123

August 15, 2007
Page 3

**Costs Advanced and In-House Services through July 31, 2007:**

| | | |
|---|---|---|
| 04/26/07 | Misc - Pacer Service Center - For services provided during the period of 1/1/07 through 3/31/07 | 10.64 |
| 04/16/07 | Air Courier - Janice Scott-Blanton, Triangle 3/7 | 11.84 |
| 04/16/07 | Air Courier - Janice Scott-Blanton, Triangle 3/8 | 11.84 |
| 07/31/07 | Photocopying, Printing and Scanning | 0.10 |

Total Costs: $34.42

Total Fees & Costs: $658.12

# MITCHELL SILBERBERG & KNUPP LLP

A LAW PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS

**MS&K**

FID #:95-1883538
(310) 312-2000 Phone
(310) 312-3100 Fax

NBC Universal
100 Universal City Plaza
Building 1280-6
Universal City, CA 91608
Attn.: David Burg

00050  40477-00004
Invoice: 189865

September 21, 2007

**LEGAL SERVICES RENDERED** through August 30, 2007

Re:    Scott-Blanton Litigation                    7,825.50

$7,825.50

TOTAL DUE:                                         $7,825.50

Total due from NBC: 12/13 of invoice = $7,223.53

MITCHELL SILBERBERG & KNUPP LLP

NBC Universal                                    00050 40477-00004
100 Universal City Plaza                         Invoice: 189865
Building 1280-6
Universal City, CA 91608                         September 21, 2007
Attn.:  David Burg                               Page 2

**Scott-Blanton Litigation**

**Fees through August 30, 2007:**

| | | | | |
|---|---|---|---|---|
| 08/26/07 | Review and analyze court order regarding summary judgment; e-mail correspondence with S. Metalitz regarding same. | M. MAYER | 0.20 | 79.20 |
| 08/27/07 | Review and analyze order regarding additional briefing on motion for summary judgment; legal research regarding propriety of ruling on motion for summary judgment prior to discovery; e-mail correspondence with client regarding same. | M. MAYER | 3.80 | 1,504.80 |
| 08/28/07 | Draft brief regarding discovery issues; legal research regarding same. | M. MAYER | 4.40 | 1,742.40 |
| 08/29/07 | Draft brief regarding discovery issues on summary judgment; legal research regarding same. | M. MAYER | 6.30 | 2,494.80 |
| 08/29/07 | E-mails M. Mayer regarding response to order. | S. METALITZ | 0.20 | 84.60 |
| 08/30/07 | Draft and revise brief regarding discovery issues; conference with S. Metalitz regarding same. | M. MAYER | 4.10 | 1,623.60 |

# MITCHELL SILBERBERG & KNUPP LLP

NBC Universal                                    00050 40477-00004
100 Universal City Plaza                         Invoice: 189865
Building 1280-6
Universal City, CA 91608                         September 21, 2007
Attn.: David Burg                                Page 3


| 08/30/07 | Telephone call with M. Mayer regarding pleading on discovery; review draft pleading; task M. Williams. | S. METALITZ | 0.70 | 296.10 |
|---|---|---|---|---|

Total Fees:                                                      $7,825.50


## Billing Summary

| Name | Hours | | Rate | | Fees |
|---|---|---|---|---|---|
| S. METALITZ | 0.90 | hours at | $423.00 | = | 380.70 |
| M. MAYER | 18.80 | hours at | $396.00 | = | 7,444.80 |
| SUMMARY TOTALS | 19.70 | | | | 7,825.50 |

## MITCHELL SILBERBERG & KNUPP LLP

A LAW PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS

**MS&K**

FID #:95-1883538
(310) 312-2000 Phone
(310) 312-3100 Fax

NBC Universal
100 Universal City Plaza
Building 1280-6
Universal City, CA 91608
Attn.: David Burg

00050  40477-00004
Invoice: 191526

October 23, 2007

**LEGAL SERVICES RENDERED** through September 30, 2007

Re:   Scott-Blanton Litigation                          19,367.55
      Disbursements and charges per attached           17.44
                                                                   $19,384.99

TOTAL DUE:                                                         $19,384.99

Total due from NBC: 12/13 of invoice = $17,893.82

MITCHELL SILBERBERG & KNUPP LLP

NBC Universal
100 Universal City Plaza
Building 1280-6
Universal City, CA 91608
Attn.:  David Burg

00050  40477-00004
Invoice: 191526

October 23, 2007
Page 2

**Scott-Blanton Litigation**

**Fees through September 30, 2007:**

| | | | | |
|---|---|---|---|---|
| 09/04/07 | Research and revise brief regarding need for discovery prior to summary judgment. | J. WILLIAMS | 5.40 | 1,142.10 |
| 09/04/07 | E-mail correspondence with M. Williams regarding supplemental brief. | M. MAYER | 0.30 | 118.80 |
| 09/04/07 | Review draft memo in response to order; task M. Williams; conference with M. Williams. | S. METALITZ | 0.30 | 126.90 |
| 09/05/07 | Draft notice of change of address. | J. WILLIAMS | 0.30 | 63.45 |
| 09/05/07 | Draft answer to amended complaint. | J. WILLIAMS | 1.80 | 380.70 |
| 09/05/07 | Research and revise brief on summary judgment prior to discovery. | J. WILLIAMS | 5.90 | 1,247.85 |
| 09/05/07 | Conferences with M. Williams and send e-mails regarding answer to amended complaint; review/edit draft answer to amended complaint; edit address change filing; review material on supplemental brief; research regarding supplemental brief; conference with M. Williams regarding brief; review cases. | S. METALITZ | 1.80 | 761.40 |

MITCHELL SILBERBERG & KNUPP LLP

NBC Universal
100 Universal City Plaza
Building 1280-6
Universal City, CA 91608
Attn.: David Burg

00050 40477-00004
Invoice: 191526

October 23, 2007
Page 3

| 09/06/07 | Meeting with M. Williams re: copyright registration and litigation matter | E. SCHWARTZ | 0.20 | 82.80 |
|----------|---------------------------------------------------------------------------|-------------|------|-------|
| 09/06/07 | Research and revise brief on discovery issues. | J. WILLIAMS | 7.00 | 1,480.50 |
| 09/06/07 | Draft notice of joinder of parties to summary judgment motion. | J. WILLIAMS | 0.60 | 126.90 |
| 09/06/07 | Revise supplemental brief; revise supplemental brief and conference with M. Williams; review and send to M. Mayer. | S. METALITZ | 4.60 | 1,945.80 |
| 09/07/07 | Research and revise brief on discovery issues. | J. WILLIAMS | 2.50 | 528.75 |
| 09/07/07 | Draft answer to amended complaint. | J. WILLIAMS | 0.50 | 105.75 |
| 09/07/07 | Draft certificate of interest for Lava Films and Universal Home. | J. WILLIAMS | 0.40 | 84.60 |
| 09/07/07 | Review supplemental memorandum, answer; e-mails with client regarding same. | M. MAYER | 1.60 | 633.60 |
| 09/07/07 | Review e-mails and respond to M. Mayer regarding supplemental brief; edit supplemental brief; send drafts to clients. | S. METALITZ | 0.90 | 380.70 |

## MITCHELL SILBERBERG & KNUPP LLP

NBC Universal
100 Universal City Plaza
Building 1280-6
Universal City, CA 91608
Attn.: David Burg

00050 40477-00004
Invoice: 191526

October 23, 2007
Page 4

| 09/10/07 | Revise answer to amended complaint. | J. WILLIAMS | 0.50 | 105.75 |
| 09/10/07 | Review comments on answer/supplemental brief. | S. METALITZ | 0.20 | 84.60 |
| 09/11/07 | Revise answer to amended complaint. | J. WILLIAMS | 2.80 | 592.20 |
| 09/11/07 | Review edits and miscellaneous e-mails regarding answer to amended complaint. | S. METALITZ | 0.80 | 338.40 |
| 09/12/07 | Revise brief regarding discovery issues. | J. WILLIAMS | 1.60 | 338.40 |
| 09/12/07 | Revise answer to amended complaint. | J. WILLIAMS | 0.30 | 63.45 |
| 09/12/07 | Review and revise supplemental memorandum regarding discovery and summary judgment issues. | M. MAYER | 0.30 | 118.80 |
| 09/13/07 | Revise brief regarding discovery issues. | J. WILLIAMS | 0.30 | 63.45 |
| 09/14/07 | Revise and file answer to amended complaint. | J. WILLIAMS | 1.20 | 253.80 |
| 09/14/07 | Revise and file brief regarding discovery issues. | J. WILLIAMS | 1.70 | 359.55 |
| 09/14/07 | Revise and file certificate of interest for Lava Films LLC and Universal Home Entertainment. | J. WILLIAMS | 0.20 | 42.30 |

MITCHELL SILBERBERG & KNUPP LLP

NBC Universal                                    00050 40477-00004
100 Universal City Plaza                         Invoice: 191526
Building 1280-6
Universal City, CA 91608                          October 23, 2007
Attn.: David Burg                                 Page 5

| Date | Description | Attorney | Hours | Amount |
|------|-------------|----------|-------|--------|
| 09/14/07 | Revise and file Joinder for Lava Films and Universal Home Entertainment. | J. WILLIAMS | 0.20 | 42.30 |
| 09/14/07 | Review supplemental brief, answer, joinder; conference with M. Williams regarding same. | M. MAYER | 1.10 | 435.60 |
| 09/14/07 | Conference with M. Williams regarding revisions to brief/answer; review/edit Answer; conferences with M. Williams regarding Answer; telephone calls and conferences with staff regarding filing; review and edit brief; conference with M. Williams; review/edit brief; finalize and supervise filing of pleadings. | S. METALITZ | 1.90 | 803.70 |
| 09/17/07 | Telephone call with M. Mayer regarding filings; circulate filings to clients. | S. METALITZ | 0.20 | 84.60 |
| 09/19/07 | Update pleadings file. | J. WILLIAMS | 0.10 | 21.15 |
| 09/19/07 | Research new opinion | J. WILLIAMS | 0.40 | 84.60 |
| 09/19/07 | Voice mails and telephone call with J. Posthumus (Proulx counsel). | S. METALITZ | 0.20 | 84.60 |
| 09/24/07 | E-mail correspondence with D. Burg regarding service on Ang Lee. | M. MAYER | 0.30 | 118.80 |
| 09/24/07 | E-mails regarding Ang Lee. | S. METALITZ | 0.20 | 84.60 |

**REDACTED**

# MITCHELL SILBERBERG & KNUPP LLP

NBC Universal
100 Universal City Plaza
Building 1280-6
Universal City, CA 91608
Attn.: David Burg

00050 40477-00004
Invoice: 191526

October 23, 2007
Page 6

| | | | | |
|---|---|---|---|---|
| 09/25/07 | Telephone conference with J. Dapello regarding | M. MAYER | 0.80 | 316.80 |
| 09/25/07 | E-mails regarding Ang Lee service, etc. | S. METALITZ | 0.20 | 84.60 |
| 09/27/07 | Review and analyze response to supplemental brief regarding discovery; conference call with S. Metalitz, M. Williams regarding supplemental brief, motion to strike; draft response to motion to strike; e-mail correspondence with D. Berg, J. Dapello regarding | M. MAYER | 2.60 | 1,029.60 |
| 09/27/07 | Review Plaintiffs' response and motion to strike; e-mails with counsel; conference with M. Williams and M. Mayer regarding responsive filing, Ang Lee; task M. Williams; memo to clients regarding plaintiff filings; conference with M. Williams regarding deposit copy. | S. METALITZ | 2.30 | 972.90 |
| 09/28/07 | TC with P. Burchette; TC with S. Metalitz re: Copyright Office deposit retrieval practices for case | E. SCHWARTZ | 0.30 | 124.20 |
| 09/28/07 | Draft reply to Plaintiff's Supplemental memo on Discovery. | J. WILLIAMS | 5.90 | 1,247.85 |

**REDACTED**

# MITCHELL SILBERBERG & KNUPP LLP

NBC Universal
100 Universal City Plaza
Building 1280-6
Universal City, CA 91608
Attn.: David Burg

00050 40477-00004
Invoice: 191526

October 23, 2007
Page 7

| Date | Description | Attorney | Hours | Amount |
|------|-------------|----------|-------|--------|
| 09/28/07 | Request deposit copy from registration for New Yorker to file with reply to plaintiff's supplemental memo on discovery. | J. WILLIAMS | 1.00 | 211.50 |
| 09/28/07 | Draft and revise response to motion to strike; legal research regarding same; revise reply memo regarding supplemental brief; e-mail correspondence with M. Williams, S. Metalitz regarding same. | M. MAYER | 4.80 | 1,900.80 |
| 09/29/07 | Revise reply brief regarding discovery. | J. WILLIAMS | 0.70 | 148.05 |

Total Fees: $19,367.55

## Billing Summary

| Name | Hours | | Rate | | Fees |
|------|-------|--|------|--|------|
| S. METALITZ | 13.60 | hours at | $423.00 | = | 5,752.80 |
| E. SCHWARTZ | 0.50 | hours at | $414.00 | = | 207.00 |
| M. MAYER | 11.80 | hours at | $396.00 | = | 4,672.80 |
| J. WILLIAMS | 41.30 | hours at | $211.50 | = | 8,734.95 |
| SUMMARY TOTALS | 67.20 | | | | 19,367.55 |

## Costs Advanced and In-House Services through September 30, 2007:

| Date | Description | Amount |
|------|-------------|--------|
| 09/27/07 | Delivery Services - Janice Scott-Blanton, Triangle 9/6 | 11.64 |

MITCHELL SILBERBERG & KNUPP LLP

NBC Universal                                    00050  40477-00004
100 Universal City Plaza                         Invoice: 191526
Building 1280-6
Universal City, CA 91608                         October 23, 2007
Attn.:  David Burg                               Page 8


| 09/30/07 | Photocopying, Printing and Scanning | 3.80 |
| 09/30/07 | Electronic Media Print Charge | 2.00 |

Total Costs:                                                    $17.44

Total Fees & Costs:                                         $19,384.99

# MITCHELL SILBERBERG & KNUPP LLP

A LAW PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS

**MS&K**

FID #:95-1883538
(310) 312-2000 Phone
(310) 312-3100 Fax

00050  40477-00004
Invoice: 192633

NBC Universal
100 Universal City Plaza
Building 1280-6
Universal City, CA 91608
Attn.: David Burg

November 11, 2007

**LEGAL SERVICES RENDERED** through October 31, 2007

| Re: | | |
|-----|---|---|
| Scott-Blanton Litigation | 8,003.70 | |
| Disbursements and charges per attached | 174.32 | |
| | | $8,178.02 |

TOTAL DUE:                                                           $8,178.02

Total due from NBC: 13/14 of invoice = $7,593.88

11377 West Olympic Boulevard, Los Angeles, California  90064-1683
Phone: (310) 312-2000  Fax: (310) 312-3100  Website: WWW.MSK.COM

MITCHELL SILBERBERG & KNUPP LLP

NBC Universal
100 Universal City Plaza
Building 1280-6
Universal City, CA 91608
Attn.:  David Burg

00050 40477-00004
Invoice: 192633

November 11, 2007
Page 2


**Scott-Blanton Litigation**


**Fees through October 31, 2007:**

| | | | | |
|---|---|---|---|---|
| 10/01/07 | Revise opposition to motion to strike; e-mail correspondence with M. Williams, S. Metalitz regarding same. | M. MAYER | 0.30 | 118.80 |
| 10/01/07 | E-mails to client regarding plaintiff's claims regarding publication. | S. METALITZ | 0.30 | 126.90 |
| 10/02/07 | Research issues for opposition to motion to strike. | J. WILLIAMS | 0.20 | 42.30 |
| 10/02/07 | Compile drafts of reply submissions. | S. METALITZ | 0.20 | 84.60 |
| 10/03/07 | Research issues related to motion to strike. | J. WILLIAMS | 3.00 | 634.50 |
| 10/03/07 | Revise opposition to motion to strike. | J. WILLIAMS | 1.90 | 401.85 |
| 10/03/07 | Draft joint representation agreement and cover letter for Ang Lee and addendums for other defendants. | J. WILLIAMS | 1.30 | 274.95 |
| 10/03/07 | E-mails and task P. Burchette and M. Williams regarding . | S. METALITZ | 0.20 | 84.60 |

**REDACTED**

MITCHELL SILBERBERG & KNUPP LLP

NBC Universal
100 Universal City Plaza
Building 1280-6
Universal City, CA 91608
Attn.: David Burg

00050 40477-00004
Invoice: 192633

November 11, 2007
Page 3

| 10/03/07 | Review/edit motion to strike; review reply brief; edit reply brief. | S. METALITZ | 2.10 | 888.30 |
|---|---|---|---|---|
| 10/04/07 | Prepare joint representation agreements to add Ang Lee. | J. WILLIAMS | 0.90 | 190.35 |
| 10/04/07 | Revise motion to strike. | J. WILLIAMS | 1.30 | 274.95 |
| 10/04/07 | Telephone call with Judge Urbina's clerk regarding separating the motion to strike from the exhibits in the electronic docket. | J. WILLIAMS | 0.20 | 42.30 |
| 10/04/07 | Finalize draft and forward to clients; e-mails regarding waivers, etc.; e-mails regarding Scott-Blanton docket, etc. | S. METALITZ | 0.80 | 338.40 |
| 10/05/07 | Correspond with Pam Burchette and Copyright Office regarding retrieval of deposit copy and certified letter from Copyright Office. | J. WILLIAMS | 1.20 | 253.80 |
| 10/05/07 | Draft declaration of Pamela Burchette. | J. WILLIAMS | 0.70 | 148.05 |
| 10/05/07 | Review waiver of service executed by Joe Dapaello for Ang Lee. | J. WILLIAMS | 0.20 | 42.30 |
| 10/05/07 | Correspond with Joseph Dapello regarding waiver of service for Ang Lee. | J. WILLIAMS | 0.40 | 84.60 |
| 10/05/07 | Coordinate joint representation agreements. | J. WILLIAMS | 0.30 | 63.45 |

MITCHELL SILBERBERG & KNUPP LLP

NBC Universal
100 Universal City Plaza
Building 1280-6
Universal City, CA 91608
Attn.: David Burg

00050 40477-00004
Invoice: 192633

November 11, 2007
Page 4

| 10/05/07 | Draft answer to amended complaint for Ang Lee. | J. WILLIAMS | 1.60 | 338.40 |
|----------|------------------------------------------------|-------------|------|--------|
| 10/05/07 | Draft certificate of interest for Ang Lee. | J. WILLIAMS | 0.20 | 42.30 |
| 10/05/07 | Draft joinder for Ang Lee. | J. WILLIAMS | 0.30 | 63.45 |
| 10/05/07 | Review reply in support of supplemental brief regarding discovery. | M. MAYER | 0.30 | 118.80 |
| 10/05/07 | E-mails and conference with M. Williams regarding motion to strike; conference with P. Burchette and M. Williams regarding deposit copy. | S. METALITZ | 0.40 | 169.20 |
| 10/05/07 | Edit letters regarding joint representation. | S. METALITZ | 0.30 | 126.90 |
| 10/08/07 | File reply brief regarding discovery. | J. WILLIAMS | 0.30 | 63.45 |
| 10/08/07 | Revise reply brief regarding discovery issues. | J. WILLIAMS | 2.10 | 444.15 |

MITCHELL SILBERBERG & KNUPP LLP

NBC Universal
100 Universal City Plaza
Building 1280-6
Universal City, CA 91608
Attn.: David Burg

00050 40477-00004
Invoice: 192633

November 11, 2007
Page 5

| Date | Description | Attorney | Hours | Amount |
|---|---|---|---|---|
| 10/08/07 | Edit letters and conference with P. Burchette and M. Williams regarding joint representation waivers; review and edit reply brief; finalize and send joint representation waivers; review e-mails regarding filing; review/edit footnote in reply brief; finalize reply brief;d raft cover note to clients; send submission to clients. | S. METALITZ | 2.00 | 846.00 |
| 10/09/07 | E-mails regarding Ang Lee representation. | S. METALITZ | 0.20 | 84.60 |
| 10/10/07 | E-mails regarding joint representation waivers. | S. METALITZ | 0.20 | 84.60 |
| 10/12/07 | E-mail correspondence with J. Dapello regarding A. Lee appearance, summary judgment; review and revise answer of A. Lee; revise joinder of A. Lee in motion for summary judgment. | M. MAYER | 1.10 | 435.60 |
| 10/12/07 | E-mails regarding Ang Lee joint representation waiver. | S. METALITZ | 0.20 | 84.60 |
| 10/15/07 | Teleconference regarding Ang Lee. | J. WILLIAMS | 0.40 | 84.60 |
| 10/15/07 | Conference with S. Metalitz regarding Ang Lee appearance. | M. MAYER | 0.30 | 118.80 |

**REDACTED**

# MITCHELL SILBERBERG & KNUPP LLP

NBC Universal
100 Universal City Plaza
Building 1280-6
Universal City, CA 91608
Attn.: David Burg

00050  40477-00004
Invoice: 192633

November 11, 2007
Page 6

| 10/15/07 | Telephone conference with M. Mayer; e-mail clients regarding joint representation waivers; follow-up e-mails. | S. METALITZ | 0.50 | 211.50 |
|---|---|---|---|---|
| 10/16/07 | Review Ang Lee documents. | M. MAYER | 0.20 | 79.20 |
| 10/19/07 | Organize joint representation addenda. | J. WILLIAMS | 0.20 | 42.30 |
| 10/19/07 | E-mails regarding joint representation waivers. | S. METALITZ | 0.20 | 84.60 |
| 10/26/07 | Revise Ang Lee filings. | J. WILLIAMS | 0.70 | 148.05 |
| 10/26/07 | Review and revise answer, joinder, certification of interested parties for Ang Lee; e-mail correspondence with J. Dapello regarding same. | M. MAYER | 0.60 | 237.60 |

Total Fees:                                                                       $8,003.70

## Billing Summary

| Name | Hours | | Rate | | Fees |
|---|---|---|---|---|---|
| S. METALITZ | 7.60 | hours at | $423.00 | = | 3,214.80 |
| M. MAYER | 2.80 | hours at | $396.00 | = | 1,108.80 |
| J. WILLIAMS | 17.40 | hours at | $211.50 | = | 3,680.10 |
| SUMMARY TOTALS | 27.80 | | | | 8,003.70 |

# MITCHELL SILBERBERG & KNUPP LLP

NBC Universal
100 Universal City Plaza
Building 1280-6
Universal City, CA 91608
Attn.: David Burg

00050  40477-00004
Invoice: 192633

November 11, 2007
Page 7

**Costs Advanced and In-House Services through October 31, 2007:**

| | | |
|---|---|---|
| 10/26/07 | Misc - Pacer Service Center - For services provided during the period of 7/1/07 through 9/30/07 | 6.88 |
| 10/30/07 | Delivery Services - Janice Scott, Triangle 09/14 | 13.48 |
| 10/30/07 | Delivery Services - Schreck Rose Dapello Adams, NY 10/4 | 12.68 |
| 10/30/07 | Delivery Services - The New Yorker, 10/8 | 15.47 |
| 10/30/07 | Delivery Services - Simon & Schuster, NY 10/8 | 15.47 |
| 10/30/07 | Delivery Services - River Road Entertainment, LA 10/8 | 19.50 |
| 10/30/07 | Delivery Services - Greenberg Traurig, Denver 10/8 | 18.51 |
| 10/30/07 | Delivery Services - Robert Thome, Beverly Hills 10/8 | 21.71 |
| 10/30/07 | Delivery Services - NBC Universal 10/8 | 19.20 |
| 10/30/07 | Delivery Services - NBC Universal  10/8 | 13.42 |
| 10/31/07 | Photocopying, Printing and Scanning | 18.00 |

Total Costs:                                        $174.32

Total Fees & Costs:                            $8,178.02

# MITCHELL SILBERBERG & KNUPP LLP

A LAW PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS

**MS&K**

FID #:95-1883538
(310) 312-2000 Phone
(310) 312-3100 Fax

00050  40477-00004
Invoice: 194660

NBC Universal
100 Universal City Plaza
Building 1280-6
Universal City, CA 91608
Attn.: David Burg

December 14, 2007

**LEGAL SERVICES RENDERED** through November 30, 2007

| Re: | Scott-Blanton Litigation | 1,154.70 |
| | Disbursements and charges per attached | 43.00 |
| | | $1,197.70 |

TOTAL DUE:                                                          $1,197.70

Total due from NBC: 13/14 of invoice = $1,112.15

MITCHELL SILBERBERG & KNUPP LLP

NBC Universal
100 Universal City Plaza
Building 1280-6
Universal City, CA 91608
Attn.: David Burg

00050 40477-00004
Invoice: 194660

December 14, 2007
Page 2

**Scott-Blanton Litigation**

**Fees through November 30, 2007:**

| | | | | |
|---|---|---|---|---|
| 11/05/07 | Revise answer and Joinder for Ang Lee. | J. WILLIAMS | 0.40 | 84.60 |
| 11/07/07 | Prepare Ang Lee filings. | J. WILLIAMS | 0.10 | 21.15 |
| 11/12/07 | File Joinder and Answer for Ang Lee. | J. WILLIAMS | 0.50 | 105.75 |
| 11/12/07 | Review answer and joinder of Ang Lee. | M. MAYER | 0.30 | 118.80 |
| 11/12/07 | Review/approve Scott-Blanton filings. | S. METALITZ | 0.20 | 84.60 |
| 11/13/07 | File certificate of interest for Ang Lee; telephone call with clerk; correspond with Joe Dapello. | J. WILLIAMS | 0.60 | 126.90 |
| 11/15/07 | Review and analyze memorandum and order regarding denial of Rule 56(f) motion; conference with S. Metalitz regarding same. | M. MAYER | 0.80 | 316.80 |
| 11/15/07 | Review opinion and order; conference with M. Williams regarding same; telephone call with M. Mayer regarding same; draft and circulate summary to clients. | S. METALITZ | 0.70 | 296.10 |

# MITCHELL SILBERBERG & KNUPP LLP

NBC Universal                                    00050 40477-00004
100 Universal City Plaza                         Invoice: 194660
Building 1280-6
Universal City, CA 91608                         December 14, 2007
Attn.: David Burg                                Page 3

Total Fees:                                                    $1,154.70

## Billing Summary

| Name | Hours | | Rate | | Fees |
|------|-------|-----|------|---|------|
| S. METALITZ | 0.90 | hours at | $423.00 | = | 380.70 |
| M. MAYER | 1.10 | hours at | $396.00 | = | 435.60 |
| J. WILLIAMS | 1.60 | hours at | $211.50 | = | 338.40 |
| SUMMARY TOTALS | 3.60 | | | | 1,154.70 |

## Costs Advanced and In-House Services through November 30, 2007:

| | | |
|---|---|---|
| 11/20/07 | Misc - P. Burchette - Library of Congress photocopying, 10/5/07 | 11.00 |
| 11/20/07 | Ground Transportation - P. Burchette - Cab fare to and from Copyright Office, 9/28/07 | 17.00 |
| 11/20/07 | Ground Transportation - P. Burchette - Cab fare to and from Copyright Office, 10/5/07 | 15.00 |

Total Costs:                                                    $43.00

Total Fees & Costs:                                            $1,197.70

## MITCHELL SILBERBERG & KNUPP LLP

A LAW PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS

# MS&K

FID #:95-1883538
(310) 312-2000 Phone
(310) 312-3100 Fax

NBC Universal
100 Universal City Plaza
Building 1280-6
Universal City, CA 91608
Attn.: David Burg

00050  40477-00004
Invoice: 196053

January 22, 2008

**LEGAL SERVICES RENDERED** through December 31, 2007

| | | |
|---|---|---|
| Re: | Scott-Blanton Litigation | 13,550.85 |
| | Disbursements and charges per attached | 31.37 |
| | | $13,582.22 |
| TOTAL DUE: | | $13,582.22 |

Total due from NBC: 13/14 of invoice = $12,611.95

MITCHELL SILBERBERG & KNUPP LLP

NBC Universal                                          00050  40477-00004
100 Universal City Plaza                              Invoice: 196053
Building 1280-6
Universal City, CA 91608                              January 22, 2008
Attn.:  David Burg                                    Page 2


**Scott-Blanton Litigation**

**Fees through December 31, 2007:**

| | | | | |
|---|---|---|---|---|
| 12/03/07 | Review Plaintiff's opposition to motion for summary judgment. | J. WILLIAMS | 0.40 | 84.60 |
| 12/03/07 | Review and analyze opposition to motion for summary judgment (1.5); e-mail correspondence to S. Metalitz, M. Williams regarding same (.2); draft reply memorandum in support of summary judgment (2.1) | M. MAYER | 3.80 | 1,504.80 |
| 12/03/07 | Review plaintiff's opposition and exhibits; e-mails to M. Mayer and M. Williams regarding same. | S. METALITZ | 1.30 | 549.90 |
| 12/04/07 | Review Plaintiff's opposition to motion for summary judgment. | J. WILLIAMS | 0.40 | 84.60 |
| 12/04/07 | Plan for response to opposition to motion for summary judgment. | J. WILLIAMS | 0.30 | 63.45 |
| 12/04/07 | Plan for response to evidentiary objections. | J. WILLIAMS | 0.30 | 63.45 |
| 12/04/07 | Draft reply in support of motion for summary judgment. | M. MAYER | 5.40 | 2,138.40 |

MITCHELL SILBERBERG & KNUPP LLP

NBC Universal                           00050 40477-00004
100 Universal City Plaza                Invoice: 196053
Building 1280-6
Universal City, CA 91608                January 22, 2008
Attn.: David Burg                       Page 3

| 12/04/07 | Research and e-mail M. Mayer regarding issues in response. | S. METALITZ | 0.40 | 169.20 |
|----------|-----------------------------------------------------------|-------------|------|--------|
| 12/04/07 | Prepare and participate in teleconference with M. Mayer and M. Williams regarding preparing reply. | S. METALITZ | 0.50 | 211.50 |
| 12/04/07 | Circulate plaintiff's submission to clients with cover note. | S. METALITZ | 0.70 | 296.10 |
| 12/05/07 | Draft Opposition to Plaintiff's Objections to Defendants' Declarations. | J. WILLIAMS | 2.80 | 592.20 |
| 12/05/07 | Draft reply in support of motion for summary judgment. | M. MAYER | 4.20 | 1,663.20 |
| 12/06/07 | Revise reply memo in support of summary judgment. | J. WILLIAMS | 1.60 | 338.40 |
| 12/06/07 | Research preemption and state law issues. | J. WILLIAMS | 1.00 | 211.50 |
| 12/06/07 | Draft and revise response to separate statement in opposition to motion for summary judgment; revise reply in support of motion for summary judgment. | M. MAYER | 1.80 | 712.80 |
| 12/06/07 | Review/revise reply to plaintiff's opposition. | S. METALITZ | 1.40 | 592.20 |

# MITCHELL SILBERBERG & KNUPP LLP

NBC Universal
100 Universal City Plaza
Building 1280-6
Universal City, CA 91608
Attn.: David Burg

00050 40477-00004
Invoice: 196053

January 22, 2008
Page 4

| 12/07/07 | Draft objections to Plaintiff's Declaration. | J. WILLIAMS | 2.20 | 465.30 |
|---|---|---|---|---|
| 12/07/07 | Revise reply memo in support of summary judgment. | J. WILLIAMS | 0.30 | 63.45 |
| 12/07/07 | Draft and revise reply in support of motion for summary judgment; revise evidentiary objections; draft and revise response to separate statement in opposition to summary judgment. | M. MAYER | 2.70 | 1,069.20 |
| 12/07/07 | E-mails counsel regarding evidentiary objections, etc. | S. METALITZ | 0.20 | 84.60 |
| 12/10/07 | Revise response to opposition to summary judgment. | J. WILLIAMS | 0.50 | 105.75 |
| 12/10/07 | Revise response to opposition to declarations. | J. WILLIAMS | 0.30 | 63.45 |
| 12/10/07 | Review response to separate statement. | J. WILLIAMS | 0.20 | 42.30 |
| 12/10/07 | Telephone call with court clerk regarding Separate Statement docketing. | J. WILLIAMS | 0.10 | 21.15 |
| 12/10/07 | Review and revise reply memorandum, response to statement of undisputed facts (.5); Conference with M. Williams, S. Metalitz regarding reply papers (.2). | M. MAYER | 0.70 | 277.20 |

MITCHELL SILBERBERG & KNUPP LLP

NBC Universal                           00050  40477-00004
100 Universal City Plaza                Invoice: 196053
Building 1280-6
Universal City, CA 91608                January 22, 2008
Attn.:  David Burg                      Page 5


| 12/10/07 | Review and edit points and authorities memo; telephone call with co-counsel regarding responsive submissions. | S. METALITZ | 0.90 | 380.70 |
| 12/10/07 | Correct and circulate draft pleadings to clients. | S. METALITZ | 0.60 | 253.80 |
| 12/12/07 | Review and revise reply in support of motion for summary judgment, evidentiary objections, response to separate statement of undisputed facts. | M. MAYER | 0.40 | 158.40 |
| 12/13/07 | Draft cover letter for service of plaintiff. | J. WILLIAMS | 0.20 | 42.30 |
| 12/13/07 | Telephone call with clerk. | J. WILLIAMS | 0.30 | 63.45 |
| 12/13/07 | File reply memo in support of summary judgment; response to evidentiary objections; evidentiary objections; response to separate statement. | J. WILLIAMS | 0.40 | 84.60 |
| 12/13/07 | Shepardize cases cited in reply memo. | J. WILLIAMS | 0.40 | 84.60 |
| 12/13/07 | Revise reply memo in support of summary judgment. | J. WILLIAMS | 1.00 | 211.50 |
| 12/13/07 | Revise response to evidentiary objections of Plaintiff. | J. WILLIAMS | 0.30 | 63.45 |
| 12/13/07 | Revise response to separate statement. | J. WILLIAMS | 0.30 | 63.45 |

MITCHELL SILBERBERG & KNUPP LLP

NBC Universal                                    00050 40477-00004
100 Universal City Plaza                         Invoice: 196053
Building 1280-6
Universal City, CA 91608                          January 22, 2008
Attn.: David Burg                                Page 6

| Date | Description | Attorney | Hours | Amount |
|---|---|---|---|---|
| 12/13/07 | Revise evidentiary objections. | J. WILLIAMS | 0.20 | 42.30 |
| 12/13/07 | Review and finalize reply memorandum, response to statement of facts, evidentiary objections (1.3); conference with M. Williams regarding same (.3). | M. MAYER | 1.60 | 633.60 |

Total Fees:                                                      $13,550.85

**Billing Summary**

| Name | Hours | | Rate | | Fees |
|---|---|---|---|---|---|
| S. METALITZ | 6.00 | hours at | $423.00 | = | 2,538.00 |
| M. MAYER | 20.60 | hours at | $396.00 | = | 8,157.60 |
| J. WILLIAMS | 13.50 | hours at | $211.50 | = | 2,855.25 |
| SUMMARY TOTALS | 40.10 | | | | 13,550.85 |

**Costs Advanced and In-House Services through December 31, 2007:**

| Date | Description | Amount |
|---|---|---|
| 12/26/07 | Delivery Services - Greenberg Traurig, Denver 11/7 | 14.05 |
| 12/26/07 | Delivery Services - Janice Scott-Blanton, Triangle 11/13 | 12.02 |
| 12/31/07 | Photocopying, Printing and Scanning | 5.30 |

Total Costs:                                                      $31.37

Total Fees & Costs:                                              $13,582.22

# MITCHELL SILBERBERG & KNUPP LLP

A LAW PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS

**MS&K**

FID #:95-1883538
(310) 312-2000 Phone
(310) 312-3100 Fax

00050  40477-00004
Invoice: 200607

NBC Universal
100 Universal City Plaza
Building 1280-6
Universal City, CA 91608
Attn.:  David Burg

April 13, 2008

**LEGAL SERVICES RENDERED** through March 31, 2008

| | | |
|---|---|---|
| Re: | Scott-Blanton Litigation | 9,577.95 |
| | Disbursements and charges per attached | 19.76 |
| | | $9,597.71 |

TOTAL DUE:                                         $9,597.71

Total due from NBC: 13/14 of invoice = $8,912.15

MITCHELL SILBERBERG & KNUPP LLP

NBC Universal
100 Universal City Plaza
Building 1280-6
Universal City, CA 91608
Attn.: David Burg

00050 40477-00004
Invoice: 200607

April 13, 2008
Page 2

**Scott-Blanton Litigation**

**Fees through March 31, 2008:**

| | | | | |
|---|---|---|---|---|
| 03/20/08 | Plan attorneys' fees strategy. | J. WILLIAMS | 0.20 | 50.40 |
| 03/20/08 | Review summary judgment opinion. | J. WILLIAMS | 0.50 | 126.00 |
| 03/20/08 | Review and analyze order granting motion for summary judgment (.6); legal research regarding motion for attorneys' fees (.3); draft letter to plaintiff regarding attorneys' fees (.2); conference with S. Metalitz regarding summary judgment, attorneys' fees (.2); telephone conference with S. Alexander regarding attorneys' fees issues (.1). | M. MAYER | 1.40 | 554.40 |
| 03/20/08 | Review and circulate summary judgment opinion (.5); telephone call with M. Mayer (.2); voice mail to D. Burg (.1); e-mails regarding fee petition (.2). | S. METALITZ | 1.00 | 463.50 |
| 03/21/08 | Draft motion for attorneys' fees (.9); draft letter to Plaintiff regarding attorneys' fees motion (.4); review and analyze summary judgment order/opinion (.3); correspondence with S. Alexander, L. Oberlander regarding attorneys' fees issues (.2) | M. MAYER | 1.80 | 712.80 |

MITCHELL SILBERBERG & KNUPP LLP

NBC Universal                                    00050 40477-00004
100 Universal City Plaza                         Invoice: 200607
Building 1280-6
Universal City, CA 91608                         April 13, 2008
Attn.: David Burg                                Page 3

| | | | | |
|---|---|---|---|---|
| 03/21/08 | E-mails and review materials regarding Scott-Blanton fee matter. | S. METALITZ | 0.50 | 231.75 |
| 03/23/08 | Review Mayer draft letter and attorney fees templates. | S. METALITZ | 0.60 | 278.10 |
| 03/24/08 | Prepare for fees motion. | J. WILLIAMS | 0.50 | 126.00 |
| 03/24/08 | Telephone call to Judge Urbina's clerk. | J. WILLIAMS | 0.10 | 25.20 |
| 03/24/08 | Prepare letter to Plaintiff regarding fees/appeal. | J. WILLIAMS | 0.60 | 151.20 |
| 03/24/08 | Draft motion for attorneys' fees; revise letter to plaintiff regarding attorneys' fees motion. | M. MAYER | 2.10 | 831.60 |
| 03/24/08 | E-mails regarding letter to plaintiff, call with counsel. | S. METALITZ | 0.30 | 139.05 |
| 03/25/08 | Research assets own by Janice Scott-Blanton (M. Mayer). | C. PRATT | 0.30 | 15.00 |
| 03/25/08 | Telephone call to Judge Urbina's clerk. | J. WILLIAMS | 0.20 | 50.40 |
| 03/25/08 | Draft motion for extension of time regarding fees. | J. WILLIAMS | 1.30 | 327.60 |

MITCHELL SILBERBERG & KNUPP LLP

NBC Universal
100 Universal City Plaza
Building 1280-6
Universal City, CA 91608
Attn.: David Burg

00050 40477-00004
Invoice: 200607

April 13, 2008
Page 4

| Date | Description | Timekeeper | Hours | Amount |
|---|---|---|---|---|
| 03/25/08 | Draft and revise letter to plaintiff regarding attorneys' fees (.5); revise motion for extension of time to file motion for attorneys' fees (.4); telephone conference with S. Alexander regarding motion for attorneys' fees (.3); conference with L. Oberlander regarding motion for attorneys' fees (.2); conference with S. Metalitz, M. Williams regarding motion for attorneys' fees (.2). | M. MAYER | 1.60 | 633.60 |
| 03/25/08 | Telephone calls to S. Alexander, L. Oberlander (.6), conferences with M. Mayer and M. Williams regarding fee motion, settlement (1.0). | S. METALITZ | 1.60 | 741.60 |
| 03/26/08 | Draft proposed order regarding extension of time. | J. WILLIAMS | 0.30 | 75.60 |
| 03/26/08 | Telephone call and correspondence with Plaintiff. | J. WILLIAMS | 0.20 | 50.40 |
| 03/26/08 | File motion for extension of time and proposed order. | J. WILLIAMS | 0.80 | 201.60 |
| 03/26/08 | Revise motion for additional time to file motion for attorneys' fees (.2); conference with M. Williams regarding same (.1); review court order regarding motion for additional time (.1). | M. MAYER | 0.40 | 158.40 |

MITCHELL SILBERBERG & KNUPP LLP

NBC Universal                                    00050  40477-00004
100 Universal City Plaza                         Invoice: 200607
Building 1280-6
Universal City, CA 91608                         April 13, 2008
Attn.:  David Burg                               Page 5

| 03/28/08 | Prepare and file notice of non-opposition to extension. | J. WILLIAMS | 0.70 | 176.40 |
| 03/28/08 | Prepare attorneys' fees motion. | J. WILLIAMS | 0.70 | 176.40 |
| 03/28/08 | Revise motion for attorneys' fees (.5); conference with M. Williams regarding same (.2); e-mail correspondence with Plaintiff regarding settlement (.2); revise notice of non-opposition to motion for additional time (.2). | M. MAYER | 1.10 | 435.60 |
| 03/28/08 | E=mails regarding attorney's fee petition. | S. METALITZ | 0.20 | 92.70 |
| 03/29/08 | Research attorneys fees issues under DC Cir. law. | J. WILLIAMS | 4.20 | 1,058.40 |
| 03/29/08 | Review cases regarding attorneys' fees against pro per plaintiffs. | M. MAYER | 0.40 | 158.40 |
| 03/30/08 | Draft motion for attorneys' fees. | J. WILLIAMS | 0.20 | 50.40 |
| 03/30/08 | Draft Metalitz declaration in support of fees motion. | J. WILLIAMS | 2.20 | 554.40 |
| 03/30/08 | Draft motion for attorneys' fees. | M. MAYER | 1.90 | 752.40 |
| 03/30/08 | E-mails to M. Williams and M. Mayer regarding fees cases. | S. METALITZ | 0.30 | 139.05 |

MITCHELL SILBERBERG & KNUPP LLP

---

NBC Universal
100 Universal City Plaza
Building 1280-6
Universal City, CA 91608
Attn.: David Burg

00050 40477-00004
Invoice: 200607

April 13, 2008
Page 6

| 03/31/08 | Review court order regarding time to file motion for attorneys' fees. | M. MAYER | 0.10 | 39.60 |
|---|---|---|---|---|

Total Fees: $9,577.95

**Billing Summary**

| Name | Hours | | Rate | | Fees |
|---|---|---|---|---|---|
| S. METALITZ | 4.50 | hours at | $463.50 | = | 2,085.75 |
| M. MAYER | 10.80 | hours at | $396.00 | = | 4,276.80 |
| J. WILLIAMS | 12.70 | hours at | $252.00 | = | 3,200.40 |
| C. PRATT | 0.30 | hours at | $50.00 | = | 15.00 |
| SUMMARY TOTALS | 28.30 | | | | 9,577.95 |

**Costs Advanced and In-House Services through March 31, 2008:**

| 01/11/08 | Delivery Services - Janice Scott-Blanton, Triangle 12/13 | 17.16 |
|---|---|---|
| 03/31/08 | Photocopying, Printing and Scanning | 2.60 |

Total Costs: $19.76

Total Fees & Costs: $9,597.71

# EXHIBIT 4

# Declaration of Steven J. Metalitz

# Civil Case Case No. 1.07cv00098 (RMU)

# MITCHELL SILBERBERG & KNUPP LLP

A LAW PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS

## MS&K

FID #:95-1883538
(310) 312-2000 Phone
(310) 312-3100 Fax

00050  40477-00004
Invoice: 181953

The New Yorker
4 Times Square
New York, NY 10036
Attn.:  Lynn Oberlander, General Counsel

April 25, 2007

**LEGAL SERVICES RENDERED** through February 28, 2007

| Re: | | |
|---|---|---|
| Scott-Blanton Litigation | 58,387.50 | |
| Less courtesy adjustment: | (11,492.50) | |
| Less 10% courtesy discount: | (4,689.50) | |
| | | $42,205.50 |
| TOTAL DUE: | | $42,205.50 |

Total due from The New Yorker: 1/13 of invoice = $3,246.58

MITCHELL SILBERBERG & KNUPP LLP

The New Yorker

00050  40477-00004
Invoice: 181953

April 25, 2007
Page 2

**Scott-Blanton Litigation**

**Fees through February 28, 2007:**

| | | | | |
|---|---|---|---|---|
| 02/01/07 | Research procedural issues in Scott-Blanton litigation. | J. WILLIAMS | 3.10 | 728.50 |
| 02/01/07 | Review and analyze complaint and exhibits in Scott-Blanton litigation. | J. WILLIAMS | 4.90 | 1,151.50 |
| 02/01/07 | Conference with M. Williams regarding service, allegations, etc.; e-mails regarding joint representation. | S. METALITZ | 0.50 | 235.00 |
| 02/02/07 | Develop Scott-Blanton litigation strategy. | J. WILLIAMS | 2.00 | 470.00 |
| 02/02/07 | Review complaint/materials in Scott-Blanton litigation. | J. WILLIAMS | 2.50 | 587.50 |
| 02/02/07 | Research likely copyright arguments in Scott-Blanton litigation. | J. WILLIAMS | 3.10 | 728.50 |
| 02/02/07 | Revise and send memo to clients regarding contacting plaintiff, etc.; telephone call with S. Alexander regarding                etc. | S. METALITZ | 1.00 | 470.00 |

**REDACTED**

The New Yorker

00050  40477-00004
Invoice: 181953

April 25, 2007
Page 3

| 02/02/07 | Conference with M. Williams regarding District Court rules; review complaint, etc.; prepare and participate in teleconference with M. Mayer; task M. Williams regarding e-mail; conference with M. Williams regarding court rules; set up call. | S. METALITZ | 2.10 | 987.00 |
|----------|---|---|---|---|
| 02/04/07 | Review status of indemnification, etc. | S. METALITZ | 0.20 | 94.00 |
| 02/05/07 | Prepare for and participate in teleconference with David Burg and Steve Metalitz regarding Scott-Blanton strategy. | J. WILLIAMS | 0.50 | 117.50 |
| 02/05/07 | Review "Brokeback Mountain Story to Screenplay" for information relevant to time line of filming. | J. WILLIAMS | 0.70 | 164.50 |
| 02/05/07 | Draft email to plaintiff regarding waivers of service in Scott-Blanton litigation. | J. WILLIAMS | 1.00 | 235.00 |
| 02/05/07 | Research                          ª in D.C. Circuit and other procedural issues. | J. WILLIAMS | 4.20 | 987.00 |
| 02/05/07 | Review and analyze complaint and supporting documents. | M. MAYER | 1.20 | 528.00 |

**REDACTED**

MITCHELL SILBERBERG & KNUPP LLP

The New Yorker

00050  40477-00004
Invoice: 181953

April 25, 2007
Page 4

| Date | Description | Attorney | Hours | Amount |
|------|-------------|----------|-------|--------|
| 02/05/07 | Review complaint and annexed material; web research regarding plaintiff; task M. Williams; review M. Williams draft for Scott-Blanton e-mail; telephone calls with M. Mayer; telephone call to D. Burg; conference with M. Williams; voice mail plaintiff; conference with M. Williams regarding case; edit and send e-mail to plaintiff; web research regarding plaintiff. | S. METALITZ | 3.20 | 1,504.00 |
| 02/06/07 | Research DC law | J. WILLIAMS | 0.50 | 117.50 |
| 02/06/07 | Discuss copy of Scott-Blanton plaintiff's certificate of registration obtained by Pam Burchette and procedure for obtaining deposit copy. | J. WILLIAMS | 0.30 | 70.50 |
| 02/06/07 | Prepare waivers of service of summons. | J. WILLIAMS | 0.70 | 164.50 |
| 02/06/07 | Review local USDDC rules on service. | J. WILLIAMS | 0.40 | 94.00 |
| 02/06/07 | Retrieve and review waiver request documents from Pacer. | J. WILLIAMS | 0.40 | 94.00 |
| 02/06/07 | Research issues related to execution of service waivers. | J. WILLIAMS | 0.50 | 117.50 |

**REDACTED**

# MITCHELL SILBERBERG & KNUPP LLP

The New Yorker

00050 40477-00004
Invoice: 181953

April 25, 2007
Page 5

| 02/06/07 | Review and analyze complaint and supporting materials; review Plaintiff's book; review short story "Brokeback Mountain." | M. MAYER | 1.10 | 484.00 |
|---|---|---|---|---|
| 02/06/07 | Legal research regarding waiver of service issues. | M. MAYER | 0.30 | 132.00 |
| 02/06/07 | E-mails and conference with M. Williams regarding process issues. | S. METALITZ | 0.20 | 94.00 |
| 02/07/07 | Review news articles regarding Scott-Blanton litigation. | J. WILLIAMS | 0.60 | 141.00 |
| 02/07/07 | Search Pacer for return of service filings in Scott-Blanton litigation. | J. WILLIAMS | 0.20 | 47.00 |
| 02/07/07 | Draft cover letters to twelve co-defendants in Scott-Blanton litigation to accompany joint representation agreements and waiver of service forms. | J. WILLIAMS | 3.50 | 822.50 |
| 02/07/07 | Telephone call with R. Dudnick; review representation/service waiver letters to clients; review engagement letter; e-mail client; e-mail C. Shelton; edit rep/service waiver letters; web research regarding plaintiff. | S. METALITZ | 1.30 | 611.00 |
| 02/08/07 | Draft application to obtain deposit copy of Scott-Blanton book. | J. WILLIAMS | 0.30 | 70.50 |

# MITCHELL SILBERBERG & KNUPP LLP

The New Yorker

00050 40477-00004
Invoice: 181953

April 25, 2007
Page 6

| 02/08/07 | Draft joint representation agreement in Scott-Blanton litigation. | J. WILLIAMS | 0.30 | 70.50 |
|---|---|---|---|---|
| 02/08/07 | Conference with M. Mayer; review and analyze complaint. | R. DUDNIK | 0.90 | 495.00 |
| 02/08/07 | Conference with M. Williams and circulate e-mail regarding deposit copy; review and approve packages to clients, e-mails regarding client contacts. | S. METALITZ | 0.80 | 376.00 |
| 02/09/07 | Edit cover letter to Universal with Joint Representation Agreement; set up strategy meeting; e-mail E. Remes regarding Proulx book. | S. METALITZ | 0.40 | 188.00 |
| 02/12/07 | Review and analyze allegedly infringed materials. | M. MAYER | 0.60 | 264.00 |
| 02/12/07 | Voice mails and e-mails regarding Ang Lee, other representation. | S. METALITZ | 0.50 | 235.00 |
| 02/13/07 | Research procedural issues involving response to Scott-Blanton motion for amended complaint and preliminary injunction. | J. WILLIAMS | 2.00 | 470.00 |
| 02/13/07 | Review and summarize Scott-Blanton amended complaint and motion for preliminary injunction. | J. WILLIAMS | 1.50 | 352.50 |

The New Yorker

00050  40477-00004
Invoice: 181953

April 25, 2007
Page 7

| 02/13/07 | Review and analyze amended complaint, motion for leave to file amended complaint, motion for preliminary injunction; conference with M. Williams regarding same. | M. MAYER | 1.20 | 528.00 |
|----------|---|---|---|---|
| 02/13/07 | Draft and revise opposition to motion for preliminary injunction; legal research regarding same. | M. MAYER | 4.10 | 1,804.00 |
| 02/13/07 | Legal research regarding                injunction standards in District of Columbia, irreparable harm issues. | M. MAYER | 1.80 | 792.00 |
| 02/13/07 | Review amended complaint, etc.; e-mails and conference with M. Williams regarding amended complaint, etc.; prepare e-mail to clients regarding amended complaint; telephone call to Oberlander regarding the New Yorker. | S. METALITZ | 1.40 | 658.00 |
| 02/14/07 | Plan strategy for responding to amended complaint and motion for preliminary injunction of Scott-Blanton. | J. WILLIAMS | 2.50 | 587.50 |
| 02/14/07 | Review and summarize local rules on electronic filing system for Scott-Blanton litigation. | J. WILLIAMS | 0.50 | 117.50 |
| 02/14/07 | Draft letter to plaintiff regarding executed cover letters and response date for preliminary injunction motion. | J. WILLIAMS | 1.10 | 258.50 |

**REDACTED**

The New Yorker

00050  40477-00004
Invoice: 181953

April 25, 2007
Page 8

| 02/14/07 | Draft and revise opposition to motion for preliminary injunction; conferences with S. Metalitz, M. Williams regarding case strategy, opposition papers, ex parte application for additional time; draft stipulation regarding timing of response to motion for preliminary injunction. | M. MAYER | 4.80 | 2,112.00 |
|----------|---|---|---|---|
| 02/14/07 | Draft and revise letter to plaintiff regarding attorneys' fees, Rule 11 sanctions. | M. MAYER | 2.20 | 968.00 |
| 02/14/07 | Review M. Mayer material, conference with M. Williams; review amended complaint and notices; review and revise letter to plaintiff regarding dates, waiver of service, etc.; e-mails regarding status of defendants, etc.; sign and send memo to plaintiff; prepare and participate in teleconference with M. Mayer; send letter to plaintiff; review and revise joint representation letter; voice mail to S. Alexander; telephone call to G. Strong regarding Proulx declaration; e-mails S. Alexander. | S. METALITZ | 3.60 | 1,692.00 |
| 02/15/07 | Revise letter to plaintiff regarding attorney fees, etc. | J. WILLIAMS | 0.20 | 47.00 |
| 02/15/07 | Draft and revise stipulation, stipulation cover letter, ex parte application for extended time to file opposition to preliminary injunction. | J. WILLIAMS | 5.00 | 1,175.00 |

MITCHELL SILBERBERG & KNUPP LLP

---

The New Yorker

00050 40477-00004
Invoice: 181953

April 25, 2007
Page 9

| | | | | |
|---|---|---|---|---|
| 02/15/07 | Call clerk's office regarding electronic filing in Scott-Blanton litigation. | J. WILLIAMS | 0.20 | 47.00 |
| 02/15/07 | Call to clerk's office regarding filing of amended complaint, etc. in Scott-Blanton litigation. | J. WILLIAMS | 0.20 | 47.00 |
| 02/15/07 | Prepare for filing stipulation in Scott-Blanton litigation. | J. WILLIAMS | 0.80 | 188.00 |
| 02/15/07 | Draft and revise ex parte application for additional time to respond to motion for preliminary injunction. | M. MAYER | 2.20 | 968.00 |
| 02/15/07 | Draft and revise opposition memorandum to motion for a preliminary injunction; draft declarations in opposition to motion for preliminary injunction; conferences with S. Metalitz regarding same; telephone conference with T. Ragsac and S. Alexander regarding same; legal research regarding preliminary injunction, irreparable harm, scenes a faire defense; review materials submitted by Plaintiff in support of motion for preliminary injunction. | M. MAYER | 7.10 | 3,124.00 |
| 02/15/07 | Review memo regarding electronic filing rules. | S. METALITZ | 0.10 | 47.00 |

MITCHELL SILBERBERG & KNUPP LLP

The New Yorker

00050  40477-00004
Invoice: 181953

April 25, 2007
Page 10

| | | | | |
|---|---|---|---|---|
| 02/15/07 | Voice mail to J. Scott-Blanton; telephone call Chambers regarding filing issues; conference with M. Williams; telephone call to diGenova; telephone calls and conferences with counsel and clients and with associated counsel regarding response to motion for preliminary injunction; drafting and send materials to counsel and plaintiff. | S. METALITZ | 5.00 | 2,350.00 |
| 02/16/07 | Draft certificate of interest. | J. WILLIAMS | 0.40 | 94.00 |
| 02/16/07 | Research and draft memo regarding substantial similarity issues in the DC Circuit. | J. WILLIAMS | 9.80 | 2,303.00 |
| 02/16/07 | Review and analyze orders from the Court regarding timing of preliminary injunction. | M. MAYER | 0.20 | 88.00 |
| 02/16/07 | Conferences with S. Metalitz regarding preliminary injunction papers, conferences with plaintiffs, filing of ex parte application for additional time, pro hac vice application. | M. MAYER | 0.80 | 352.00 |
| 02/16/07 | Draft and revise brief in opposition to preliminary injunction; legal research regarding same. | M. MAYER | 3.10 | 1,364.00 |

MITCHELL SILBERBERG & KNUPP LLP

The New Yorker

00050 40477-00004
Invoice: 181953

April 25, 2007
Page 11

| 02/16/07 | Telephone conference with S. Alexander, T. Ragsac regarding declarations, irreparable harm issues, opposition to preliminary injunction, Rule 11 letter to Plaintiff. | M. MAYER | 0.30 | 132.00 |
|---|---|---|---|---|
| 02/16/07 | Review and analyze papers filed by plaintiff in connection with motion for preliminary injunction; legal research re | R. DUDNIK | 2.20 | 1,210.00 |
| 02/16/07 | Review, edit and forward draft declaration to client; e-mails to co-counsel and client (New Yorker) regarding declaration; conference with M. Williams; telephone call to diGenova; draft status memo to clients; e-mails regarding plaintiffs letter; telephone call to diGenova regarding filing; complete memo to clients and send; revise draft declaration for Roth; review and circulate USDC orders; review M. Mayer draft letter to plaintiff and comment; preparations for next filing. | S. METALITZ | 5.10 | 2,397.00 |
| 02/17/07 | Review and revise draft of brief in opposition to preliminary injunction; add to brief; prepare draft of letter to plaintiff re legal fees. | R. DUDNIK | 2.60 | 1,430.00 |
| 02/17/07 | E-mail plaintiff; memo to co-counsel regarding amended complaint, docket correction, etc | S. METALITZ | 0.40 | 188.00 |

**REDACTED**

# MITCHELL SILBERBERG & KNUPP LLP

The New Yorker

00050 40477-00004
Invoice: 181953

April 25, 2007
Page 12

| 02/19/07 | Draft Certificate of Interest in Scott-Blanton litigation. | J. WILLIAMS | 0.60 | 141.00 |
|----------|-----------------------------------------------------------|-------------|------|--------|
| 02/19/07 | Legal research re access in Nimmer and Goldstein; further revise draft brief in opposition to preliminary injunction. | R. DUDNIK | 1.90 | 1,045.00 |
| 02/20/07 | Contact River Road regarding certificate of interest. | J. WILLIAMS | 0.10 | 23.50 |
| 02/20/07 | Receive communication from plaintiff Scott-Blanton regarding Ang Lee's attorney. | J. WILLIAMS | 0.20 | 47.00 |
| 02/20/07 | Review emails regarding declarations, etc. for Scott-Blanton litigation. | J. WILLIAMS | 0.40 | 94.00 |
| 02/20/07 | Review letter to Janice Scott-Blanton regarding attorneys' fees, etc. | J. WILLIAMS | 0.20 | 47.00 |
| 02/20/07 | Research substantial similarity in DC Circuit for Scott-Blanton litigation. | J. WILLIAMS | 0.30 | 70.50 |

MITCHELL SILBERBERG & KNUPP LLP

The New Yorker

00050  40477-00004
Invoice: 181953

April 25, 2007
Page 13

| 02/20/07 | Draft and revise opposition to preliminary injunction; draft and revise declaration of Jeff Roth in support of opposition papers regarding preliminary injunction; conference call with S. Alexander, T. Ragsac, J. Roth regarding timeline of production/post-produc tion for "Brokeback Mountain;" review and analyze materials provided by client concerning post-production schedule; e-mail correspondence with Plaintiff regarding service issues. | M. MAYER | 3.70 | 1,628.00 |
| --- | --- | --- | --- | --- |
| 02/20/07 | Conference with M. Mayer re opposition to preliminary injunction. | R. DUDNIK | 0.20 | 110.00 |
| 02/20/07 | Review BBM story and screenplay. | S. METALITZ | 1.20 | 564.00 |
| 02/21/07 | Telephone calls with Deobroah Zipser of River Road Entertainment regarding waiver of service. | J. WILLIAMS | 0.30 | 70.50 |
| 02/21/07 | Draft certificate of service. | J. WILLIAMS | 0.20 | 47.00 |
| 02/21/07 | Review plaintiff's opposition to defendants' ex parte application for extended time. | J. WILLIAMS | 0.50 | 117.50 |
| 02/21/07 | Draft and revise opposition to motion for preliminary injunction. | M. MAYER | 2.80 | 1,232.00 |

The New Yorker

00050  40477-00004
Invoice: 181953

April 25, 2007
Page 14

| 02/21/07 | Conference with M. Mayer re plaintiff's position concerning irreparable injury. | R. DUDNIK | 0.20 | 110.00 |
|---|---|---|---|---|
| 02/21/07 | Review and forward plaintiff's communications. | S. METALITZ | 0.20 | 94.00 |
| 02/22/07 | Draft and revise letter to Plaintiff regarding infringement claims, Rule 11; correspondence with clients regarding same. | M. MAYER | 0.30 | 132.00 |
| 02/22/07 | Review BBM screenplay. | S. METALITZ | 1.00 | 470.00 |
| 02/23/07 | Review issues related to filing of waivers of service. | J. WILLIAMS | 0.50 | 117.50 |
| 02/23/07 | Conference with S. Alexander regarding declaration of J. Roth; review and analyze edits to declaration. | M. MAYER | 0.20 | 88.00 |
| 02/23/07 | Draft and revise opposition to motion for preliminary injunction; draft declaration of Marc Mayer in opposition to preliminary injunction. | M. MAYER | 2.40 | 1,056.00 |
| 02/23/07 | Revise and finalize letter to plaintiff regarding infringement claims. | M. MAYER | 0.40 | 176.00 |
| 02/23/07 | Conference with M. Mayer re declarations; review cases | R. DUDNIK | 0.40 | 220.00 |

**REDACTED**

MITCHELL SILBERBERG & KNUPP LLP

The New Yorker

00050 40477-00004
Invoice: 181953

April 25, 2007
Page 15

| 02/23/07 | E-mails regarding plaintiff's filings; review letter to plaintiff. | S. METALITZ | 0.30 | 141.00 |
| 02/26/07 | Email with Deborah Zipser regarding River Road waiver of service and certificate of interest. | J. WILLIAMS | 0.30 | 70.50 |
| 02/26/07 | Review letter to Janice Scott-Blanton regarding waiver of service. | J. WILLIAMS | 0.20 | 47.00 |
| 02/26/07 | Revise opposition to plaintiff's PI motion and declarations. | J. WILLIAMS | 1.30 | 305.50 |
| 02/26/07 | Draft declaration regarding harm to Universal if preliminary injunction is issues; revise and finalize memorandum in opposition to motion for preliminary injunction. | M. MAYER | 2.60 | 1,144.00 |
| 02/26/07 | Review draft papers; task P. Burchette regarding service waivers. | S. METALITZ | 0.20 | 94.00 |
| 02/27/07 | Revise opposition to PI motion, Mayer declaration and harm declaration. | J. WILLIAMS | 2.80 | 658.00 |
| 02/27/07 | Draft and revise opposition to preliminary injunction. | M. MAYER | 0.60 | 264.00 |
| 02/27/07 | Locate cases re | R. DUDNIK | 0.20 | 110.00 |

**REDACTED**

MITCHELL SILBERBERG & KNUPP LLP

The New Yorker

00050 40477-00004
Invoice: 181953

April 25, 2007
Page 16

| | | | | |
|---|---|---|---|---|
| 02/27/07 | Review draft opposition papers. | S. METALITZ | 0.80 | 376.00 |
| 02/28/07 | Search Pacer for filing of amended Scott-Blanton complaint. | J. WILLIAMS | 0.20 | 47.00 |
| 02/28/07 | Revise declarations. | J. WILLIAMS | 0.40 | 94.00 |
| 02/28/07 | Draft Answer to Scott-Blanton complaint. | J. WILLIAMS | 0.60 | 141.00 |
| 02/28/07 | Revise opposition to PI motion. | J. WILLIAMS | 5.50 | 1,292.50 |
| 02/28/07 | Conference with S. Metalitz, B. Dudnik regarding opposition to preliminary injunction. | M. MAYER | 0.40 | 176.00 |
| 02/28/07 | Conference with S. Alexander regarding declaration of Jeffrey Roth. | M. MAYER | 0.20 | 88.00 |
| 02/28/07 | Draft and revise opposition to preliminary injunction. | M. MAYER | 1.20 | 528.00 |
| 02/28/07 | Revise declaration regarding harm to Universal concerning preliminary injunction. | M. MAYER | 0.60 | 264.00 |

MITCHELL SILBERBERG & KNUPP LLP

The New Yorker

00050  40477-00004
Invoice: 181953

April 25, 2007
Page 17

| 02/28/07 | Telephone conference with M. Mayer; review and revise new draft of brief in opposition to motion for preliminary injunction; telephone conferences with S. Metalitz re same; prepare proposed section on substantial similarity; extensive telephone conference with M. Mayer and S. Metalitz. | R. DUDNIK | 2.80 | 1,540.00 |
|---|---|---|---|---|
| 02/28/07 | Edit opposition to Plaintiff motion; telephone call to R. Dudnik; e-mails regarding edits to opposition motion; revise declarations and charts for plaintiff opposition; telephone call with R. Dudnik; set up teleconference; review R. Dudnik edits; teleconference with M. Mayer. | S. METALITZ | 3.70 | 1,739.00 |

Less courtesy adjustment:                                    (16,182.00)

Total Fees:                                                    $42,205.50

**Billing Summary**

| Name | Hours | | Rate | | Fees |
|---|---|---|---|---|---|
| R. DUDNIK | 11.40 | hours at | $550.00 | = | 6,270.00 |
| S. METALITZ | 33.20 | hours at | $470.00 | = | 15,604.00 |
| M. MAYER | 46.40 | hours at | $440.00 | = | 20,416.00 |
| J. WILLIAMS | 68.50 | hours at | $235.00 | = | 16,097.50 |
| SUMMARY TOTALS | 159.50 | | | | 58,387.50 |

# MITCHELL SILBERBERG & KNUPP LLP

A LAW PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS

**MS&K**

FID #:95-1883538
(310) 312-2000 Phone
(310) 312-3100 Fax

The New Yorker
4 Times Square
New York, NY 10036
Attn.: Lynn Oberlander, General Counsel

00050  40477-00004
Invoice: 182228

April 29, 2007

**LEGAL SERVICES RENDERED** through March 31, 2007

| Re: | Scott-Blanton Litigation | 36,398.00 |
| | Less 10% courtesy adjustment: | (3,639.80) |
| | Disbursements and charges per attached | 1,522.13 |
| | | $34,280.33 |
| TOTAL DUE: | | $34,280.33 |

Total due from The New Yorker: 1/13 of invoice = $2,636.94

MITCHELL SILBERBERG & KNUPP LLP

The New Yorker

00050  40477-00004
Invoice: 182228

April 29, 2007
Page 2

**Scott-Blanton Litigation**

**Fees through March 31, 2007:**

| | | | | |
|---|---|---|---|---|
| 03/01/07 | Review plaintiff's request for consent to filing an amended complaint and analyze when to file an answer. | J. WILLIAMS | 0.50 | 117.50 |
| 03/01/07 | Draft and research Answer to Scott-Blanton complaint. | J. WILLIAMS | 0.60 | 141.00 |
| 03/01/07 | Organize waiver of service forms for filing. | J. WILLIAMS | 0.40 | 94.00 |
| 03/01/07 | Review and analyze revised version of Jeffrey Roth declaration. | M. MAYER | 0.10 | 44.00 |
| 03/01/07 | Review and analyze final version of brief; conference with M. Mayer re quote second circuit case. | R. DUDNIK | 0.30 | 165.00 |
| 03/01/07 | Respond to plaintiff; telephone call to R. Dudnick. | S. METALITZ | 0.40 | 188.00 |
| 03/01/07 | Conferences with M. Williams regarding service waivers, amended complaint; e-mails to M. Mayer; e-mails with M. Mayer regarding amended complaint, etc. | S. METALITZ | 0.40 | 188.00 |

MITCHELL SILBERBERG & KNUPP LLP

The New Yorker

00050  40477-00004
Invoice: 182228

April 29, 2007
Page 3

| 03/02/07 | Draft and revise opposition to preliminary injunction; e-mail to clients regarding opposition to preliminary injunction. | M. MAYER | 1.10 | 484.00 |
|---|---|---|---|---|
| 03/05/07 | Revise opposition to motion for preliminary injunction; conference with E. Remes regarding same; e-mail to clients regarding revised opposition papers. | M. MAYER | 1.10 | 484.00 |
| 03/05/07 | E-mails to M. Mayer regarding PI prep; forward draft submission to diGenova for filing. | S. METALITZ | 0.40 | 188.00 |
| 03/06/07 | Revise and finalize opposition to motion for preliminary injunction; finalize supporting documents regarding opposition to motion for preliminary injunction; draft letter to plaintiff regarding motion for summary judgment. | M. MAYER | 2.30 | 1,012.00 |
| 03/06/07 | Conference with M. Mayer. | R. DUDNIK | 0.10 | 55.00 |
| 03/06/07 | Review/revise Pl papers; telephone calls with M. Mayer, J. diGenova, etc., regarding PI filing; e-mails regarding substitution filing; Pl filing; preparations; telephone call with G. Strong; e-mails regarding filing preparation and voice mail E. Remes; telephone call with M. Mayer regarding filing. | S. METALITZ | 3.00 | 1,410.00 |

The New Yorker

00050  40477-00004
Invoice: 182228

April 29, 2007
Page 4

| 03/07/07 | Finalize, revise and file opposition to motion for preliminary injunction and supporting documents. | M. MAYER | 1.80 | 792.00 |
| --- | --- | --- | --- | --- |
| 03/07/07 | Review declarations and final version of brief. | R. DUDNIK | 0.30 | 165.00 |
| 03/07/07 | Telephone call with E. Remes regarding filing under seal; e-mails M. Mayer regarding filing. | S. METALITZ | 0.30 | 141.00 |
| 03/07/07 | Task M. Williams regarding Del Mar waiver of service form; complete Schamus/Focus service waivers and send to Plaintiff. | S. METALITZ | 0.30 | 141.00 |
| 03/08/07 | Draft cover letter to plaintiff to accompany Del Mar waiver of service. | J. WILLIAMS | 0.40 | 94.00 |
| 03/08/07 | Draft answer to Scott-Blanton amended complaint. | J. WILLIAMS | 0.70 | 164.50 |
| 03/08/07 | Draft motion for summary judgment. | J. WILLIAMS | 1.20 | 282.00 |
| 03/08/07 | Draft and revise motion for summary judgment; draft separate statement of undisputed facts; draft and revise letter to plaintiff regarding motion for summary judgment. | M. MAYER | 3.10 | 1,364.00 |

MITCHELL SILBERBERG & KNUPP LLP

The New Yorker

00050  40477-00004
Invoice: 182228

April 29, 2007
Page 5

| | | | | |
|---|---|---|---|---|
| 03/08/07 | Forward service waiver and joint representation forms; accompanying e-mails; review M. Mayer drafts. | S. METALITZ | 0.40 | 188.00 |
| 03/09/07 | Draft summary judgment motion and answer. | J. WILLIAMS | 4.40 | 1,034.00 |
| 03/09/07 | Draft and revise motion for summary judgment; e-mail correspondence with S. Metalitz, M. Williams regarding same; draft and revise letter to plaintiff regarding motion for summary judgment. | M. MAYER | 2.30 | 1,012.00 |
| 03/09/07 | Review/edit motion/summary judgment; task M. Williams regarding research on "striking similarity"; e-mails and drafting regarding motion for summary judgment, answer; review revised motion for summary judgment. | S. METALITZ | 1.70 | 799.00 |
| 03/10/07 | Draft Scott-Blanton Answer. | J. WILLIAMS | 1.60 | 376.00 |
| 03/12/07 | Draft Scott-Blanton Answer and Summary Judgment Memo. | J. WILLIAMS | 4.70 | 1,104.50 |
| 03/13/07 | Draft and research summary judgment motion. | J. WILLIAMS | 1.10 | 258.50 |
| 03/13/07 | Draft and research answer. | J. WILLIAMS | 0.50 | 117.50 |
| 03/13/07 | Research motion for summary judgment procedural issues. | J. WILLIAMS | 0.30 | 70.50 |

MITCHELL SILBERBERG & KNUPP LLP

The New Yorker

00050  40477-00004
Invoice: 182228

April 29, 2007
Page 6

| 03/13/07 | Revise motion for summary judgment; review and revise answer to complaint. | M. MAYER | 3.10 | 1,364.00 |
|---|---|---|---|---|
| 03/13/07 | Circulate draft answer to clients; review and edit answer; e-mails with M. Mayer; finalize draft answer. | S. METALITZ | 1.40 | 658.00 |
| 03/13/07 | Review motion for summary judgment. | S. METALITZ | 0.50 | 235.00 |
| 03/14/07 | Revise Scott-Blanton Answer and Memo for Summary Judgment. | J. WILLIAMS | 1.80 | 423.00 |
| 03/14/07 | Review Scott-Blanton amended complaint. | J. WILLIAMS | 0.80 | 188.00 |
| 03/14/07 | Revise motion for summary judgment; correspondence with clients regarding same; review amended complaint; legal research regarding Lanham Act issues; conferences with S. Metalitz regarding summary judgment, amended complaint. | M. MAYER | 2.30 | 1,012.00 |
| 03/14/07 | Review amended complaint; responding to amended complaint, etc.; review client response regarding answer, respond to clients; check publication data. | S. METALITZ | 1.20 | 564.00 |
| 03/14/07 | E-mails regarding declarations. | S. METALITZ | 0.30 | 141.00 |
| 03/15/07 | Draft letter to plaintiff Scott-Blanton. | J. WILLIAMS | 0.30 | 70.50 |

# MITCHELL SILBERBERG & KNUPP LLP

The New Yorker

00050  40477-00004
Invoice: 182228

April 29, 2007
Page 7

| 03/15/07 | Review Scott-Blanton Amended Complaint and Revise Answer to Amended Complaint. | J. WILLIAMS | 5.20 | 1,222.00 |
|---|---|---|---|---|
| 03/15/07 | Research Sherman Act and Lanham Act defenses for Scott-Blanton answer and summary judgment memo. | J. WILLIAMS | 1.50 | 352.50 |
| 03/15/07 | Revise answer to complaint; revise motion for summary judgment. | M. MAYER | 2.10 | 924.00 |
| 03/15/07 | Conferences with M. Williams and e-mails regarding responding to amended complaint; review list of changes in amended complaint, prepare memo to clients and send; draft and send letter to plaintiff regarding time limit for responses; conference with M. Williams regarding answer, motion for summary judgment; e-mails regarding Lava Films LLC. | S. METALITZ | 1.90 | 893.00 |
| 03/16/07 | Plan for answering original and amended complaint and filing for summary judgment. | J. WILLIAMS | 1.10 | 258.50 |
| 03/16/07 | Research preemption issues in DC Circuit for memo in support of summary judgment. | J. WILLIAMS | 1.00 | 235.00 |
| 03/16/07 | Revise memo in support of summary judgment and answers to original and amended Scott-Blanton complaint. | J. WILLIAMS | 2.90 | 681.50 |

## MITCHELL SILBERBERG & KNUPP LLP

The New Yorker                                    00050  40477-00004
                                                 Invoice: 182228

                                                 April 29, 2007
                                                 Page 8

| Date | Description | Attorney | Hours | Amount |
|---|---|---|---|---|
| 03/16/07 | Research and advice regarding electronic discovery, preservation measures; revise motion for summary judgment; conference with S. Metalitz regarding summary judgment, strategy issues, amended complaint. | M. MAYER | 1.60 | 704.00 |
| 03/16/07 | Task M. Williams regarding answer to complaint; e-mails to M. Mayer. | S. METALITZ | 0.30 | 141.00 |
| 03/16/07 | Telephone conference with M. Mayer regarding pleadings and timetable. | S. METALITZ | 0.40 | 188.00 |
| 03/16/07 | E-mails and set up call regarding response to amended complaint; e-mails regarding McMurtry bookstores. | S. METALITZ | 0.80 | 376.00 |
| 03/16/07 | Review revised answer; telephone call to M. Mayer; conference with M. Williams and e-mail client regarding Sec. of State registration. | S. METALITZ | 0.50 | 235.00 |
| 03/18/07 | Review draft answer, e-mail clients. | S. METALITZ | 0.80 | 376.00 |
| 03/19/07 | Review revised motion for summary judgment and Graham declaration. | J. WILLIAMS | 0.50 | 117.50 |
| 03/19/07 | Revise answer to original complaint. | J. WILLIAMS | 0.80 | 188.00 |

# MITCHELL SILBERBERG & KNUPP LLP

The New Yorker

00050  40477-00004
Invoice: 182228

April 29, 2007
Page 9

| 03/19/07 | Draft and revise motion for summary judgment; draft and revise declaration of Simon & Schuster representative in support of motion of summary judgment; review answer to complaint; conference with S. Metalitz regarding amended complaint, motion for leave to amend. | M. MAYER | 2.70 | 1,188.00 |
|----------|----------|----------|------|----------|
| 03/19/07 | Telephone call with S. Alexander regarding edits to answer; revise answer and e-mail S. Alexander. | S. METALITZ | 0.50 | 235.00 |
| 03/19/07 | Revise N. Graham declaration; send to E. Remes. | S. METALITZ | 0.50 | 235.00 |
| 03/20/07 | Research and draft opposition to motion to amend complaint. | J. WILLIAMS | 2.90 | 681.50 |
| 03/20/07 | Retrieve copies of copyright registrations from copyright office records to attach to motion for summary judgment. | J. WILLIAMS | 1.70 | 399.50 |
| 03/20/07 | Finalize and file answer to complaint; prepare documents in support of motion for summary judgment; revise opposition to motion for leave to amend. | M. MAYER | 2.30 | 1,012.00 |
| 03/20/07 | Review/proof Answer for filing; e-mails regarding filing logistics. | S. METALITZ | 0.40 | 188.00 |

MITCHELL SILBERBERG & KNUPP LLP

The New Yorker

00050  40477-00004
Invoice: 182228

April 29, 2007
Page 10

| 03/20/07 | E-mails to M. Mayer regarding answer, opposition to motion to amend. | S. METALITZ | 0.20 | 94.00 |
|---|---|---|---|---|
| 03/20/07 | E-mails with client regarding Graham declaration, counsel regarding opposition to motion to amend. | S. METALITZ | 0.20 | 94.00 |
| 03/21/07 | Draft proposed order denying Plaintiff's motion for amended complaint. | J. WILLIAMS | 0.40 | 94.00 |
| 03/21/07 | Review revised memo in support of summary judgment. | J. WILLIAMS | 0.30 | 70.50 |
| 03/21/07 | Prepare exhibits for Nan Graham declaration. | J. WILLIAMS | 0.60 | 141.00 |
| 03/21/07 | Prepare and file proposed order regarding preliminary injunction motion; correspondence with L. Oberlander regarding document retention issues; revise and finalize motion for summary judgment and supporting documents. | M. MAYER | 2.10 | 924.00 |
| 03/21/07 | E-mails regarding N. Graham declaration. | S. METALITZ | 0.20 | 94.00 |
| 03/21/07 | Edit motion for summary judgment. | S. METALITZ | 0.40 | 188.00 |
| 03/21/07 | Review and edit motion for summary judgment, opposition to motion to amend. | S. METALITZ | 0.30 | 141.00 |

MITCHELL SILBERBERG & KNUPP LLP

The New Yorker

00050  40477-00004
Invoice: 182228

April 29, 2007
Page 11

| 03/21/07 | Revise opposition to motion to amend complaint. | S. METALITZ | 0.80 | 376.00 |
|---|---|---|---|---|
| 03/22/07 | Draft and revise docum ents/declarations/exhi bits/notices for motion for summary judgment and opposition to motion to amend complaint. | J. WILLIAMS | 5.80 | 1,363.00 |
| 03/22/07 | Draft and finalize declarations in support of motion for summary judgment; review and revise motion for summary judgment, separate statement; revise opposition to motion to amend complaint. | M. MAYER | 2.20 | 968.00 |
| 03/22/07 | Review and approve edits to opposition to plaintiff's motion. | S. METALITZ | 0.20 | 94.00 |
| 03/22/07 | Work with M. Williams to finalize opposition to motion to amend; circulate opposition papers to clients. | S. METALITZ | 0.60 | 282.00 |
| 03/23/07 | Revise Opposition to Amended Complaint and accompanying papers. | J. WILLIAMS | 1.30 | 305.50 |
| 03/23/07 | Prepare bulky exhibit attachments for filing and file attachments with clerk of court and judge's chambers. | J. WILLIAMS | 3.00 | 705.00 |
| 03/23/07 | Revise Motion for Summary Judgment and accompanying papers. | J. WILLIAMS | 1.20 | 282.00 |

MITCHELL SILBERBERG & KNUPP LLP

The New Yorker

00050  40477-00004
Invoice: 182228

April 29, 2007
Page 12

| | | | | |
|---|---|---|---|---|
| 03/23/07 | Plan for Plaintiff's responses to motion for summary judgment and opposition to amended complaint. | J. WILLIAMS | 0.30 | 70.50 |
| 03/23/07 | Finalize, prepare, revise and file motion for summary judgment; conference with Court clerk regarding motion for summary judgment; revise and finalize opposition to motion for leave to amend the complaint. | M. MAYER | 3.60 | 1,584.00 |
| 03/23/07 | Supervise motion filing; telephone call with M. Mayer and voice mail to S. Alexander regarding motion for summary judgment. | S. METALITZ | 0.40 | 188.00 |
| 03/26/07 | Review judge's order regarding pro se parties and summary judgment. | J. WILLIAMS | 0.20 | 47.00 |
| 03/26/07 | Review order from Court regarding dispositive motion. | M. MAYER | 0.10 | 44.00 |
| 03/30/07 | E-mail correspondence with L. Oberlander regarding document preservation issues. | M. MAYER | 0.20 | 88.00 |

Less 10% courtesy adjustment:

(3,639.80)

Total Fees:

$32,758.20

MITCHELL SILBERBERG & KNUPP LLP

The New Yorker

00050  40477-00004
Invoice: 182228

April 29, 2007
Page 13

## Billing Summary

| Name | Hours | | Rate | | Fees |
|------|------:|--|------|--|-----:|
| R. DUDNIK | 0.70 | hours at | $550.00 | = | 385.00 |
| S. METALITZ | 19.70 | hours at | $470.00 | = | 9,259.00 |
| M. MAYER | 34.10 | hours at | $440.00 | = | 15,004.00 |
| J. WILLIAMS | 50.00 | hours at | $235.00 | = | 11,750.00 |
| SUMMARY TOTALS | 104.50 | | | | 36,398.00 |

## Costs Advanced and In-House Services through March 31, 2007:

| | | |
|---|---|---:|
| 03/22/07 | Misc - Digenova & Toensing Services Feb. 2007 | 1,200.00 |
| 03/15/07 | Air Courier - Janice Scott-Blonton, Triangle 2/15 | 13.65 |
| 03/15/07 | Air Courier - New Yorker 2/15 | 18.23 |
| 03/15/07 | Air Courier - Greenberg Traurig, Denver 2/15 | 28.23 |
| 03/15/07 | Air Courier - Robert Thorne Co., Beverly Hills 2/15 | 34.86 |
| 03/15/07 | Air Courier - River Road Ent., 2/15 | 17.13 |
| 03/15/07 | Air Courier - NBC Universal 2/15 | 41.66 |
| 03/15/07 | Air Courier - Simon & Schuster, NY 2/15 | 18.23 |
| 03/15/07 | Air Courier - Janice Scott-Blanton, Triangle 2/16 | 13.65 |
| 03/15/07 | Air Courier - Universal Studios, 2/20 | 17.13 |
| 03/15/07 | Air Courier - Janice Scott-Blanton, Triangle 2/26 | 12.03 |
| 03/15/07 | Air Courier - Robert Thorne, Beverly Hills 2/28 | 17.47 |
| 03/15/07 | Air Courier - Janice Scott-Blanton, Triangle 3/1 | 12.06 |
| 03/31/07 | Duplication of Documents | 77.80 |

|  |  |
|---|---:|
| Total Costs: | $1,522.13 |
| Total Fees & Costs: | $34,280.33 |

# MITCHELL SILBERBERG & KNUPP LLP

A LAW PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS

**MS&K**

FID #:95-1883538
(310) 312-2000 Phone
(310) 312-3100 Fax

00050  40477-00004
Invoice: 183303

The New Yorker
4 Times Square
New York, NY 10036                                    May 18, 2007
Attn.: Lynn Oberlander, General Counsel

**LEGAL SERVICES RENDERED** through April 30, 2007

Re:    Scott-Blanton Litigation                      11,737.35
       Disbursements and charges per attached           452.42

                                                     $12,189.77

TOTAL DUE:                                           $12,189.77

Total due from The New Yorker: 1/13 of invoice = $937.67

MITCHELL SILBERBERG & KNUPP LLP

The New Yorker

00050  40477-00004
Invoice: 183303

May 18, 2007
Page 2

**Scott-Blanton Litigation**

**Fees through April 30, 2007:**

| | | | | |
|---|---|---|---|---|
| 04/03/07 | Review plaintiff's opposition to motion for summary judgment. | J. WILLIAMS | 0.50 | 105.75 |
| 04/03/07 | Review and analyze opposition to motion for summary judgment; draft reply memorandum; legal research regarding same. | M. MAYER | 4.70 | 1,861.20 |
| 04/03/07 | Review plaintiff's opposition to motion for summary judgment; e-mails with M. Mayer regarding response. | S. METALITZ | 0.70 | 296.10 |
| 04/04/07 | Review reply in support of motion for summary judgment. | J. WILLIAMS | 0.30 | 63.45 |
| 04/04/07 | Draft and revise reply in support of motion for summary judgment; legal research regarding same. | M. MAYER | 5.60 | 2,217.60 |
| 04/04/07 | Memo to clients with plaintiff's opposition to motion for summary judgment. | S. METALITZ | 0.60 | 253.80 |
| 04/05/07 | Research and draft | J. WILLIAMS | 3.40 | 719.10 |

**REDACTED**

# MITCHELL SILBERBERG & KNUPP LLP

The New Yorker

00050 40477-00004
Invoice: 183303

May 18, 2007
Page 3

| 04/05/07 | Draft and revise reply in support of summary judgment; e-mail correspondence with S. Metalitz regarding reply papers; e-mail correspondence with A. Shannon regarding same. | M. MAYER | 2.70 | 1,069.20 |
|---|---|---|---|---|
| 04/05/07 | Review draft reply to opposition to motion for summary judgment; edit and revise reply; further edits to reply on summary judgment. | S. METALITZ | 2.90 | 1,226.70 |
| 04/09/07 | Revise reply in support of motion for summary judgment. | J. WILLIAMS | 0.90 | 190.35 |
| 04/09/07 | Review and revise reply memorandum; e-mail correspondence with M. Williams, S. Metalitz regarding same. | M. MAYER | 0.80 | 316.80 |
| 04/10/07 | Revise and finalize reply in support of motion for summary judgment; file reply memorandum. | M. MAYER | 1.60 | 633.60 |
| 04/17/07 | Draft opposition to Plaintiff's Motion to File a Surreply. | J. WILLIAMS | 2.60 | 549.90 |
| 04/17/07 | Review plaintiff's motion to file sur-reply. | J. WILLIAMS | 1.20 | 253.80 |
| 04/17/07 | Research issues related to surreplies in DC Circuit. | J. WILLIAMS | 1.00 | 211.50 |

# MITCHELL SILBERBERG & KNUPP LLP

The New Yorker

00050  40477-00004
Invoice: 183303

May 18, 2007
Page 4

| Date | Description | Attorney | Hours | Amount |
|---|---|---|---|---|
| 04/17/07 | Review motion for sur-reply; e-mails regarding response to sur-reply; task M. Williams. | S. METALITZ | 0.40 | 169.20 |
| 04/18/07 | Revise draft opposition to motion to file a surreply. | J. WILLIAMS | 0.60 | 126.90 |
| 04/18/07 | Review and revise opposition to motion for sur-reply; circulate motion to clients. | S. METALITZ | 2.00 | 846.00 |
| 04/19/07 | Revise opposition to surreply memo. | J. WILLIAMS | 0.80 | 169.20 |
| 04/19/07 | Review and revise opposition to motion to file sur-reply. | M. MAYER | 0.30 | 118.80 |
| 04/19/07 | Proof and circulate draft opposition memos to Plaintiff's motion to file sur-reply; review e-mails in response. | S. METALITZ | 0.40 | 169.20 |
| 04/23/07 | Revise opposition to motion to file sur-reply. | J. WILLIAMS | 0.40 | 84.60 |
| 04/23/07 | Proof and approve opposition memo; e-mails regarding filing, etc. | S. METALITZ | 0.20 | 84.60 |

Total Fees:                                                                                          $11,737.35

MITCHELL SILBERBERG & KNUPP LLP

The New Yorker

00050 40477-00004
Invoice: 183303

May 18, 2007
Page 5

## Billing Summary

| Name | Hours | | Rate | | Fees |
|------|-------|--|------|--|------|
| S. METALITZ | 7.20 | hours at | $423.00 | = | 3,045.60 |
| M. MAYER | 15.70 | hours at | $396.00 | = | 6,217.20 |
| J. WILLIAMS | 11.70 | hours at | $211.50 | = | 2,474.55 |
| SUMMARY TOTALS | 34.60 | | | | 11,737.35 |

## Costs Advanced and In-House Services through April 30, 2007:

| | | |
|--|--|--|
| 04/18/07 | Misc - M. Williams - Purchase of book order examples, 3/21/07 | 111.93 |
| 04/18/07 | Misc - M. Williams - Purchase books as evidence, 2/1/07 | 48.58 |
| 04/26/07 | Misc - Pacer Service Center - For services provided during the period of 1/1/07 through 3/31/07 | 17.04 |
| 04/03/07 | Air Courier - Janice Scott-Blanton, Triangle 3/7 | 24.66 |
| 04/16/07 | Air Courier - Janice Scott-Blanton, Triangle 3/15 | 16.17 |
| 04/16/07 | Air Courier - Janice Scott-Blanton, Triangle 3/20 | 13.40 |
| 04/16/07 | Air Courier - Janice Scott-Blanton, Triangle 3/23 | 14.70 |
| 04/16/07 | Air Courier - The New Yorker, NY 4/4 | 16.02 |
| 04/16/07 | Air Courier - Greenberg Trauring, Denver 4/4 | 27.35 |
| 04/16/07 | Air Courier - River Road Ent., Los Angeles 4/4 | 38.42 |
| 04/16/07 | Air Courier - Robert Thorne Co., Beverly Hills 4/4 | 17.39 |
| 04/16/07 | Air Courier - Simon & Schuster, NY 4/4 | 16.02 |
| 04/16/07 | Air Courier - NBC Universal 4/4 | 28.42 |
| 04/17/07 | Air Courier - Janice Scott-Blanton, Triangle 3/23 | 28.02 |
| 04/17/07 | Air Courier - Janice Scott-Blanton, Triangle 3/21 | 12.24 |

MITCHELL SILBERBERG & KNUPP LLP

The New Yorker

00050  40477-00004
Invoice: 183303

May 18, 2007
Page 6

| | | |
|---|---|---|
| 04/23/07 | Air Courier - Janice Scott-Blanton, Triangle 4/10 | 16.56 |
| 04/30/07 | Duplication of Documents | 5.50 |

Total Costs: $452.42

Total Fees & Costs: $12,189.77

# MITCHELL SILBERBERG & KNUPP LLP

A LAW PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS

**MS&K**

FID #:95-1883538
(310) 312-2000 Phone
(310) 312-3100 Fax

The New Yorker
4 Times Square
New York, NY 10036
Attn.: Lynn Oberlander, General Counsel

00050 40477-00004
Invoice: 186421

July 21, 2007

**LEGAL SERVICES RENDERED** through June 30, 2007

| | | |
|---|---|---|
| Re: | Scott-Blanton Litigation | 867.15 |
| | Disbursements and charges per attached | 32.32 |
| | | $899.47 |
| TOTAL DUE: | | $899.47 |

Total due from The New Yorker: 1/13 of invoice = $69.19

11377 West Olympic Boulevard, Los Angeles, California 90064-1683
Phone: (310) 312-2000  Fax: (310) 312-3100  Website: www.msk.com

MITCHELL SILBERBERG & KNUPP LLP

The New Yorker

00050 40477-00004
Invoice: 186421

July 21, 2007
Page 2

**Scott-Blanton Litigation**

**Fees through June 30, 2007:**

| | | | | |
|---|---|---|---|---|
| 06/05/07 | Research local rules on hearings. | J. WILLIAMS | 1.70 | 359.55 |
| 06/05/07 | E-mails and task M. Williams regarding case status; e-mails to M. Williams regarding rules; conference with M. Williams regarding rules. | S. METALITZ | 0.60 | 253.80 |
| 06/12/07 | E-mails M. Mayer regarding litigation status questions. | S. METALITZ | 0.20 | 84.60 |
| 06/14/07 | E-mail client regarding status. | S. METALITZ | 0.20 | 84.60 |
| 06/28/07 | Respond to status query from Simon & Schuster. | S. METALITZ | 0.20 | 84.60 |

Total Fees:                                                                                           $867.15

**Billing Summary**

| Name | Hours | | Rate | | Fees |
|---|---|---|---|---|---|
| S. METALITZ | 1.20 | hours at | $423.00 | = | 507.60 |
| J. WILLIAMS | 1.70 | hours at | $211.50 | = | 359.55 |
| SUMMARY TOTALS | 2.90 | | | | 867.15 |

MITCHELL SILBERBERG & KNUPP LLP

The New Yorker

00050  40477-00004
Invoice: 186421

July 21, 2007
Page 3

**Costs Advanced and In-House Services through June 30, 2007:**

| | | |
|---|---|---|
| 03/22/07 | Misc - M. Mayer - Books, 2/5/07 | 20.12 |
| 05/16/07 | Air Courier - Janice Scott-Blanton, Triangle 4/23 | 12.00 |
| 06/30/07 | Duplication of Documents | 0.20 |

Total Costs:                                                     $32.32

Total Fees & Costs:                                          $899.47

# MITCHELL SILBERBERG & KNUPP LLP

A LAW PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS

**MS&K**

FID #:95-1883538
(310) 312-2000 Phone
(310) 312-3100 Fax

00050 40477-00004
Invoice: 188123

The New Yorker
4 Times Square
New York, NY 10036
Attn.: Lynn Oberlander, General Counsel

August 15, 2007

**LEGAL SERVICES RENDERED** through July 31, 2007

| | | |
|---|---|---|
| Re: | Scott-Blanton Litigation | 623.70 |
| | Disbursements and charges per attached | 34.42 |
| | | $658.12 |

TOTAL DUE:                                                          $658.12

Total due from The New Yorker: 1/13 of invoice = $50.62

MITCHELL SILBERBERG & KNUPP LLP

The New Yorker                                     00050  40477-00004
                                                   Invoice: 188123

                                                   August 15, 2007
                                                   Page 2

**Scott-Blanton Litigation**

**Fees through July 31, 2007:**

| | | | | |
|---|---|---|---|---|
| 07/19/07 | Review and analyze order denying preliminary injunction; conference with S. Metalitz regarding same. | M. MAYER | 0.40 | 158.40 |
| 07/19/07 | Review decision on preliminary injunction; telephone call with M. Mayer; memo to clients regarding denial of preliminary injunction; follow-up e-mails. | S. METALITZ | 1.10 | 465.30 |

Total Fees:                                                          $623.70

**Billing Summary**

| Name | Hours | | | Rate | | Fees |
|---|---|---|---|---|---|---|
| S. METALITZ | 1.10 | hours at | $423.00 | = | | 465.30 |
| M. MAYER | 0.40 | hours at | $396.00 | = | | 158.40 |
| SUMMARY TOTALS | 1.50 | | | | | 623.70 |

MITCHELL SILBERBERG & KNUPP LLP

The New Yorker                                      00050  40477-00004
                                                   Invoice: 188123

                                                   August 15, 2007
                                                   Page 3

**Costs Advanced and In-House Services through July 31, 2007:**

| | | |
|---|---|---|
| 04/26/07 | Misc - Pacer Service Center - For services provided during the period of 1/1/07 through 3/31/07 | 10.64 |
| 04/16/07 | Air Courier - Janice Scott-Blanton, Triangle 3/7 | 11.84 |
| 04/16/07 | Air Courier - Janice Scott-Blanton, Triangle 3/8 | 11.84 |
| 07/31/07 | Photocopying, Printing and Scanning | 0.10 |

Total Costs:                                              $34.42

Total Fees & Costs:                                       $658.12

## MITCHELL SILBERBERG & KNUPP LLP

A LAW PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS

**MS&K**

FID #:95-1883538
(310) 312-2000 Phone
(310) 312-3100 Fax

The New Yorker
4 Times Square
New York, NY 10036
Attn.: Lynn Oberlander, General Counsel

00050  40477-00004
Invoice: 189865

September 21, 2007

**LEGAL SERVICES RENDERED** through August 30, 2007

Re:    Scott-Blanton Litigation                        7,825.50

$7,825.50

TOTAL DUE:                                             $7,825.50

Total due from The New Yorker: 1/13 of invoice = $601.97

MITCHELL SILBERBERG & KNUPP LLP

---

The New Yorker

00050  40477-00004
Invoice: 189865

September 21, 2007
Page 2

**Scott-Blanton Litigation**

**Fees through August 30, 2007:**

| | | | | |
|---|---|---|---|---|
| 08/26/07 | Review and analyze court order regarding summary judgment; e-mail correspondence with S. Metalitz regarding same. | M. MAYER | 0.20 | 79.20 |
| 08/27/07 | Review and analyze order regarding additional briefing on motion for summary judgment; legal research regarding propriety of ruling on motion for summary judgment prior to discovery; e-mail correspondence with client regarding same. | M. MAYER | 3.80 | 1,504.80 |
| 08/28/07 | Draft brief regarding discovery issues; legal research regarding same. | M. MAYER | 4.40 | 1,742.40 |
| 08/29/07 | Draft brief regarding discovery issues on summary judgment; legal research regarding same. | M. MAYER | 6.30 | 2,494.80 |
| 08/29/07 | E-mails M. Mayer regarding response to order. | S. METALITZ | 0.20 | 84.60 |
| 08/30/07 | Draft and revise brief regarding discovery issues; conference with S. Metalitz regarding same. | M. MAYER | 4.10 | 1,623.60 |

MITCHELL SILBERBERG & KNUPP LLP

The New Yorker

00050  40477-00004
Invoice: 189865

September 21, 2007
Page 3

| | | | | |
|---|---|---|---|---|
| 08/30/07 | Telephone call with M. Mayer regarding pleading on discovery; review draft pleading; task M. Williams. | S. METALITZ | 0.70 | 296.10 |

Total Fees: $7,825.50

**Billing Summary**

| Name | Hours | | Rate | | Fees |
|---|---|---|---|---|---|
| S. METALITZ | 0.90 | hours at | $423.00 | = | 380.70 |
| M. MAYER | 18.80 | hours at | $396.00 | = | 7,444.80 |
| SUMMARY TOTALS | 19.70 | | | | 7,825.50 |

# MITCHELL SILBERBERG & KNUPP LLP

A LAW PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS

**MS&K**

FID #:95-1883538
(310) 312-2000 Phone
(310) 312-3100 Fax

00050  40477-00004
Invoice: 191526

The New Yorker
4 Times Square
New York, NY 10036                              October 23, 2007
Attn.:  Lynn Oberlander, General Counsel

**LEGAL SERVICES RENDERED** through September 30, 2007

Re:   Scott-Blanton Litigation                  19,367.55
      Disbursements and charges per attached        17.44
                                                          $19,384.99

TOTAL DUE:                                                $19,384.99

Total due from The New Yorker: 1/13 of invoice = $1,491.17

11377 West Olympic Boulevard, Los Angeles, California  90064-1683
Phone: (310) 312-2000  Fax: (310) 312-3100  Website: WWW.MSK.COM

MITCHELL SILBERBERG & KNUPP LLP

The New Yorker

00050  40477-00004
Invoice: 191526

October 23, 2007
Page 2

**Scott-Blanton Litigation**

**Fees through September 30, 2007:**

| | | | | |
|---|---|---|---|---|
| 09/04/07 | Research and revise brief regarding need for discovery prior to summary judgment. | J. WILLIAMS | 5.40 | 1,142.10 |
| 09/04/07 | E-mail correspondence with M. Williams regarding supplemental brief. | M. MAYER | 0.30 | 118.80 |
| 09/04/07 | Review draft memo in response to order; task M. Williams; conference with M. Williams. | S. METALITZ | 0.30 | 126.90 |
| 09/05/07 | Draft notice of change of address. | J. WILLIAMS | 0.30 | 63.45 |
| 09/05/07 | Draft answer to amended complaint. | J. WILLIAMS | 1.80 | 380.70 |
| 09/05/07 | Research and revise brief on summary judgment prior to discovery. | J. WILLIAMS | 5.90 | 1,247.85 |
| 09/05/07 | Conferences with M. Williams and send e-mails regarding answer to amended complaint; review/edit draft answer to amended complaint; edit address change filing; review material on supplemental brief; research regarding supplemental brief; conference with M. Williams regarding brief; review cases. | S. METALITZ | 1.80 | 761.40 |

MITCHELL SILBERBERG & KNUPP LLP

The New Yorker

00050  40477-00004
Invoice: 191526

October 23, 2007
Page 3

| 09/06/07 | Meeting with M. Williams re: copyright registration and litigation matter | E. SCHWARTZ | 0.20 | 82.80 |
|---|---|---|---|---|
| 09/06/07 | Research and revise brief on discovery issues. | J. WILLIAMS | 7.00 | 1,480.50 |
| 09/06/07 | Draft notice of joinder of parties to summary judgment motion. | J. WILLIAMS | 0.60 | 126.90 |
| 09/06/07 | Revise supplemental brief; revise supplemental brief and conference with M. Williams; review and send to M. Mayer. | S. METALITZ | 4.60 | 1,945.80 |
| 09/07/07 | Research and revise brief on discovery issues. | J. WILLIAMS | 2.50 | 528.75 |
| 09/07/07 | Draft answer to amended complaint. | J. WILLIAMS | 0.50 | 105.75 |
| 09/07/07 | Draft certificate of interest for Lava Films and Universal Home. | J. WILLIAMS | 0.40 | 84.60 |
| 09/07/07 | Review supplemental memorandum, answer; e-mails with client regarding same. | M. MAYER | 1.60 | 633.60 |
| 09/07/07 | Review e-mails and respond to M. Mayer regarding supplemental brief; edit supplemental brief; send drafts to clients. | S. METALITZ | 0.90 | 380.70 |
| 09/10/07 | Revise answer to amended complaint. | J. WILLIAMS | 0.50 | 105.75 |

MITCHELL SILBERBERG & KNUPP LLP

The New Yorker

00050  40477-00004
Invoice: 191526

October 23, 2007
Page 4

| 09/10/07 | Review comments on answer/supplemental brief. | S. METALITZ | 0.20 | 84.60 |
|---|---|---|---|---|
| 09/11/07 | Revise answer to amended complaint. | J. WILLIAMS | 2.80 | 592.20 |
| 09/11/07 | Review edits and miscellaneous e-mails regarding answer to amended complaint. | S. METALITZ | 0.80 | 338.40 |
| 09/12/07 | Revise brief regarding discovery issues. | J. WILLIAMS | 1.60 | 338.40 |
| 09/12/07 | Revise answer to amended complaint. | J. WILLIAMS | 0.30 | 63.45 |
| 09/12/07 | Review and revise supplemental memorandum regarding discovery and summary judgment issues. | M. MAYER | 0.30 | 118.80 |
| 09/13/07 | Revise brief regarding discovery issues. | J. WILLIAMS | 0.30 | 63.45 |
| 09/14/07 | Revise and file answer to amended complaint. | J. WILLIAMS | 1.20 | 253.80 |
| 09/14/07 | Revise and file brief regarding discovery issues. | J. WILLIAMS | 1.70 | 359.55 |
| 09/14/07 | Revise and file certificate of interest for Lava Films LLC and Universal Home Entertainment. | J. WILLIAMS | 0.20 | 42.30 |
| 09/14/07 | Revise and file Joinder for Lava Films and Universal Home Entertainment. | J. WILLIAMS | 0.20 | 42.30 |

MITCHELL SILBERBERG & KNUPP LLP

The New Yorker

00050 40477-00004
Invoice: 191526

October 23, 2007
Page 5

| 09/14/07 | Review supplemental brief, answer, joinder; conference with M. Williams regarding same. | M. MAYER | 1.10 | 435.60 |
|---|---|---|---|---|
| 09/14/07 | Conference with M. Williams regarding revisions to brief/answer; review/edit Answer; conferences with M. Williams regarding Answer; telephone calls and conferences with staff regarding filing; review and edit brief; conference with M. Williams; review/edit brief; finalize and supervise filing of pleadings. | S. METALITZ | 1.90 | 803.70 |
| 09/17/07 | Telephone call with M. Mayer regarding filings; circulate filings to clients. | S. METALITZ | 0.20 | 84.60 |
| 09/19/07 | Update pleadings file. | J. WILLIAMS | 0.10 | 21.15 |
| 09/19/07 | Research new opinion | J. WILLIAMS | 0.40 | 84.60 |
| 09/19/07 | Voice mails and telephone call with J. Posthumus (Proulx counsel). | S. METALITZ | 0.20 | 84.60 |
| 09/24/07 | E-mail correspondence with D. Burg regarding service on Ang Lee. | M. MAYER | 0.30 | 118.80 |
| 09/24/07 | E-mails regarding Ang Lee. | S. METALITZ | 0.20 | 84.60 |

**REDACTED**

MITCHELL SILBERBERG & KNUPP LLP

The New Yorker

00050 40477-00004
Invoice: 191526

October 23, 2007
Page 6

| | | | | |
|---|---|---|---|---|
| 09/25/07 | Telephone conference with J. Dapello regarding | M. MAYER | 0.80 | 316.80 |
| 09/25/07 | E-mails regarding Ang Lee service, etc. | S. METALITZ | 0.20 | 84.60 |
| 09/27/07 | Review and analyze response to supplemental brief regarding discovery; conference call with S. Metalitz, M. Williams regarding supplemental brief, motion to strike; draft response to motion to strike; e-mail correspondence with D. Berg, J. Dapello regarding | M. MAYER | 2.60 | 1,029.60 |
| 09/27/07 | Review Plaintiffs' response and motion to strike; e-mails with counsel; conference with M. Williams and M. Mayer regarding responsive filing, Ang Lee; task M. Williams; memo to clients regarding plaintiff filings; conference with M. Williams regarding deposit copy. | S. METALITZ | 2.30 | 972.90 |
| 09/28/07 | TC with P. Burchette; TC with S. Metalitz re: Copyright Office deposit retrieval practices for case | E. SCHWARTZ | 0.30 | 124.20 |
| 09/28/07 | Draft reply to Plaintiff's Supplemental memo on Discovery. | J. WILLIAMS | 5.90 | 1,247.85 |
| 09/28/07 | Request deposit copy from registration for New Yorker to file with reply to plaintiff's supplemental memo on discovery. | J. WILLIAMS | 1.00 | 211.50 |

**REDACTED**

MITCHELL SILBERBERG & KNUPP LLP

The New Yorker

00050  40477-00004
Invoice: 191526

October 23, 2007
Page 7

| 09/28/07 | Draft and revise response to motion to strike; legal research regarding same; revise reply memo regarding supplemental brief; e-mail correspondence with M. Williams, S. Metalitz regarding same. | M. MAYER | 4.80 | 1,900.80 |
| 09/29/07 | Revise reply brief regarding discovery. | J. WILLIAMS | 0.70 | 148.05 |

Total Fees:                                                                    $19,367.55

**Billing Summary**

| Name | Hours | Rate | Fees |
|------|-------|------|------|
| S. METALITZ | 13.60 hours at | $423.00 = | 5,752.80 |
| E. SCHWARTZ | 0.50 hours at | $414.00 = | 207.00 |
| M. MAYER | 11.80 hours at | $396.00 = | 4,672.80 |
| J. WILLIAMS | 41.30 hours at | $211.50 = | 8,734.95 |
| SUMMARY TOTALS | 67.20 | | 19,367.55 |

**Costs Advanced and In-House Services through September 30, 2007:**

| 09/27/07 | Delivery Services - Janice Scott-Blanton, Triangle 9/6 | 11.64 |

MITCHELL SILBERBERG & KNUPP LLP

_____

The New Yorker                                    00050  40477-00004
                                                  Invoice: 191526

                                                  October 23, 2007
                                                  Page 8

| | | |
|---|---|---|
| 09/30/07 | Photocopying, Printing and Scanning | 3.80 |
| 09/30/07 | Electronic Media Print Charge | 2.00 |

      Total Costs:                                           $17.44

      Total Fees & Costs:                                 $19,384.99

# MITCHELL SILBERBERG & KNUPP LLP

A LAW PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS

**MS&K**

FID #:95-1883538
(310) 312-2000 Phone
(310) 312-3100 Fax

00050  40477-00004
Invoice: 192633

The New Yorker
4 Times Square
New York, NY 10036                                    November 11, 2007
Attn.:  Lynn Oberlander, General Counsel


**LEGAL SERVICES RENDERED** through October 31, 2007


Re:     Scott-Blanton Litigation                          8,003.70
        Disbursements and charges per attached             174.32
                                                                          $8,178.02

TOTAL DUE:                                                                $8,178.02


| Total due from The New Yorker: 1/14 of invoice = $584.14 |
| --- |

MITCHELL SILBERBERG & KNUPP LLP

The New Yorker

00050  40477-00004
Invoice: 192633

November 11, 2007
Page 2

**Scott-Blanton Litigation**

**Fees through October 31, 2007:**

| | | | | |
|---|---|---|---|---|
| 10/01/07 | Revise opposition to motion to strike; e-mail correspondence with M. Williams, S. Metalitz regarding same. | M. MAYER | 0.30 | 118.80 |
| 10/01/07 | E-mails to client regarding plaintiff's claims regarding publication. | S. METALITZ | 0.30 | 126.90 |
| 10/02/07 | Research issues for opposition to motion to strike. | J. WILLIAMS | 0.20 | 42.30 |
| 10/02/07 | Compile drafts of reply submissions. | S. METALITZ | 0.20 | 84.60 |
| 10/03/07 | Research issues related to motion to strike. | J. WILLIAMS | 3.00 | 634.50 |
| 10/03/07 | Revise opposition to motion to strike. | J. WILLIAMS | 1.90 | 401.85 |
| 10/03/07 | Draft joint representation agreement and cover letter for Ang Lee and addendums for other defendants. | J. WILLIAMS | 1.30 | 274.95 |
| 10/03/07 | E-mails and task P. Burchette and M. Williams regarding | S. METALITZ | 0.20 | 84.60 |

**REDACTED**

MITCHELL SILBERBERG & KNUPP LLP

The New Yorker

00050 40477-00004
Invoice: 192633

November 11, 2007
Page 3

| 10/03/07 | Review/edit motion to strike; review reply brief; edit reply brief. | S. METALITZ | 2.10 | 888.30 |
|---|---|---|---|---|
| 10/04/07 | Prepare joint representation agreements to add Ang Lee. | J. WILLIAMS | 0.90 | 190.35 |
| 10/04/07 | Revise motion to strike. | J. WILLIAMS | 1.30 | 274.95 |
| 10/04/07 | Telephone call with Judge Urbina's clerk regarding separating the motion to strike from the exhibits in the electronic docket. | J. WILLIAMS | 0.20 | 42.30 |
| 10/04/07 | Finalize draft and forward to clients; e-mails regarding waivers, etc.; e-mails regarding Scott-Blanton docket, etc. | S. METALITZ | 0.80 | 338.40 |
| 10/05/07 | Correspond with Pam Burchette and Copyright Office regarding retrieval of deposit copy and certified letter from Copyright Office. | J. WILLIAMS | 1.20 | 253.80 |
| 10/05/07 | Draft declaration of Pamela Burchette. | J. WILLIAMS | 0.70 | 148.05 |
| 10/05/07 | Review waiver of service executed by Joe Dapaello for Ang Lee. | J. WILLIAMS | 0.20 | 42.30 |
| 10/05/07 | Correspond with Joseph Dapello regarding waiver of service for Ang Lee. | J. WILLIAMS | 0.40 | 84.60 |
| 10/05/07 | Coordinate joint representation agreements. | J. WILLIAMS | 0.30 | 63.45 |

MITCHELL SILBERBERG & KNUPP LLP

The New Yorker

00050  40477-00004
Invoice: 192633

November 11, 2007
Page 4

| 10/05/07 | Draft answer to amended complaint for Ang Lee. | J. WILLIAMS | 1.60 | 338.40 |
|----------|-----------------------------------------------|-------------|------|--------|
| 10/05/07 | Draft certificate of interest for Ang Lee. | J. WILLIAMS | 0.20 | 42.30 |
| 10/05/07 | Draft joinder for Ang Lee. | J. WILLIAMS | 0.30 | 63.45 |
| 10/05/07 | Review reply in support of supplemental brief regarding discovery. | M. MAYER | 0.30 | 118.80 |
| 10/05/07 | E-mails and conference with M. Williams regarding motion to strike; conference with P. Burchette and M. Williams regarding deposit copy. | S. METALITZ | 0.40 | 169.20 |
| 10/05/07 | Edit letters regarding joint representation. | S. METALITZ | 0.30 | 126.90 |
| 10/08/07 | File reply brief regarding discovery. | J. WILLIAMS | 0.30 | 63.45 |
| 10/08/07 | Revise reply brief regarding discovery issues. | J. WILLIAMS | 2.10 | 444.15 |
| 10/08/07 | Edit letters and conference with P. Burchette and M. Williams regarding joint representation waivers; review and edit reply brief; finalize and send joint representation waivers; review e-mails regarding filing; review/edit footnote in reply brief; finalize reply brief;d raft cover note to clients; send submission to clients. | S. METALITZ | 2.00 | 846.00 |

**REDACTED**

MITCHELL SILBERBERG & KNUPP LLP

The New Yorker

00050 40477-00004
Invoice: 192633

November 11, 2007
Page 5

| 10/09/07 | E-mails regarding Ang Lee representation. | S. METALITZ | 0.20 | 84.60 |
|----------|------------------------------------------|-------------|------|-------|
| 10/10/07 | E-mails regarding joint representation waivers. | S. METALITZ | 0.20 | 84.60 |
| 10/12/07 | E-mail correspondence with J. Dapello regarding A. Lee appearance, summary judgment; review and revise answer of A. Lee; revise joinder of A. Lee in motion for summary judgment. | M. MAYER | 1.10 | 435.60 |
| 10/12/07 | E-mails regarding Ang Lee joint representation waiver. | S. METALITZ | 0.20 | 84.60 |
| 10/15/07 | Teleconference regarding Ang Lee. | J. WILLIAMS | 0.40 | 84.60 |
| 10/15/07 | Conference with S. Metalitz regarding Ang Lee appearance. | M. MAYER | 0.30 | 118.80 |
| 10/15/07 | Telephone conference with M. Mayer; e-mail clients regarding joint representation waivers; follow-up e-mails. | S. METALITZ | 0.50 | 211.50 |
| 10/16/07 | Review Ang Lee documents. | M. MAYER | 0.20 | 79.20 |
| 10/19/07 | Organize joint representation addenda. | J. WILLIAMS | 0.20 | 42.30 |
| 10/19/07 | E-mails regarding joint representation waivers. | S. METALITZ | 0.20 | 84.60 |

# MITCHELL SILBERBERG & KNUPP LLP

The New Yorker

00050  40477-00004
Invoice: 192633

November 11, 2007
Page 6

| Date | Description | Attorney | Hours | Amount |
|------|-------------|----------|-------|--------|
| 10/26/07 | Revise Ang Lee filings. | J. WILLIAMS | 0.70 | 148.05 |
| 10/26/07 | Review and revise answer, joinder, certification of interested parties for Ang Lee; e-mail correspondence with J. Dapello regarding same. | M. MAYER | 0.60 | 237.60 |

Total Fees: $8,003.70

## Billing Summary

| Name | Hours | | Rate | | Fees |
|------|-------|---|------|---|------|
| S. METALITZ | 7.60 | hours at | $423.00 | = | 3,214.80 |
| M. MAYER | 2.80 | hours at | $396.00 | = | 1,108.80 |
| J. WILLIAMS | 17.40 | hours at | $211.50 | = | 3,680.10 |
| SUMMARY TOTALS | 27.80 | | | | 8,003.70 |

## Costs Advanced and In-House Services through October 31, 2007:

| Date | Description | Amount |
|------|-------------|--------|
| 10/26/07 | Misc - Pacer Service Center - For services provided during the period of 7/1/07 through 9/30/07 | 6.88 |
| 10/30/07 | Delivery Services - Janice Scott, Triangle 09/14 | 13.48 |
| 10/30/07 | Delivery Services - Schreck Rose Dapello Adams, NY 10/4 | 12.68 |
| 10/30/07 | Delivery Services - The New Yorker, 10/8 | 15.47 |
| 10/30/07 | Delivery Services - Simon & Schuster, NY 10/8 | 15.47 |
| 10/30/07 | Delivery Services - River Road Entertainment, LA 10/8 | 19.50 |

MITCHELL SILBERBERG & KNUPP LLP

The New Yorker

00050  40477-00004
Invoice: 192633

November 11, 2007
Page 7

| Date | Description | Amount |
|---|---|---|
| 10/30/07 | Delivery Services - Greenberg Traurig, Denver 10/8 | 18.51 |
| 10/30/07 | Delivery Services - Robert Thome, Beverly Hills 10/8 | 21.71 |
| 10/30/07 | Delivery Services - NBC Universal 10/8 | 19.20 |
| 10/30/07 | Delivery Services - NBC Universal  10/8 | 13.42 |
| 10/31/07 | Photocopying, Printing and Scanning | 18.00 |

Total Costs:  $174.32

Total Fees & Costs:  $8,178.02

# MITCHELL SILBERBERG & KNUPP LLP

A LAW PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS

**MS&K**

FID #:95-1883538
(310) 312-2000 Phone
(310) 312-3100 Fax

00050  40477-00004
Invoice: 194660

The New Yorker
4 Times Square
New York, NY 10036
Attn.:  Lynn Oberlander, General Counsel

December 14, 2007

**LEGAL SERVICES RENDERED** through November 30, 2007

| Re: | | |
|-----|-----|-----|
| | Scott-Blanton Litigation | 1,154.70 |
| | Disbursements and charges per attached | 43.00 |
| | | $1,197.70 |
| TOTAL DUE: | | $1,197.70 |

Total due from The New Yorker: 1/14 of invoice = $85.55

MITCHELL SILBERBERG & KNUPP LLP

The New Yorker
4 Times Square
New York, NY 10036
Attn.: Lynn Oberlander, General Counsel

00050  40477-00004
Invoice: 194660

December 14, 2007
Page 2

**Scott-Blanton Litigation**

**Fees through November 30, 2007:**

| | | | | |
|---|---|---|---|---|
| 11/05/07 | Revise answer and Joinder for Ang Lee. | J. WILLIAMS | 0.40 | 84.60 |
| 11/07/07 | Prepare Ang Lee filings. | J. WILLIAMS | 0.10 | 21.15 |
| 11/12/07 | File Joinder and Answer for Ang Lee. | J. WILLIAMS | 0.50 | 105.75 |
| 11/12/07 | Review answer and joinder of Ang Lee. | M. MAYER | 0.30 | 118.80 |
| 11/12/07 | Review/approve Scott-Blanton filings. | S. METALITZ | 0.20 | 84.60 |
| 11/13/07 | File certificate of interest for Ang Lee; telephone call with clerk; correspond with Joe Dapello. | J. WILLIAMS | 0.60 | 126.90 |
| 11/15/07 | Review and analyze memorandum and order regarding denial of Rule 56(f) motion; conference with S. Metalitz regarding same. | M. MAYER | 0.80 | 316.80 |
| 11/15/07 | Review opinion and order; conference with M. Williams regarding same; telephone call with M. Mayer regarding same; draft and circulate summary to clients. | S. METALITZ | 0.70 | 296.10 |

# MITCHELL SILBERBERG & KNUPP LLP

The New Yorker
4 Times Square
New York, NY 10036
Attn.: Lynn Oberlander, General Counsel

00050  40477-00004
Invoice: 194660

December 14, 2007
Page 3

Total Fees:                                                                $1,154.70

### Billing Summary

| Name | Hours | | Rate | | Fees |
|------|-------|---|------|---|------|
| S. METALITZ | 0.90 | hours at | $423.00 | = | 380.70 |
| M. MAYER | 1.10 | hours at | $396.00 | = | 435.60 |
| J. WILLIAMS | 1.60 | hours at | $211.50 | = | 338.40 |
| SUMMARY TOTALS | 3.60 | | | | 1,154.70 |

**Costs Advanced and In-House Services through November 30, 2007:**

| | | |
|---|---|---|
| 11/20/07 | Misc - P. Burchette - Library of Congress photocopying, 10/5/07 | 11.00 |
| 11/20/07 | Ground Transportation - P. Burchette - Cab fare to and from Copyright Office, 9/28/07 | 17.00 |
| 11/20/07 | Ground Transportation - P. Burchette - Cab fare to and from Copyright Office, 10/5/07 | 15.00 |

Total Costs:                                                                $43.00

Total Fees & Costs:                                                    $1,197.70

# MITCHELL SILBERBERG & KNUPP LLP

A LAW PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS

**MS&K**

FID #:95-1883538
(310) 312-2000 Phone
(310) 312-3100 Fax

The New Yorker
4 Times Square
New York, NY 10036
Attn.: Lynn Oberlander, General Counsel

00050  40477-00004
Invoice: 196053

January 22, 2008

**LEGAL SERVICES RENDERED** through December 31, 2007

| Re: | Scott-Blanton Litigation | 13,550.85 | |
|-----|--------------------------|-----------|--|
| | Disbursements and charges per attached | 31.37 | |
| | | | $13,582.22 |

TOTAL DUE:                                                    $13,582.22

Total due from The New Yorker: 1/14 of invoice = $970.15

# MITCHELL SILBERBERG & KNUPP LLP

The New Yorker

00050  40477-00004
Invoice: 196053

January 22, 2008
Page 2

### Scott-Blanton Litigation

**Fees through December 31, 2007:**

| | | | | |
|---|---|---|---|---|
| 12/03/07 | Review Plaintiff's opposition to motion for summary judgment. | J. WILLIAMS | 0.40 | 84.60 |
| 12/03/07 | Review and analyze opposition to motion for summary judgment (1.5); e-mail correspondence to S. Metalitz, M. Williams regarding same (.2); draft reply memorandum in support of summary judgment (2.1) | M. MAYER | 3.80 | 1,504.80 |
| 12/03/07 | Review plaintiff's opposition and exhibits; e-mails to M. Mayer and M. Williams regarding same. | S. METALITZ | 1.30 | 549.90 |
| 12/04/07 | Review Plaintiff's opposition to motion for summary judgment. | J. WILLIAMS | 0.40 | 84.60 |
| 12/04/07 | Plan for response to opposition to motion for summary judgment. | J. WILLIAMS | 0.30 | 63.45 |
| 12/04/07 | Plan for response to evidentiary objections. | J. WILLIAMS | 0.30 | 63.45 |
| 12/04/07 | Draft reply in support of motion for summary judgment. | M. MAYER | 5.40 | 2,138.40 |

MITCHELL SILBERBERG & KNUPP LLP

The New Yorker

00050 40477-00004
Invoice: 196053

January 22, 2008
Page 3

| Date | Description | Attorney | Hours | Amount |
|------|-------------|----------|-------|--------|
| 12/04/07 | Research and e-mail M. Mayer regarding issues in response. | S. METALITZ | 0.40 | 169.20 |
| 12/04/07 | Prepare and participate in teleconference with M. Mayer and M. Williams regarding preparing reply. | S. METALITZ | 0.50 | 211.50 |
| 12/04/07 | Circulate plaintiff's submission to clients with cover note. | S. METALITZ | 0.70 | 296.10 |
| 12/05/07 | Draft Opposition to Plaintiff's Objections to Defendants' Declarations. | J. WILLIAMS | 2.80 | 592.20 |
| 12/05/07 | Draft reply in support of motion for summary judgment. | M. MAYER | 4.20 | 1,663.20 |
| 12/06/07 | Revise reply memo in support of summary judgment. | J. WILLIAMS | 1.60 | 338.40 |
| 12/06/07 | Research preemption and state law issues. | J. WILLIAMS | 1.00 | 211.50 |
| 12/06/07 | Draft and revise response to separate statement in opposition to motion for summary judgment; revise reply in support of motion for summary judgment. | M. MAYER | 1.80 | 712.80 |
| 12/06/07 | Review/revise reply to plaintiff's opposition. | S. METALITZ | 1.40 | 592.20 |

MITCHELL SILBERBERG & KNUPP LLP

The New Yorker

00050  40477-00004
Invoice: 196053

January 22, 2008
Page 4

| 12/07/07 | Draft objections to Plaintiff's Declaration. | J. WILLIAMS | 2.20 | 465.30 |
|---|---|---|---|---|
| 12/07/07 | Revise reply memo in support of summary judgment. | J. WILLIAMS | 0.30 | 63.45 |
| 12/07/07 | Draft and revise reply in support of motion for summary judgment; revise evidentiary objections; draft and revise response to separate statement in opposition to summary judgment. | M. MAYER | 2.70 | 1,069.20 |
| 12/07/07 | E-mails counsel regarding evidentiary objections, etc. | S. METALITZ | 0.20 | 84.60 |
| 12/10/07 | Revise response to opposition to summary judgment. | J. WILLIAMS | 0.50 | 105.75 |
| 12/10/07 | Revise response to opposition to declarations. | J. WILLIAMS | 0.30 | 63.45 |
| 12/10/07 | Review response to separate statement. | J. WILLIAMS | 0.20 | 42.30 |
| 12/10/07 | Telephone call with court clerk regarding Separate Statement docketing. | J. WILLIAMS | 0.10 | 21.15 |
| 12/10/07 | Review and revise reply memorandum, response to statement of undisputed facts (.5); Conference with M. Williams, S. Metalitz regarding reply papers (.2). | M. MAYER | 0.70 | 277.20 |

MITCHELL SILBERBERG & KNUPP LLP

---

The New Yorker

00050  40477-00004
Invoice: 196053

January 22, 2008
Page 5

| | | | | |
|---|---|---|---|---|
| 12/10/07 | Review and edit points and authorities memo; telephone call with co-counsel regarding responsive submissions. | S. METALITZ | 0.90 | 380.70 |
| 12/10/07 | Correct and circulate draft pleadings to clients. | S. METALITZ | 0.60 | 253.80 |
| 12/12/07 | Review and revise reply in support of motion for summary judgment, evidentiary objections, response to separate statement of undisputed facts. | M. MAYER | 0.40 | 158.40 |
| 12/13/07 | Draft cover letter for service of plaintiff. | J. WILLIAMS | 0.20 | 42.30 |
| 12/13/07 | Telephone call with clerk. | J. WILLIAMS | 0.30 | 63.45 |
| 12/13/07 | File reply memo in support of summary judgment; response to evidentiary objections; evidentiary objections; response to separate statement. | J. WILLIAMS | 0.40 | 84.60 |
| 12/13/07 | Shepardize cases cited in reply memo. | J. WILLIAMS | 0.40 | 84.60 |
| 12/13/07 | Revise reply memo in support of summary judgment. | J. WILLIAMS | 1.00 | 211.50 |
| 12/13/07 | Revise response to evidentiary objections of Plaintiff. | J. WILLIAMS | 0.30 | 63.45 |
| 12/13/07 | Revise response to separate statement. | J. WILLIAMS | 0.30 | 63.45 |

MITCHELL SILBERBERG & KNUPP LLP

The New Yorker

00050  40477-00004
Invoice: 196053

January 22, 2008
Page 6

| 12/13/07 | Revise evidentiary objections. | J. WILLIAMS | 0.20 | 42.30 |
|---|---|---|---|---|
| 12/13/07 | Review and finalize reply memorandum, response to statement of facts, evidentiary objections (1.3); conference with M. Williams regarding same (.3). | M. MAYER | 1.60 | 633.60 |

Total Fees:                                                                $13,550.85

### Billing Summary

| Name | Hours | | Rate | | Fees |
|---|---|---|---|---|---|
| S. METALITZ | 6.00 | hours at | $423.00 | = | 2,538.00 |
| M. MAYER | 20.60 | hours at | $396.00 | = | 8,157.60 |
| J. WILLIAMS | 13.50 | hours at | $211.50 | = | 2,855.25 |
| SUMMARY TOTALS | 40.10 | | | | 13,550.85 |

**Costs Advanced and In-House Services through December 31, 2007:**

| 12/26/07 | Delivery Services - Greenberg Traurig, Denver 11/7 | 14.05 |
|---|---|---|
| 12/26/07 | Delivery Services - Janice Scott-Blanton, Triangle 11/13 | 12.02 |
| 12/31/07 | Photocopying, Printing and Scanning | 5.30 |

Total Costs:                                                                $31.37

Total Fees & Costs:                                                       $13,582.22

# MITCHELL SILBERBERG & KNUPP LLP

A LAW PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS

**MS&K**

FID #:95-1883538
(310) 312-2000 Phone
(310) 312-3100 Fax

The New Yorker
4 Times Square
New York, NY 10036
Attn.: Lynn Oberlander, General Counsel

00050  40477-00004
Invoice: 200607

April 13, 2008

**LEGAL SERVICES RENDERED** through March 31, 2008

| Re: | Scott-Blanton Litigation | 9,577.95 | |
|-----|--------------------------|----------|---|
| | Disbursements and charges per attached | 19.76 | |
| | | | $9,597.71 |

TOTAL DUE:                                          $9,597.71

Total due from The New Yorker: 1/14 of invoice = $685.56

## MITCHELL SILBERBERG & KNUPP LLP

The New Yorker

00050  40477-00004
Invoice: 200607

April 13, 2008
Page 2

### Scott-Blanton Litigation

**Fees through March 31, 2008:**

| 03/20/08 | Plan attorneys' fees strategy. | J. WILLIAMS | 0.20 | 50.40 |
|---|---|---|---|---|
| 03/20/08 | Review summary judgment opinion. | J. WILLIAMS | 0.50 | 126.00 |
| 03/20/08 | Review and analyze order granting motion for summary judgment (.6); legal research regarding motion for attorneys' fees (.3); draft letter to plaintiff regarding attorneys' fees (.2); conference with S. Metalitz regarding summary judgment, attorneys' fees (.2); telephone conference with S. Alexander regarding attorneys' fees issues (.1). | M. MAYER | 1.40 | 554.40 |
| 03/20/08 | Review and circulate summary judgment opinion (.5); telephone call with M. Mayer (.2); voice mail to D. Burg (.1); e-mails regarding fee petition (.2). | S. METALITZ | 1.00 | 463.50 |
| 03/21/08 | Draft motion for attorneys' fees (.9); draft letter to Plaintiff regarding attorneys' fees motion (.4); review and analyze summary judgment order/opinion (.3); correspondence with S. Alexander, L. Oberlander regarding attorneys' fees issues (.2) | M. MAYER | 1.80 | 712.80 |

# MITCHELL SILBERBERG & KNUPP LLP

The New Yorker

00050  40477-00004
Invoice: 200607

April 13, 2008
Page 3

| 03/21/08 | E-mails and review materials regarding Scott-Blanton fee matter. | S. METALITZ | 0.50 | 231.75 |
|----------|------------------------------------------------------------------|-------------|------|--------|
| 03/23/08 | Review Mayer draft letter and attorney fees templates. | S. METALITZ | 0.60 | 278.10 |
| 03/24/08 | Prepare for fees motion. | J. WILLIAMS | 0.50 | 126.00 |
| 03/24/08 | Telephone call to Judge Urbina's clerk. | J. WILLIAMS | 0.10 | 25.20 |
| 03/24/08 | Prepare letter to Plaintiff regarding fees/appeal. | J. WILLIAMS | 0.60 | 151.20 |
| 03/24/08 | Draft motion for attorneys' fees; revise letter to plaintiff regarding attorneys' fees motion. | M. MAYER | 2.10 | 831.60 |
| 03/24/08 | E-mails regarding letter to plaintiff, call with counsel. | S. METALITZ | 0.30 | 139.05 |
| 03/25/08 | Research assets own by Janice Scott-Blanton (M. Mayer). | C. PRATT | 0.30 | 15.00 |
| 03/25/08 | Telephone call to Judge Urbina's clerk. | J. WILLIAMS | 0.20 | 50.40 |
| 03/25/08 | Draft motion for extension of time regarding fees. | J. WILLIAMS | 1.30 | 327.60 |

MITCHELL SILBERBERG & KNUPP LLP

The New Yorker

00050  40477-00004
Invoice: 200607

April 13, 2008
Page 4

| 03/25/08 | Draft and revise letter to plaintiff regarding attorneys' fees (.5); revise motion for extension of time to file motion for attorneys' fees (.4); telephone conference with S. Alexander regarding motion for attorneys' fees (.3); conference with L. Oberlander regarding motion for attorneys' fees (.2); conference with S. Metalitz, M. Williams regarding motion for attorneys' fees (.2). | M. MAYER | 1.60 | 633.60 |
|---|---|---|---|---|
| 03/25/08 | Telephone calls to S. Alexander, L. Oberlander (.6), conferences with M. Mayer and M. Williams regarding fee motion, settlement (1.0). | S. METALITZ | 1.60 | 741.60 |
| 03/26/08 | Draft proposed order regarding extension of time. | J. WILLIAMS | 0.30 | 75.60 |
| 03/26/08 | Telephone call and correspondence with Plaintiff. | J. WILLIAMS | 0.20 | 50.40 |
| 03/26/08 | File motion for extension of time and proposed order. | J. WILLIAMS | 0.80 | 201.60 |
| 03/26/08 | Revise motion for additional time to file motion for attorneys' fees (.2); conference with M. Williams regarding same (.1); review court order regarding motion for additional time (.1). | M. MAYER | 0.40 | 158.40 |
| 03/28/08 | Prepare and file notice of non-opposition to extension. | J. WILLIAMS | 0.70 | 176.40 |

MITCHELL SILBERBERG & KNUPP LLP

The New Yorker

00050  40477-00004
Invoice: 200607

April 13, 2008
Page 5

| 03/28/08 | Prepare attorneys' fees motion. | J. WILLIAMS | 0.70 | 176.40 |
|---|---|---|---|---|
| 03/28/08 | Revise motion for attorneys' fees (.5); conference with M. Williams regarding same (.2); e-mail correspondence with Plaintiff regarding settlement (.2); revise notice of non-opposition to motion for additional time (.2). | M. MAYER | 1.10 | 435.60 |
| 03/28/08 | E=mails regarding attorney's fee petition. | S. METALITZ | 0.20 | 92.70 |
| 03/29/08 | Research attorneys fees issues under DC Cir. law. | J. WILLIAMS | 4.20 | 1,058.40 |
| 03/29/08 | Review cases regarding attorneys' fees against pro per plaintiffs. | M. MAYER | 0.40 | 158.40 |
| 03/30/08 | Draft motion for attorneys' fees. | J. WILLIAMS | 0.20 | 50.40 |
| 03/30/08 | Draft Metalitz declaration in support of fees motion. | J. WILLIAMS | 2.20 | 554.40 |
| 03/30/08 | Draft motion for attorneys' fees. | M. MAYER | 1.90 | 752.40 |
| 03/30/08 | E-mails to M. Williams and M. Mayer regarding fees cases. | S. METALITZ | 0.30 | 139.05 |
| 03/31/08 | Review court order regarding time to file motion for attorneys' fees. | M. MAYER | 0.10 | 39.60 |

MITCHELL SILBERBERG & KNUPP LLP

The New Yorker

00050  40477-00004
Invoice: 200607

April 13, 2008
Page 6

Total Fees:                                                                    $9,577.95

**Billing Summary**

| Name | Hours | Rate | Fees |
|------|-------|------|------|
| S. METALITZ | 4.50 hours at | $463.50 = | 2,085.75 |
| M. MAYER | 10.80 hours at | $396.00 = | 4,276.80 |
| J. WILLIAMS | 12.70 hours at | $252.00 = | 3,200.40 |
| C. PRATT | 0.30 hours at | $50.00 = | 15.00 |
| SUMMARY TOTALS | 28.30 | | 9,577.95 |

**Costs Advanced and In-House Services through March 31, 2008:**

| | | |
|------|------|------|
| 01/11/08 | Delivery Services - Janice Scott-Blanton, Triangle 12/13 | 17.16 |
| 03/31/08 | Photocopying, Printing and Scanning | 2.60 |

Total Costs:                                                                    $19.76

Total Fees & Costs:                                                            $9,597.71

# EXHIBIT 5

## Declaration of Steven J. Metalitz

## Civil Case Case No. 1.07cv00098 (RMU)

# *PricewaterhouseCoopers LLP*

# 2007 Billing Rate & Associate Salary Survey *plus*
## *Mid-Year Release*

## Summary of Results

*Litigation (non-IP) - Los Angeles (xNYC) (56 members)*

Issued:  *October 2007*

Firm: 0165 - Los Angeles
Litigation (non-IP)

**Confidential**

*This report is intended solely for the information of Partners and authorized employees of the firm*

© 2007 PricewaterhouseCoopers LLP
All Rights reserved

2 0 0 7   B I L L I N G   R A T E   &   A S S O C I A T E   S A L A R Y   S U R V E Y *plus*  Mid-Year Release

## *Comparison Group Information* [1]

### *Litigation (non-IP) - Los Angeles (xNYC)*

|  | Group Information |
|---|---|
| Number of Members in the Group | 56 |
| Your Office and/or Practice Area Displayed in this Report is a Member of the Group | Yes |
| Defined Size Range of Group Members *(# of Attorneys)* | |
| *Maximum* | No Maximum |
| *Minimum* | 5 |
| Your Office or Practice Area Size *(# of Attorneys)* | 43 |
| Average Size of Group Members *(# of Attorneys in the Office or Practice Area)* | 31 |

## *Billing Rate & Associate Salary Adjustment Practices*

| | Your Firm *(designated with an X)* | Number of Firms Reporting |
|---|---|---|
| *Date of Last Billing Rate Increase* | | |
| July 2, 2006 - September 30, 2006 | | 1 |
| October 1, 2006 - January 1, 2007 | X | 49 |
| January 2, 2007 - March 31, 2007 | | 2 |
| April 1, 2007 - July 1, 2007 | | 3 |
| *Date of Last Associate/Senior Attorney Salary Increase* | | |
| July 2, 2006 - September 30, 2006 | | 0 |
| October 1, 2006 - January 1, 2007 | X | 42 |
| January 2, 2007 - March 31, 2007 | | 2 |
| April 1, 2007 - July 1, 2007 | | 8 |

---

[1] *In an effort to establish a base level of meaningful group results, each member included in the group has at least 5 attorneys (a combination of Partners, Associates and Senior Attorneys). Additionally, a minimum of 7 members is required to produce a 'practice area by location' comparison group.*



**2007 BILLING RATE & ASSOCIATE SALARY SURVEY** *plus* Mid-Year Release

*Litigation (non-IP) - Los Angeles (xNYC)  (56 members)*

## Summary of Key Statistics

| | *Period* | *Your Firm* | | *Group* | | | *Your Firm* | | *Group* | | |
| | | | | | | | | | *% Change - 1 year* | | |
| | | *Average* | *Rank / Of* | *1st Quartile* | *Median* | *3rd Quartile* | *% Change - 1 Year* | *Rank / Of* | *1st Quartile* | *Median* | *3rd Quartile* |
|---|---|---|---|---|---|---|---|---|---|---|---|
| **Average Standard Billing Rate** | *as of 7/1/2007* | | | | | | | | | | |
|   Equity Partners | | $538 | 35 / 55 | $629 | $565 | $485 | 6.3 | 25 / 43 | 9.1 | 6.6 | 5.4 |
|   Non-Equity Partners | | | / 36 ‡ | 527 | 492 | 423 | | / 29 ‡ | 10.6 | 6.6 | 3.8 |
|   Associate/Sr. Attys | | 318 | 41 / 55 | 392 | 355 | 316 | 4.3 | 29 / 43 | 10.2 | 7.8 | 3.4 |
| **Average Worked Rate** | *7/1/06 - 6/30/07* | | | | | | | | | | |
|   Equity Partners | | $488 | 22 / 30 ‡ | $577 | $527 | $484 | 2.5 | 18 / 20 ‡ | 8.8 | 5.9 | 4.7 |
|   Non-Equity Partners | | | / 19 ‡ | 491 | 461 | 379 | | | ** | ** | ** |
|   Associate/Sr. Attys | | 280 | 25 / 30 ‡ | 348 | 332 | 297 | (3.8) | 21 / 21 ‡ | 13.8 | 9.7 | 5.9 |
| **Average Billable Hours** | *7/1/06 - 6/30/07* | | | | | | | | | | |
|   Equity Partners | | 1,573 | 24 / 30 ‡ | 2,023 | 1,748 | 1,608 | 1.4 | 13 / 22 ‡ | 7.4 | 2.6 | (4.8) |
|   Non-Equity Partners | | | / 19 ‡ | 1,861 | 1,661 | 1,572 | | | ** | ** | ** |
|   Associate/Sr. Attys | | 1,780 | 15 / 30 ‡ | 1,883 | 1,775 | 1,708 | (6.6) | 17 / 23 ‡ | 2.6 | (2.0) | (6.7) |
| **Average Fees Billed** | *7/1/06 - 6/30/07* | | | | | | | | | | |
|   Equity Partners | | $729,496 | 23 / 30 ‡ | $1,020,966 | $869,881 | $735,255 | 10.1 | 13 / 22 ‡ | 24.1 | 12.8 | (0.5) |
|   Non-Equity Partners | | | / 19 ‡ | 814,644 | 711,970 | 575,281 | | | ** | ** | ** |
|   Associate/Sr. Attys | | 449,134 | 24 / 30 ‡ | 568,614 | 507,570 | 456,747 | (6.6) | 21 / 23 ‡ | 18.2 | 10.2 | 6.3 |
| **Leverage Ratios** | *7/1/06 - 6/30/07* | | | | | | | | | | |
|   Ratio of Other Attys | | | | | | | | | | | |
|     to Equity Partners | | 0.48 | 28 / 29 ‡ | 3.34 | 2.02 | 1.67 | | | | | |
|   Ratio of Non-Partner Attys | | | | | | | | | | | |
|     to Partners | | 0.48 | 29 / 30 ‡ | 1.84 | 1.35 | 0.78 | | | | | |
| **Average Assoc/Sr. Atty Base Salary** | *as of 7/1/2007* | | | | | | | | | | |
|   2007 Associate | | | | ** | ** | ** | | | | | |
|   All Associates & Sr. Attys | | 147,188 | 41 / 45 | 203,500 | 181,818 | 169,000 | 4.5 | 28 / 36 ‡ | 18.4 | 9.2 | 4.7 |
|   All Associates (excl Sr. Attys) | | 147,188 | 40 / 45 | 199,410 | 180,500 | 161,111 | 4.5 | 27 / 36 ‡ | 17.9 | 10.5 | 4.3 |

*\*\* omitted due to insufficient data*
*‡ less than 75% population response*



*Litigation (non-IP) - Los Angeles (xNYC) (56 members)*

## *Partner Standard Billing Rates*

*As of July 1, 2007*

| | *Your Firm* | | *Group* | | | *Your Firm* | | *Group* | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | *% Change - 1 year* | | | *Median* |
| | *Rate* | *Rank / Of* | *1st Quartile* | *Median* | *3rd Quartile* | *% Change - 1 Year* | *% Change - 2 year* | *1st Quartile* | *Median* | *3rd Quartile* | *% Change - 2 Year* |
| **Equity Partners** | | | | | | | | | | | |
| High | $675 | 23 / 55 | $725 | $650 | $535 | 3.9 | 12.5 | 9.9 | 7.2 | 4.6 | 13.3 |
| Middle | 535 | 34 / 55 | 628 | 575 | 480 | 6.4 | 11.9 | 8.9 | 6.6 | 4.9 | 13.4 |
| Low | 440 | 41 / 55 | 558 | 520 | 440 | 10.0 | 15.8 | 9.7 | 7.1 | 4.5 | 13.2 |
| Average | 538 | 35 / 55 | 629 | 565 | 485 | 6.3 | 12.6 | 9.1 | 6.6 | 5.4 | 12.6 |
| *Avg. by Years of Experience* | | | | | | | | | | | |
| 10 Years or Less | $448 | | ** | ** | ** | 9.3 | 17.9 | ** | ** | ** | ** |
| 11 - 15 Years | 478 | 19 / 30 ‡ | 557 | 496 | 380 | 2.1 ‡ | 9.9 ‡ | 8.9 | 7.1 | 2.8 | 12.9 |
| 16 - 20 Years | 521 | 25 / 39 ‡ | 625 | 548 | 478 | 6.1 ‡ | 11.3 ‡ | 8.7 | 6.3 | 4.3 | 11.2 |
| 21 - 25 Years | 538 | 23 / 37 ‡ | 625 | 570 | 515 | 4.7 ‡ | 11.4 ‡ | 9.4 | 6.2 | 4.3 | 11.1 |
| 26 - 30 Years | 565 | 20 / 33 ‡ | 662 | 595 | 532 | 5.0 ‡ | 9.7 ‡ | 8.0 | 5.0 | 4.0 | 10.8 |
| 31 - 35 Years | 575 | 21 / 36 ‡ | 700 | 597 | 522 | 5.7 ‡ | 7.3 ‡ | 8.7 | 6.8 | 4.4 | 15.4 |
| > 35 Years | 592 | 19 / 25 ‡ | 717 | 645 | 592 | (1.3) ‡ | 12.8 ‡ | 6.8 | 5.0 | 4.6 | 11.1 |
| **Non-Equity Partners** | | | | | | | | | | | |
| High | | / 36 ‡ | $591 | $528 | $499 | ‡ | ‡ | 10.9 | 7.5 | 4.1 | 14.8 |
| Middle | | / 36 ‡ | 525 | 493 | 408 | ‡ | ‡ | 11.6 | 7.6 | 4.4 | 14.6 |
| Low | | / 36 ‡ | 500 | 460 | 391 | ‡ | ‡ | 12.2 | 8.3 | 4.2 | 13.8 |
| Average | | / 36 ‡ | 527 | 492 | 423 | ‡ | ‡ | 10.6 | 6.6 | 3.8 | 15.5 |
| *Avg. by Years of Experience* | | | | | | | | | | | |
| 10 Years or Less | | / 18 ‡ | $495 | $468 | $396 | | | ** | ** | ** | ** |
| 11 - 15 Years | | / 27 ‡ | 528 | 488 | 403 | ‡ | | 12.1 | 8.3 | 4.6 | ** |
| 16 - 20 Years | | / 21 ‡ | 540 | 505 | 430 | | | ** | ** | ** | ** |
| > 20 Years | | / 22 ‡ | 547 | 525 | 470 | ‡ | | 9.0 | 7.7 | 5.0 | ** |
| **All Partner Composite** | | | | | | | | | | | |
| High | $675 | 23 / 56 | $725 | $650 | $535 | 3.9 | 12.5 | 9.8 | 7.2 | 4.4 | 13.3 |
| Middle | 535 | 27 / 56 | 600 | 535 | 473 | 8.1 | 12.6 | 9.5 | 6.6 | 4.5 | 13.9 |
| Low | 440 | 35 / 56 | 509 | 468 | 391 | 10.0 | 17.3 | 10.1 | 7.9 | 4.8 | 13.8 |
| Average | 538 | 32 / 56 | 596 | 548 | 468 | 6.8 | 13.5 | 9.3 | 6.5 | 5.2 | 13.1 |
| **Contract Partner Average** | | | ** | ** | ** | | | | | | |

*** omitted due to insufficient data*
*‡ less than 75% population response*

PRICEWATERHOUSECOOPERS



2007 BILLING RATE & ASSOCIATE SALARY SURVEY *plus* Mid-Year Release

## Guide to Interpreting the Statistics Presented in this Report

The statistics reported in the PricewaterhouseCoopers 2007 Billing Rate & Associate Salary Survey *plus* include quartile and median group information based on the number of members in each comparison group. As such, the PwC Survey results are generated and presented in the Final Reports using Microsoft ® Excel worksheet functions.

### Median Value

The middle value of a set of numbers arranged in descending order. The median, unlike the mean, is not affected by extreme data values. The median divides the data so that half of all the data items are greater than or equal to the median.

Remarks:
· If a range of numbers contains empty cells, those values are ignored; however, cells with the value zero are included.
· If there is an even number of values in the set, then the median returns the average of the two values in the middle.

### Quartile Values

Any of three points that divide an ordered distribution into four parts each containing one quarter of the values.

One fourth of the data lies above the first quartile (hence three-quarters below it). Similarly, one-quarter of the data lies below the third quartile (hence three-quarters above it). The first and third quartiles are the medians of the lower half and upper half of the data.

Remarks:
· A quartile is a number or cutoff, and not a range of values. Your Firm may be above or below the first quartile, but not in the first quartile.
· The second quartile is by definition the median.

### Example

The Phoenix comparison group includes 11 members. The average Equity Partner standard billing rates are sorted in descending order and the median and quartile values are determined as follows:

| Firm Value: | $1,000 | Firm Rank: | 1 | |
|---|---|---|---|---|
| | 900 | | 2 | |
| | 875 | ← | 3 | *$863 – Represents the value at the first quartile;* |
| | 850 | | 4 | *3.5 represents the entry point to the top 25%* |
| | 850 | | 5 | |
| | 840 | ← | 6 | *$840 – Represents the value at the median;* |
| | 800 | | 7 | *6.0 represents the entry point to the top 50%* |
| | 750 | | 8 | |
| | 700 | ← | 9 | *$725 – Represents the value at the third quartile;* |
| | 650 | | 10 | *8.5 represents the entry point to the bottom 25%* |
| | 650 | | 11 | |

*Note: If your firm is ranked 12th in the above example, then your firm is NOT a member of the comparison group and falls below all 11 firms included in the group.*



UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JANICE SCOTT-BLANTON, *pro se*<br><br>Plaintiff,<br><br>v.<br><br>UNIVERSAL CITY STUDIOS<br>PRODUCTIONS LLLP, *et al.*,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Civil Case No. **1.07cv00098 (RMU)**

## DECLARATION OF MARC E. MAYER IN SUPPORT OF DEFENDANTS' MOTION FOR AN AWARD OF ATTORNEYS' FEES AND FULL COSTS

I, Marc E. Mayer, declare:

1.     I am an attorney at law, licensed to practice before the Courts of the State of California.  I have been admitted *pro hac vice* to appear in the United States District Court for the District of Columbia in the above-captioned action.  I am, through my professional corporation, a partner with the law firm of Mitchell Silberberg & Knupp LLP ("MSK"), attorneys for Defendants Universal City Studios Productions LLLP, Simon & Schuster, Inc., Focus Features, LLC, Universal Studios Licensing, LLP, River Road Entertainment, LLC, Del Mar Productions, LLC, James Allen Schamus, Larry McMurtry, Diana Ossana, Ang Lee, Annie Proulx, Universal Studios, Inc., Advance Publications, Inc., Lava Films, LLC, and Universal Studios Home Entertainment, LLC in this matter.  I personally have been involved in representing Defendants in this action since its inception in January 2007.  Unless otherwise

stated, I have personal knowledge of the following facts and, if called and sworn as a witness, could and would competently testify thereto.

2.    Plaintiff filed this lawsuit on or about January 16, 2007.  At the outset of this case, I learned that there had been some prior correspondence between Plaintiff and NBC Universal concerning Plaintiff's claims in this action.  This correspondence was attached to Plaintiff's Complaint as Exhibits M, N, and R.  For the Court's convenience, a true and correct copy of this correspondence is attached hereto as Exhibit 1.

3.    On or about February 13, 2007, my office was served with Plaintiff's motion for a preliminary injunction.  At that time, Defendants had not yet answered the Complaint (and, indeed, had entered into a stipulation with Plaintiff that Defendants' Answer need not be filed until March 20, 2007).  Thus, during the month of February (and before Defendants had answered the Complaint or had a chance to fully investigate Plaintiff's claims), my colleagues and I were required to spend substantial time and expense preparing an opposition to Plaintiff's Motion.

4.    In preparing Defendants' opposition papers to the Preliminary Injunction, it became abundantly clear that Plaintiff's claims were wholly without merit, including because (1) all of Defendants' works had been created prior to the publication of Plaintiff's work, and (2) all of the purported "similarities" identified by Plaintiff as having been copied from her work in fact were present in the 1997 short story *Brokeback Mountain*, which Plaintiff admitted was published prior to her work.  Thus, in an effort to avoid the expense of responding to the Motion, on or about February 23, 2007 (prior to responding to the Motion), I sent Plaintiff a letter advising her of these facts and requesting that she agree to voluntarily dismiss the action.  In that letter, I also advised Plaintiff that because this action arose under the Copyright Act, Defendants would seek their attorneys' fees if the case was resolved in their favor.  Nevertheless, I offered

Plaintiff the opportunity to "walk-away" from the action without liability for Defendants' attorneys' fees. A true and correct copy of my February 23 letter is attached hereto as Exhibit 2. Plaintiff did not respond to the February 23 letter, although she did send a brief e-mail to my colleague, Steven Metalitz, acknowledging her receipt of the letter. Accordingly, we proceeded to prepare and file the Opposition papers.

5.    On March 7, 2007, MSK filed Defendants' Opposition to the Motion for Preliminary Injunction. Along with the Opposition memorandum, I submitted to the Court three supporting declarations and more than a dozen exhibits. Among the exhibits I filed were copies of the original *Brokeback Mountain* short story from *The New Yorker*, copies of books containing *Brokeback Mountain* (reflecting that each was published prior to *Down Low*), and copyright certificates (confirming that *Brokeback Mountain* was published and registered prior to *Down Low*). Also filed was a declaration by Jeffrey Roth, the Senior Vice-President of Post-Production at Focus Features, who confirmed that the principal photography for *Brokeback Mountain* was completed in 2004 and the film was "locked" (i.e. in its final form) by March 2005.

6.    At the time Defendants filed their Opposition to the Preliminary Injunction Motion, we hoped that Plaintiff, after reviewing the exhibits, finally would recognize that her claims could not succeed. Accordingly, on March 8, 2007, I wrote another letter to Plaintiff, this time advising her of Defendants' intention to file a motion for summary judgment, and again requesting that she dismiss the action. A true and correct copy of my March 8 letter is attached hereto as Exhibit 3. Plaintiff did not respond to this letter, and thus Defendants began preparation of their Motion for Summary Judgment, which was filed on March 23, 2007.

7.    On March 20, 2008, this Court granted Defendants' Motion for Summary Judgment. On March 25, 2008, I sent another letter to Plaintiff, advising her that as a result of

this Court's March 20 summary judgment, Defendants were the "prevailing parties" in this action and that they intended to seek an award of attorneys' fees and costs. In a final attempt to resolve this action, I again offered Plaintiff a "walk-away" settlement, whereby Defendants would waive their request for attorneys' fees if Plaintiff would relinquish her claims, including on appeal. A true and correct copy of my March 25, 2008, letter is attached hereto as Exhibit 4.

8.     On or about March 31, 2008, I received a telephone call from Plaintiff in response to my March 25 letter. In that telephone call, I advised Plaintiff that Defendants intended to file a motion for attorneys' fees, would be seeking in excess of $100,000 in attorneys' fees, but in the interests of avoiding the expense of the motion and resolving the action would be willing to enter into a "walk-away" settlement agreement, with full releases on both sides. Plaintiff told me that she was not willing to relinquish any of her rights, and thus would not agree to this settlement proposal. I told her that Defendants therefore would file their motion.

9.     Attached hereto as Exhibit 5 is a true and correct copy of a printout of the Internet web page http://www.blacknews.com/pr/janicescottblanton101.html, which contains the text of a press release issued by Plaintiff in or about January 2007. I printed this web page from the Internet on April 15, 2008.

10.     Attached, respectively, hereto as Exhibits 6, 7, and 8 are true and correct copies of printouts of three Internet web pages: (1) http://www.amazon.com/review/product/0976468808, (2) http://blogcritics.org/archives/2007/01/23/132653.php, and (3) http://community.livejournal.com/blackfolk/4573464.html, reflecting commentary pertaining to this lawsuit and to Plaintiff's press release. I printed these web pages from the Internet on April 15, 2008.

11.    Attached as Exhibit 9 is a true and correct copy of a printout from the Internet of the results of a search I performed on the Google search engine (www.google.com) on April 15, 2007, for the search term "Janice Scott-Blanton."

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on April 18, 2008, at Los Angeles, California.

Marc E. Mayer

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing DECLARATION OF MARC E MAYER IN SUPPORT OF DEFENDANTS' MOTION FOR AN AWARD OF ATTORNEYS' FEES AND FULL COSTS has been served, via Federal Express and via the Court's electronic filing system, to the following address on April 18, 2008:

Janice Scott-Blanton
3578 Wharf Lane
Triangle, VA 22172

<div style="text-align: right;">

/s/ Steven J. Metalitz
Steven J. Metalitz (D.C. Bar No. 944603)
MITCHELL SILBERBERG & KNUPP, LLP
1818 N St., N.W., 8th Floor
Washington, D.C. 20036
(202) 355-7900 (Telephone)
(202) 355-7899 (Facsimile)
*Attorneys for Defendants*

</div>

# EXHIBIT 1

## Declaration of Marc E. Mayer

## Civil Case No. 1.07cv00098 (RMU)

November 27, 2006

Bob Wright
Vice Chairman and Executive Officer, GE
Chairman & Chief Executive Officer, NBC Universal, Inc.
10 Universal City Plaza
Universal City, CA 91608

Dear Sir:

In December 2005, your movie production and distribution companies Focus Features, River Road Entertainment, LLC and Universal Studios, released the Academy Award Winning movie *Brokeback Mountain*, a movie based on a short story written by Annie Proulx.

I recently became aware that my novel, *My Husband is on the Down Low and I Know About It,* had been stolen and adapted into the motion picture film *Brokeback Mountain* and camouflaged with Annie Proulx's 10-page short story titled *Brokeback Mountain,* Story to Screenplay adaptation by Larry McMurtry and Diana Ossana, story by Annie Proulx 2005; directed by Ang Lee.

I own all of the rights to this novel. Enclosed is a copy of the novel in question; the background of my awareness, a timeline of a 20-year relationship, a list of similarities and a side by side comparison of similarities between My *Husband is on the Down Low and I Know About It, Brokeback Mountain* Motion Picture, *Brokeback Mountain Screenplay,* and Annie Proulx's short story *Brokeback Mountain 2005.* Please note the copyright notice is in my name. My novel was registered with the Copyright Office on January 20, 2005, created 2004, and released for publication March 15, 2005.

I do not know the screenwriters Larry McMurtry and Diana Ossana, have never been contacted by either of them, and never gave him/her or anyone else, permission to use my novel and adapt it into a motion picture film, to which I own all the copyright rights.

This letter is to demand that you immediately cease and desist from producing and selling any copies of the *Brokeback Mountain* DVD and book, as well as showing it in movie theaters, both domestic and internationally, which contain material from my novel *My Husband is on the Down Low and I Know About It.* In addition, I demand that I be compensated for the use of my novel from sales of copies already sold, as well as profits made from all movie box offices, both domestic and internationally.

07 0098

Regards,

Janice Scott-Blanton, Author

**FILED**

JAN 1 6 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

**Cc:**
Ron Meyer
President and Chief Operations Officer
Universal Studios/Universal Pictures
100 Universal City Plaza
Universal City, CA 91608

James A. Schamus
Chief Executive Officer
Focus Features, Rogue Pictures and Focus Features International
100 Universal City Plaza
Universal City, CA 91608

Carolyn Reidy, President
Simon & Schuster, Inc/Scribner
1230 Avenue of the Americas
New York, New York 10020

**Encls:**
My novel *My Husband is on the Down Low and I Know About It*
Background of My Awareness
A Timeline of a 20-Year Relationship
A List of Similarities
A Side by Side Comparison of Similarities



December 18, 2006

**Via Certified Mail,**
**Return Receipt Requested &**
**Regular First Class Mail**

Ms. Janice Scott-Blanton
P.O. Box 371
Triangie, VA 22172

> Re:    "Brokeback Mountain"

Dear Ms. Scott-Blanton:

On behalf of Universal City Studios, LLLP and its affiliated companies (collectively "Universal"), I write in response to your November 27, 2006 letter in which you claim that the "Brokeback Mountain" movie, screenplay and Annie Proulx novel (collectively, the "Brokeback Mountain Materials") contain material from your book entitled "My Husband Is on the Down Low and I Know About it."

We reviewed the allegations contained in your letter, as well as the additional materials you provided. Universal has concluded that your book and each of the Brokeback Mountain Materials are not substantially similar. Rather, the elements of the Brokeback Mountain Materials that you have identified as being similar to your novel constitute *scenes a faire*, i.e., story elements which logically stem from a generic plot line such as a story about a married man who conceals the fact that he is gay from his wife.

Moreover, it is well-established that Annie Proulx's short story, upon which the "Brokeback Mountain" screenplay was based, was first published in the October 1997 issue of "The New Yorker." Later in 1997, the Pulitzer Prize winning team of Larry McMurtry and Diana Ossana optioned Ms. Proulx's short story and, by the end of 1997, completed a screenplay based on it. Thereafter, director Ang Lee became involved in the project in 2003 and principal photography on the movie "Brokeback Mountain" was completed in August 2004, before your novel was published and/or registered with the

0 7   9098

Accordingly, Universal cannot honor your request to cease and desist from displaying, selling and/or distributing the "Brokeback Mountain" movie or DVD, nor will Universal compensate you for these alleged similarities.

**FILED**

**Vivendi U N I V E R S A L  Entertainment**
100 UNIVERSAL CITY PLAZA  UNIVERSAL CITY  CA  91608
www.universalstudios.com

JAN 1 6 2007

NANCY MAYER WHITTINGTON, CLE

Ms. Janice Scott-Blanton
December 18, 2006
Page Two

 

 

 

 

If you wish to discuss these issues further, please do not hesitate to contact me. I can be reached at (818) 777-1865. Please note that this letter is not intended to be a full recitation of the relevant facts and law and that all of Universal's rights, remedies and defenses are expressly reserved.

Very truly yours,

Shannon H. Alexander, Esq.

cc: David Burg, Esq. (via e-mail)

January 8, 2007,

"Universal"
ATTN: Shannon H. Alexander, Esq.
100 Universal City Plaza
Universal City, CA 91608

Re: "Brokeback Mountain"

Dear Ms. Alexander,

This letter is to thank you for taking the time to address my issues concerning similarities between the Academy Award Winning Movie *Brokeback Mountain* and my novel *My Husband is on the Down Low and I Know About It.*

Regards,

Janice Scott-Blanton, Author

# EXHIBIT 2

## Declaration of Marc E. Mayer

## Civil Case No. 1.07cv00098 (RMU)

MITCHELL SILBERBERG & KNUPP LLP

A LAW PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS

**[S&K**

Marc E. Mayer
A Professional Corporation
(310) 312-3154 Phone
(310) 231-8354 Fax
mem@msk.com

February 23, 2007

**Via E-Mail and U.S. Mail**

Ms. Janice Scott-Blanton
3578 Wharf Lane
Triangle, VA 22172

Re:    Scott-Blanton v. Universal Studios, Inc. et al., Civ. Action No. 1:07cv00098

Dear Ms. Scott-Blanton:

As you know, we are counsel for Universal City Studios Productions LLLP, Universal Studios Licensing LLLP, Focus Features LLC, River Road Entertainment, Inc., Del Mar Productions LLC, Simon & Schuster, Inc., Larry McMurtry, Diana Ossana, Annie Proulx, and Advance Publications, defendants in the above-captioned action. I am writing to again specifically advise you (as did our clients last November) that your claims in this action (specifically, your claim that the short story, screenplay, and motion picture *Brokeback Mountain* "pirated" or otherwise infringe your novel *My Husband Is On The Down Low*) are factually and legally baseless, as is your request for a preliminary injunction. As such, the following shall constitute our formal demand, including pursuant to Fed. R. Civ. P. 11, that you immediately dismiss your lawsuit and withdraw your motion for a preliminary injunction.

As you were advised last November, and as you now should be well aware, the short story *Brokeback Mountain*, by Annie Proulx, was published in the October 13, *1997* issue of *The New Yorker* Magazine – *eight years* prior to your publication of *Down Low*. The initial screenplay based on that short story was completed shortly thereafter (i.e. in early 1998). Principal photography for the motion picture was completed in August 2004. In other words, virtually every image that appears on the screen in the motion picture was already filmed almost *one year* prior to the publication of *Down Low*. (Indeed, according to your Complaint (¶ 24) you did not even conceive of *Down Low* until November 2004). By March 2005, when *Down Low* was published, all editing of the film was completed, a "print master" (i.e. final version) of the film had been created, and post-production was winding up. Accordingly, your book did not exist at the time *Brokeback Mountain* was created, and thus under no circumstances could there have been any "copying" of *Down Low* in *Brokeback Mountain*.

The absence (and, indeed, impossibility) of copying further is confirmed by our review of your charts of purported similarities between the works. Contrary to your absurd contention that the motion picture *Brokeback Mountain* "pirated" your novel, in fact virtually every single one of the "similarities" you purport to identify in your Complaint and in your injunction papers (to the

11377 West Olympic Boulevard, Los Angeles, California  90064-1683
Phone: (310) 312-2000  Fax: (310) 312-3100  Website:

MITCHELL SILBERBERG & KNUPP LLP

extent they are "similarities" at all) are basic plot elements that were present in the *1997* short story. Moreover, your suggestion that the short story was revised between 1997 and 2005 as a result of *Down Low* is wrong; only minor edits (i.e. the addition of a short prologue and some technical changes) were made to the 1997 version for publication in 2000 as part of Annie Proulx's short story collection entitled "Close Range." It was that 2000 revision that was re-published in identical form in 2005 in the book entitled "Brokeback Mountain: Story to Screenplay."

Of course, the foregoing alone is sufficient to dispose of your claims in their entirety. And even if it were not, it is clear from our review of the relevant materials that to the extent that there are any "similarities" between *Down Low* and *Brokeback Mountain* that are not embodied in the 1997 short story, these "similarities" are uncopyrightable ideas or are generic *scenes a faire* that are necessary or common to any story involving a secret homosexual affair. See Herzog v. Castle Rock Entm't, 193 F.3d 1241, 1248 (11th Cir. 1999).

For the reasons set forth above (among others), it is clear that you cannot prevail on the merits of this action. Your request for a preliminary injunction is especially egregious in light of your extensive and unjustified delay (more than a year since the release of *Brokeback Mountain*) in seeking such relief. We are confident that the Court will deny your request for injunctive relief and ultimately will dismiss this action.

As you certainly can understand, our clients take allegations of copyright infringement, such as those made in this lawsuit, very seriously. Accordingly, please be advised that our clients intend to vigorously defend this action. Please also be advised that if and when this action is dismissed we will seek (and we believe that we ultimately will recover) our attorneys' fees and costs pursuant to Section 505 of the Copyright Act. Nevertheless, in an effort to avoid the expenditure of additional attorneys' fees in defending this action, our clients are prepared to permit you to voluntarily dismiss the action at this stage. If you will confirm to us, in writing, by the close of business on Wednesday, February 28, 2007, that you will agree to do so, our clients will agree not to pursue claims against you arising from your prosecution of this action (including for attorneys' fees and costs and for malicious prosecution). We trust that you will carefully consider this offer.

Of course, the foregoing is not intended as a complete recitation of our clients' claims and defenses, and nothing herein is intended to be, or should be construed as, a waiver by them of any rights, remedies, or defenses, all of which hereby are expressly reserved.

Sincerely,

Marc E. Mayer
A Professional Corporation of
MITCHELL SILBERBERG & KNUPP LLP


MEM/mem
cc:    Steven J. Metalitz, Esq.

# EXHIBIT 3

## Declaration of Marc E. Mayer

## Civil Case No. 1.07cv00098 (RMU)

MITCHELL SILBERBERG & KNUPP LLP

A LAW PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS

**[S&K**

Marc E. Mayer
A Professional Corporation
(310) 312-3154 Phone
(310) 231-8354 Fax
mem@msk.com

March 8, 2007

<u>**Via E-Mail and U.S. Mail**</u>

Ms. Janice Scott-Blanton
3578 Wharf Lane
Triangle, VA 22172

Re:    <u>Scott-Blanton v. Universal Studios, Inc. et al., Civ. Action No. 1:07cv00098</u>

Dear Ms. Scott-Blanton:

We trust that you now have received, and have had the opportunity to review, our opposition to your motion for a preliminary injunction (and supporting papers), which were filed with the Court on Wednesday.  I am writing pursuant to LCvR 7 to advise you of our intention to file a motion for summary judgment pursuant to Fed. R. Civ. P. 56.  Our summary judgment motion will seek the dismissal of your action in its entirety on the basis (as set forth in our opposition to your injunction motion) that all of the works at issue in this lawsuit (the short story, screenplay, and motion picture *Brokeback Mountain*) were created prior to the publication of your book *My Husband Is On The Down Low*, and thus none of the Defendants in this action could possibly have had access to or "copied" your work in *Brokeback Mountain*.

In light of these facts (as confirmed by the declarations and exhibits we filed yesterday), we trust that you will give serious thought to your decision to pursue this frivolous lawsuit.  Specifically, we hope that you will reconsider your refusal to voluntarily dismiss this action.  If you were to do so, our clients would avoid the need to incur additional attorneys' fees in preparation of the motion for summary judgment (fees they fully intend to ask the court to order you to pay if our motion is successful.)  If we do not hear from you promptly in this regard, we will prepare and file our motion.

Sincerely,

Marc E. Mayer
A Professional Corporation of
MITCHELL SILBERBERG & KNUPP LLP

MEM/mem
cc:    Steven J. Metaliz, Esq.

3.1/40477-00001

11377 West Olympic Boulevard, Los Angeles, California  90064-1683
Phone: (310) 312-2000   Fax: (310) 312-3100   Website:

# EXHIBIT 4

## Declaration of Marc E. Mayer

## Civil Case No. 1.07cv00098 (RMU)

## MITCHELL SILBERBERG & KNUPP LLP

A LAW PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS



Marc E. Mayer
A Professional Corporation
(310) 312-3154 Phone
(310) 231-8354 Fax
mem@msk.com

March 25, 2008

**<u>Via E-Mail (jsblanton@hotmail.com) and Federal Express</u>**

Ms. Janice Scott-Blanton
3578 Wharf Lane
Triangle, VA 22172

Re:    <u>Scott-Blanton v. Universal Studios, Inc. et al., Civ. Action No. 1:07cv00098</u>

Dear Ms. Scott-Blanton:

We trust that by now you have had an opportunity to review the Court's March 20 order granting Defendants' motion for summary judgment in its entirety (Docket No. 58). In that order, the Court held not only that our clients' works predated *Down Low* (and thus there was no possibility that they had copied anything from your novel), but also that the two works are not "substantially similar" as a matter of law.

The Court's March 20 summary judgment order renders Defendants the "prevailing parties" in this litigation. <u>Maljack Prods., Inc. v. Goodtimes Home Video Corp.</u>, 81 F.3d 881, 890 (9th Cir. 1996). As such, our clients are entitled to seek an order requiring you to pay their attorneys' fees and full costs pursuant to Section 505 of the Copyright Act. At present, Defendants have incurred in excess of $135,000 in attorneys' fees and nearly $3,000 in costs in their defense of this action.

We advised you in our letter of February 14, 2007, that our clients would vigorously defend this action and would seek an order requiring you to pay their attorneys' fees and costs when your claims were dismissed. At that time, we also offered you a settlement proposal that would have allowed you to voluntarily dismiss your claims without exposure for these attorneys' fees. You chose to reject that offer. Accordingly, pursuant to D.C. Local Rules 7(m) and 54.2, we hereby advise you of Defendants' intent to move for an award of Defendants' attorneys' fees and full costs.

The circumstances here present a particularly compelling case for an award of attorneys' fees. As you know, we advised you first in November 2006, and again in February 2007, that your claims in this action were frivolous, including because the short story, screenplay, and motion picture *Brokeback Mountain* all pre-dated the publication of *Down Low*. (Indeed, as you were well aware, the original short story on which the motion picture was based first was published in *The New Yorker* in 1997, more than eight years prior to *Down Low*.) Notwithstanding this fact,

'82848.3/40477-00004

## MITCHELL SILBERBERG & KNUPP LLP

. Janice Scott-Blanton
rch 25, 2008
je 2

you embarked on a litigation strategy that forced our clients to incur substantial attorneys' fees defending your claims.

Although we are confident that our clients are entitled to have the court order you to pay their attorneys' fees and costs under the law, Defendants desire a speedy and final end to this action. In this regard, our clients are prepared to forego their motion for attorneys' fees in exchange for a full and complete release of your claims in this action, including of any appeal from the Court's March 20 order and judgment. If you are interested this proposed settlement, please contact me as soon as possible, but in no event later than Monday, March 31, 2008. If we do not hear from you by then, we will plan to proceed with our motion.

Of course, the foregoing is not intended as a complete recitation of our clients' claims and defenses, and nothing herein is intended to be, or should be construed as, a waiver by Defendants of any rights, remedies, or defenses, all of which hereby are expressly reserved.

Sincerely,

Marc E. Mayer
A Professional Corporation of
MITCHELL SILBERBERG & KNUPP LLP

MEM/mem

cc:    Steve Metalitz, Esq.
       Matt Williams, Esq.

# EXHIBIT 5

## Declaration of Marc E. Mayer

## Civil Case No. 1.07cv00098 (RMU)

Home | Archives | Singles | Jobs | Celebrity Photos

 
**Na**
*On*



Find your comfort zone
at Comfort Inn® hotels.

Advertise | Submit News | S

**Black Celebrity Photos** - [More]

     

**Is Obama
A Muslim?**   **Is Kimora Lee
Pregnant?**   **Chris Dating
Rihanna?**   **Daddy
Diddy**   **Tracey's
New Man**   **Rav·
M·**

BlackPR.com Press Release          ☑Email This Article To A Friend

# *Brokeback Mountain* is On The Down Low and Author Janice Scott-Blanton Knows About It

*Author Files $250M Copyright Infringement Lawsuit Against "Universal" and the Studios That Financed and Distributed the Film*



Bookcover


Author - Janice Scott-Blanton

**Washington, DC** (BlackNews.com) - Author, Janice Scott-Blanton, filed a $250M copyright infringement lawsuit in U.S. District Court in Washington, D.C. The complaint alleges that similarities between her novel *My Husband is on the Down Low and I Know About It* and the Academy Award winning motion picture film *Brokeback Mountain* 2005, are more than coincidence.

To support her allegations, Scott-Blanton has cataloged over 50 substantial similarities between the two bodies of work; these similarities range from subtle to the stark. During an early bar

scene in the movie, Scott-Blanton saw an occurrence that reminded her of a scene from her novel but she gave it the benefit of the doubt. While continuing to view the movie, Scott-Blanton recognized during the first sexual encounter between Jack and Ennis another similarity; the scene reminded her of a sex scene from her novel; this was not a coincidence. She placed the movie on pause and retrieved her novel. After reviewing the scene from her novel, she realized the scenes were eerily similar. A coincidence at this point but this caused Scott-Blanton to view the remainder of the movie with a more critical eye.

A more stark similarity is exhibited after James' and Annette's ninth wedding anniversary, when Annette from Scott-Blanton's novel confronted James regarding his homosexual activity. James told her that he had purposely written a confession in his journal because he knew she had been secretly reading it; he did not know of any other way to tell her about his secret. This scene transpires in a kitchen setting. After Thanksgiving dinner, in the movie *Brokeback Mountain*, Alma confronts Ennis (her husband) regarding his homosexual activity. Alma told Ennis she had purposely written a note and put it on the end of his fishing line for him to find. This scene also transpires in a kitchen setting.

Scott-Blanton intends to prove in court that there are substantial similarities in the domestic life, characters, plot, thematic expressions, sequence of events and the total look and feel of *Brokeback Mountain* as compared to her novel *My Husband is on the Down Low and I Know About It.*

**About the Author**
Janice Scott-Blanton, M.Ed., is a native of Mobile, Alabama, is a former alcohol & drug clinician turned relationship author and columnist. She lives in the Washington, D.C. metropolitan area.

For media interviews contact: Michelle Knolton at (571) 251-5947

**CONTACT:**
Michelle Knolton
571-251-5947


WHO WILL BE OUR NEXT PRESIDENT?

VOTE NOW

VOTE NOW TO GET A FREE* $100 AMERICAN EXPRESS Gift Card.

*See Terms & Gift Rules

Ads by G

Local Investi
Serving
and per
Finding
that you
archerpi.c

Blanton
history
See you
Family
OneGre
Free 7-
www.one

Medtro
Update
Free Ca
Evaluat
Leading
Firm- G
Update
www.Med

Crimin
Lawyer
Crimina
Special
the Cas
Others
LACrimina

Fe

+ Home

+ Archi

+ Weekl

+ Get Fi
  Your

+ Press
  Distri

+ Jobs/I

+ Book

+ Meet
  Singl

**EXHIBIT 6**

**Declaration of Marc E. Mayer**

**Civil Case No. 1.07cv00098 (RMU)**

Hello, **Marc E. Mayer**. We have recommendations for you. (Not Marc?)

Marc's Amazon.com          Today's Deals          Gifts & Wish Lists          Gift Cards

| Books | [ Books ▾ ] |

**Books**          Advanced   Browse   Hot New   Bestsellers   The New York   Libros En
                   Search     Subjects  Releases                Times® Best Sellers  Español

# Customer Reviews
## My Husband Is on the Down Low... And I Know About It

**16 Reviews**

| | |
|---|---|
| 5 star: | (9) |
| 4 star: | (3) |
| 3 star: | (1) |
| 2 star: | (0) |
| 1 star: | (3) |

**Average Customer Review**
☆☆☆☆☆ (16 customer reviews)

Share your thoughts with other customers

[ Create your own review ]

**Search Customer Reviews**

[_____] (GO!)

☑ Only search this product's reviews

› **See most helpful viewpoints**

‹ Previous | [1] 2 | Next ›                    Most Helpful First | **Newest First**

6 of 6 people found the following review helpful:

☆☆☆☆☆ **Maybe she should read brokeback mountain**, January 29, 2007

By **F. DuFriend "Knarf"** ☑ (Tucson) - See all my reviews
REAL NAME™

This goofy broad is actually suing the maker of Brokeback Mountain, siting that they copied scenes from her book. Her book was written in what, 2005? Brokeback was written in 2000. If she read the book she would realize that the movie is taken almost strictly from the book, from scene to dialogue. If her book mirrors the movie (instead of the other way around) perhaps she'll soon find herself on the other end of a law suit. This woman is pathetic.

**Help other customers find the most helpful reviews**          Report this | Permalink

Was this review helpful to you? [ Yes ] [ No ]          ☐ Comment

8 of 8 people found the following review helpful:

☆☆☆☆☆ **Save Your Money!**, June 30, 2006

By **deebee73 "book lover"** ☑ - See all my reviews

I have never written a review before, but I felt like I just had to say something about this book. It was just plain awful. The writing was amatuerish and if this was actually based on a true story, the people involved were both selfish and trifling. I found the wife to be highly hypocritical of finding out about her husband's sexual tendencies considering the things that she was into.

The story did not flow well and the writer seemed to jump back and forth, not following any particular timeline. The dialogue was laughable and unbelievable. I only wish that it was possible to give something less than one star.

If you don't mind bad writing and a ridiculous plot, then by all means by this

book. Otherwise, save your money.

I wish someone had warned me.

**Help other customers find the most helpful reviews**          Report this | Permalink

Was this review helpful to you? ( Yes ) ( No )          ☐ Comment

---

1 of 6 people found the following review helpful:

☆☆☆☆☆ **Do not read by yourself**, May 30, 2005

By **M&M "Honey"** ☐ (Stockbridge, GA) - See all my reviews

This book was good. It started out slow, but when it got going, I couldn't put it down. You must read this book. I am quite glad that I was single reading this book or somebody's son, would have been in a world of trouble.

**Help other customers find the most helpful reviews**          Report this | Permalink

Was this review helpful to you? ( Yes ) ( No )          ☐ Comment

---

9 of 12 people found the following review helpful:

☆☆☆☆☆ **No More Secrets**, May 13, 2005

By **Latoya Carter-Qawiyy** ☐ - See all my reviews
REAL NAME™

Author Janice Scott-Blanton tackles the controversial issue of sexuality in her latest novel, My Husband Is on the Down Low...And I Know About It. The main characters, Annette and James, grew up together and shared a special and unique bond. Eventually they have a daughter and get married. At first glance they appear to be a normal couple, but they each have secret sexual needs and desires. Annette tells James of her yearning to be with another woman and they act upon it, becoming regulars in the swinger scene. While Annette accepts and even enjoys her bisexuality, James is conflicted with his sexuality and harbors several secrets, that once divulged threaten his marriage, his career, and everything he holds dear.

With the recent plethora of books on bisexuality, homosexuality, and the "down low," Scott-Blanton presents a refreshing viewpoint of the struggles that both men and women endure when trying to categorize their sexual desires. The characters were well developed. The reader knew their motivations and could understand their reasoning and actions. The story flowed well, but there were several scenes, such as conversation on gays in the military, where the dialogue seemed forced. Overall, the book was entertaining and definitely eye opening. What made this novel even more shocking is that it is based on a true story. I would recommend this book to anyone looking for a drama filled, intensely graphic and sexual explicit read that is sure to spark interesting conversations and debates.

Reviewed by Latoya Carter-Qawiyy
APOOO BookClub

**Help other customers find the most helpful reviews**          Report this | Permalink

Was this review helpful to you? ( Yes ) ( No )          ☐ Comment

9 of 14 people found the following review helpful:

★☆☆☆☆ **Thanks for perpuating the ignorance**, May 12, 2005

By **G. Oliver "vertigo"** ☑ (NYC) - See all my reviews
REAL NAME™

This book was one of the most offensive bodies of literature I've ever read. Not only is it generic but shes obviously pedaling her stereotypes to other paranoid sistas out there. Here is a suggestion, stop the hate and grow from love.

Help other customers find the most helpful reviews    Report this | Permalink

Was this review helpful to you? ( Yes ) ( No )    ☐ Comment

---

7 of 8 people found the following review helpful:

★★★☆☆ **Double-Edged Sword**, May 5, 2005

By **Loose Leaves Book Review** ☑ (Atlanta, GA USA) - See all my reviews

The "down low" phenomenon has hit the bookstores in droves - whether fact or fiction. Scott-Blanton gives the readers a bird's-eye view from a woman's perspective and through countless interviews she tells Annette's story. Annette has decided to come forward and let other women know that even with having blatant signs, how other factors can still cloud one's judgments.

Annette and James were high school sweethearts who turned into college lovers and eventually marry. The twist: Annette is bisexual but has not had an experience with another woman, yet. She decides her relationship should be based on trust and tells James about her desire. James openly accepts her sexuality and suggests they have her first experience together; they do and eventually venture into the "swinging" lifestyle.

Annette is enjoying the openness in her relationship with James, but feels something isn't right. While she is having her cake and eating it too, he is dealing with his own issues and secret attraction to men. Suddenly he starts making odd sexual requests. At first she's not comfortable with them, but eventually gives in to his desires. At some point, James's behavior becomes erratic so Annette decides to become a sleuth and does some investigating. Having a "need to know" mentality, she betrays the trust in their marriage and reads her husband's journal. What she reads almost becomes her demise; it's a double-edged sword. Annette struggles with what to do with the information she now has on her husband. Are you ready for her emotional roller-coaster ride? What would you do if you found out your mate is on the "down low?"

Question: Is he really "on the down low" if you know about it? Isn't the whole premise to being "down low" not knowing? Perhaps the book would have been better titled "My Husband Was on the Down Low...But Now I Know." In telling Annette's story, Scott-Blanton's attempt was good. There were some issues with

dialogue, grammar, typos and editing. There was almost an entire chapter dedicated to the military's Don't Ask, Don't Tell, which was overkill on the subject. In a nutshell, I can't help wonder if women are being poisoned by books on this particular subject and making them paranoid into believing most men have "down low" tendencies. Perhaps. Some may even feel there's not enough on the subject. Either way, I digress.

Reviewed by Esther "Ess" Mays with Loose Leaves Book Review

**Help other customers find the most helpful reviews**    Report this | Permalink
Was this review helpful to you? ( Yes ) ( No )     ☐ Comment

3 of 5 people found the following review helpful:
☆☆☆☆☆  **On And Poppin'**, April 17, 2005
By **Tonja "Tonja"** ☑ (Alabama) - See all my reviews
This book was really a page turner! Once you began a section it was very hard to put the book down. I really enjoyed how the story fell in line. There wasn't a dull spot in this entire book. It was the type of book where you just had to share it with others. Each time I read something interesting I had to call my sister and dicuss it with her. At the end of the book I had to call my grand-mother and discuss it with her because she read it also and enjoyed it. I am looking forward to the next book! Keep up the good work!

**Help other customers find the most helpful reviews**    Report this | Permalink
Was this review helpful to you? ( Yes ) ( No )     ☐ Comment

1 of 1 people found the following review helpful:
☆☆☆☆☆  **WoW Sensational!!**, April 14, 2005
By **Tony Chapman** ☑ - See all my reviews
REAL NAME™
Reading this book was like being in the book. This book was a lot a fun reading, very informative, keeps you on the edge of your seat. The transition from one episode to another was sensational. My sympathy and empathy goes out to the real characters in this novel because truly you have a lot to deal with on top of everyday life.

**Help other customers find the most helpful reviews**    Report this | Permalink
Was this review helpful to you? ( Yes ) ( No )     ☐ Comment

2 of 2 people found the following review helpful:
☆☆☆☆☆  **Deep Thoughts**, April 13, 2005
By **Whithang "Whithang"** ☑ (Florida) - See all my reviews
"My Husband Is On........" opened the eyes of to so many things that we Americans live and deal with on a daily basis and sexuality is one of the biggest ones. Whether it's you or someone you may know is dealing with an issue that "others" may find disturbing, we deal and live with it. I am glad that Janice Scott-

Blanton mentioned the use of "safe-sex in both her books." The author was able to capture the very essence of a relationship, love-story and understanding between individuals and also keep you wanting more all in one. That's a good book!

James and Annette college sweethearts and soul-mates seemed to be a model couple. They had a beautiful daughter named Kynosha, careers and security. Nevertheless, like many of us, battled internally with demons and desires that are unacceptable by society. Through the desires and sexual appetite of Annette, I personally felt Annette was selfish and completely having her cake and eating it too. She was able to live out all her fantasies with her husband's support. A true case of "Having her cake and eating it too." I found myself taking sides with her husband James (I never thought I'd agree with men on anything) because he was closeted with guilt, shame and confusion, while she did everything under the sun.

Reading this book was like being in the book! The transition from one episode to another was sensational. My sympathy and empathy goes out to the real characters in this novel because truly you have a lot to deal with on top of everyday life.

I would like to congratulate the author Janice Scott Blanton on her second book. The first book entitled "Succulent Sex" was very interesting to read, but this one, takes the cake! I thought I was going to be able to read this true story in between working hours, on lunch break, or after the kids were asleep....... DIDN'T HAPPEN! I had to literally seclude myself from the outside world so I wouldn't be disturbed. I felt drawn to the pages as though I was a character in the novel. I could feel their pain, happiness and hunger for more.

I look forward to your next book and I am sure it will out-do all others. Thanks again for a great piece of work.

---

**Help other customers find the most helpful reviews**          Report this | Permalink

Was this review helpful to you? ( Yes )( No )        ☐ Comment

---

2 of 2 people found the following review helpful:

☆☆☆☆☆  **My Husband Is On The Down Low...And I Know About It**, April 10, 2005

By **B. Johnson "Write for Life"** ☑ (Atlanta GA USA) - See all my reviews
REAL NAME™

Sooooo.....about this book "My Husband Is On........" I just finished reading it today....Whew! I couldn't put it down. Very interesting information. Lots of things I had no clue about when dealing with bisexuality, homo, hetero, etc...Definitely an eye opener...And to think this was someone's true story. Oh Dear! I felt sorry for "Annette" after she read the Journal. But then I got to thinking, shoot, why feel sorry for her, how could she not have known???? so I believe she knew in her heart of hearts but was not willing to face the music so to speak. And it wasn't like she wasn't having a ball herself. Shoot, I almost envied her after a while, I thought she kinda had it going on with all the "happenings" she had going on in her 'swinging' lifestyle. The scenes pretty near the end of the book with Reginald and the video taping really had me baffled. I couldn't put the book down, I couldn't even get my work done on my job, I kept putting people on hold while I

finished that particular section in the book. Lord, I was stupefied (if there's such a word), Annette kept going for the wine bottle, but I would have been shooting for some straight up 180 Proof Carribbean Rum. Forget the Wine.

Anyway, thanks for enlightening those of us out there who were absolutely clueless in regards to sexual orientation preference... Overall, I enjoyed the book and thought it was very well written. The author gave specific examples of 'being on the down low'...The book was very easy to follow and had a plethora of information that one would have never known about if one did not read the book....I would venture to say that anyone who reads this book will definitely not be dissapointed. It is very well worth every penny of it.
To the Author: Keep doing what you do. Hope to see you on Oprah....soon

**Help other customers find the most helpful reviews**       Report this | Permalink

Was this review helpful to you? [ Yes ] [ No ]           ▢ Comment

‹ Previous | [1] 2 | Next ›                     Most Helpful First | **Newest First**

### Recent discussions in the My Husband Is on the Down Low... And I Know About It forum

| Discussion | Replies | Latest Post |
|---|---|---|
| ▣  lawsuit? | 0 | January 2007 |
| ▣  I was a victim... | 0 | August 2006 |

› **See all 2 discussions...**   › **Start a new discussion**

**Where's My Stuff?**
- Track your recent orders.
- View or change your orders in Your Account.

**Shipping & Returns**
- See our shipping rates & policies.
- Return an item (here's our Returns Policy).

**Need Help?**
- Forgot your password? Click here.
- Redeem or buy a gift certificate/card.
- Visit our Help department.

**Search** [ Amazon.com ▾ ] [_____] (GO)

**amazon.com®**   Amazon.com Home  |  Directory of All Stores

International Sites: Canada | United Kingdom | Germany | Japan | France | China

Help | View Cart | Your Account | Sell Items | 1-Click Settings

Investor Relations | Press Release | Careers at Amazon | Join Associates | Join Advantage | Join Honor System | Advertise With Us

Conditions of Use | Privacy Notice © 1996-2008, Amazon.com, Inc. or its affiliates

# EXHIBIT 7

## Declaration of Marc E. Mayer

## Civil Case No. 1.07cv00098 (RMU)

REVIEW

# DVD Review: The New *Brokeback Mountain Collector's Edition* Leaves Questions Unanswered

Written by <u>Jet in Columbus</u>
Published January 23, 2007

I want to make something really clear up front.

My very <u>first article</u> for BC Magazine was an enthusiastic and loving tribute to *Brokeback Mountain*. I've written a <u>few more</u> on the subject that were just as positive afterward, so it's a fair assessment that I'm a fan. I make this statement because I found this new edition a disappointment, not because of the storyline or the production values, but because I was expecting — no I was *hoping for* — what I didn't get.

With the addition of the unused amount of space afforded on a second disc, I expected DVD extras such as outtakes and flubbed lines. After reading reports of how the original film had to be edited from nearly three hours down to two hours and fourteen minutes, I wanted to see what was edited out. Any true fan of the film would welcome — no, downright relish — the chance to enjoy a two and a half hour or even longer version, just to see what was missed and to satisfy a hunger for more of the story.

Perhaps more than all the other unanswered questions, I'd hoped to discover the solution to the mysterious missing scenes from the movie that have been taunting me for over a year now.

*Missing scenes?*

I'll get to that in a moment and present evidence of them.

When it all comes down to it, if you don't own a DVD version of *Brokeback Mountain* yet or have a brand new HD/DVD player, then you should definitely buy this edition now. This is a glorious and beautiful presentation of an incredible film that's not to be missed. The HD in HD/DVD is obvious and magnificent.

However, if you already own the original DVD released in 2006 don't bother with this one. Instead, try holding out for a director's cut version further down the road and hope it's not until a tenth anniversary edition is released.

Here's why.

Having seen the movie repeatedly - having for all intents and purposes memorized this DVD - having put up an entire tribute web page to it, I can say without doubt that this is the exact same transfer to disc of the original DVD, complete with soundtrack foibles and all.



Case 1:07-cv-00098-RMU    Document 62-15    Filed 04/18/2008    Page 3 of 16

For example, in chapter five there's a scene where
Ennis is setting up the camp tent and Jack is laying on his back playing his harmonica. Over the dialogue there's an annoying reverb that I expected would have been repaired or replaced on this version, but disappointingly wasn't.

Of the seven DVD extras, four of them already came with the previously presented original 2006 release.

They are:

- *Directing from the Heart: Ang Lee*. A great tribute to an equally great director.
- *From Script to Screen: Interviews with Larry McMurtry and Diana Ossana*. The screenwriters explain how they discovered the short story and subsequently brought it to life.
- *Sharing the Story: The Making of Brokeback Mountain*. The best produced extra on the disc and well worth watching.
- *On Being a Cowboy*. On how the cast learned to convincingly portray life in the saddle and the culture that goes with it.

Of the above, the most work seems to have gone into *Sharing the Story*, which was actually a TV special produced by the LOGO cable network. It appears to have been tacked onto the original disc in place of Focus Features/Universal Studios going to the expense of producing a better one of their own and is resubmitted here.

In my opinion the three new featurettes for this collection are not worth rationalizing the use of an additional disc. In fact one of the new extras is included on the main movie disc. Had it been conveniently grouped with all the others on the second disc, it would have allowed room for an extended version of the movie. This is what people hope for when a movie expands to two discs — but not here.

Make sure you check the packaging before you whip out your charge card and make sure you're getting the more expensive HD/DVD - DVD combo. If not, basically your second DVD purchase would essentially buy the same original 2006 release that you already own with only the following features tacked on:

**A Groundbreaking Success:** How do you combat a beautiful heart-touching love story being instantly labeled "The Gay Cowboy Movie?" This subject deserved at least half an hour or more; it absolutely deserved more than a mere seventeen minutes.



page 1 | 2 | 3

Jet is the not yet published author of two spy novels, *SYSTEM 10* and its sequel *GHOST OF A CHANCE*, and a professional artist. He likes to



DVD Review: The New Brokeback Mountain Collector's Edition Leaves Questions Upen. Page 4 of 16

Case 1:07-cv-00098-RMU    Document 62-15    Filed 04/18/2008    Page 4 of 16

collect books, music, chess sets,
and friends. Favorite saying: "Evil only succeeds when good men do nothing."

# Comments

#1 — January 23, 2007 @ 13:54PM — Jet in Columbus [URL]

I love this movie, I just feel cheated at what I expected them to present in this new version

#2 — January 23, 2007 @ 15:07PM — Triniman [URL]

Honestly, I thought this was an incredibly overhyped film that was just average - neither lousy or great, just somewhere in between. I definitely wouldn't watch it again. Maybe my expectations were too high?

#3 — January 23, 2007 @ 16:35PM — Jet in Columbus [URL]

I'd say Triniman that the movie is too sophisticated for what the viewing public expects.
It's a plain and simple love story.

There are no exploding cars and no explicit sex and it makes people think too much, and mindless entertainment is what people are more connected to these days.

#4 — January 23, 2007 @ 17:37PM — handyguy [URL]

Not everyone is going to respond to every film. Even if the person has taste and sensitivity and a lot of other folks think the movie is well done, there's no guarantee that particular individual will love that particular film. This seems almost too obvious to have to say it. Taste is subjective.

I love this movie about as much as Jet does, but the first time I saw it, I felt a bit let down. All the pre-release hype had allowed me to imagine something impossibly great, instead of simply a very well done movie. Since then, I've rewatched it a few times and read the beautiful original story a couple of times, and I've become convinced it's a masterpiece.

But just because someone else doesn't have that reaction doesn't mean that person only likes mindless car chase movies.

However, a lot of the online criticism of the movie, especially a year ago, had a political or polemical edge. People seemed to want to use the movie to express their favorable or [especially] unfavorable opinions about gay people and gay rights. Many of these comments were silly, offensive, and ugly...and had little to do with the film itself. Some were apparently written by insecure adolescent boys of all ages and genders.

PS If you have access to an HD television, watch this film on HBO in high-def. It is inexpressibly beautiful, so superior to the standard DVD.

#5 — January 23, 2007 @ 18:34PM — El Bicho [URL]

What you seem to be ignoring is that this may well be the Director's Cut. I have yet to see an interview where Lee wished he could have included more scenes. Inserting scenes just because doesn't mean they are going to work. It could throw off the pacing.

With all the hype beforehand, I don't know anyone nor do I believe anyone didn't know what this film was about before walking in.

Why would there need to be a sequel? The story was over.

Your opinion of the Oscar is based solely on emotion and has no basis in fact. First off, no film is entitled to an award. Second, you have no idea how many votes it lost by. Third, let's stop and think about who the judges are: people living in Los Angeles, so it's no surprise they might identify more with a film set in LA than Wyoming. Fourth, Ledger, who I thought gave a brilliant performance, lost to Hoffman who was playing a homosexual, so how would that be PC exactly?

I thought the movie was very well done, one of the top ten of the year; however, I didn't think it was the best picture, so I hope I don't get tagged with your "firm conviction," which is presumptuous and insulting.

#6 — January 23, 2007 @ 18:57PM — Matthew T. Sussman [URL]

*"the movie is **too sophisticated** for what the viewing public expects.*
*It's a **plain and simple** love story."*

#7 — January 23, 2007 @ 19:31PM — Jet in Columbus [URL]

My complaint has to do with the presentation, Handyguy not the movie itself, though as I said they could've fixed the sound problem.

#8 — January 23, 2007 @ 19:50PM — Jet in Columbus [URL]

Elbicho, The original edit of this film was nearly three hours long. This is material that Lee thought enough of to have put on film. It was edited down because most theaters won't show a movie that's more than two hours long unless they have to because the more showings per day the more they and the studio makes.

This means that there's 45 minutes of footage somewhere that could be presented.

The end of the film left Ennis alone, with no prospects but to stay alone the rest of his life unable to recapture what he'd let escape through his fingers. There's another 40 years of his life that could be told.

If you'd like to see how I continued the story, you can **click here**

As for my firm conviction that he was robbed at the oscars. Arguing that both actors played gay characters isn't valid. Hoffman played more of nonthreatening a caricature of a character to be observed at rather than Heath, who played someone that nearly everyone could identify with, which some considered threatening and a little too close to home.

I stated at the end of this article that this was my opinion.

respect mine as valid, and I'll respect yours?

Jet

#9 — January 23, 2007 @ 19:51PM — Jet in Columbus [URL]

Thanks Matt. Beautifully put.

#10 — January 23, 2007 @ 20:50PM — Mat Brewster [URL]

I didn't see this film until way after all the controversy settled down. I liked it pretty well, but not nearly as much as you did. It was well told, and well acted, and beautifully shot, but I didn't fully buy the story.

The opening quarter seemed more like two horny cowboys who needed to get laid and had only each other. It didn't show me enough of their relationship to make me believe that little bit of loving would haunt them as it did. But lots of movies do that trick, so I wasn't too bothered.

Has Ang mentioned anywhere that the cut that made it to the screen is in anyway not the cut he wanted to make? Every movie has scenes that were filmed but ultimately don't make it into the final cut for the reasons Bicho described.

I'll agree that they deserve to make it into the deleted scenes section of the DVD (especially when it is a two disk dealie) but they might not need to be placed into the actual film.

#11 — January 23, 2007 @ 22:40PM — Jet in Columbus [URL]

Point taken Matt but What second version of a DVD didn't come with outtakes?

#12 — January 24, 2007 @ 02:47AM — tink [URL]

A personal pet peeve is that fact that way too many DVDs neglect to add all the special features that they have available, including outtakes, goofs and interviews (either filmed for the DVD edition or culled from press coverage).

I absolutely get what you're saying here, Jet. Great job!!!

#13 — January 24, 2007 @ 08:23AM — Mat Brewster [URL]

I'll agree with ya there Jet. If they are going to make a second disk, they ought to jam pack it with extras including the stuff that got edited out of the actual film.

#14 — January 24, 2007 @ 10:11AM — Jet in Columbus [URL]

Thank you Tink, I was trying to make that point politely to them. It's a fact that they rushed the initial offering last year into production and release because they wanted it out before the Academy awards.

But now they've had a year to play with it and all they added was a meager 30 minutes or so of material that didn't come close to what fans were waiting for.

It's always been my opinion that studio bean counters think like this.

1. Well we'll put this out just in case someone wants to buy it, but we'll spend as little as possible... after all it is a fag film.

2. Holy Shit! they bought a lot of them. I know, we'll put a little more on it and add HD-DVD on it and charge 'em more for it, but leave out a bunch of stuff so if we decide to later down the road we can always sucker 'em into buying another one.

3. wow those fools bought two, now we'll give 'em what they want but we'll charge say... oh... $45 bucks for each. then we've suckered 'em into buying 3 DVDs when they could've held off and only bought one!.

I don't think this is Focus Features doing this, I think it Universal Studios.

That's why I'd like to hold out for the Director's cut.

Fortunately for me and my limited budget. I got the original DVD free when I bought some movies through TLA last year, and I got this one for free for reviewing it.

Others aren't so lucky.

Thanks for contributing Tink
Jet

#15 — January 24, 2007 @ 10:24AM — Jet in Columbus [URL]

Thanks Mat-To expand a little.

A. Okay VHS movies were all the rage and the studios knew DVDs were coming, but they wanted as many VHSs as possible sold, so that the consumer would want to upgrade to DVDs.

b. Sell DVD players for as low a cost as possible to sucker people into buying them and then having to spend hundreds or even thousands upgrading their collections.

C. Shut off all sale of VHS copies to force consumers to buy DVDs. Anyone with a VHS is shit out of luck. We'll laugh all the bank because the suckers have two copies of the same movie!

D. Don't tell anyone about HD-DVD until they've had time to upgrade to DVDs. Then flood the market with HD-DVD players and make the fools all buy third copies of their favorite movies. HEY THIS IS GREAT!!!

E. Don't tell them about Blue Ray.

What's next? having been in the fringes of the industry for a little while I'll tell you. Japan has found a way to store massive amounts of info in holographic form on discs, enough to store 10-15 HD movies on one

disc, or 5 in a new more data consuming format that's coming that'll make Blueray-HD look like a VHS tape.

By the time that hit's the market we'll have bought our favorite movies 4-5 times in ascending formats and they'll have laughed themselves all the way to the bank.

ha ha

#16 — January 24, 2007 @ 15:29PM — Pandora

Wonderful review! I agree with almost 100% of what you've said. I'm so disappointed there is not more to love about this collectors edition. I too have seen this movie more times than I care to admit and intentionally waited to buy the dvd because I knew the collectors edition would be coming out. What a waste! How do we bring this to the attention of the "powers that be"? I want more!!

#17 — January 24, 2007 @ 15:40PM — Jet in Columbus [URL]

Pandora, as a reviewer I'm obligated to send the review to the people who supplied me with this DVD. Whether they do something about it or not... well that's another question.

I absolutely love this movie. If you'd like to see how I closed out their story up to Ennis' death in 2007 click on the link in comment 8

Thanks for your input
Jet

#18 — January 24, 2007 @ 15:49PM — handyguy [URL]

It's understandable that you feel let down by the lack of deleted scenes in this new package. DVD marketing often seems to include "rip-off" as part of the deal, especially when a film is released multiple times.

However...

I couldn't disagree more strongly about a sequel. What a beautiful story Annie Proulx wrote, so spare, not one extra word used. The ache you feel at the end is part of the great achievement of both story and film. A sequel would unavoidably cheapen that.

It's as unthinkable as a sequel to Casablanca or Gone with the Wind, which also had great endings where the main couple in the plot had split, with the future uncertain. [The laughable results when greed overcame good sense and a sequel to GWTW was indeed written speak for themselves.]

I feel virtually certain that Annie would agree with me on this. And saying she "should be compelled" to write a sequel....lordy, Jet. You're thinking like a fan rather than a critic in this instance.

#19 — January 24, 2007 @ 15:58PM — Jet in Columbus [URL]

Does ANYONE know who that man and the kid in front of the garage is?

Case 1:07-cv-00093-RMU    Document 62-15    Filed 04/18/2008    Page 9 of 16

*#20 — January 24, 2007 @ 16:02PM — Jet in Columbus [URL]*

Handyguy, in this instance, I can't separate the two. see comment 8 and the link

*#21 — January 24, 2007 @ 16:49PM — handyguy [URL]*

My guess would be that the boy is either Ennis or Jack, and the adult is a relative, in a flashback that got excised.

*#22 — January 24, 2007 @ 16:56PM — Jet in Columbus [URL]*

Nope sorry, in the original credits of the movie there's someone credited as killer mechanic, so I thought he was one of the guys enlisted to kill Jack.

In the picture behind them is a mid 70s dodge truck in the garage, so it can't be a flash back.

*#23 — January 24, 2007 @ 17:44PM — handyguy [URL]*

Possibly related to this scene? [from IMDB]

"According to an interview that Heath Ledger gave to the Philadelphia Inquirer's Steven Rea, there was a sequence that was filmed for the movie in which Jack and Ennis help some hippies get their car out of a river. According to Ledger, the scene took a week to shoot but was disliked almost immediately by everyone involved."

A long shot I know. But the two guys in the garage seem to be looking at and reacting to something...perhaps Jack and Ennis and the hippies coming into town?

*#24 — January 24, 2007 @ 18:23PM — El Bicho [URL]*

Sorry, Jet, but your opinion that everyone not willing to vote the film Best Picture or Heath Best Actor due to homophobia is not valid. Certainly not in my case.

You should be careful with the broad brush because your view that everyone's motivations stem from homophobia are clouding your vision. To think that BBM got a bare bones release initially because "after all it is a fag film" shows you don't know the marketplace. Most films, especially ones doing well at the box office, are rushed out on DVD to combat piracy, which is rampant worldwide. Why did Sin City get a bare bones release? The Lord of the Rings? I could go on.

"It was edited down because most theaters won't show a movie that's more than two hours long"

BBM is over two hours, so that point doesn't apply here. I've been working in different aspects of film production for years, not the fringes, so I know the many reasons why films are cut. Time is only one, and I trust Lee as an artist.

Every film shoots more footage than it uses and just because the footage was shot doesn't mean the director thinks it should be seen. Woody Allen shot September a second time with a new cast because the

first version didn't work. He reshot some of Purple Rose of Cairo because Michael Keaton seemed to modern for the role. Stanley Kubrick shot a famous pie fight at the end of Dr Strangelove. Sometimes, they even try ideas out on the set that don't work.

Absolutely agree with handy on there being no sequel or further adventures of Ennis. The ending was perfect.

If someone is listed as killer mechanic, my guess would be he was responsible for killing the gay man Ennis refers to seeing. The kid in the back looks like a younger version of Ennis.

I don't know how you could tell what model the truck is (kudos to you), but that has no bearing on the scene. Go to IMDb and look under goofs for a number of Anachronisms. The movie is filled with them.

#25 — January 24, 2007 @ 21:31PM — Jet in Columbus [URL]

Thanks Handy guy, a plausible solution.

#26 — January 24, 2007 @ 21:41PM — Jet in Columbus [URL]

EB I guess you weren't watching the press coverage as much as I was.

I wasn't talking about how widely the DVD was released, I was talking about how little effort was made in the extra content.

It was editied down FROM nearly three hours to placate the theater owners, who compromised and said 2.25 hours was better than 2.5 or 2.75.

The scenes that were to be cut were part of the movie as part of the intended content, that's why they were included in the trailer preview. it was only afterward that they had to be cut. Some of those pieces even had background music on them, so the were originally part of the movie.

I had to crop nearly the entire frame of the man and boy and I just barely show the truck. The gay man that was killed was when Ennis was 8 years old, and I sincerely doubt that they'd put a '75 Dodge truck in a scene that was supposed to have occurred in 1951.

Yes the movie is filled with goofs but nothing that big.

You have your opinion I have mine.

In my novelization, I continue the story by having Ennis accused of Jack's murder.

I have Jack's mother murder his father and recover his ashes.

I allow Ennis to find love again and live out the rest of his life happy doing the thing he loves most. Raising horses.

That'd make a good sequel.

Your results may vary.

#27 — January 25, 2007 @ 08:38AM — tpe

Jet. You have set to words precisely what many of us at ennisjack.com feel about this edition.

Thank you.

#28 — January 25, 2007 @ 09:55AM — Jet in Columbus [URL]

You're very welcome TPE. Glad I could help.

#29 — January 25, 2007 @ 17:26PM — handyguy [URL]

If you really love Brokeback Mountain and respect it as a beautiful work of tragic art, contriving the afterstory you describe in 26 is shocking. Godawful. In unbelievably bad taste. Please, please keep it to yourself.

#30 — January 25, 2007 @ 21:12PM — Jet in Columbus [URL]

Sorry Handy guy, as a matter of fact most of it was published here at BC and I got nothing but praise about it.

You shouldn't judge it until you've read it.

#31 — January 26, 2007 @ 04:09AM — Insomniac487

I'm going to have to agree with you Jet, about the letdown over the BBM's collector's edition. Sadly, it did not live up to people's expectations. Your opinion about universal studios seem interesting. I kind of see it that way too :( I wish they weren't like that, but sadly its how the industry works. It's all about the money.

regardless of its letdown or content, I planned on buying it anyways. my collection of BBM magazines, books, music, dvds (wide, full, collectors editiions) are all important. Heh.

#32 — January 26, 2007 @ 06:25AM — Jet in Columbus [URL]

Insomniac487, You're the kind of fan I'd really like to have you opinion of how I finished Ennis' story. Go to #8, click the link and tell me what you think after you've read it.

Jet.

#33 — January 28, 2007 @ 02:23AM — Jet in Columbus [URL]

This appeared in the ADVOCATE today...

Sound's pretty suspicious if you ask me, after all it's been nearly 10 years since BB was published in the NEW YORKER 5 since the movie has been in production and almost a year and a half since it was released, and only NOW she noticed it?

Give me a break
+++++++++++++++++++++++++

Author files $250 million suit against makers of Brokeback Mountain

*Janice Scott-Blanton, the author of My Husband Is on the Down Low and I Know About It, filed a $250 million lawsuit claiming copyright infringement against Universal and the studios that financed and distributed Brokeback Mountain, reports BlackNews.com.*

*Scott-Blanton claims there are over 50 substantial similarities between her novel and the Academy Award-winning film. An early bar scene in the movie reminded Scott-Blanton of a scene from her novel, but she chalked it up to coincidence until further scenes, including the first sexual encounter between Jack and Ennis, reminded her of her novel.*

*In Brokeback Mountain Alma confronts her husband Ennis about his homosexual activity during Thanksgiving dinner and tells him she purposely wrote a note and put it on his fishing line for him but he never found it. According to Scott-Blanton, this scene is strikingly similar to a scene in her novel wherein her character Annette confronts her husband James about his homosexuality on their ninth anniversary. James tells her he wrote a confession in his journal purposely, knowing she was secretly reading it. Both scenes are set in a kitchen.*

*Scott-Blanton will argue in court that the film is strikingly similar to her novel in terms of characters, plot, themes, and sequence of events.* (The Advocate)

#34 — January 28, 2007 @ 14:23PM — JustOneMan

Just like the two stars of this trash...the movie sucked the big one. [Edited]
JustOneMan

#35 — January 28, 2007 @ 23:06PM — Jet in Columbus [URL]

A comment from another forum (and I agree) is that this woman has been laying in waiting for some years to see if it was going to be profitable before she brought this suit. Let's just hope there's a statute of limitations on the bitch.

Jet

#36 — January 30, 2007 @ 08:39AM — Jet in Columbus [URL]

After further reseach I find that Author Janice Scott-Blanton who filed $250 million lawsuit claiming there are too many coincidences between the film 'Brokeback Mountain' and her novel, 'My Husband is on the

Down Low and I Know About It' is too full of shit to be real.

The similarities, she says, are evident in over 50 scenes in the movie, including the first sexual encounter between the two cowboys.

**Publication dates may be of particular interest to the courts: Scott-Blanton's novel came out in March 2005; Annie Proulx's short story, later adapted nearly to the letter, into the film, was published in 1997. You do the math.**
Jet

#37 — February 2, 2007 @ 10:48AM — Jet in Columbus [URL]

Sorry I haven't been around lately, I've been helping set up the new BC forum. Be back soon
Jet

#38 — February 2, 2007 @ 10:54AM — Jet in Columbus [URL]

Forgive me BC notices keep showing up as spam on my new e-mail-I'm trying to retrain it.

#39 — February 9, 2007 @ 07:15AM — xplrr

I think the reviewer may be wrong about what he identifies as the second "missing scene:" Judging from their clothes, the position of Ennis' hat and Jack's whiskey bottle, I think the guys are dressed for the earlier scene where Ennis comes to camp late, having been thrown from his horse. (Note Ennis' dirty jeans. Also, isn't he holding the wet bandana that Jack gave him for his bruised forehead?) Since it's not in keeping with the tone of the scene, I've always thought that it's simply a photo of Jake and Heath, out of character, shot between takes.

#40 — February 9, 2007 @ 08:52AM — bbguy

Another probable missing scene: some stills are around, showing Ledger/Ennis in his Lighting Flat duds, carring the shirt bag, in a little country cemetery.

I guess a short scene was filmed, wherein he takes a look at the Twist family plot, on his way back home from LF.

#41 — February 9, 2007 @ 09:13AM — Jet in Columbus [URL]

xplrr, if you go back to the "If you can't fix it..." scene-four years later, Ennis still has his hat on his knee at the opening of it, but he's laying on his back, and Jack is holding the same whiskey bottle.

The scene apparently is joined in the middle where Ennis is joking with Jack about thanking heaven for Jack forgetting his harmonica, in which they are laughing with each other.

it is definitely not a continuation of the bandana scene aftermath of Ennis getting thrown from his horse, because Jack never holds the whiskey bottle when their together, he hands it to Ennis after he asks for it.

Jack put it down when he heard the sound of Ennis' approach in the dark and never picked it back up again until after Ennis asked for it.

Jet

#42 — February 9, 2007 @ 09:15AM — Jet in Columbus [URL]

bbguy, there's also a scene that was filmed where Jack and Ennis rescue some hippies that are involved in a car accident.

That still of Jack and Ennis leaning back against Jack's black truck in the field, is nowhere in the film either.

Jet

#43 — February 9, 2007 @ 15:17PM — explrr

Jet, until now I had never actually checked the "missing scene" in question while holding a copy of the out-take photo in my hands. I have just done so. I think if you do so as well, you'll agree with me. In the post-bear scene, the fleece of Jack's jacket is dark colored, like the photo above. In the "4 years later" scene, it's a different jacket and the fleece is decidedly light-colored. Note all the clothes. Also, Ennis is absolutely hold Jack's bandana in his hands and the knees of his jeans are filthy, like someone who was just thrown from his horse.

I stand by my original contention that the photo was taken of Jake and Heath between takes, out of character. It's nice to see that the two of them really seemed to enjoy one another's company.

#44 — February 10, 2007 @ 17:40PM — explrr

Just re-reading this: While I'm very confident about what scene the photo comes from, I failed to indicate that "my contention" regarding the guys being "out of character" was definitely an opinion. In the scene immediately following, the "elk" scene, Ennis says: "I'm tired of your dumbass missing." Obviously there's a leap here between the scenes we see and what MAY have been initially planned for the movie.

#45 — February 10, 2007 @ 17:46PM — Jet in Columbus [URL]

I think we're getting away from the main point. There ARE missing scenes, despite where they did or didn't come from. The point is they should've been included.

The fact that the movie was edited DOWN to 2 hours and 14 minutes when most theaters prefer movies no more than 2 hours in length would indicate that they had to slice stuff out that they didn't want to in order to bring the time down, rather than add things that didn't need to be there in order to bring the running time up past an acceptable level.

That means things they would've wanted in, were out and a "Collector's edition" should've included them, or at least some out takes.

Jet

#46 — February 10, 2007 @ 19:15PM — explrr

I found this site while looking for a reasonably balanced review of the Collector's Edition DVD. I thought this review was well-written and solid and obviously put together by a fan -- which I candidly appreciated. I didn't realize that "comments" would be encouraged but that was a pleasant surprise as well. (To be honest, I haven't read through them all. In scanning them, I found them to be not dissimilar to the IMDb and BetterMost sites. After a year of visiting these sites, the commentary becomes fairly predictable.)

Anyway, having found what I was looking for, I'm out of here. Just a couple of comments though, Jet, as I head out: It's not necessary to second-guess the filmakers' decisions. After all, they did a great job in ensuring the film's success. Like you, however, I would LOVE to see any part of what ended up on the cutting room floor. Hopefully, some day we'll get to see some of it. And, finally, when you're proven wrong, own it. Don't change the subject. Owning it will only enhance your credibilty.

Thanks for your good work.

Adios.

xplrr

#47 — February 10, 2007 @ 19:38PM — Jet in Columbus [URL]

1 You haven't credibly proven I was wrong
2 there's no such thing as a "Wrong Opinion"

#48 — February 10, 2007 @ 19:47PM — sr

NICE TO SEE YOUR STILL OUT THEIR ALIVE AND I HOPE WELL ON PLANET EARTH. NUKE THE UNBORN GAY WHALES.

#49 — February 10, 2007 @ 21:58PM — Jet in Columbus [URL]

Thanks SR.

Just barely.

I've been busy trying.

Trying can be hard sometimes.

Jet

#50 — February 25, 2007 @ 14:17PM — Jet in Columbus [URL]

Attention: I'd like to invite everyone to look at the right side menu. That button marked BC Forums....

#51 — January 22, 2008 @ 18:55PM — **Jet in Columbus** [URL]

HEATH LEDGER-an icon to the gay world as Ennis Del Mar was found dead this afternoon in his apartment in New Yorkl

details to follow

#52 — February 2, 2008 @ 18:10PM — **Lollipop**

hi,
this is a great article! i was disappointed too with the extras. i think you mis one picture wich is in the trailer but not in the film and i think it's an important picture. it's the one with ennis closing his eyes apprently moved and at his side, there is jack. both they're in a car, perhap's in jack's car. i think it's corresponding to the separating scene at the end of the summer

#53 — February 2, 2008 @ 18:19PM — **Jet in Columbus** [URL]

It's actually a continuation of the sceen where Jack and Ennis are driving on their way to their first "fishing trip".

I've gotten hold on an original shooting script and it appears as if most of the shots I mentioned were excised as to not go over budget, or were shot in order to see if the worked and didn't.

Since they couldn't be used, they decided to let nothing go to waste and used them in the preview reel instead.

sigh



**EXHIBIT 8**

**Declaration of Marc E. Mayer**

**Civil Case No. 1.07cv00098 (RMU)**



Username: [                    ]
Password: [                    ] [Login]
☐ Remember Me

Create an Account
Forgot your login?
Login w/ OpenID

Explore LJ    Culture    Entertainment    Life    Music    News & Politics    Technology    Post to Jour



pariahcub (  **pariahcub**) wrote in **blackfolk**,
@ 2007-01-25 18:07:00

[◀] [♥] [▣] [▶]

**Current location:** home

**Current mood:**  cynical

**Current music:** grace jones "walking in the rain"

### *Broke Black Mountain : A Tale of Creediness, Lies, and Jet Magazine-esque Journalism*

Today I received this email:

BROKEBACK MOUNTAIN IS ON THE DOWN LOW AND AUTHOR JANICE SCOTT-BLANTON KNOWS ABOUT IT

Author Files $250M Copyright Infringement Lawsuit Against "Universal" and the Studios That Financed and Distributed the Film



Washington, DC (BlackNews.com) - Author, Janice Scott-Blanton, filed a $250M copyright infringement lawsuit in U.S. District Court in Washington, D.C. The complaint alleges that similarities between her novel My Husband is on the Down Low and I Know About It and the Academy Award winning motion picture film Brokeback Mountain 2005, are more than coincidence.

To support her allegations, Scott-Blanton has cataloged over 50 substantial similarities

between the two bodies of work; these similarities range from subtle to the stark. During an early bar scene in the movie, Scott-Blanton saw an occurrence that reminded her of a scene from her novel but she gave it the benefit of the doubt. While continuing to view the movie, Scott-Blanton recognized during the first sexual encounter between Jack and Ennis another similarity; the scene reminded her of a sex scene from her novel; this was not a coincidence. She placed the movie on pause and retrieved her novel. After reviewing the scene from her novel, she realized the scenes were eerily similar. A coincidence at this point but this caused Scott-Blanton to view the remainder of the movie with a more critical eye.

A more stark similarity is exhibited after James' and Annette's ninth wedding anniversary, when Annette from Scott-Blanton's novel confronted James regarding his homosexual activity. James told her that he had purposely written a confession in his journal because he knew she had been secretly reading it; he did not know of any other way to tell her about his secret. This scene transpires in a kitchen setting. After Thanksgiving dinner, in the movie Brokeback Mountain, Alma confronts Ennis (her husband) regarding his homosexual activity. Alma told Ennis she had purposely written a note and put it on the end of his fishing line for him to find. This scene also transpires in a kitchen setting.

Scott-Blanton intends to prove in court that there are substantial similarities in the domestic life, characters, plot, thematic expressions, sequence of events and the total look and feel of Brokeback Mountain as compared to her novel My Husband is on the Down Low and I Know About It.

About the Author
Janice Scott-Blanton, M.Ed., is a native of Mobile, Alabama, is a former alcohol & drug clinician turned relationship author and columnist. She lives in the Washington, D.C. metropolitan area.

For media interviews contact: Michelle Knolton at (571) 251-5947


-END-

It's common knowledge that Hollywood has been stealing scenarios and even entire screenplays from Black writers since silent films. I personally know of a former colleague that sued John Singleton for stealing his script, "Caught Out There", and passing it off as "Higher Learning". We met Singleton in late Spring of 1991 at an advanced screening of Boyz N Da Hood, where my colleague spoke about the script he'd just completed. He gave the filmmaker a copy for his feedback and then never heard form him again. About three years later, he found out win and called his lawyer. He won.

If only any of author, Janice Scott-Blanton's claims where even valid. Yes, the Ang Lee film did come out in the later half of 2005. However,Annie Proulx's novella, Brokeback Mountain, was published in 1997, exactly eight years before Janice Scott-Blanton's book was published on March 20, 2005. The author of this article also needs to be pulled up for not even delving further by merely going on internet movie databse.com

But, it's is just another example of some hack desperate to latch on to a hit and milk it like a prize cow at a 4H festival. In fact, the actual reviews on Amazon.com of Scott-Blanton's novel aren't exactly glowing:

"This book was one of the most offensive bodies of literature I've ever read. Not only is it generic but shes obviously pedaling her stereotypes to other paranoid sistas out there. Here is a suggestion, stop the hate and grow from love."

"The story did not flow well and the writer seemed to jump back and forth, not following any particular timeline. The dialogue was laughable and unbelievable. I only wish that it was possible to give something less than one star."

I would even go so far as to think that this whole legal action is a desperate ploy to up her book sales before the repo man learns that she's been parking her Escalade at her cousin, Shae Shae's house. Incidents like this piss me off as an African-American writer, since it's already tough getting work outside of a rewrite of Soulplane 2. If you're going to fabricate a tale of your literary efforts being wrenched away from your fingers like rabid Vikings swiping up a crying baby from its mother's arms, how about Googling your source material a bit first?

---

**(Post a new comment)**



### Murder She Wrote she aint
Ω **bpthought**
2007-01-26 12:24 am UTC (link)

She's all like "Your story happened in the kitchen? Wait. MY story happened in the kitchen.

Wait a cotton pickin minute. "Your character's name was John? Hold up. MY character's name was John, too! smh

(Reply to this)(Thread)



### Re: Murder She Wrote she aint
Ω **pariahcub**
2007-01-26 12:29 am UTC (link)

ROFLMAO!

*dead*

(Reply to this)(Parent)(Thread)



### Re: Murder She Wrote she aint
👤 **teachpiece**
2007-01-26 02:58 am UTC ([link](#))

This has nothing to do with the topic at hand, but just let me say that "little" girl in your picture. . .should make every person in the world nervous as hell. That movie was crazy.

(Reply to this)(Parent)(Thread)

**(Reply from suspended user)**



### Re: Murder She Wrote she aint
👤 **most**
2007-01-26 03:08 pm UTC ([link](#))

*What's it from*

Hard Candy

(Reply to this)(Parent)(Thread)



### Re: Murder She Wrote she aint
👤 **pariahcub**
2007-01-26 03:12 pm UTC ([link](#))

Aside from The Departed and Pan's Labyrinth, Hard Candy was my favorite film of 2006.

(Reply to this)(Parent)



### Re: Murder She Wrote she aint
👤 **verbalessence**
2007-01-26 01:12 am UTC ([link](#))

LOL! Homegirl was reachin! Just trying to get some cash because that book of hers looks like first rate garbage and she had to pull some rabbits out of hats just to get anyone to look at it.

(Reply to this)(Parent)



👤 **freezer818**
2007-01-26 12:29 am UTC (link)

I was reading through that "article" just wondering if this nimrod (the "reporter" or the author) even knew that BW was a book first?

Didn't someone try and pull something similarly ludicrous with J.K. Rowling? *googles* Yep.

(Reply to this)(Thread)



**freezer818**
2007-01-26 12:30 am UTC (link)

And that "BW" should be "BM"... Damn...

(Reply to this)(Parent)



**royce_the_52**
2007-01-26 01:07 am UTC (link)

its not like Brokeback Mountain was that good anyway

(Reply to this)(Thread)



**pariahcub**
2007-01-26 03:18 pm UTC (link)

All the more reason NOT to claim it was stolen from her work. At least accuse someone with a lengthy publishing track record.

(Reply to this)(Parent)



**cumaeansibyl**
2007-01-26 01:08 am UTC (link)

The movie was filmed during the summer of 2004.

If anything, Annie Proulx may want to sue Scott-Blanton for infringing on *her* copyright.

(Reply to this)(Thread)



**lindito**
2007-01-26 05:27 am UTC (link)

you **know**!

(Reply to this)(Parent)



**black_reign**
2007-01-26 01:23 am UTC (link)

OUCH.....

The pain that I feel for her being (or eventually) be made a fool out of is quickly overshadow by the joy that I'll have while I'm laughing my ass off.

DAMN, somebody should try doing a bit of research

BUT, on a related note, I do believe Puffy jacked a dance that he did in 98 that I was doing on the campus of Howard University in 95.....LOL

(Reply to this)(Thread)



**take dat...take dat**
**kittylarock**
2007-01-26 01:44 am UTC (link)

*dead* @ puffy jackin your swagger! i would not admit to that shit!

(Reply to this)(Parent)



**rgay**
2007-01-26 03:33 am UTC (link)

That is the most ridiculous thing I've ever heard.

(Reply to this)



**mulder200**
2007-01-26 05:14 am UTC (link)

This is just sad. The reporter obviously didn't do any research and the book's author is an idiot.

(Reply to this)(Thread)



**pariahcub**
2007-01-26 03:38 pm UTC (link)

I can actually see them having the initial discussion at the beauty salon under adjoining dryers:

SCOTT-BLANTON: You ain't gonna be-lieve this!
KNOLTON: What happened, girl?
SCOTT-BLANTON: Them motherfuckas done stole from my book for their movie!
KNOLTON: Oh no they didn't! You mean that one you was sellin' outta the trunk of your car last month about those three Black girls trying to start a singin' group, then one of 'em gets kicked out after they make it big 'cause she too fat?
SCOTT-BLANTON: Naw, the OTHER book about my ex-husband that told me he'd rather be with another man than wake up next to me every morning. Girl, they stole every last bit of it and put it in they movie!
KNOLTON: Oh hell no! You need to sue the shit outta them crackers! Y'know, my brother-in-law, T. Money's, a lawyer.
SCOTT-BLANTON: Ain't he the one that got disbarred for showing up to court drunk and his fly wide open all the time?
KNOLTON: Girl, you can't get disbarred from being a lawyer. It's just like being on the Supreme Court, where the only way to leave is if you quit or die.
SCOTT-BLANTON: I sure appreciate this.
KNOLTON: No problem at all. In fact, I write for this internet Black news site and can give you an interview right now. Lemme get my tape recorder. Dontay! Go get Mommy's pocket-book from the car for her!

(Reply to this)(Parent)



**lindito**
2007-01-26 05:29 am UTC (link)

am i the only weird one, or is anyone else having a flashback to "in living color" with the "go on girl!" segment and they are arguing over umbatu?

(didn't you lose on star search?!)

that's totally what this reminds me of for some reason...

(Reply to this)(Thread)

 **kittylarock**
2007-01-26 02:55 pm UTC (link)

so mad i remember the infamous umbatu scene!

(Reply to this)(Parent)(Thread)

 **pariahcub**
2007-01-26 02:57 pm UTC (link)

I even remember the book the host was plugging on that skit, "Eve Stands Alone"! LMAO!!

(Reply to this)(Parent)

 **valsadie**
2007-01-26 05:44 am UTC (link)

Oh, *that's* how that "Higher Learning" lawsuit came out!

That's just trifling on Singleton's part; four years studying the Filmic Writing degree at USC and he cops somebody else's script?? Margaret Mehring    would not be proud!

(Reply to this)(Thread)

 **singleton filmography**
**pariahcub**
2007-01-26 03:10 pm UTC (link)

Truthfully, Singleton was never that good a screenwriter to begin with.

-Boyz N Da Hood: only worked because of the people in the cast and the fact that something along that line hadn't been explored much in '91. Then the Hughes Brothers' Menace II Society came along and promptly blew it out of the water.
-Poetic Justice (aka Adventures in Bad Improv In The Mail Truck):proved exactly why Janet needs to stick to music, featuring plot holes big enough to be seen from orbit.
-Higher Learner was a rip-off and only tolerable for the scene where the brothas beat the Nazi skinheads' ass.
-Rosewood: hands down, the best thing Singleton ever did because he had no hand in writing the script and he came on as the director several weeks into shooting.
-Shaft: only worth watching for Jeffrey Wright's performance.
-Baby Boy: badly-written, badly directed, and should only be rented on DVD so you can advance to any of the scenes featuring Ving Rhames naked (yeah, I SAID it!).
-Four Brothers: lousy writing, lousy directing, and Mark Wahlberg using the 'N' word.

(Reply to this)(Parent)(Thread)



### Re: singleton filmography
**lindito**
2007-01-26 06:29 pm UTC (link)

*Baby Boy: badly-written, badly directed, and should only be rented on DVD so you advance to any of the scenes featuring Ving Rhames naked (yeah, I SAID it!).*

*takes notes*

ah may faint.

(Reply to this)(Parent)

---

Mini Sitemap:   Post to Journal   LJ Gift Shop   Support & FAQs      Feedback & Contact Us   Site News
                Downloads        Safety Tips    Be a Support Volunteer   Report Abuse          **More... (Full Sitem**

Tour | Terms of Service | Privacy Policy | Copyright | Advertise  | Viewing Options | Get a Free Blog / Journal

Case 1:07-cv-00098-RMU    Document 62-16    Filed 04/16/2008    Page 14 of 11

# EXHIBIT 9

## Declaration of Marc E. Mayer

## Civil Case No. 1.07cv00098 (RMU)

**Web**  Images  Maps  News  Shopping  Mail  **more** ▾

mem@msk.com | My Account | Sign out

# Google

| janice scott-blanton | | Search | Advanced Search |
| --- | --- | --- | --- |
| | | | Preferences |

---

**Web**  Books                                    Results **1** - **10** of about **595** for janice <u>scott</u>-blanton. (**0.25** seconds)

### Books by **Janice Scott Blanton**



My Husband Is on the Down Low And I Know About It - 2005 - 254 pages

Succulent Sex: An Explicit How to Guide for ... - 2005

books.google.com - More book results »

### <u>BlackNews.com</u> - **Janice Scott-Blanton** - My Husband Is On The Down Low
Triangle, VA (BlackNews.com) - In March 2005, **Janice Scott-Blanton** released her debut
novel with a celebration at the Zanzibar on the Waterfront in ...
www.blacknews.com/pr/husband101.html - 30k - Cached - Similar pages - <u>Note this</u>

### Blackfolks - Broke Black Mountain : A Tale of Creediness, Lies ...
Jan 25, 2007 ... **Janice Scott-Blanton**, M.Ed., is a native of Mobile, Alabama, is a former
alcohol & drug clinician turned relationship author and columnist. ...
community.livejournal.com/blackfolk/4573464.html - 74k - Cached - Similar pages - <u>Note this</u>

### Articles
(PRWEB) May 14, 2005 -- On March 20, 2005, **Janice Scott-Blanton**'s released her debut
novel with a celebration at the Zanzibar on the Waterfront in ...
www.geocities.com/mysecretgarden68/articles.html - 13k - Cached - Similar pages - <u>Note this</u>

### **Janice Scott-Blanton** - Pipl Profile
Pipl profile of **Janice Scott-Blanton**. Quick facts, personal profiles, publications, contact
details and much more.
pipl.com/directory/people/Janice/Scott-Blanton - 6k - Cached - Similar pages - <u>Note this</u>

### **SCOTT-BLANTON** v. UNIVERSAL CITY STUDIOS PRODUCTIONS LLLP et al - 1 ...
Plaintiff: **JANICE SCOTT-BLANTON**. Defendant: UNIVERSAL CITY STUDIOS
PRODUCTIONS LLLP, FOCUS FEATURES, LLC, UNIVERSAL STUDIOS LICENSING, LLP,
...
dockets.justia.com/docket/court-dcdce/case_no-1:2007cv00098/case_id-123977/ - 126k -
Cached - Similar pages - <u>Note this</u>

### Amazon.com: Profile for **Janice Scott-Blanton**
**Janice Scott-Blanton**, Author of Succulent Sex, February 9, 2004. Gerry did a good job in
breaking it down for the Fellas. Writing in a language that most ...
www.amazon.com/gp/pdp/profile/A2IPR7LXDCU44J - 97k -
Cached - Similar pages - <u>Note this</u>

### Amazon.com: My Husband Is on the Down Low... And I Know About It ...
And I Know About It: **Janice Scott-Blanton**: Books. ... Based on a true story, **Janice Scott-
Blanton**'s debut novel takes you on a journey into the life of ...
www.amazon.com/Husband-Down-Low-Know-About/dp/0976468808 - 203k -
Cached - Similar pages - <u>Note this</u>

### Author files $250 million suit against makers of Brokeback ...
Jan 27, 2007 ... **Janice Scott-Blanton**, the author of My Husband Is on the Down Low and I
Know About It, filed a $250 million lawsuit claiming copyright ...
www.advocate.com/news_detail_ektid41457.asp - Similar pages - <u>Note this</u>

<u>Brokeback Mountain / Queerty</u>
**Janice Scott-Blanton**, the esteemed authoress of My Husband is on the Down ... Brokeback
Mountain is On The Down Low and Author **Janice Scott-Blanton** Knows ...
www.queerty.com/queer/brokeback-mountain/ - 62k - Cached - Similar pages - <u>Note this</u>

[PDF] <u>UNITED STATES DISTRICT COURT</u>
File Format: PDF/Adobe Acrobat - <u>View as HTML</u>
UNITED STATES DISTRICT COURT. FOR THE DISTRICT OF COLUMBIA. **JANICE
SCOTT-BLANTON** pro se,. :. :. :. Plaintiff,. :. Civil Action No.:. 07-0098 (RMU) ...
https://ecf.dcd.uscourts.gov/cgi-bin/show_public_doc?2007cv0098-36 -
Similar pages - <u>Note this</u>

**1** <u>2</u>  <u>3</u>  <u>4</u>  <u>5</u>  <u>6</u>  <u>7</u>  <u>8</u>  <u>9</u>  <u>10</u>     **Next**

---

| janice scott-blanton | Search |

<u>Search within results</u> | <u>Language Tools</u> | <u>Search Tips</u> | <u>Dissatisfied? Help us improve</u> | <u>Try Google Experimental</u>

---

©2008 Google - <u>Google Home</u> - <u>Advertising Programs</u> - <u>Business Solutions</u> - <u>About Google</u>

**Web**   Images   Maps   News   Shopping   Mail   more ▾          mem@msk.com | My Account | Sign out

## Google

| janice scott-blanton |          Search    Advanced Search
                                              Preferences

---

**Web**                                Results **11 - 20** of about **595** for **janice scott-blanton**. (0.25 seconds)

### Black Author Sues 'Brokeback Mountain' Makers Over Plagiarism
Washington, D.C. (BlackNews.com) - Author, **Janice Scott-Blanton**, filed a $250M copyright
infringement lawsuit in U.S. District Court in Washington, ...
www.reddingnewsreview.com/newspages/
2007newspages/black_author_sues_07_0970004.htm - 9k -
Cached - Similar pages - Note this

### Authors and Experts - Member Search Results
**Janice Scott-Blanton** The Book That is Sending Shock Waves Across the Nation. Dr.
Victoria Zdrok Centerfold-turned-sexpert Dr. Victoria Zdrok, ...
www.authorsandexperts.com/search_results.html?action=field_search&topics=Relationships
- 27k - Cached - Similar pages - Note this

### AuthorPromo.com - Website Design, Maintenance, Hosting - Author ...
**Janice Scott-Blanton** JaRon Publishing/ Trafford Publishing, Inc ISBN 1-1420-1915-X. With
Love, With Connie WITH LOVE, WITH CONNIE George R. Henaut ...
www.authorpromo.com/showcase.htm - 26k - Cached - Similar pages - Note this

### NIOSH Mailing Addresses and Telephone Numbers | CDC/NIOSH
(202) 245-0652, **Janice Scott-Blanton** Management Analyst (202) 245-0625. Christine
Branche, PhD Principal Associate Director 395 E Street, S.W. Suite 9200 ...
www.cdc.gov/niosh/officers.html - 41k - Cached - Similar pages - Note this

### Hollywood Director Producer contacts DC area Author **Janice** ...
Director and Producer Thomas Gibson has contacted author, **Janice Scott-Blanton** of the
metropolitan DC area concerning her true to life, emotional and ...
www.prnewsnow.com/PR%20News%20Releases/Art%20And%20Entertainment/
Books/Hollywood%20Director%20Producer%20... - 42k - Cached - Similar pages - Note this

### "MY HUSBAND IS ON THE DOWN LOW - Sistah Talk
Washington, DC (BlackNews.com) - **Janice Scott-Blanton's** debut novel takes you on a
journey into the REAL life of Annette Hawkins (alias), who is confronted ...
www.blackliving.com/forums/index.php?showtopic=4114 - 45k -
Cached - Similar pages - Note this

### DVD Review: The New Brokeback Mountain Collector's Edition Leaves ...
Jan 23, 2007 ... After further reseach I find that Author **Janice Scott-Blanton** who filed $250
million lawsuit claiming there are too many coincidences ...
blogcritics.org/archives/2007/01/23/132653.php - 75k - Cached - Similar pages - Note this

### PurpleScarf: 01/01/2007 - 02/01/2007
The Advocate reports that **Janice Scott-Blanton**, the author of "My Husband Is on the Down
Low and I Know About It", published in 2005, filed a $250 million ...
purplescarf.blogspot.com/2007_01_01_archive.html - 66k -
Cached - Similar pages - Note this

### Ang Lee / Queerty
**Janice Scott-Blanton**, the esteemed authoress of My Husband is on the Down Low and I
Know About It, has filed a $250 million lawsuit against the makers of ...
www.queerty.com/queer/ang-lee/ - 61k - Cached - Similar pages - Note this

---

WeSmirch: Paris Exposed medical records: miscarriage, Xanax ...
Jan 29, 2007 ... **Janice Scott-Blanton** / BlackNews.com: Brokeback Mountain is On The
Down Low and Author **Janice Scott-Blanton** Knows About It ...
www.wesmirch.com/070129/p62 - 83k - Cached - Similar pages - Note this

**Previous** <u>1</u> 2 <u>3</u> <u>4</u> 5 <u>6</u> <u>7</u> <u>8</u> <u>9</u> <u>10</u><u>11</u>       **Next**

janice scott-blanton       Search

Search within results | Language Tools | Search Tips | Try Google Experimental

©2008 Google - Google Home - Advertising Programs - Business Solutions - About Google

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

_____ )
                                        )
**JANICE SCOTT-BLANTON,** *pro se*      )
                                        )
                    Plaintiff,          )
                                        )
v.                                      )        Civil Case No. **1.07cv00098 (RMU)**
                                        )
**UNIVERSAL CITY STUDIOS**              )
**PRODUCTIONS LLLP,** *et al.*,         )
                                        )
                    Defendants.         )
_____ )

## [PROPOSED] ORDER GRANTING MOTION OF DEFENDANTS FOR ATTORNEYS' FEES AND FULL COSTS PURSUANT TO SECTION 505 OF THE COPYRIGHT ACT

After reviewing the Defendants' Motion for Attorneys' Fees and Full Costs Pursuant to Section 505 of the Copyright Act, as well as the accompanying Memorandum, Declarations and Exhibits in support thereof, and the Plaintiff's Opposition, and with good cause appearing, it hereby is ORDERED THAT:

Defendants' Motion for Attorneys' Fees and Full Costs Pursuant to Section 505 of the Copyright Act is GRANTED.  The Court awards Defendants $_____ in attorneys' fees and $_____ in non-taxable costs.

Dated:  _____          _____
                                    Ricardo M. Urbina
                                    Judge, United States District Court,
                                    District of Columbia

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing [PROPOSED] ORDER has been served, via Federal Express and via the Court's electronic filing system, to the following address on April 18, 2008:

Janice Scott-Blanton
3578 Wharf Lane
Triangle, VA 22172

/s/ Steven J. Metalitz
Steven J. Metalitz (D.C. Bar No. 944603)
MITCHELL SILBERBERG & KNUPP LLP
1818 N St., N.W., 8th Floor
Washington, D.C. 20036
(202) 355-7902 (Telephone)
(202) 355-7892 (Facsimile)
*Attorneys for Defendants*

1806573.1