In The
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
Washington, D.C.

JANICE SCOTT-BLANTON, *pro se,*

    Plaintiff,

vs.                                                  CIVIL ACTION NO. 1:07cv0098 (RMU)

UNIVERSAL CITY STUDIOS PRODUCTIONS, LLLP, et al.,

    Defendants.

PLAINTIFF'S MEMORANDUM IN OPPOSITION
TO DEFENDANTS' MOTION FOR ATTORNEYS' FEES

    Plaintiff Janice Scott-Blanton, as *pro se,* submits this Memorandum in Opposition to Defendants Motion for Attorneys' Fees. The Court should deny the defendants' motion.

## DISCUSSION

    The narrative of the defendants' argument for granting their motion is that because they prevailed in defending the copyright infringement claim, an award of attorneys' fees should automatically follow. The defendants' argument in *toto* represents the "British Rule" rejected by the Supreme Court in <u>Fogerty v. Fantasy, Inc.,</u> 510 U.S. 517, 114 S.Ct. 1023, 127 L.Ed.2d 455 (1994). Under section 505 of the Copyright Act, the Court was given discretion as to whether attorneys' fees should be awarded as part of the costs, although plaintiff acknowledges the weight of authority indicating that such fee

**RECEIVED**

MAY 2 3 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

awards are the rule rather than the exception. However, this case should fall within the exception to such an award.

The plaintiff's lawsuit was not "patently frivolous" as suggested by the defendants. In light of the defendants exclusive control and knowledge over the dates on which their works were created, modified, altered and completed, it was not unreasonable for the plaintiff to rely on the publicly available information, including certificates from the Copyright Office indicating that certain of the defendants works were "created" in 2005 in light of the meaning and context given by the Copyright Office to the facts stated in copyright application. The defendants' pre-suit correspondence provided no explanation of the conflicts between their statements and those publicly available.

The defendants have suggested that the plaintiff's motive in filing and pursuing this case was suspect and improper. Beyond the defendants' self-serving and erroneous belief, plaintiff had no improper or ulterior motive in filing and pursuing this case. There simply is no evidence of improper motive of the plaintiff. In <u>Positive Black Talk, Inc. v. Cash Money Records</u>, 394 F.3d 357, 382 (5th Cir. 2004) affirmed the district court's denial of the defendants' motion for attorneys' fees stating

> In addition to presiding over the **[five] day trial** of this matter, the [c]ourt considered **several complex and potentially dispositive pre-trial motions.** Having gained an understanding of the applicable law and a thorough appreciation of PBT's claims, the [c]ourt does not feel that this litigation was frivolous, objectively unreasonable, or without proper motive. PBT had a renowned music expert to support its position even though the jury gave greater weight to the testimony of Defendants' expert. The [c]ourt is convinced that PBT's claims were brought in good faith. Therefore, an award of attorney's fees would not serve to deter future meritless litigation brought by other parties.

Emphasis added. Prior to rendering summary judgment, the Court had not made any conclusive rulings on whether or not the parties' works were similar. The Court gave

greater weight to the defendants' evidence as to the creation of their works over the publicly available evidence plaintiff provided suggesting creation, modification and changes beyond the dates posited by the defendants. Prevailing on the copyright claim does not automatically mean that the plaintiff's copyright claim was frivolous, unreasonable or brought in bad faith. Refusing to accept the defendants offers and explanations of their works when publicly available information was suggesting otherwise does not suggest any bad faith on the part of the plaintiff. Despite the brevity of their brief and the extensive arguments, the defendants have not provided a sufficient basis for this Court to exercise its discretion and award attorneys' fees, especially as a deterrent, based on the fact of this case.

Furthermore, even if the Court ruled that the defendants were entitled to attorneys' fees, the amounts sought by the defendants are excessive, outrageous and well beyond reasonable. The amount of pleadings in the record in this case does not warrant the ridiculous amounts of attorneys' fees sought by the defendants. Given the plaintiff's modest financial means, the Court should, in addition to reducing the grossly excessive amount sought by the defendants, substantially reduce the amount of attorneys' fees or deny them all together for the reasons stated.

## CONCLUSION

For the foregoing reasons and based on the record, plaintiff respectfully requests that the Court enter an order denying the defendants motion for attorneys' fees in its entirety.

## CERTIFICATE OF SERVICE

I hereby certify that I sent by U. S. mail, postage prepaid, the foregoing Memorandum to the defendants counsel on this the 23rd day of May 2008:

Steven J. Metalitz, Esquire
Mitchell Silberberg & Knupp, LLP
Counsel for Defendants
2300 M. Street, N.W., Suite 800
Washington, D.C.  20037

Respectfully submitted,

Janice Scott-Blanton
Plaintiff, *pro se*

3578 Wharf Lane
Triangle, Virginia 22172
(703) 861-0028