UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **JANICE SCOTT-BLANTON,** *pro se*<br><br>Plaintiff,<br><br>v.<br><br>**UNIVERSAL CITY STUDIOS PRODUCTIONS LLLP,** *et al.*,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)  Civil Case No. **1.07cv00098 (RMU)**<br>)<br>)<br>)<br>)<br>)<br>) |

**REPLY MEMORANDUM OF DEFENDANTS IN SUPPORT OF MOTION FOR ATTORNEYS' FEES AND FULL COSTS PURSUANT TO SECTION 505 OF THE COPYRIGHT ACT**

In her brief opposition memorandum, Plaintiff Janice Scott-Blanton ("Plaintiff") appears to acknowledge that awards of attorneys' fees are "routinely" awarded to the prevailing party in copyright cases, see Thoroughbred Software Intern., Inc. v. Dice Corp., 488 F.3d 352, 362 (6th Cir. 2007), that such awards are subject to this Court's equitable discretion, and that as the prevailing defendants, Defendants are presumptively entitled to an award of attorneys' fees. Woodhaven Homes & Realty, Inc. v. Holtz, 396 F.3d 822, 824 (7th Cir. 2005). Plaintiff also does not contest that Defendants prevailed completely on the merits of the case and that her filing and prosecution of this action caused great expense to Defendants. Finally, there can be no reasonable dispute that much (if not all) of that expense could have been avoided had Plaintiff taken seriously Defendants' admonitions in late 2006, agreed to their "walk-away" proposal in early 2007, or even reconsidered her lawsuit after reviewing the clear evidence presented by Defendants in March 2007 in opposition to her motion for a preliminary injunction.

1

In light of the foregoing, Plaintiff's unsupported contention that the circumstances of this case make it an "exceptional" case is wrong. This is the prototypical case for an award of attorneys' fees. See, e.g., Chivalry Film Prods. v. NBC Universal, Inc., No. 05 Civ. 5627, 2007 WL 4190793, at *3 (S.D.N.Y. Nov. 27, 2007) (fees awarded for defense of frivolous infringement case); Mallery v. NBC Universal, Inc., No. 07 Civ. 2250, 2008 U.S. Dist. LEXIS 20893, at *5 (S.D.N.Y. Mar. 18, 2008) (awarding nearly $100,000 in fees where "the profound dissimilarity between the[] works" was so "obvious" that "plaintiffs' professed subjective belief to the contrary [wa]s thus itself unreasonable and entitled to no weight").

Indeed, while this Court need not find that Plaintiff's claims were "patently frivolous" in order to award fees, see Matthews v. Freedman, 157 F.3d 25, 29 (1st Cir. 1998) ("Depending on other circumstances, a district court could conclude that the losing party should pay even if all of the arguments it made were reasonable."), that conclusion is inescapable here. Not only were Plaintiff's claims far-fetched and devoid of evidentiary support, they were easily disprovable -- including by reviewing the Copyright Office records, obtaining a copy of the original short story as published in *The New Yorker*, or purchasing copies of the books, which contained copyright notices reflecting that the works were published well before *Down Low*. Moreover, once Plaintiff was provided with detailed evidence confirming the original publication date of the Short Story and the production date of the Motion Picture, she should have recognized that her claims could not survive and dismissed them at that time.[1]

Plaintiff's statement that she "had no ulterior motive in filing and pursuing this case" (Opp. at 2) also is unavailing. Plaintiff does not deny that she used this case as a platform to garner media attention, including through her press releases. She also has offered no explanation as to why she continued to pursue this case despite the evidence disproving her claim or why she has declined every offer by Defendants to settle this action. Regardless of Plaintiff's motivation,

---

[1] Plaintiff's argument that the "pre-filing correspondence provided no explanation of the conflicts between their statements and those publicly available" (Opp. at 2) is meritless. There were no such conflicts.

an award of attorneys' fees is necessary not only to deter her from continuing to pursue these claims and to compensate Defendants for the "considerable expense and trouble in [Plaintiffs'] losing cause[,]" Cohen v. Virginia Elec. & Power Co., 617 F. Supp. 619, 623 (E.D. Va. 1985), aff'd 819 F.2d 1137 (4th Cir. 1987), but also to deter other potential plaintiffs who may be contemplating frivolous actions.  See Earth Flag v. Alamo Flag Co., 154 F. Supp. 2d 663, 668 (S.D.N.Y. 2001) ("This case presented a straightforward copyright infringement claim that was objectively unreasonable…Failing to award attorneys' fees to defendants in such situations would invite others to bring similarly unreasonable actions without fear of consequences.").

      Finally, the fees incurred by Defendants are not "excessive, outrageous, [or] well beyond reasonable." Opp. at 3.  They are entirely reasonable in light of the amount of work required and the experience of counsel.  Defendants filed, among other things, two Answers, an opposition to Plaintiff's motion for a preliminary injunction (with supporting documents), a motion for summary judgment (with supporting documents), an opposition to a motion to file a sur-reply memorandum, a supplemental brief regarding the discovery issue, two reply memoranda, and oppositions to frivolous motions to strike and evidentiary objections.  These filings required extensive preparation, and were made more difficult and expensive as a result of Plaintiff's shifting and increasingly contorted conspiracy theories – supported by bulky exhibits that Defendants were required to sift through and analyze.  Additionally, Plaintiff's decision to simultaneously sue *fifteen* different defendants, (many of whom were, at best, only tangentially involved with the claims at issue) forced Defendants to incur additional expenses analyzing the claims against each of the Defendants and consulting with each of them on the defense of Plaintiff's claims.

      For the reasons set forth in Defendants' Motion and herein, Defendants respectfully request an award of their attorneys' fees incurred in defending this action.

Date:  June 5, 2008                    Submitted by:


/s/ Steven J. Metalitz
Steven J. Metalitz (D.C. Bar No. 944603)
J. Matthew Williams (D.C. Bar No. 501860)
MITCHELL SILBERBERG & KNUPP LLP
1818 N Street, N.W., 8th Floor
Washington, D.C. 20036
(202) 355-7902 (Telephone)
(202) 355-7899 (Facsimile)

Marc E. Mayer (*pro hac vice*)
MITCHELL SILBERBERG & KNUPP LLP
11377 West Olympic Boulevard
Los Angeles, California 90064-1683
(310) 312-2000 (Telephone)
(310) 312-3100 (Facsimile)

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing REPLY MEMORANDUM OF DEFENDANTS IN SUPPORT OF MOTION FOR ATTORNEYS' FEES AND FULL COSTS PURSUANT TO SECTION 505 OF THE COPYRIGHT ACT has been served, via Federal Express and via the Court's electronic filing system, to the following address on June 5, 2008:

Janice Scott-Blanton
3578 Wharf Lane
Triangle, VA 22172


                                           /s/ Steven J. Metalitz
                                           Steven J. Metalitz (D.C. Bar No. 944603)
                                           MITCHELL SILBERBERG & KNUPP LLP
                                           1818 N Street, N.W., 8th Floor
                                           Washington, D.C. 20036
                                           (202) 355-7902 (Telephone)
                                           (202) 355-7899 (Facsimile)
                                           *Attorneys for Defendant*