**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | | |
|---|---|---|---|
| JANICE SCOTT-BLANTON, | : | | |
| | : | | |
| Plaintiff, | : | Civil Action No.: | 07-0098 (RMU) |
| | : | | |
| v. | : | Document No.: | 62 |
| | : | | |
| UNIVERSAL CITY STUDIOS | : | | |
| PRODUCTIONS LLLP *et al.*, | : | | |
| | : | | |
| Defendants. | : | | |

## MEMORANDUM OPINION

GRANTING IN PART AND DENYING IN PART THE DEFENDANTS' MOTION FOR
ATTORNEYS' FEES AND FULL COSTS

### I. INTRODUCTION

In the final scene of this litigious drama, the defendants submit a motion to recover attorneys' fees incurred as a result of the plaintiff's suit brought under the Copyright Act, 17 U.S.C. §§ 101 *et seq.* The *pro se* plaintiff, Janice Scott-Blanton, argued that her novel, "My Husband Is On the Down Low and I Know About It" ("Down Low"), is the creative source for the short story, screenplay and motion picture "Brokeback Mountain." The court rejected the plaintiff's arguments and granted the defendants' motion for summary judgment on March 20, 2008. In light of the court's decision, the defendants assert that the Copyright Act, specifically 17 U.S.C. § 505, allows for recovery of attorneys' fees and submit an expansive account of the time spent opposing the plaintiff's claims. The plaintiff retorts that she did not file her complaint with an improper motive, and in any event, the fees that the defendants request are unreasonable. Because some of the plaintiff's claims were objectively unreasonable, even after affording greater leniency for a *pro se* litigant, the court concludes that the purposes of the Copyright Act are served by awarding attorneys' fees.

## II. FACTUAL & PROCEDURAL BACKGROUND

A complete recitation of the facts in this case has been provided in earlier opinions of the court. Mem. Op. (Nov. 15, 2007) at 2-3; Mem. Op. (Mar. 20, 2008) at 2-6. To summarize briefly, the plaintiff alleged that the defendants' work "Brokeback Mountain" infringed her rights under the Copyright Act by copying her novel, "Down Low." Both before and after the filing of the complaint, the defendants repeatedly warned the plaintiff that continued pursuit of her frivolous claims would result in a motion for attorneys' fees. Compl., Ex. N (Dec. 18, 2006 letter); Defs.' Mot., Ex. 1 ("Metalitz Decl."), Attach. 2 (Feb. 23, 2007 letter), Attach. 3 (Mar. 8, 2007 letter), Attach. 4 (Mar. 25, 2008 letter). Included in many of these letters are clear references to the dates of publication of "Brokeback Mountain" the short story. *Id.*

After filing her complaint on January 16, 2007, the plaintiff filed a motion for a preliminary injunction less than a month later. The defendants then filed a motion for summary judgment to which the plaintiff responded with a motion for discovery pursuant to Federal Rule of Civil Procedure 56(f). On July 19, 2007, the court denied the plaintiff's motion for a preliminary injunction, Mem. Op. (July 19, 2007), and on November 15, 2007, the court denied the plaintiff's request for discovery, Mem. Op. (Nov. 15, 2007). After thoroughly analyzing her claims, the court then granted the defendants' motion for summary judgment on March 20, 2008 because no reasonable jury could conclude that the defendants had access to the plaintiff's novel before the completion of the short story. Mem. Op. (Mar. 20, 2008) at 1. In addition, the court determined that the alleged similarities between the plaintiff's work and the defendants' works that do not date back to the creation of the short story are either not protected under copyright law or are not sufficiently similar to constitute infringement. *Id.*

On April 18, 2008, the defendants filed a motion for attorneys' fees, attaching a lengthy account of time billed and expenses incurred throughout the proceedings. The plaintiff offered a brief response to which the defendants replied. The court now turns to the defendants' motion.

### III.  ANALYSIS

#### A.  Legal Standard for Awarding Attorneys' Fees Under 17 U.S.C. § 505

Section 505 of the Copyright Act states that "the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof. . . . [T]he court may also award a reasonable attorney's fee to the prevailing party as part of the costs." 17 U.S.C. § 505. "There is no precise rule or formula for making [attorneys' fees] determinations" under the Copyright Act. *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 (1994) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983)). The Supreme Court has interpreted this section neither to provide for automatic recovery of attorneys' fees nor to require a party to have acted in bad faith. *Id.* at 534-35. Rather, the Court approved of courts considering such nonexclusive factors as "frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." *Id.* at 534 n.19 (quoting *Lieb v. Topstone Indus., Inc.*, 788 F.2d 151, 156 (3d Cir. 1986)).

The court must apply these factors in an evenhanded manner that remains faithful to the purposes of the Copyright Act. *Id.*; *Eddy v. Colonial Life Ins. Co.*, 59 F.3d 201, 204 (D.C. Cir. 1995) (alteration in original) (citing *Fogerty*, 510 U.S. at 534). This can be done "by encouraging the raising of objectively reasonable claims and defenses, which may serve not only to deter infringement but also to ensure 'that the boundaries of copyright law [are] demarcated as

clearly as possible' in order to maximize the public exposure to valuable works." *MiTek Holdings, Inc. v. Arce Eng'g Co.*, 198 F.3d 840, 842-43 (11th Cir. 1999) (quoting *Fogerty*, 510 U.S. at 526-27). Although this Circuit has not addressed the issue, the Seventh Circuit has further "refine[d]" the *Fogerty* standard by according a "presumptive entitlement to an award of attorneys' fees" for "the prevailing party in a copyright case in which the monetary stakes are small." *Assessment Techs., LLC v. WIREdata, Inc.*, 361 F.3d 434, 437 (7th Cir. 2004). This presumption is "very strong" when the prevailing party is the defendant. *Id.* If the plaintiff is a *pro se* litigant, however, courts should afford greater leniency and rarely award attorneys' fees. *Hughes v. Rowe*, 449 U.S. 5, 15 (1980).

### B. The Court Grants a Partial Award of Attorneys' Fees and Costs

The defendants contend that the plaintiff's claims are "patently frivolous." Defs.' Mot. at 10. They assert that "[b]ased on the undisputed dates of creation, it was simply impossible . . . for Defendants to have had access to . . . *Down Low* at the time they created the *Brokeback Mountain* works." *Id.* at 11. Moreover, the defendants allege that the plaintiff knew or should have known before she filed suit that "the timing of the works made [prevailing on] her copyright claims impossible." *Id.* The plaintiff, on the other hand, cites to the defendants' "exclusive control over the dates on which their works were created, modified, altered and completed" as a justifiable reason to bring suit. Pl.'s Opp'n at 2. The plaintiff also insists that she had no improper motive or bad faith; she simply did not "accept the defendants [sic] offers and explanations of their works when publicly available information was suggesting otherwise." *Id.* at 3.

**1. The Court Awards Fees and Costs for Claims Arising from the Short Story**

As the court discussed in its memorandum opinion resolving the defendants' motion for summary judgment, many of the alleged similarities between "Down Low" and the defendants' works were in the original short story, which was published before the plaintiff created her work. Mem. Op. (Mar. 20, 2008) at 7. And contrary to the plaintiff's assertion that the short story was in the defendants' exclusive control, copies are available for public viewing from such sources as the Library of Congress. *Id.* at 13. Moreover, the plaintiff's bases for arguing that the short story was revised and then backdated were flatly contradicted by the facts, *id.* at 10-14, and "so implausible as to lie outside the realm of reason," Mem. Op. (Nov. 15, 2007) at 8. Even peering through a deferential lens in keeping with the leniency afforded to *pro se* litigants, the plaintiff's steadfast refusal to accept the validity of the copies of the short story with which she was presented, coupled with the invention of arguments with no factual grounding, is objectively unreasonable. *See Polsby v. St. Martin's Press, Inc.*, 8 Fed. Appx. 90, 92 (2d Cir. 2001) (affirming attorneys' fee award against a *pro se* plaintiff for failing to show substantial similarity). After all, it does not take a skilled legal practitioner to understand that one cannot copy a work that does not yet exist.

Furthermore, the defendants not only notified the plaintiff that the short story was created prior to the plaintiff's work but warned her that if she continued to pursue her claims, she may be responsible for the defendants' attorneys' fees. Compl., Ex. N (Dec. 18, 2006 letter); Metalitz Decl., Attach. 2 (Feb. 23, 2007 letter), Attach. 3 (Mar. 8, 2007 letter), Attach. 4 (Mar. 25, 2008 letter). The plaintiff's persistence with respect to her claims that the short story infringed her work wasted the court's as well as counsel's resources. *InvesSys, Inc. v. McGraw-Hill Cos.*, 369 F.3d 16, 21 (1st Cir. 2004) (affirming an award of attorneys' fees because the plaintiff "certainly

knew at the outset" the "raw facts" undermining his claims). Finally, the court notes that although the need to compensate the defendants is not great in this case, the underlying purposes of the Copyright Act are served by awarding attorneys' fees to deter unnecessary and protracted proceedings, thereby encouraging objectively reasonable claims. *MiTek Holdings, Inc.*, 198 F.3d at 842.

### 2. The Court Denies Attorneys' Fees for Claims Arising from the Screenplay and Motion Picture

The defendants' motion for attorneys' fees focuses on the timing of the disputed works. Specifically, the defendants assert that they filed "sworn declarations (and supporting documents) **confirming** that the *Brokeback Mountain* works all were created prior to *Down Low*." Defs.' Mot. at 11. The plaintiff protests that the timing of these remaining works was within the defendants' "exclusive control and knowledge." Pl.'s Opp'n at 2.

The record reflects that the defendants supplied copyrights for the "Brokeback Mountain" screenplay dated 2004. Decl. of Marc E. Mayer (Mar. 7, 2007), Ex. K. The defendants also offered a sworn declaration, stating that the final script was completed by May 20, 2004 and filming was completed by August 5, 2004. Decl. of Jeffrey Roth. (Mar. 7, 2007) ¶ 3. Although uncontested declarations are sufficient to support a motion for summary judgment, *Powers-Bunce v. District of Columbia*, 576 F. Supp. 2d 67, 71 (D.D.C. 2008), it is unclear whether the plaintiff could have possessed this information before filing suit. In addition, the defendants never submitted to the court or to the plaintiff a copy of the screenplay published prior to the creation of "Down Low." Mem. Op. (Nov. 15, 2007) at 6 n.4. With this issue in play at the start of the case, the plaintiff, as a *pro se* litigant, had a narrow ledge on which to rest her claims of infringement. Accordingly, even though these remaining claims proved untenable, the court declines to grant the defendants' motion in full. *Cf. Fort Knox Music, Inc. v. Baptiste*, 47 F.

Supp. 2d 481, 484 (S.D.N.Y. 1999) (declining to award attorneys' fees against a *pro se* plaintiff for failing to appreciate that the statute of limitations barred his claim).

### C.  Attorneys' Fee Award

Turning to the amount to be awarded, the court multiplies the "number of hours reasonably expended on the litigation" by "a reasonably hourly rate." *Harrison Music Corp.*, 293 F. Supp. 2d 80, 85 (D.D.C. 2003).  The defendants submit a voluminous account of the hours worked on this matter with accompanying hourly rates and documentation to support the reasonableness of those rates.  Metalitz Decl., Attachs. 1-5.  The billing reports indicate that the fees incurred in defense of the instant action totaled $144,668.99 with nontaxable costs of $1,000.88.  Defs.' Mot. at 20-22.  In response, the plaintiff summarily concludes that the fees are "excessive, outrageous and well beyond reasonable."  Pl.'s Opp'n at 3.[1]

Notably, the plaintiff does not allege a specific objection to the reasonableness of the defendants' hourly rate or to the number of hours spent in responding to the plaintiff's allegations.  *See generally* Pl.'s Opp'n.  After reviewing the defendants' extensive documentation accompanying their motion, the court accepts the reasonableness of the rates

---

[1]  The plaintiff also states that she is of "modest financial means."  *Id.*  Although the court is mindful that "the aims of the [Copyright Act] are compensation and deterrence where appropriate, but not ruination," *Lieb*, 788 F.2d at 156, the court has no basis on which to determine the plaintiff's financial footing.  Therefore, this factor does not affect the court's analysis.  *Mallery v. NBC Universal, Inc.*, 2008 WL 719218, at *2 (S.D.N.Y. Mar. 18, 2008) (discounting the plaintiffs' argument that the award should be reduced due to financial hardship because they failed to offer documentary support).

charged. Metalitz Decl. ¶¶ 5, 7-8 & Attach. 5.[2] Because several of the descriptions do not provide sufficient detail to ascertain their relevance, *see, e.g.*, *id.* Attach. 3 (Fees through Feb. 28, 2007) at 15 (describing the work done as "[l]ocate cases"), the court, however, reduces the award by 5%, *see In re Meese*, 907 F.2d 1192, 1204 (D.C. Cir. 1990) (reducing fees by 10% for inadequate documentation). The defendants' documentation also lumps together tasks, *see, e.g.*, Metalitz Decl., Attach. 3 (Fees through Feb. 28, 2007) at 17 (indicating that the attorney was on a "[t]elephone conference with M. Mayer; review[ed] and revise[d] new draft of brief in opposition to motion for preliminary injunction; . . . [and] prepare[d] proposed section on substantial similarity . . . ."), leaving the court "to approximate the amount of time which should be allocated to each task," *In re Olson*, 884 F.2d 1415, 1428 (D.C. Cir. 1989). Based on a review of the billing records submitted and the defendants' filings in light of the court's decision to exclude recovery for work done on claims pertaining to the screenplay and motion picture, the court reduces the total award of fees by 55% and costs by 55%. *Fabi Constr. Co. v. Sec'y of Labor*, 541 F.3d 407, 413-14 (D.C. Cir. 2008) (reducing the amount of attorneys' fees awarded based on the number of claims justifying an award); *InvesSys, Inc.*, 369 F.3d at19 (recommending a "common sense" approach to awarding attorneys' fees under the Copyright Act). Accordingly, the court awards the defendants $65,101.04 ($144,668.99 x .45) in fees and $450.39 ($1000.88 x .45) in costs.

---

[2] The defendants submitted a recent salary survey of comparably experienced attorneys in Los Angeles indicating that the rates they charged were below market. *Compare* Metalitz Decl., Attach 5 (indicating that the average partner rate is $538/hour) *with* Metalitz Decl., Attach. 1 (reflecting a $396 hourly rate for attorney Mayer, a partner). The Metalitz declaration, discussing the experience of attorneys assigned to the case, also supports the court's determination that the rates charged were reasonable. *See In re Meese*, 907 F.2d 1192, 1202 (D.C. Cir. 1990) (holding that supporting affidavits and a recent survey of billings rates was sufficient to establish the reasonableness of rates).

## IV.  CONCLUSION

For the forgoing reasons, the court grants in part and denies in part the defendants' motion for attorneys' fees and full costs.  An Order consistent with this Memorandum Opinion is separately and contemporaneously issued this 15th day of January, 2009.

    RICARDO M. URBINA
    United States District Judge